## TAYLOR & TAYLOR
ATTORNEYS AT LAW

MELLIE ESPERSON BUILDING
815 WALKER, SUITE 250
HOUSTON, TEXAS 77002
TELEPHONE (713) 615-6060
FACSIMILE (713) 615-6070

www.taylaw.com

WARREN TAYLOR*
BETH McCAHILL TAYLOR
ALLEN D. RUSSELL

AMBER DUNTEN
KRISTIE E. JOHNSON†

*BOARD CERTIFIED-CIVIL TRIAL LAW
AND PERSONAL INJURY TRIAL LAW
TEXAS BOARD OF LEGAL SPECIALIZATION
†LICENSED IN TEXAS AND LOUISIANA

OF COUNSEL
SARAH KERRIGAN

August 6, 2004

Gilbert Lozano                                                    *Via Express Mail*
Willacy County District Clerk
546 W. Hidalgo Avenue
Raymondville, Texas 78580

Re:    Cause No. 04-164; *Luis C. Munoz and Carmela Munoz v. State Farm Lloyds, Mark Brown, Tom Reed, Lee Olivo, Greg Drott and Brian Robinson, as Individuals and Agents of State Farm Lloyds*; In the 357th Judicial District Court of Willacy County, Texas

Dear Mr. Lozano:

Enclosed for filing are the following in reference to the above matter. Please acknowledge receipt and filing in your usual manner.

1.    **Defendant State Farm Lloyds Original Answer;**
2.    **Defendant Mark Brown's Original Answer;**
3.    **Defendant Tom Reed's Original Answer;**
4.    **Defendant Greg Drott's Original Answer;**
5.    **Jury fee.**

By copy of this letter, opposing counsel is being served with a copy of the attachments. Thank you for your assistance in this matter.

Very truly yours,

Warren Taylor

WT/tg
Enclosures

cc:    Gustavo Ch. Garza                                        *Certified Mail, R.R.R.*
       847 E. Harrison Street
       Brownsville, Texas 78520

FILED
AUG 9 2004
Gilbert Lozano, Dist. Clerk, Willacy Co.
_____ Deputy

AUSTIN OFFICE 701 BRAZOS STREET, SUITE 500, AUSTIN, TEXAS 78701-3232, TELEPHONE (512) 320-9115, FACSIMILE (512) 334-6934

EX. 4

Gilbert Lozano
August 6, 2004
Page 2


cc:    Rene O. Oliveira                                    *Certified Mail, R.R.R.*
       Roerig, Oliveira & Fisher, L.L.P.
       855 West Price Road, Suite 9
       Brownsville, Texas 78520-8718

CAUSE NO. 04-164

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | IN THE DISTRICT COURT OF |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, MARK | § | |
| BROWN, TOM REED, LEE OLIVO, | § | |
| GREG DROTT AND BRIAN ROBINSON, | § | |
| as Individuals and Agents of STATE | § | |
| FARM LLOYDS | § | 357TH JUDICIAL DISTRICT |

## DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

Defendant State Farm Lloyds files its Original Answer as follows:

1.      Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

2.      Defendant would further show that coverage under the policy in question is excluded as follows:

> "2.    Concealment or Fraud.  This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss."

3.      Defendant would show that the policy of insurance by which claim is brought is void since the loss made the basis of this claim was intentional on the part of the insured for the purpose of committing fraud against this Defendant.  Specifically, Defendant would show that Plaintiffs, Luis C. Munoz and Carmela Munoz, or others acting at their request, set and/or caused to be set the fire which occurred on or about January 1, 2003.

4.      During State Farm's investigation into Plaintiffs' claim, Plaintiffs misrepresented material facts and willfully concealed material facts from State Farm.  The conduct of Plaintiffs

substantially hindered, and in some cases delayed the investigation, and violated Plaintiffs' duty of good faith and fair dealing with State Farm.

5.      Defendant would further show that the policy of insurance by which claim is brought is void as a result of the Plaintiffs' willful misrepresentation and/or concealment of material facts concerning the occurrence in question.

6.      Defendant would further show that the policy of insurance by which claim is brought is void as a result of false swearing by the Plaintiffs concerning the occurrence in question.

7.      Defendant would further show that recovery by Plaintiffs under the policy in question would be barred by the public policy of the State of Texas since the loss in question was incendiary in nature and caused by the intentional acts of Plaintiffs.

8.      In the unlikely event of recovery by Plaintiffs, Defendant is entitled to a credit (or offset) for amounts previously paid or payable to Plaintiffs.

9.      Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

10.      Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code §41.008.

11.      Defendant asserts that the assessment of punitive damages is unconstitutional under both state and Federal law as applied to this Defendant, that any award of punitive damages should be limited per applicable law or constitutional provisions, and that Texas state law provides constitutionally inadequate procedural safeguards and jury instructions concerning the award of punitive damages, so as to render any punitive damage award unconstitutional under state and Federal law.

2

12.    Defendant asserts that any award of punitive damages based in whole or in part on the wealth of the Defendant violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state clauses, by creating a class of defendants treated differently based on wealth.

13.    Defendant further invokes its right under the due process clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution. Defendant affirmatively pleads that an assessment of punitive damages would be violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive damages can be assessed:

    i.    In an amount left to the discretion of the Jury and Judge;

    ii.    Based on the vote of ten jurors without the requirement of a unanimous verdict;

    iii.    By a "preponderance of the evidence" standard and not by "beyond a reasonable doubt" standard;

    iv.    Without being based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards; and

    v.    In a manner that subjects the Defendant to all of the hazards and risks of what amount to a fine, and in fact, such awards often exceed normal criminal fines, but provides none of the basic rights afforded to a criminal defendant when being subject to such possible penalties.

14.    Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eight Amendment of the United States Constitution as applied to the

States through the Fourteenth Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process.

15.    Defendant further pleads contributory negligence by Plaintiffs, breach of the policy by Plaintiffs, and comparative bad faith by Plaintiffs.

16.    Defendant would show that Plaintiffs did not sustain any injuries or damages as a result of any act or omission of Defendant.

17.    Defendant would further show that Plaintiff's extra-contractual damages claims are without reasonable basis in law or in fact, and are being brought in bad faith and for purposes of harassment. Defendant accordingly requests reimbursement of its attorneys' fees and expenses as authorized by Texas Insurance Code, Article 21 21 §16(c) and Texas Business and Commerce Code §17.50(c), any other applicable statutory provisions, and Rule 13 of the Texas Rules of Civil Procedure.

## JURY DEMAND

18.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant respectfully demands a trial by jury and herein tenders the requisite fee.

19.    Defendant specifically reserves the right to assert any other defenses which might be applicable, as provided by the Texas Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiffs take nothing, for costs of Court, and for such other and further relief, to which Defendant may show itself justly entitled.

Respectfully submitted,

**TAYLOR & TAYLOR**

By _____

Warren Taylor
State Bar No. 19727200
Beth McCahill Taylor
State Bar No. 13336787
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Original Answer has been forwarded to all counsel of record by certified mail, return receipt requested on this 6th day of August, 2004.

Warren Taylor

CAUSE NO. 04-164

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | IN THE DISTRICT COURT OF |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, MARK | § | |
| BROWN, TOM REED, LEE OLIVO, | § | |
| GREG DROTT AND BRIAN ROBINSON, | § | |
| as Individuals and Agents of STATE | § | |
| FARM LLOYDS | § | 357TH JUDICIAL DISTRICT |

## DEFENDANT MARK BROWN'S ORIGINAL ANSWER

Defendant Mark Brown files his Original Answer as follows:

1.    Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

2.    Defendant is not liable in the capacity sued. Defendant is an individual, not an insurer, and personally owed no legal duty to Plaintiffs with respect to the claim.

3.    Defendant would further show that coverage under the policy in question is excluded as follows:

> "2.    **Concealment or Fraud.** This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss."

4.    Defendant would show that the policy of insurance by which claim is brought is void since the loss made the basis of this claim was intentional on the part of the insured for the purpose of committing fraud against this Defendant. Specifically, Defendant would show that Plaintiffs, Luis C. Munoz and Carmela Munoz, or others acting at their request, set and/or caused to be set the fire which occurred on or about January 1, 2003.

F I L E D

AUG 9 2004

Gilbert Lozano, Dist. Clerk, Willacy Co.
By _____ Deputy

5.    During State Farm's investigation into Plaintiffs' claim, Plaintiffs misrepresented material facts to or willfully concealed material facts from State Farm. The conduct of Plaintiffs substantially hindered, and in some cases delayed the investigation, and violated Plaintiffs' duty of good faith and fair dealing with State Farm.

6.    Defendant would further show that the policy of insurance by which claim is brought is void as a result of the Plaintiffs' willful misrepresentation and/or concealment of material facts concerning the occurrence in question.

7.    Defendant would further show that the policy of insurance by which claim is brought is void as a result of false swearing by the Plaintiffs concerning the occurrence in question.

8.    Defendant would further show that recovery by Plaintiffs under the policy in question would be barred by the public policy of the State of Texas since the loss in question was incendiary in nature and caused by the intentional acts of Plaintiffs.

9.    In the unlikely event of recovery by Plaintiffs, Defendant is entitled to a credit (or offset) for amounts previously paid or payable to Plaintiffs.

10.    Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

11.    Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code §41.008.

12.    Defendant would show the assessment of punitive damages would be unconstitutional as applied to this Defendant; in the alternative, any award of punitive damages should be capped pursuant to the applicable provisions of the Texas Civil Practice and Remedies Code.

2

13.    Defendant asserts that the assessment of punitive damages is unconstitutional under both state and Federal law as applied to this Defendant, that any award of punitive damages should be limited per applicable law or constitutional provisions, and that Texas state law provides constitutionally inadequate procedural safeguards and jury instructions concerning the award of punitive damages, so as to render any punitive damage award unconstitutional under state and Federal law.

14.    Defendant asserts that any award of punitive damages based in whole or in part on the wealth of the Defendant violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state clauses, by creating a class of defendants treated differently based on wealth.

15.    Defendant further invokes his right under the due process clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution. Defendant affirmatively pleads that an assessment of punitive damages would be violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive damages can be assessed:

  i.    In an amount left to the discretion of the Jury and Judge;

  ii.   Based on the vote of ten jurors without the requirement of a unanimous verdict;

  iii.  By a "preponderance of the evidence" standard and not by "beyond a reasonable doubt" standard;

  iv.   Without being based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards; and

3

v.    In a manner that subjects the Defendant to all of the hazards and risks of what amount to a fine, and in fact, such awards often exceed normal criminal fines, but provides none of the basic rights afforded to a criminal defendant when being subject to such possible penalties.

16.    Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eight Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process.

17.    Defendant further pleads contributory negligence by Plaintiffs, breach of the policy by Plaintiffs, and comparative bad faith by Plaintiffs.

18.    Defendant would show that Plaintiffs did not sustain any injuries or damages as a result of any act or omission of Defendant.

19.    Defendant would further show that Plaintiffs' extra-contractual damages claims are without reasonable basis in law or in fact, and are being brought in bad faith and for purposes of harassment.  Defendant accordingly requests reimbursement of his attorneys' fees and expenses as authorized by Texas Insurance Code, Article 21.21 §16(c) and Texas Business and Commerce Code §17.50(c), any other applicable statutory provisions, and Rule 13 of the Texas Rules of Civil Procedure.

## JURY DEMAND

20.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant respectfully demands a trial by jury and herein tenders the requisite fee.

21.    Defendant specifically reserves the right to assert any other defenses which might be applicable, as provided by the Texas Rules of Civil Procedure.

4

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiffs take nothing, for costs of Court, and for such other and further relief, to which Defendant may show itself justly entitled.

Respectfully submitted,

**TAYLOR & TAYLOR**

By _Warren Taylor_

Warren Taylor
State Bar No. 19727200
Beth McCahill Taylor
State Bar No. 13336787
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
MARK BROWN

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Mark Brown's Original Answer has been forwarded to all counsel of record by certified mail, return receipt requested on this 6th day of August, 2004.

Warren Taylor

CAUSE NO. 04-164

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | IN THE DISTRICT COURT OF |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, MARK | § | |
| BROWN, TOM REED, LEE OLIVO, | § | |
| GREG DROTT AND BRIAN ROBINSON, | § | |
| as Individuals and Agents of STATE | § | |
| FARM LLOYDS | § | 357TH  JUDICIAL  DISTRICT |

## DEFENDANT TOM REED'S ORIGINAL ANSWER

Defendant Tom Reed files his Original Answer as follows·

1.        Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil

Procedure.

2.        Defendant is not liable in the capacity sued.  Defendant is an individual, not an insurer,

and personally owed no legal duty to Plaintiffs.

3.        Defendant would further show that coverage under the policy in question is excluded

as follows:

> "2.        **Concealment or Fraud**.  This policy is void as to you and any other
> insured, if you or any other insured under this policy has intentionally
> concealed or misrepresented any material fact or circumstance, made
> false statements or committed fraud relating to this insurance, whether
> before or after a loss."

4.        Defendant would show that the policy of insurance by which claim is brought is void

since the loss made the basis of this claim was intentional on the part of the insured for the purpose

of committing fraud against this Defendant.  Specifically, Defendant would show that Plaintiffs, Luis

C. Munoz and Carmela Munoz, or others acting at their request, set and/or caused to be set the fire

which occurred on or about January 1, 2003.

F I L E D

AUG  9 2004

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

5.      During State Farm's investigation into Plaintiffs' claim, Plaintiffs misrepresented material facts to and willfully concealed material facts from State Farm. The conduct of Plaintiffs substantially hindered, and in some cases delayed the investigation, and violated Plaintiffs' duty of good faith and fair dealing with State Farm.

6.      Defendant would further show that the policy of insurance by which claim is brought is void as a result of the Plaintiffs' willful misrepresentation and/or concealment of material facts concerning the occurrence in question.

7.      Defendant would further show that the policy of insurance by which claim is brought is void as a result of false swearing by the Plaintiffs concerning the occurrence in question.

8.      Defendant would further show that recovery by Plaintiffs under the policy in question would be barred by the public policy of the State of Texas since the loss in question was incendiary in nature and caused by the intentional acts of Plaintiffs.

9.      In the unlikely event of recovery by Plaintiffs, Defendant is entitled to a credit (or offset) for amounts previously paid or payable to Plaintiffs.

10.     Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

11.     Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code §41.008.

12.     Defendant would show the assessment of punitive damages would be unconstitutional as applied to this Defendant; in the alternative, any award of punitive damages should be capped pursuant to the applicable provisions of the Texas Civil Practice and Remedies Code.

2

13.     Defendant asserts that the assessment of punitive damages is unconstitutional under both state and Federal law as applied to this Defendant, that any award of punitive damages should be limited per applicable law or constitutional provisions, and that Texas state law provides constitutionally inadequate procedural safeguards and jury instructions concerning the award of punitive damages, so as to render any punitive damage award unconstitutional under state and Federal law.

14.     Defendant asserts that any award of punitive damages based in whole or in part on the wealth of the Defendant violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state clauses, by creating a class of defendants treated differently based on wealth.

15.     Defendant further invokes his right under the due process clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution. Defendant affirmatively pleads that an assessment of punitive damages would be violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive damages can be assessed:

     i.    In an amount left to the discretion of the Jury and Judge;

     ii.    Based on the vote of ten jurors without the requirement of a unanimous verdict;

     iii.    By a "preponderance of the evidence" standard and not by "beyond a reasonable doubt" standard;

     iv.    Without being based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards; and

3

v.    In a manner that subjects the Defendant to all of the hazards and risks of what amount to a fine, and in fact, such awards often exceed normal criminal fines, but provides none of the basic rights afforded to a criminal defendant when being subject to such possible penalties.

16.    Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eight Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process.

17.    Defendant further pleads contributory negligence by Plaintiffs, breach of the policy by Plaintiffs, and comparative bad faith by Plaintiffs.

18.    Defendant would show that Plaintiffs did not sustain any injuries or damages as a result of any act or omission of Defendant.

19.    Defendant would further show that Plaintiff's extra-contractual damages claims are without reasonable basis in law or in fact, and are being brought in bad faith and for purposes of harassment. Defendant accordingly requests reimbursement of his attorneys' fees and expenses as authorized by Texas Insurance Code, Article 21.21 §16(c) and Texas Business and Commerce Code §17.50(c), any other applicable statutory provisions, and Rule 13 of the Texas Rules of Civil Procedure.

## JURY DEMAND

20.    Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant respectfully demands a trial by jury and herein tenders the requisite fee.

21.    Defendant specifically reserves the right to assert any other defenses which might be applicable, as provided by the Texas Rules of Civil Procedure.

4

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiffs take nothing, for costs of Court, and for such other and further relief, to which Defendant may show itself justly entitled.

Respectfully submitted,

**TAYLOR & TAYLOR**

By _____
Warren Taylor
State Bar No. 19727200
Beth McCahill Taylor
State Bar No. 13336787
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
TOM REED

5

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Tom Reed's Original Answer has been forwarded to all counsel of record by certified mail, return receipt requested on this 6th day of August, 2004.

Warren Taylor

CAUSE NO. 04-164

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | IN THE DISTRICT COURT OF |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | WILLACY COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, MARK | § | |
| BROWN, TOM REED, LEE OLIVO, | § | |
| GREG DROTT AND BRIAN ROBINSON, | § | |
| as Individuals and Agents of STATE | § | |
| FARM LLOYDS | § | 357TH  JUDICIAL  DISTRICT |

## DEFENDANT GREG DROTT'S ORIGINAL ANSWER

Defendant Greg Drott files his Original Answer as follows:

1.      Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure.

2.      Defendant is not liable in the capacity sued.  Defendant is an individual, not an insurer, and personally owed no legal duty to Plaintiffs.

3.      Defendant would further show that coverage under the policy in question is excluded as follows:

> "2.      **Concealment or Fraud.**  This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss."

4.      Defendant would show that the policy of insurance by which claim is brought is void since the loss made the basis of this claim was intentional on the part of the insured for the purpose of committing fraud against this Defendant.  Specifically, Defendant would show that Plaintiffs, Luis C. Munoz and Carmela Munoz, or others acting at their request, set and/or caused to be set the fire which occurred on or about January 1, 2003.

F I L E D

AUG  9 2004

Gilbert Lozano, Dist. Clerk, Willacy Co.
By_____ Deputy

5.     During State Farm's investigation into Plaintiffs' claim, Plaintiffs misrepresented material facts to and willfully concealed material facts from State Farm.  The conduct of Plaintiffs substantially hindered, and in some cases delayed the investigation, and violated Plaintiffs' duty of good faith and fair dealing with State Farm.

6.     Defendant would further show that the policy of insurance by which claim is brought is void as a result of the Plaintiffs' willful misrepresentation and/or concealment of material facts concerning the occurrence in question.

7.     Defendant would further show that the policy of insurance by which claim is brought is void as a result of false swearing by the Plaintiffs concerning the occurrence in question.

8.     Defendant would further show that recovery by Plaintiffs under the policy in question would be barred by the public policy of the State of Texas since the loss in question was incendiary in nature and caused by the intentional acts of Plaintiffs.

9.     In the unlikely event of recovery by Plaintiffs, Defendant is entitled to a credit (or offset) for amounts previously paid or payable to Plaintiffs.

10.     Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

11.     Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code §41.008.

12.     Defendant would show the assessment of punitive damages would be unconstitutional as applied to this Defendant; in the alternative, any award of punitive damages should be capped pursuant to the applicable provisions of the Texas Civil Practice and Remedies Code.

2

13.    Defendant asserts that the assessment of punitive damages is unconstitutional under both state and Federal law as applied to this Defendant, that any award of punitive damages should be limited per applicable law or constitutional provisions, and that Texas state law provides constitutionally inadequate procedural safeguards and jury instructions concerning the award of punitive damages, so as to render any punitive damage award unconstitutional under state and Federal law.

14.    Defendant asserts that any award of punitive damages based in whole or in part on the wealth of the Defendant violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state clauses, by creating a class of defendants treated differently based on wealth.

15.    Defendant further invokes his right under the due process clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution. Defendant affirmatively pleads that an assessment of punitive damages would be violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive damages can be assessed:

    i.    In an amount left to the discretion of the Jury and Judge;

    ii.    Based on the vote of ten jurors without the requirement of a unanimous verdict;

    iii.    By a "preponderance of the evidence" standard and not by "beyond a reasonable doubt" standard;

    iv.    Without being based upon a clearly defined statutory enactment setting forth a specific mens rea requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the mens rea and scope and limit of such awards; and

3

v.     In a manner that subjects the Defendant to all of the hazards and risks of what amount to a fine, and in fact, such awards often exceed normal criminal fines, but provides none of the basic rights afforded to a criminal defendant when being subject to such possible penalties.

16.     Further, Defendant affirmatively pleads that the assessment and award of punitive damages is violative of the Eight Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process.

17.     Defendant further pleads contributory negligence by Plaintiffs, breach of the policy by Plaintiffs, and comparative bad faith by Plaintiffs.

18.     Defendant would show that Plaintiffs did not sustain any injuries or damages as a result of any act or omission of Defendant.

19.     Defendant would further show that Plaintiff's extra-contractual damages claims are without reasonable basis in law or in fact, and are being brought in bad faith and for purposes of harassment. Defendant accordingly requests reimbursement of his attorneys' fees and expenses as authorized by Texas Insurance Code, Article 21.21 §16(c) and Texas Business and Commerce Code §17.50(c), any other applicable statutory provisions, and Rule 13 of the Texas Rules of Civil Procedure.

## JURY DEMAND

20.     Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant respectfully demands a trial by jury and herein tenders the requisite fee.

21.     Defendant specifically reserves the right to assert any other defenses which might be applicable, as provided by the Texas Rules of Civil Procedure.

4

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiffs take nothing, for costs of Court, and for such other and further relief, to which Defendant may show itself justly entitled.

Respectfully submitted,

**TAYLOR & TAYLOR**

By _____
Warren Taylor
State Bar No. 19727200
Beth McCahill Taylor
State Bar No. 13336787
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
GREG DROTT

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant Greg Drott's Original Answer has been forwarded to all counsel of record by certified mail, return receipt requested on this 6th day of August, 2004.

Warren Taylor