United States District Court
Southern District of Texas
FILED

SEP - 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | C.A. NO. B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | JURY DEMANDED |

# DEFENDANT STATE FARM LLOYDS' RULE 12(b)(6) MOTION
# TO DISMISS FRAUDULENTLY JOINED NOMINAL DEFENDANTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files its Rule 12(b)(6) Motion to Dismiss Fraudulently Joined Nominal Defendants for failure to state a claim as follows:

## A. INTRODUCTION

This is an arson case between Plaintiffs Luis and Carmela Munoz and State Farm. Plaintiffs have fraudulently joined five individuals as defendants to defeat State Farm's right to defend the case in this Court.

## B. BACKGROUND FACTS

The case arises out of an intentionally set fire at Plaintiffs' home in Raymondville on January 1, 2003[1]. Local authorities requested assistance from the Texas State Fire Marshall's Office, which determined the fire was intentionally set. An independent cause and origin team retained by State Farm also determined that the fire was intentional. An independent chemist noted the presence of flammable accelerants consistent with charcoal starter in two fire debris samples. The Willacy County District Attorney's Office is conducting a criminal investigation into the fire, including the

---

[1] These facts are not essential to the 12(b)(6) Motion but are provided as background. They are essential to and will be supported by evidence in State Farm's Motion for Partial Summary Judgment, to be filed shortly.

question of whether Mr. Munoz set the fire. Ms. Munoz filed for and obtained a divorce from Mr. Munoz shortly after the fire.

Following the fire, Plaintiffs sought policy benefits. State Farm attempted to conduct a reasonable investigation of the claim. State Farm's investigation revealed that about two weeks before the fire, Munoz called his agent and asked how much money he would get if his house burned to the ground. Mr. Munoz thereafter cancelled his participation in a family vacation to Florida and sent the family on the trip. The afternoon of the fire, with his family in Florida, Mr. Munoz went to the house to "feed his dogs," but they "escaped" from the backyard. He also parked his truck in the garage and drove away in his wife's new Ford Explorer.

State Farm's investigation further revealed that Mr. Munoz, who operated a sole proprietorship, had not filed tax returns either for himself or his business, and had not paid income taxes, withholding for his employees, or Texas state unemployment taxes for at least two years. The State of Texas had filed a lien against him for unpaid unemployment taxes for 1999, 2000 and 2001; further, just one month before the fire, the Internal Revenue Service filed a $24,269.38 lien against Mr. Munoz for 940 and 941 taxes on employee wages. Additionally, Mr. Munoz had borrowed $70,000 from a friend which he had been unable to repay.

Prior to State Farm making a decision on the claim, Plaintiffs filed this suit. Plaintiffs seek actual, statutory and punitive damages for State Farm's alleged breach of the insurance contract, breach of the common law duty of good faith and fair dealing, and alleged violations of Article 21.21 and Article 21.55 of the Texas Insurance Code and Article 17.46 of the Texas Business and Commerce Code. *See generally*, Plaintiffs' First Amended Original Petition (Exhibit 1). This motion does not affect those allegations.

## C. FRAUDULENT JOINDER

Plaintiffs' petition purports to name Mark Brown, Tom Reed, Lee Olivo, Greg Drott and Brian Robinson as "defendants." These persons are Texas citizens whose presence in the suit is solely designed to defeat State Farm's right to defend this claim in federal court. Mark Brown is the Plaintiffs' insurance agent, whom Mr. Munoz contacted before the fire to determine how much insurance he had. The other individuals played varying roles in State Farm's attempts to investigate the fire.

However, these individuals are "defendants" in name only: they literally are named only in the caption and in the service of process paragraph. They are not mentioned anywhere else in the Petition. Nowhere in the Petition are there any allegations against any of them individually, nor to them as group. In fact, throughout the Petition, Plaintiffs complain only of the "defendant," who is described as State Farm Lloyds.

## D. STANDARD OF REVIEW

A non-diverse defendant is considered fraudulently joined to defeat diversity jurisdiction if there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or if there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Griggs v. State Farm Lloyds*, 181 F. 3d 694 (5th Cir. 1999). *Burden v. General Dynamics Corp.*, 60 F.3d 213,217 (5th Cir. 1995); *Cavallini v. State Farm Mutual Automobile Ins. Co.*, 44 F.3d 256, 259 (5th Cir. 1995). The determination of fraudulent joinder is based on an analysis of the causes of action **alleged in the complaint at the time of removal**. *Tedder v. F.M.C. Corp.*, 590 F.2d 115,116 (5th Cir. 1979).

No cause of action has been plead against these Defendants; therefore, their joinder is fraudulent. *Griggs v. State Farm Lloyds*, 181 F. 3d 694 (5th Cir. 1999); *Cavallini v. State Farm Mutual Auto Insurance*, 44 F.3d 256, 258 (5th Cir. 1995).

### E. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds prays this Motion to Dismiss Fraudulently Joined Nominal Defendants be granted, that Plaintiffs' suit against Mark Brown, Tom Reed, Lee Olivo, Greg Drott and Brian Robinson be dismissed, that upon final trial, judgment be rendered that Plaintiffs take nothing by their suit against State Farm, and for such other and further relief to which State Farm may be justly entitled.

Respectfully submitted,

By: /s/ Warren Taylor

OF COUNSEL:

TAYLOR & TAYLOR

Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYD

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Rule 12(b)(6) Motion to Dismiss Fraudulently Joined Nominal Defendants has been forwarded to all counsel of record by certified mail, return receipt requested on this 1st day of September, 2004 as follows:

Gustavo Ch. Garza
363 West Kimball
Raymondville, Texas 78580

*Warren Taylor*
Warren Taylor