17. The SECTION I - LOSSES NOT INSURED of the State Farm policy contains new language which excludes losses cau. by the conduct, act, or decision of any person, group, or governmental body whether intentional, wrongful, negligent, without fault. The new policy also excludes defects or weaknesses in planning, zoning, design, workmanship, material used in construction or repair and maintenance. The policy will cover any resulting loss unless the resulting loss is itself a Loss Not Insured.

18. The SECTION I - EXCLUSIONS of the Texas Homeowners Policy excluded losses caused by dampness of atmosphere and extremes of temperature. The new policy contains an exclusion for weather conditions.

19. New Loss Settlement Provision A2 - Replacement Cost Loss Settlement - Common Construction, if indicated on the Declarations of the new policy, provides for repair or replacement with common construction. This means the use of common construction techniques and materials commonly used by the building trades in standard new construction. We will not pay the cost to repair or replace obsolete, antique or custom construction with like kind and quality.

20. The new policy contains an Intentional Acts Condition. If any person insured under the policy causes or procures a loss to covered property, for the purpose of obtaining insurance benefits, the policy is void as to any other insured that caused or contributed to the loss or its procurement.

21. In the SECTION II - ADDITIONAL COVERAGE, Damage to Property of Others, the new policy excludes property damage to property owned by or rented to an insured. It does, however, provide coverage for a rented golf cart. The Texas Homeowners Policy excluded only property owned by an insured.

22. In SECTION II - EXCLUSIONS of the new policy, watercraft powered by one or more outboard motors with more than 25 total horsepower owned by any insured are excluded. The Texas Homeowners Policy provided coverage for these watercraft for the policy period if specified conditions were met.

23. The SECTION II - EXCLUSION in the new policy for watercraft specifically excludes coverage for watercraft designated as an airboat, air cushion, or similar type of craft, or personal watercraft owned by any insured. These types of watercraft are not specifically excluded in the Texas Homeowners Policy.

24. The SECTION II - EXCLUSION in the new policy for bodily injury or property damage arising out of the entrustment or supervision by any insured of any person with regard to the ownership, maintenance or use of any aircraft, watercraft, or motor vehicle not covered under Section II of the policy, also excludes any liability statutorily imposed on any insured, or any liability assumed through an unwritten or written agreement by any insured. The Texas Homeowners Policy excluded only the entrustment or supervision exposures. The Texas Policy also contained an exception to this exclusion for bodily injury to a residence employee.

25. The new policy contains specific SECTION II - EXCLUSIONS for:

   a. bodily injury or property damage arising out of an insured's participation in, preparation or practice for, any prearranged or organized race, speed or demolition contest or similar competition involving a motorized land vehicle or motorized watercraft. There is no similar exclusion in the Texas Policy; and

   b. liability for the insured's share of any loss assessment charged against all members of an association of property owners. The Texas Homeowners Policy makes no reference to loss assessments.

## NOTABLE DIFFERENCES IN CONTRACT LANGUAGE

Some provisions in the new Homeowners Policy are unique to State Farm Homeowners Policies. Some coverages contained in the policy are similar to those found in other Homeowners Policies, including the Texas Homeowners Policy, but the language used is different. While it is not practicable to outline every difference in language between the two policies, we have identified situations where the potential for reductions or elimination of coverage, and the potential broadening of coverage, exist and may occur within the same policy provision, depending on individual circumstances. We encourage you to review the following items to better understand the differences in contract language found in the new Homeowners Policy.

(CONTINUED ON REVERSE)

1. Language in DECLARATIONS CONTINUED emphasizes your obligations under the new policy, and the information on which policy coverages are based.

2. Language in the new policy's "bodily injury" definition:

   a. specifically excludes emotional distress, mental anguish or similar injury unless it arises out of actual physical injury to some person; and

   b. excludes transmission of or exposure to a communicable disease. A policy definition for communicable disease has also been added. The Texas Homeowners Policy excluded bodily injury arising out of transmission of sickness or disease through sexual contact in the SECTION II - EXCLUSIONS.

3. Your new policy specifically defines "motor vehicle". In the Texas Homeowners Policy, language in SECTION II - EXCLUSIONS, item 1.f. outlined coverage for motor vehicles. Depending on your individual circumstances, the motor vehicle definition of the new policy may result in broader coverage or more restrictive coverage.

4. Your new policy's definition of "occurrence" includes repeated or continuous exposure.

5. The "property damage" definition specifically states that theft or conversion of property by any insured is not considered property damage.

6. New language in SECTION I - COVERAGES, COVERAGE A - DWELLING:

   a. specifically includes foundations, floor slabs and footings supporting the covered dwelling; and

   b. reinforces that dwelling coverage does not include coverage for land, or the costs for replacing, rebuilding or restoring land.

7. Your new policy excludes devices or instruments for the recording or reproduction of sound, citizens band radios, radio telephones, radar detectors and other similar equipment, permanently attached to an engine or motor propelled vehicle. The Texas Homeowners Policy excluded any attached machinery or equipment.

8. In COVERAGE C - LOSS OF USE:

   a. coverage for Additional Living Expense is limited to 24 months; and

   b. coverage for Fair Rental Value is limited to 12 months.

   During the time limitations above, we will pay losses based on the actual loss sustained. The limit of liability under the Texas Homeowners Policy for all Loss of Use was 20% of the Coverage A limit of liability.

9. The new policy contains an Arson Reward provision that pays $1,000 for information which leads to an arson conviction in connection with a fire loss to property covered by this policy.

10. Your new policy contains a Collapse provision in the SECTION I - ADDITIONAL COVERAGES that provides named peril collapse coverage for loss to Coverage A and Coverage B property. The Texas Homeowners Policy included collapse as a covered peril for Personal Property. The Texas Homeowners Policy also offers some coverage for ensuing loss caused by collapse of a building if the loss would otherwise be covered.

11. The Texas Homeowners Policy, Coverage B peril for windstorm and hail included a specific reference to "hurricane". The windstorm or hail peril of the new policy includes coverage for loss caused by hurricane without the specific reference.

12. The vandalism or malicious mischief peril of the new policy states it covers only willful and malicious damage to or destruction of property.

13. The theft peril in the new policy specifically states it will not cover:

    a. loss of a precious or semi-precious stone from its setting; or

    b. loss caused by theft committed by an insured or any person regularly residing on the insured location.

(CONTINUED)

14. The theft peril in the new policy specifically states property of a student who is an insured is covered while at a residence away from home.

15. Exclusions of coverage were shown in the SECTION I - EXCLUSIONS of the Texas Homeowners Policy. Please review the SECTION I - LOSSES NOT INSURED Section of the new policy. Excluded perils are broken down into three groups, and the lead-in paragraph for each defines the coverage limitations for listed perils. Also, please note the references to losses resulting from the perils shown. Differences in coverage, between the two policies, may result from perils that were covered for ensuing loss in the Texas Homeowners Policy.

16. While the exclusions in both policies for settling, cracking, shrinking, bulging or expansion include foundations, walls, floors, ceilings and roofs, the Texas Homeowners Policy also excluded loss to walks, drives, curbs, fences and swimming pools. The new policy does not include this property in the settling, cracking exclusion, but does exclude coverage for freezing, thawing, pressure or weight of water or ice. Any damage caused by earth movement will be subject to the earth movement exclusion.

17. Language in SECTION I - LOSSES NOT INSURED excludes coverage for loss caused by vermin, rodents and insects. The Texas Homeowners Policy excluded rats, mice, termites, moths or other insects.

18. The new policy will not cover losses caused by the insured's neglect to use all reasonable means to save and preserve property at and after the time of loss, or when property is endangered.

19. The Texas Homeowners Policy contained an exclusion for loss caused by the destruction of property by order of governmental authority. The new policy contains no similar exclusion. The Texas Homeowners Policy did allow coverage for loss caused by acts of destruction ordered at the time of a fire to prevent its spread, if the fire would otherwise be covered. State Farm's policy provides coverage for a covered loss not otherwise excluded that results from destruction of property by order of governmental authority.

20. The Section I Loss Settlement Provisions of the new policy are no longer part of the SECTION I - CONDITIONS, they are a separate policy section, SECTION I - LOSS SETTLEMENT. Both COVERAGE A - DWELLING and COVERAGE B - PERSONAL PROPERTY have two Loss Settlement Provisions shown. The policy states only the Loss Settlement provisions shown in the Declarations apply.

21. The new policy's Coverage A - Dwelling, Loss Settlement Provision A1 - Replacement Cost Loss Settlement - Similar Construction, if indicated on the Declarations of the new policy, provides for repair or replacement with similar construction. The Texas Homeowners Policy covered the cost to repair or replace with property of like kind and quality.

22. The new Coverage B - Personal Property Loss Settlement Provision B1 - Limited Replacement Cost Loss Settlement, if indicated on the Declarations of the new policy, pays only the cost to repair or replace the property less depreciation until repair or replacement is completed. We will then pay the difference between the cost to repair or replace, less depreciation, and the cost actually and necessarily spent to repair or replace the property. The additional benefits apply if the property is repaired or replaced within two years after the date of loss. Endorsement HO-101, if endorsed to your Texas Homeowners Policy, provided replacement cost coverage for personal property up to the first $1,500, and actual cash value on the remaining damaged property. If the property was repaired, restored, or replaced within 365 days of the loss, it qualified for replacement cost benefits.

23. The new Coverage B - Personal Property Loss Settlement Provisions, B1 - Limited Replacement Cost Loss Settlement and B2 - Depreciated Loss Settlement, include:

    a. payment at market value at the time of loss for antiques, fine arts, memorabilia, souvenirs, collectors items, or property not useful for its intended purpose; and

    b. language stating we will not pay an amount exceeding our cost to replace an item at the time of loss.

24. The Duties After Loss provisions of the new policy, in both Section I and Section II, require you give immediate notice to us or our agent. The Texas Homeowners Policy required prompt written notice.

(CONTINUED ON REVERSE)

25. In the SECTION I - CONDITION, Your Duties After Loss, the new policy:
    a. allows for statements and examinations under oath to be taken while not in the presence of any other insured;
    b. requires the insured to produce employees, members of the insured's household or others for examination under oath to the extent it is within the insured's power to do so;
    c. does not specify a time period for requesting a signed, sworn proof of loss. The Texas Homeowners Policy allowed 15 days after we receive written notice of loss to request a signed sworn proof of loss;
    d. requires information on changes in title or occupancy of the property during the policy term; and
    e. contains additional requirements for receipts for additional living expenses incurred and records supporting any fair rental value loss. It also requires evidence or affidavit supporting losses under the Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage.

26. The Appraisal Condition of the new policy, in addressing steps taken when the selected appraisers are unable to agree upon an umpire, provides for asking a judge of a court of record in the state where the residence premises is located to select an umpire. The Texas Homeowners Policy stated a judge of a district court of a judicial district where the loss occurred may make the choice.

27. The Our Option Condition of the new policy allows us to repair or replace any part of the property damaged or stolen with similar property.

28. Language in the Loss Payment Condition of the new policy reinforces our contract is with the insured, and we will adjust losses with the insured. We will pay the insured unless some other person is named in the policy or is legally entitled to receive payment.

29. Language in SECTION II - LIABILITY COVERAGES, Coverage L - Personal Liability of the new policy states our obligation to defend any claim or suit ends when the amount we pay for damages, to effect settlement or satisfy a judgment, equals our limit of liability.

30. The new policy's SECTION II - ADDITIONAL COVERAGES include expenses for first aid to others incurred by an insured for bodily injury covered under the policy. We do not pay for first aid to any insured. The Texas Homeowners Policy included coverage for expenses incurred by an insured for immediate medical and surgical relief to others if imperative at the time of an accident.

31. The SECTION II - ADDITIONAL COVERAGES, Damage to Property of Others provision of the Texas Homeowners Policy paid replacement cost, up to $500 per occurrence, for damage to property of others caused by an insured. The new policy will pay either the replacement cost at the time of loss, the full cost of repair, or $500, whichever is the smallest.

32. The SECTION II - EXCLUSIONS of the new policy exclude coverage for bodily injury or property damage expected or intended by the insured, or which is the result of willful and malicious acts of the insured. The Texas Homeowners Policy excluded bodily injury or property damage caused intentionally by or at the direction of the insured.

33. Language in SECTION II - EXCLUSIONS of the new policy excludes bodily injury or property damage arising out of the supervision by any insured of any person with regard to the ownership, maintenance, or use of any aircraft, watercraft or motor vehicle not covered under Section II of the policy. The Texas Homeowners Policy exclusion was for "negligent supervision".

34. The SECTION II - EXCLUSIONS of the Texas Homeowners Policy excluded civil war, insurrection, rebellion and revolution, in addition to war, any warlike act, or destruction excluded in the new policy.

35. The new policy contains a specific SECTION II - EXCLUSION for claims made or suits brought because of child care services provided by or at the direction of any insured. The Texas Homeowners Policy contained no specific child care exclusion.

(CONTINUED)

36. The Texas Homeowners Policy contained a specific Medical Payments to Others limit for expenses payable to two or more persons injured in one accident. The new policy references only the limit shown on the Declarations for one person as the result of one accident.

37. The Section II Duties After Loss provision of the new policy, under Damage to Property of Others, requires the insured to exhibit the damaged property if within the insured's control.

38. The Section II Suit Against Us provision of the new policy states no action with respect to Coverage L - Personal Liability shall be brought against us until the obligation of the insured has been determined by final judgment or agreement signed by us. The Texas Homeowners Policy required only that the obligation has been determined by final judgment or agreement.

39. The Section II Suit Against Us provision of the Texas Homeowners Policy required under Medical Payments to Others, that no action can be brought until 30 days after the required proofs of claim have been filed with us. There is no similar provision in the new policy.

40. The Waiver or Change of Policy Provisions Condition of the new policy states a waiver or change of any provision must be in writing by us to be valid. The Texas Homeowners Policy required changes be made and perils added only by attaching a written endorsement properly executed by our authorized agent. The Texas Policy also required no provision be waived unless the terms of the policy allowed the provision to be waived.

41. The Subrogation Condition of the new policy states an insured shall do nothing after a loss to prejudice the right of recovery. There is no similar language in the Texas Policy.

42. The Death Condition of the new policy states when any person shown in the Declarations or the spouse, if a resident of the same household, dies the definition of insured, with respect to your property, will include the person having proper temporary custody of the property until appointment and qualification of a legal representative. There is no similar language in the Texas Homeowners Policy.

43. The new policy contains two Conditions not found in the Texas Homeowners Policy:

    a. the Conformity to State Law Condition states when a policy provision is in conflict with the applicable law of the State in which the policy is issued, the law of the State will apply; and

    b. the Right to Inspect Condition states we have the right, but are not obligated, to make inspections and surveys at any time, give you reports on conditions we find and recommend changes.

44. The new policy contains Option OL - Building Ordinance or Law. This coverage pays the increased costs, up to the limit of liability shown on the Declarations, incurred by the enforcement of a building, zoning or land use ordinance or law. This coverage was previously added to your Texas Homeowners Policy by endorsement.

45. The new policy contains 10 Optional Policy Provisions. Each Optional Policy Provision applies only as shown in the Declarations. The Optional Policy Provisions are subject to all the terms, provisions, exclusions and conditions of the new policy.

## BROADENINGS OR ADDITIONS OF COVERAGE

1. Your new policy includes up to 500 acres of farm land, without buildings, rented or held for rental to others, as an insured location.

2. COVERAGE A - DWELLING includes materials and supplies to be used in the construction, alteration or repair of the dwelling or other structures on the residence premises.

3. COVERAGE B - PERSONAL PROPERTY owned or used by an insured is now covered up to the Coverage B limit of liability while it is anywhere in the world. Personal property usually situated at an insured's residence, other than the residence premises, is covered up to $1,000 or 10% of the Coverage B limit, whichever is greater. The Texas Homeowners Policy applied the $1,000 or 10% limit to all personal property off premises.

(CONTINUED ON REVERSE)

4. In the COVERAGE B - PERSONAL PROPERTY, Special Limits of Liability of the new policy:

   a. the limit on money is now $200. The Texas Homeowners Policy limit was $100;

   b. you now have up to $250 coverage on business property away from the residence premises. The Texas Homeowners Policy did not cover business property away from the residence premises;

   c. coverage for manuscripts, securities, deeds and other valuable papers is $1,000. The Texas Policy limit was $500;

   d. you now have up to $1,000 coverage for trailers not used with watercraft. This limit applies to trailers designed for use on or off public roads. Theft coverage applies only while the trailer is on the residence premises. The Texas Homeowners Policy covered trailers designed for use principally off public roads up to the Coverage B limit of liability; and

   e. the limit for stamps is $2,500. This limit of liability includes stamps, trading cards and comic books, including those that are part of a collection. The Texas Homeowners Policy covered stamps up to $500.

5. Your new policy will cover an engine or motor propelled vehicle not licensed for use on public highways which is used to service the insured location. The Texas Homeowners Policy covered only specific vehicles or machines, including power mowers, which are not subject to motor vehicle registration.

6. While both policies exclude coverage for property of roomers and tenants, the new policy will cover property of roomers, boarders and other residents related to an insured.

7. COVERAGE C - LOSS OF USE now provides Additional Living Expense and Fair Rental Value coverage when a civil authority prohibits your use of the residence premises because of direct damage to a neighboring premises by a Loss Insured. Coverage is for a period not exceeding two weeks while use is prohibited.

8. Debris Removal coverage now provides an additional 5% of the limit of liability for damaged property when the amount payable for the property damage plus the debris removal exceeds the limit for the damaged property. This is an additional amount of insurance.

9. Coverage for Trees, Shrubs and Other Plants includes a $500 limit for any one outdoor tree, shrub or plant. This coverage may increase the limit of liability otherwise applicable. The limit in the Texas Homeowners Policy was $250 per item.

10. In SECTION I - ADDITIONAL COVERAGES, the Property Removed provision of the new policy pays reasonable expenses incurred for the return of the covered property. Coverage is no longer subject to the pro rata provision, based on each location to which property is removed, contained in the Texas Homeowners Policy.

11. Credit Card, Bank Fund Transfer Card, Forgery and Counterfeit Money coverage now pays up to $1,000 for theft or unauthorized use of credit cards and bank fund transfer cards, loss caused by forgery or alteration of any check or negotiable instrument, and the acceptance in good faith of counterfeit United States currency. The Texas Homeowners Policy contained a $100 Special Limit on loss by theft or unauthorized use of bank fund transfer cards.

12. The Refrigerated Products provision of the new policy pays for contents of deep-freeze or refrigerated units on the residence premises for loss due to power failure or mechanical failure.

13. The Automatic Removal provision of the Texas Homeowners Policy limited coverage for personal property in transit, when moving to another location to be occupied as your principal residence, to 10% of the Coverage B limit of liability or $1,000, whichever is greater. No similar limitation for property in transit applies in the new policy. Property in a newly acquired principal residence is covered up to the Coverage B limit of liability for the first 30 days after you start moving the property there.

14. The Volcanic Action provision of the new policy provides coverage for loss caused by volcanic blast or airborne shock waves, ash, dust or particulate matter or lava flow.

15. The new policy pays the reasonable expenses incurred to rekey locks on exterior doors when the keys to those locks are part of a covered theft loss. No deductible applies to this coverage.

(CONTINUED ON INSIDE BACK COVER)

16. New Coverage B - Personal Property perils cover:
    a. weight of ice, snow or sleet which causes damage to property contained in a building;
    b. sudden and accidental tearing asunder, cracking, burning or bulging of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system, or an appliance for heating water; and
    c. breakage of glass, meaning damage to personal property caused by breakage of glass which is part of a building on the residence premises.

17. Coverage is now provided up to $1,000 per item for sudden and accidental damage to electrical appliances, devices, fixtures and wiring from an increase or decrease of artificially generated electrical current.

18. The SECTION I - EXCLUSIONS section of the Texas Homeowners Policy excluded loss caused by windstorm, hurricane or hail to cloth awnings, greenhouses, buildings or structures located wholly or partially over water, radio and television towers, satellite dishes, masts and antennas, windchargers and windmills. No similar exclusion applies in the new Homeowners Policy.

19. The new policy's Coverage A - Dwelling, Loss Settlement Provisions, A1 - Replacement Cost Loss Settlement - Similar Construction, and A2 - Replacement Cost Loss Settlement -Common Construction, provide:
    a. replacement cost coverage for wall-to-wall carpeting in the basic policy. The Texas Homeowners Policy provided only actual cash value coverage, and required the purchase of Endorsement HO 101, Replacement of Personal Property, to provide replacement cost coverage for wall-to-wall carpeting;
    b. replacement cost coverage for fences other than wood fences. Wood fences are covered at actual cash value. The Texas Homeowners Policy paid actual cash value for losses to fences, without reference to how they are constructed; and
    c. coverage without a coinsurance provision. The Texas Homeowners Policy based loss settlement on the relationship the limit of liability at the time of loss bears to the full replacement cost of the dwelling.

20. New Coverage B - Personal Property Loss Settlement Provision B1 - Limited Replacement Cost Loss Settlement, if indicated on the Declarations of the new policy, provides coverage for the cost to repair or replace personal property. The Texas Homeowners Policy required the purchase of Endorsement HO 101 to provide replacement cost coverage.

21. The Vacancy Condition of the Texas Homeowners Policy suspended coverage that applied under Coverage A (Dwelling) effective 60 days after the dwelling became vacant. Coverage remained suspended during the vacancy. There is no similar condition in the new policy, however we do exclude coverage for vandalism or malicious mischief or breakage of glass if the dwelling has been vacant for more than 30 consecutive days immediately before the loss.

22. SECTION II - ADDITIONAL COVERAGES of the new policy provides payment for loss of earnings up to $100 per day for aiding in the investigation or defense of claims or suits. The Texas Homeowners Policy paid up to $50 per day.

23. The SECTION II - EXCLUSION of the new policy which excludes coverage for business pursuits of any insured, contains an exception to that exclusion for:
    a. occasional or part-time business pursuits of an insured under 19 years of age. The Texas Homeowners Policy did not contain an exception for these business pursuits;
    b. when the dwelling on the residence premises is a two, three or four-family dwelling and you occupy one part and rent or hold for rental the other part. The Texas Homeowners Policy has no similar exception, however the definition for residence premises includes only one and two family dwellings; and
    c. up to 500 acres of farm land (without buildings) rented or held for rental to others, regardless of the number of locations. The Texas Homeowners Policy did not contain an exception for farm land.

(CONTINUED ON REVERSE)

24. The Liberalization Clause of the new policy states if we adopt any revision which would broaden coverage without additional premium, within 60 days prior to or during the period the policy is in effect, the broadened coverage will immediately apply to the policy. The Texas Homeowners Policy provided any revision that would broaden or extend coverage adopted within 45 days prior to or during the policy period would apply.

25. If Option JF - Jewelry and Furs is indicated on the Declarations of the new policy, gold other than goldware, and silver other than silverware are covered for accidental direct physical loss or damage. The limits for this option, if applicable, are shown on the Declarations. Please note the Option JF limits include jewelry, watches and other items as described in the paragraph that follows. The Texas Homeowners Policy contained a $500 limit on gold or silver bullion.

26. The Texas Homeowners Policy contained a $500 limit for theft of jewelry/watches/furs. If Option JF - Jewelry and Furs is indicated on the Declarations of the new policy, it provides coverage for accidental direct physical loss or damage to jewelry, watches, fur garments and garments trimmed with fur, precious and semi-precious stones, gold other than goldware, silver other than silverware and platinum. The limits for this option, if applicable, are shown on the Declarations. If Option JF is not indicated on the Declarations of the new policy, a $1,000 limit applies for loss by theft of jewelry, watches, fur garments and garments trimmed with fur, precious and semi-precious stones.

27. The OPTIONAL POLICY PROVISIONS Section of the new policy contains Option ID - Increased Dwelling Limit. If Option ID - Increased Dwelling Limit is indicated on the Declarations of the new policy, it provides an additional amount of insurance in the event repair or replacement of a damaged building structure exceeds the Coverage A or Dwelling Extension limit of liability.

The preceding items summarize some of the changes in coverage in the new Homeowners Policy. Please read the entire policy carefully, and place it with your other important papers. If you have any questions about the policy, please contact your State Farm agent.

After reviewing these changes to your Homeowners coverage, we encourage you to review all your insurance policies, and the coverages provided. If you have any questions, or aren't sure you have the protection you need, please contact your State Farm agent.

THIS MESSAGE DOES NOT CHANGE, MODIFY OR INVALIDATE ANY OF THE PROVISIONS, TERMS OR CONDITIONS OF THE POLICY AND APPLICABLE ENDORSEMENTS.

THIS MESSAGE IS A GENERAL DESCRIPTION OF COVERAGE AND/OR COVERAGE CHANGES AND IS NOT A STATEMENT OF CONTRACT.

53-Q606-916
March 11, 2003
Page 2

unforeseen factors which would delay the reconstruction. Once you have hired the contractor of your choice, it will be your responsibility to see that the contractor completes the repairs efficiently and meets the completion date without delays, and make final approval of the completed work. Your policy limits (maximum payment) for the structure is $139,600.

## Contents

State Farm has provided a number of Personal Property Inventory forms to assist you in documenting your claim. State Farm has received your completed Personal Property Inventory forms. Upon review of these forms it may become necessary to request additional information and/or clarification on some of the items listed on the Personal Property Inventory forms. As with the structure, it is your responsibility to protect your contents from further damage. Any further damage to property due to exposure to elements where no effort is made to remove and store or cover the involved property, may not be a covered loss. Service Master will be assisting us in the evaluation of your contents to determine if any of the items are repairable. It is my understanding Service Master made arrangements and moved the items they felt were repairable. On January 06, 2003, State Farm Lloyd's issued an advance payment to you under the Contents Coverage of your policy in the amount of $2,500. Your policy limits (maximum payment) for the contents is $104,700.

## Loss of Use (Additional Living Expenses)

In the Extensions of Coverage in your policy, there is coverage for your Additional Living Expenses. When a loss insured causes the residence premises to become uninhabitable, we will cover the necessary increase in cost you incur to maintain your standard of living. Our payment will be for the shortest of (a) the time required to repair or replace the premises, (b) the time require for your household to settle elsewhere; or (c) 24 months.

Additional Living Expenses means we will pay for those reasonable and necessary expenses incurred over and above what would normally be spent because you can no longer live in your home. These expenses must be documented with original receipts. Rental expenses will be included in your Additional Living Expenses. Items such as food and utilities or any other items for which you would normally incur expenses, but discontinue due to the fire, will be deducted. For instance, if your new utility bills are more than what you normally pay, then the difference would be included in your Additional Living Expense coverage.

On January 16, 2003, State Farm Lloyd's issued a draft in the amount of $5,000 to you under the Loss of Use Coverage of your policy. Enclosed is a draft in the amount of $2,024.42 in payment of the incurred expenses under the Loss of Use Coverage of your policy.

FE-5368

# DWELLING FOUNDATION ENDORSEMENT

:TION I - ADDITIONAL COVERAGES

following is added:

Dwelling Foundation Coverage. We cover settling, cracking, shrinking, bulging, or expansion of the foundation, floor slab or ootings that support the dwelling caused by seepage or leakage f water or steam from within a plumbing, heating, air conditioning : automatic fire protective sprinkler system.

This coverage includes the cost of tearing out and replacing any art of the building necessary to repair the system from which the eakage or seepage occurred.

'e do not cover loss to the system from which the water or steam scaped.

.imit of Liability. Our limit of liability for this coverage will not (ceed an amount equal to 15% of the COVERAGE A - DWELL-IG limit applicable on the date of the loss.

TION I - LOSSES NOT INSURED

following revisions are made for the purposes of this endorseonly.

1.f. is replaced with the following:

f. except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or steam from a:

(1) heating, air conditioning or automatic fire protective sprinkler system;

(2) household appliance; or

(3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors;

which occurs over a period of time. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

Item 1.l. is replaced with the following:

l. except as specifically provided by this endorsement, settling, cracking, shrinking, bulging, or expansion of pavements, patios, walls, floors, roofs or ceilings;

Except as stated in this endorsement we do not provide coverage for any loss described in SECTION I - LOSSES NOT INSURED.

All other policy provisions apply.

38

Printed in U.S.A.

FE-5398

# FUNGUS (INCLUDING MOLD) EXCLUSION ENDORSEMENT

**DEFINITIONS**

The following definition is added:

"**fungus**" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

**SECTION I - LOSSES INSURED**

Item 12.d. is replaced with the following:

d. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

Item 13.b. is replaced with the following:

b. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

**SECTION I - LOSSES NOT INSURED**

Item 1.i. is replaced with the following:

i. wet or dry rot;

In item 2., the following is added as item g.:

g. **Fungus.** We also do not cover:

(1) any loss of use or delay in rebuilding, repairing or replacing covered property, including any associated cost or expense, due to interference at the **residence premises** or location of the rebuilding, repair or replacement, by **fungus**;

(2) any remediation of **fungus**, including the cost to:

(a) remove the **fungus** from covered property or to repair, restore or replace that property; or

(b) tear out and replace any part of the building or other property as needed to gain access to the **fungus**; or

(3) the cost of any testing or monitoring of air or property to confirm the type, absence, presence or level of **fungus**, whether performed prior to, during or after removal, repair, restoration or replacement of covered property.

All other policy provisions apply.

FE-5398    Printed in U.S.A.

FE-5258
(8/96)

# SPECIAL LIMITS ENDORSEMENT

**SECTION I - COVERAGES, COVERAGE B - PERSONAL PROPERTY**

**Special Limits of Liability**

1. Item a. is changed to read:

    a. $200 on money, coins and medals, including any of these that are a part of a collection, bank notes, bullion, gold other than goldware, silver other than silverware, and platinum.

2. The following item is added:

    $1,000 for loss by theft of jewelry, watches, fur garments and garments trimmed with fur, precious and semi-precious stones.

All other policy provisions apply.

FE-5258
(8/96)

Printed in U.S.A.

overflows from within a sump pump, sump pump well or any other system designed to remove subsurface water which is drained from the foundation area; or

d. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

Item 13. is replaced with the following:

13. Sudden and accidental tearing asunder, cracking, burning or bulging of a steam or hot water heating system, an air conditioning or automatic fire protective sprinkler system, or an appliance for heating water.

Except as specifically provided by this endorsement, this peril does not include loss:

a. caused by or resulting from freezing; or

b. caused by or resulting from continuous or repeated seepage or leakage of water or steam which occurs over a period of time and results in deterioration, corrosion, rust, or wet or dry rot.

## SECTION I - LOSSES NOT INSURED

The following revisions are made for the purposes of this endorsement only.

Item 1.f. is replaced with the following:

f. except as specifically provided by this endorsement, continuous or repeated seepage or leakage of water or steam from a:

(1) heating, air conditioning or automatic fire protective sprinkler system;

(2) household appliance; or

(3) plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walks, ceilings or floors;

which occurs over a period of time. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of the building necessary to repair the system or appliance. We do not cover loss to the system or appliance from which the water or steam escaped;

Item 1.g. is replaced with the following:

g. wear, tear, marring, scratching, inherent vice, latent defect or mechanical breakdown;

Item 1.i. is deleted.

Item 1.l. is replaced with the following:

l. settling, cracking, shrinking, bulging, or expansion of pavements, patios or foundations;

Except as stated in this endorsement we do not provide coverage for any loss described in SECTION I - LOSSES NOT INSURED.

All other policy provisions apply.

FE-5369

# WATER DAMAGE ENDORSEMENT

## DEFINITIONS

The following definition is added:

"fungus" means any type or form of fungus, including mold, mildew, mycotoxins, spores, scents or byproducts produced or released by fungi.

## SECTION I - ADDITIONAL COVERAGES

The following is added:

**Water Damage Coverage.**

1. We cover the deterioration, wet rot or dry rot of property described in Coverage A and Coverage B caused by the continuous or repeated seepage or leakage of water or steam from a:

   a. heating, air conditioning or automatic fire protective sprinkler system;

   b. household appliance; or

   c. plumbing system, including from, within or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

   This coverage includes the cost of tearing out and replacing any part of the building necessary to repair the system or appliance from which seepage or leakage occurred.

2. We do not cover:

   a. loss to the system or appliance from which the water or steam escaped;

   b. loss caused by, consisting of, or resulting from fungus; or

   c. fungus which is the result of continuous or repeated seepage or leakage of water or steam from a:

      (1) heating, air conditioning or automatic fire protective sprinkler system;

      (2) household appliance; or

      (3) plumbing system, including from, within, or around any shower stall, shower bath, tub installation, or other plumbing fixture, including their walls, ceilings or floors.

## SECTION I - LOSSES INSURED

## COVERAGE B - PERSONAL PROPERTY

The following revisions are made for the purpose of this endorsement only.

Item 12. is replaced with the following:

12. **Sudden and accidental discharge** or **overflow** of water or steam from within a plumbing, heating, air conditioning or automatic fire protective sprinkler system, or from within a household appliance.

   Except as specifically provided by this endorsement, this peril does not include loss:

   a. to the system or appliance from which the water or steam escaped;

   b. caused by or resulting from freezing;

   c. caused by or resulting from water or sewage from outside the **residence premises** plumbing system that enters through sewers or drains, or water which enters into and

FE-5369    (CONTINUED ON REVERSE SIDE)    Printed in U.S.A.