# EXHIBIT E

STATE OF TEXAS

WILLACY COUNTY

## AFFIDAVIT

My name is Gustavo Ch. Garza and I represent Luis C. Munoz and Carmela Munoz. I am licensed to practice law in the State of Texas. My office address is 363 West Kimball Street, Raymondville, Texas 78580. The office phone number is (956) 689-9040 and the fax is (956)689-6468. I have been licensed since 1982 and my State Bar Number is 07731700.

Pertaining to the Motion to Remove from the 357th Judicial District Court to the Southern District, Brownsville Division filed by State Farm Lloyds et al, on August 17, 2004 under cause number B-04-141, I did not receive any notice of the Motion to Remove. Luis C. Munoz and Carmela Munoz did not receive any notice of the Motion to Remove. Consequently, I was unable to respond to the allegations made my State Farm Lloyds et al.

I have spent approximately 20 hours at a rate of $200.00 per hour in researching and preparation of this Motion to Remand.

_____
Gustavo Ch. Garza

SWORN TO AND SUBSCRIBED BEFORE ME by Gustavo Ch. Garza on this the _____ day of August 30, 2004.

Notary Public: Veronica Coronado
Commission Expires:
9/2/2007

Exhibit E

1 of 100 DOCUMENTS

Dorsaneo, Texas Litigation Guide
Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Unit I Pretrial Practice (Chs. 1-114)

Division VII Forum Selection (Chs. 60-64)

Chapter 63: REMOVAL TO FEDERAL COURT

III FORMS

B Forms Related to Seeking Remand

5-63 Dorsaneo, Texas Litigation Guide § 63.111

## § 63.111 Remand Order

### [1] Comment--Use of Form

This is a form for an order granting the motion to remand [*see* § 63.110], including an order for the payment of costs, expenses, and attorney's fees [ 28 U.S.C. § 1447(c) ]. The plaintiff must file a certified copy of the order of remand with the clerk of the state court, and give written notice of filing to the attorneys of record of all adverse parties, in order to reinstate the action in state court [ T.R.C.P. 237a ].

### [2] Form

#### Remand Order

[*Caption as in federal court. See § 63.110*]

ORDER OF REMAND

This cause having come on for hearing on the motion of plaintiff to remand this action to *the 357th Judicial District Court of Williacy county,* [*state court*], and the court having considered the arguments of counsel and affidavits submitted in support of and against this motion, it appears to the court that *this Action was Improperly* [this action was removed improperly *or* this court is without jurisdiction over the subject matter of this action], in that 1) *Removal was Not timely* [state *procedural and* 2) *Removal was without Notice* jurisdictional defects, e.g., the value of the claim stated in plaintiff's petition does not exceed the necessary *Plaintiff,* jurisdictional amount of $ 75,000, and John Smith, a defendant in this action, is a citizen of Texas, the state where this 3) *No Defend* action was brought]. *was Fraud Joined*

FOR THESE REASONS, it is ordered that the plaintiff's motion is granted, and that this action is remanded to *the 357th* _____ [*state court*], and that a certified copy of this order shall be mailed by the Clerk of this court to the Clerk of *357 Dict d.* [*state court*], on receipt of which that court may proceed with the action according to the laws and procedures of the courts of the State of Texas.

FURTHER, it is ordered that plaintiff have from defendant payment for all costs and expenses, including reasonable attorney's fees, incurred as a result of the removal of this action, in the amount of $ _____.

Signed _____ [*date*].

5-63 Dorsaneo, Texas Litigation Guide § 63.111

_____

[name]
Judge of the United States
District Court for the _Sec Han Dist. a Tex_
District, _Brownsville_ Division

2 of 100 DOCUMENTS

Dorsaneo, Texas Litigation Guide
Copyright 2004, Matthew Bender & Company, Inc., a member of the LexisNexis Group.

Unit I Pretrial Practice (Chs. 1-114)

Division VII Forum Selection (Chs. 60-64)

Chapter 63: REMOVAL TO FEDERAL COURT

III FORMS

B Forms Related to Seeking Remand

5-63 Dorsaneo, Texas Litigation Guide § 63.110

## § 63.110 Motion to Remand

### [1] Comment--Use of Form

This form illustrates a motion to remand that may be filed in federal court by a plaintiff who wishes to contest removal. A form for an order granting remand is provided in § 63.112. Motion for remand on the basis of a defect in removal procedure must be made within 30 days after the filing of the notice of removal [ 28 U.S.C. § 1447(c) ]. Motion to remand for lack of jurisdiction may be made at any time. The federal court has no power to remand cases if jurisdiction is proper unless the removing party fails to meet the statutory procedural requirements [see § 63.04].

The form contains allegations of several possible procedural and jurisdictional defects. The allegations of defective procedure include allegations that removal was not timely made [see § 63.03[6]], that all defendants did not join in the removal [see § 63.03[2]], that the removing party failed to properly file a copy of the notice of removal with the state court [see § 63.03[1], [4]], that the removing party failed to promptly notify the adverse parties [see § 63.03[1]], that the notice of removal was not properly signed by the defendant's attorney of record [see § 63.03[1]], and that in a diversity case one of the defendants is a citizen of the state where the action was brought [see § 63.02[3][c]]. The attorney may include whichever of these allegations are appropriate or add others that may appear from the facts of the particular case. The court is not required to remand when there is a procedural defect but may allow the defendant to amend the notice of removal or otherwise correct the defect [see § 63.04[1]].

The drafter should ordinarily include any possible challenges to jurisdiction in the motion to remand, since the court is required to remand the action if at any time it appears that jurisdiction is lacking [ 28 U.S.C. § 1447(c) ]. The form includes sample allegations challenging jurisdiction because of lack of complete diversity [see § 63.02[3][c][iii]], lack of the amount in controversy necessary for diversity jurisdiction [see § 63.02[3][c][v]], and lack of proper grounds for federal question jurisdiction [see § 63.02[3][b]]. An additional allegation is included to ask the court to realign the parties according to their true interest in the controversy. Diversity jurisdiction is faulty if the realigned parties no longer have complete diversity in citizenship from one another [see § 63.02[3][c][iii]].

The form also includes a request for the award of costs, expenses, and attorney's fees incurred as a result of the removal [ 28 U.S.C. § 1447(c) ], as well as an optional provision for sanctions under Rule 11 of the Federal Rules of Civil Procedure [ Fed. R. Civ. P. 11 ; see § 63.03[1]].

5-63 Dorsaneo, Texas Litigation Guide § 63.110

**[2] Form**

**Motion to Remand**

UNITED STATES DISTRICT COURT

_Southern_ DISTRICT OF TEXAS

_B'ville_ DIVISION

NO. _3-04-141_

)

[*plaintiff*], _L McNiz_ )
Plaintiff and Movant, )
v. )
_State Farm_ )
[*defendant*] )
Defendant and Respondent. )
)

MOTION TO REMAND

_Luis Carmela_, plaintiff in this action, pursuant to 28 U.S.C. § 1447(c) , moves this Court for an order remanding this action to the _357th J. Dist Ct_ [*identify state court, e.g.,* the 160th District Court of the State of Texas, County of Dallas], on the grounds that _(Both)_ [removal was improperly made *and/or* that this Court lacks jurisdiction over the subject matter of this action]. In support of this motion, plaintiff shows:

I.

[*Use if removal was not timely*]

Removal of this action was not timely in that defendant's Notice of Removal was filed more than 30 days after the time the _initial pleading_ [initial pleading *or* amended pleading *or other paper*] was served on defendant. Defendant was served on _May 15,_ , 19 2004 _by U.S Mail_, while the Notice of Removal is dated _8/17_ , 19 2004 . _An Orig. Pet. Filed on 5/11/2004 in the 357th Jud. Dist Ct. q w/Nay Cty was sent by certified mail RRR to MA. Lawana hurdle please see Ex A, 1st, B Letter & C Ret R._

[*AND/OR*]

Removal of this action is not timely in that defendant claims jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 , and the removal was made more than one year after commencement of the action. This action was commenced in state court on _____, 19 _____, while the Notice of Removal was not filed until _____, 19_____.

II.

[*Use if all defendants have not joined in removal*]

Removal of this action is not proper in that all the defendants in the action have not joined in the removal. _____, named as a defendant and served in the action on _____, 19_____, has not filed any notice of removal with this Court or informed this Court of consent to or joinder in the removal.

III.

[*Use if defendant has failed to file with state court*]

Removal is not complete in that defendant has failed to file a copy of the notice of removal with the state court where the action was commenced, as required by 28 U.S.C. § 1446(d) . Removal is not effective until such copy is filed.

IV.

[*Use if defendant has failed to notify adverse parties*]

Removal is not complete in that defendant failed to give prompt written notice of the filing of the Notice of Removal to all the adverse parties, including plaintiff. Prompt notice of filing is required by 28 U.S.C. § 1446(d) before removal is complete. _This a the Notice was Returned to the defendant as per the affidavit + Monica Col. See exhibit A_

5-63 Dorsaneo, Texas Litigation Guide § 63.110

V.

*[Use if Notice of Removal is not signed by attorney]*

Defendant's Notice of Removal is defective and inadequate to remove the action in that it is not signed by an attorney of record for each defendant, as is required by 28 U.S.C. § 1446(a) .

VI.

*[Use if diversity is claimed and any defendant is citizen of Texas]*

Removal is improper under 28 U.S.C. § 1441(b) , in that removal is said to be based on diversity of citizenship, but a defendant, ˢ T R · M B · L 0 ˡ· *[name]*, is a citizen of the State of Texas, the state where the action was brought. S t L· FAr~ l *[name]* is ɪɴ ɪ ..  I/. *[state basis of citizenship, e.g., a hotel incorporated in the State of Delaware, with corporate offices in the State of New York, but its principal place of business is in Dallas, Texas].*

VII.

*[Use in order to challenge diversity jurisdiction]*

This Court is without jurisdiction to hear this case. Diversity jurisdiction does not exist in this case since every plaintiff is not diverse from every defendant. _____ *[Identify nondiverse parties, e.g., John Smith, named as a plaintiff, is domiciled in the State of Florida and is a citizen of that state, having moved there after the time the action was brought but before the time the notice of removal was filed. ABC Corp., named as a defendant, is also a citizen of that state, where it has its principal place of business].*

VIII.

*[Use in order to request realignment of parties]*

This Court is without jurisdiction to hear this case. Diversity jurisdiction does not exist in this case since every plaintiff is not diverse from every defendant. The interest in this action of _____ *[name]*, joined as a _____ *[defendant or plaintiff]*, is in actuality adverse to the interest of the other _____ *[defendants or plaintiffs]* and essentially identical to the interest of those joined as _____ *[plaintiffs or defendants]*. _____ *[Explain nature of interest]*. _____ *[name]* should be realigned as a _____ *[plaintiff or defendant]*, and diversity of citizenship determined on that basis. Since, as indicated in Defendant's Notice of Removal, both parties are citizens of _____ *[state]*, complete diversity does not exist in this case.

IX.

*[Use in diversity case if amount in controversy not met]*

This court is without jurisdiction to hear this action, in that while jurisdiction is claimed by defendant based on diversity of citizenship of the parties, the amount in controversy in this action, exclusive of interest and costs, is not greater than $ 75,000, so that the minimum amount in controversy necessary to confer jurisdiction based on diversity of citizenship is not met. The petition filed by plaintiff in state court states a claim based on _____ *[state nature and value of claim, e.g., a contract dispute arising under state law, and requests liquidated damages in the amount of $ 25,000. A counterclaim by defendant, such as the counterclaim mentioned in defendant's Notice of Removal, may not be considered in determining the amount in controversy for the purposes of determining jurisdiction, regardless of the value of the counterclaim and regardless of whether the counterclaim arose out of the same series of events].*

X.

*[Use in order to challenge federal question jurisdiction]*

This court is without jurisdiction to hear this action, in that _____ *[complete diversity between the parties is not claimed by the defendant and does not exist and/or a claim in excess of the minimum amount necessary for diversity jurisdiction ($ 75,000) is not stated by plaintiff's petition and is not present in this case]*, and the cause of action in this matter does not arise under federal law. The plaintiff's petition does not state any claims arising under federal law, but seeks relief for _____ *[state nature of state law claims, e.g., breach of contract by the*

Joinder , MB. TR L O : was not a fraudulent joinder as the plaintiff will allege and prove separate causes o acts against one or more of the agents. In particular Plaintiff allege Slander, and Malicious Prosecution and Abuse of Process against Tim Reed, Gregg Duett

5-63 Dorsaneo, Texas Litigation Guide § 63.110

defendant, an action arising under the common law of the State of Texas]. [Defendant's claim of a defense arising under federal law does not appear from the petition and is not sufficient to confer subject matter jurisdiction on this court.]

XI.

[*Use to obtain sanctions under Fed. R. Civ. P. 11*]

This court should impose an appropriate sanction upon defendant [and upon defendant's counsel who signed the notice of removal] since there was no plausible basis for claiming that this court has jurisdiction on any basis over the causes of action asserted in plaintiff's petition. As such, the notice of removal had the purpose and effect of causing unnecessary delay and a needless increase in the cost of litigation. [Plaintiff alleges that an appropriate sanction would include an order to pay the amount of the reasonable expenses incurred by plaintiff in preparing and presenting this motion, including a reasonable attorney's fee.]

_____, plaintiff in this action, further moves the Court to order _____, defendant in this action, to pay to plaintiff all costs and expenses, including attorney's fees, incurred by plaintiff as a result of the removal.

[*Signature of plaintiff's attorney. See § 63.100*]