CAUSE NO. 04-164

| | | |
|---|---|---|
| LUIS C. MUNOZ AND § | IN THE DISTRICT COURT | |
| CARMELA MUNOZ § | | |
| *Plaintiffs* § | | |
| vs. § | WILLACY COUNTY, TEXAS | |
| § | | |
| STATE FARM LLOYDS, § | | |
| MARK BROWN § | | |
| TOM REED, LEE OLIVO, § | | |
| GREG DROTT AND § | | |
| BRIAN ROBINSON AS § | | |
| INDIVIDUALS AND AGENTS OF § | | |
| STATE FARM LLOYDS § | 357th JUDICIAL DISTRICT | |
| *Defendants* | | |

FILED JUL 13 2004

FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE COURT:

LUIS C. MUNOZ AND CARMELA MUNOZ, Plaintiffs complain of STATE FARM, MARK BROWN, AND TOM REED, Defendants and for cause of action shows:

I.

Plaintiff LUIS C. MUNOZ AND CARMELA MUNOZ, are individuals residing in Willacy County, Texas. Defendant is a general casualty company, organized under the laws of the State of Delaware, to engage in the insurance business in Texas. Citation may be served on defendant by serving Fred J. Marsh, Attorney for Service at 17301 Preston Road, Dallas Texas 75252-5727. Plaintiff LUIS C. MUNOZ AND CARMELA MUNOZ pleads that discovery should be conducted in accordance with discovery control plan by order ( level 3) under Civil Procedure Rule 190.4

II.

On or about 1992, defendant State Farm Insurance, through its local recording agents:

1. Mark Brown whose office is located at 389 West Hidalgo Avenue, Willacy County, Texas 78580;

2. Leo Olivo whose address is P.O. Box 3278, 7801 Expressway 83, McAllen, Texas 78501;

3. Tom Reed whose address is Park Green TSO, 4444 Corona, Suite 140, Corpus Christi, Texas 78411;

4. Brian Robinson whose address is 505 South P Street, P.O. Box 531768 Harlingen, TX 78553, and

5. Greg Drott whose address is Park Green TSO 4444 Corona, Suite 140, Corpus Christi, Texas 78411, issued and serviced an insurance policy naming plaintiff as the insured and insuring the plaintiff's home and premises and contents therein located at 829 West White Ave. against loss by fire, among other things, for a period beginning on December

EXHIBIT 1

29, 2002, and ending on December 29, 2003. Pursuant to the terms of the policy, plaintiff had insurance protection up to $244,300.00 for any loss resulting from damage to the home. The insurance policy, being numbered by plaintiff as Exhibit A, a true and correct copy of which is attached as Exhibit A and incorporated by reference, was at all times material to this action in full force and effect.

### III.

On 1/1/03, the home and contents, insured by defendant pursuant to the insurance contract attached as Exhibit A, sustained damage as the result of a hostile fire. The actual loss sustained by the damage and destruction of the contents insured is $244,300.00, as shown in detail in Exhibit B, which is attached to and incorporated in this pleading by reference. Therefore, plaintiff is entitled to recover $244,300.00 from defendant.

### IV.

Despite the fact that all conditions precedent to plaintiff's recovery have been performed or have occurred, defendant has failed and refused to pay plaintiff in accordance with its contract obligation. Furthermore, on 2004, defendant unjustifiably delayed liability under the policy of insurance attached as Exhibit A, compelling plaintiff to institute this litigation.

### V.

The defendant has delayed payment of plaintiff's claim for more than 60 days after it received all required and requested items, statements, and forms or has not provided the plaintiff with notice of defendant's reason for rejecting plaintiff's claim to benefits under the policy. Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading for the prosecution and collection of the claim. Therefore, plaintiff is entitled to recover from defendant the additional sum of 18 percent per year of the amount payable under the policy, together with a reasonable sum for the necessary services of plaintiff's attorney n the preparation and trial of this action, including any appeals to the Court of Appeals or the Supreme Court of Texas.

### UNFAIR SETTLEMENT PRACTICE

1. After having received notice of the plaintiff's losses clearly covered by the parties' contract of insurance, all as set out in the preceding paragraphs of this petition, the defendant engaged in several unfair settlement practices, as enumerated and declared unfair or deceptive in *Article 21.21 § 4(10) of the Texas Insurances Code [and Section 17.46 (b) of the Texas Business and Commerce Code]*, including but not limited to the following:

    a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the plaintiff's claim once the defendant's liability became reasonably clear.

    b. Failing to provide promptly a reasonable explanation of the defendant's basis for its delay of the plaintiff's claim.

    c. Refusing to pay the claim without first conducting a reasonable investigation of the matter.

    d. Failing to affirm or deny coverage within a reasonable time.

    e. Unreasonably delaying an offer of settlement of the claim by contending that the insured was responsible for the plaintiff's losses.

    f. Requiring the plaintiff's to produce income tax returns as a condition to settling the claim when the claim did not involve any loss of profits or income.

    g. The plaintiff's will show that these acts and omissions on defendant's part were done knowingly, that is with an actual awareness of the falsity, unfairness, or deception of the conduct described. Consequently, the plaintiff requests that the trier of fact award the plaintiff additional damages of up to three times the sum of actual damages suffered.

## BREACH OF DUTY OF GOOD FAITH

From and after the time the plaintiff's claim was presented to the defendant, the defendant's liability to pay the claim in accordance with the terms of the insurance policy attached as Exhibit A was reasonably clear. Despite there being no basis whatsoever on which a reasonable insurance company would have relied to deny payment of the plaintiff's claim, the defendant refused to accept the claim and pay the plaintiff as the policy required.

At that time, the defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, In this regard, the plaintiff will show that the defendant failed to conduct a reasonable, proper investigation of the claim and refused to rely on the true facts, resorting instead to producing faulty, incomplete, and biases reasons as subterfuges to avoid paying a valid claim.

Consequently, the defendant breached its duty to deal fairly and in good faith with the plaintiff. The defendant's breach was a proximate cause of the losses, expenses, and damages suffered by the plaintiff as more specifically described below.

The breach of duty by the defendant was aggravated by the kind of malice or gross negligence for which the law allows the imposition of exemplary damages. The defendant's conduct was specifically intended to cause substantial injury to the plaintiff. The defendant's conduct involved an extreme degree of risk of potential harm to the plaintiff or others and, despite the defendant's being actually and subjectively aware of the risk involved, the defendant proceeded with conscious indifference to the rights safety, and welfare of the plaintiff and others. Plaintiff, therefore, seeks exemplary damages in an amount to be assessed by the trier of fact.

WHEREFORE, plaintiff requests that defendant be cited to appear and answer, and that on final trial of this cause, plaintiff recover from defendant the following:

1. The sum of $244,300.00, as the benefits payable under the insurance policy made the basis of this suit, together with interest at the rate of 18 percent per annum from January 1, 2003, until date of judgment.

2. The sum of $43,947.00, as the statutory penalty for defendant's failure to

3. A reasonable sum for attorney's fees, as found by the trier of fact, with conditional sums for the services of plaintiff's attorney in the event of subsequent appeals.

4. Interest on the judgment at the rate provided by law from the date of judgment until paid

5. Costs of suit.

6. Such other and further relief to which plaintiff may be justly entitled.

7. The plaintiff's has suffered severe and crippling mental anguish stemming from defendant's [knowing] misconduct as described above, with the result that the plaintiff's has been unable to conduct the normal, day to day affairs of business and personal life without extreme difficulty, pain, and anxiety.

8. The plaintiff's reputation for good credit has been seriously tarnished as a result of the defendant's conduct.

9. Exemplary damages or enhanced damages as found by the trier of fact.

Respectfully submitted,

_____
Gustavo Ch. Garza
847 E. Harrison St.
Brownsville, Texas 78520
(956) 541-7333 Tel.
(956) 541-7313 Fax.
State Bar No. 07731700