United States District Court
Southern District of Texas
FILED

OCT 1 2 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | CAUSE NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | JURY DEMANDED |

## DEFENDANT STATE FARM LLOYDS' RESPONSE TO PLAINTIFFS' VERIFIED PLEA TO JURISDICTION AND AMENDED MOTION TO REMAND

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds files its Response to Plaintiffs' Verified Plea to Jurisdiction and Amended Motion to Remand[d] and in support of the Court's jurisdiction shows the Court as follows:

### A. INTRODUCTION

In their "Verified Plea," Plaintiffs appear to drop their other claims and base their Motion for Remand solely on the claim removal was not timely. To the extent Plaintiffs intend to rely on other grounds, Defendant relies upon its Response to Plaintiffs' Motion for Remand.

With respect to the issues raised in the Verified Plea, removal of the case was proper and Remand should be denied because Removal was timely, and because Plaintiffs did not timely raise the objection to the form of the Petition.

---

[1] On September 1, 2004, Defendant filed a Rule 12(b)(6) Motion to Dismiss Fraudulently Joined Nominal Defendants, to which Plaintiffs have not responded. On September 3, 2004, Plaintiffs filed a Motion to Remand, raising three grounds. On September 20, 2004, after Defendant State Farm Lloyds had prepared its response, Plaintiffs filed a Verified Plea to the Jurisdiction and Amended Motion to Remand, apparently dropping two of the three grounds raised in its Original Motion. Defendant filed its Response to Plaintiff's Original Motion to Remand on September 23, 2004.

## B. BACKGROUND FACTS

Plaintiffs filed suit in the 357th Judicial District Court of Willacy County, Texas on July 13, 2004. Defendants Mark Brown, Gregg Drott, and Tom Reed were served with notice of the suit on July 19, 2004. Defendant State Farm Lloyds was served with notice of the suit on July 30, 2004. Defendant filed its Notice of Removal on August 17, 2004, within 30 days of service on the first Defendant, and well within one year of the filing of suit.

## C. RESPONSE TO PLAINTIFFS' ARGUMENTS

1. <u>State Farm's Notice of Removal was timely filed within thirty days of service of process.</u>

Plaintiffs assert that State Farm's removal was not timely since Plaintiffs' counsel provided a courtesy copy of the Petition to prior counsel for State Farm more than thirty days before removal. Plaintiffs' Original Petition was filed on May 11, 2004. On May 13, 2004 Plaintiffs mailed a file-stamped copy of the petition to Mr. Lawrence Kurth, who was a prior counsel for State Farm, but who was not an agent for service of process and who did not have authority to accept service. Plaintiffs did not seek to actually attempt to serve process on State Farm at that time. Plaintiffs did not "serve" Mr. Kurth with the citation and never served process on State Farm. *See* TEX. R. CIV. PROC.106(a)(2) (authorizing service by mailing the defendant's **registered agent** a true copy of the citation with a copy of the petition attached thereto). Then, Plaintiffs filed their First Amended Original Petition on July 13, 2004. Individual defendants Mark Brown, Gregg Drott and Tom Reed were personally served by certified mail on July 19, 2004. **(See Exhibit A for a copy of the citation issued to these defendants).** Plaintiffs properly served Defendant State Farm's registered agent for service of process by certified mail on July 30, 2004. **(See Exhibit B for a copy of the citation issued to State Farm).**

The United States Supreme Court has held that deadline for removal runs from actual service, not from receipt of a courtesy copy. A defendant is not obliged to engage in litigation unless notified of the action and brought under a court's authority by formal process. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999). As the Court stated, "[a]ccordingly, we hold that a named defendant's time to remove **is triggered by** simultaneous **service** of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, **but not by mere receipt of the complaint unattended by any formal service.**" *Id.* at 347-48. Plaintiffs did not serve the first defendant in this suit until July 19, 2004. Defendant State Farm filed its Petition for Removal on August 17, 2004. Defendant's Petition for Removal was timely filed within thirty days of formal service. *See Id.* at 348.

2. <u>As State Farm's Notice of Removal was timely filed within thirty days of service of process, no further assertions are required.</u>

Plaintiffs argue in their Verified Plea that because State Farm did not affirmatively allege that it was entitled to the one-year limitation period provided for in the second paragraph of 28 U.S.C. § 1446(b) this Court does not have jurisdiction over the present case. However, Plaintiffs appear confused about the meaning of that statute. The federal removal statute states: "If a case stated by the initial pleading is not removable, **a notice of removal may be filed within thirty days** after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, **except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.**" 28 U.S.C. § 1446(b) (2004).

Plaintiffs misconstrue this portion of the statute as requiring a defendant to assert that it is entitled to removal because less than a year has elapsed since the cause of action was commenced in order for the federal court to have jurisdiction. Plaintiffs cite *Reece v. Wal-Mart Stores, Inc.*, 98 F.3d 839 (5th Cir. 1996) as authority for this proposition. However, *Reece* provides no such support for Plaintiffs' arguments. In *Reece*, the Fifth Circuit interpreted the removal statute to run the 30 days from the first notice of suit, including a courtesy copy. *Reece* was contrary to and overruled by the Supreme Court's decision in *Murphy Bros.* 526 U.S. 344. Nothing in *Reece* discussed the form of the Petition for Removal or what allegations need to be made.

State Farm's removal Petition in this case affirmatively states the removal was timely. It further reflects the suit's filing date of May 11, 2004. Those two factors on their face demonstrate removal occurred within the one year rule. There is simply no basis to claim the Petition must contain "magic language" that the one year has not elapsed.

3. <u>Plaintiffs' objection to the form of the Petition for Removal is not timely</u>.

Even if a Petition lacked such "magic language," such error would be a defect in form waived by Plaintiffs by not being raised within 30 days of the Removal. 28 U.S.C. § 1447(c) states: "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under Section 1446(a)." Plaintiffs' first contention there was a defect in form was 33 days after removal. Thus, Plaintiffs waived defect of improper removal by failure to seek remand to state court within 30 days of removal. *Coury v. Prot*, 85 F.3d 244, 252 (5th Cir. 1996). Finally, the removal statutes are to be broadly construed to avoid dismissals of actions on purely "technical" or

"formal" grounds. Technical defects can be cured even in the appellate courts. *Whitmire v. Victus Ltd. T/A Master Design Furniture*, 212 F.3d 885, 887-88 (5th Cir. 2000).

State Farm fulfilled all statutory requirements for timely removal to this Court.

### D. PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm prays that Plaintiffs' Verified Plea to Jurisdiction and Amended Motion to Remand be denied.

Respectfully submitted,

**TAYLOR & TAYLOR**

By: _____
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker Street, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar. No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira, & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Response to Plaintiffs' Amended Motion to Remand has been forwarded to all counsel of record by certified mail, return receipt requested, on this 12th day of October, 2004.

Gustavo Ch. Garza
363 West Kimball
Raymondville, Texas 78580

_____
Warren Taylor