United States District Court
Southern District of Texas
FILED

NOV 18 2004

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | C.A. NO. B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | JURY DEMANDED |

## DEFENDANT STATE FARM LLOYDS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLOYDS' MOTION TO DISMISS FRAUDULENTLY JOINED DEFENDANTS

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds files its Reply to Plaintiffs' Response to Defendant State Farm Lloyds' Motion to Dismiss Fraudulently Joined Defendants as follows:

1. Plaintiffs' Response fails to address the central issue before this Court: what allegations against the individual defendants are in the Petition? The answer is none.

2. It is settled that removability and fraudulent joinder are determined by the facts **at the time of removal**. *Tedder v. F.M.C. Corp.*, 590 F.2d 115, 116 (5th Cir. 1979). Allegations after removal, including affidavits, may expand on or explain allegations actually made, but may not be used to introduce new claims. Though a federal court may consider summary judgment-type evidence such as affidavits and deposition testimony when reviewing a fraudulent joinder claim, "[p]ost-removal filings may not be considered...when or to the extent that they present new causes of actions or theories not raised in the controlling petition filed in state court." *Griggs v. State Farm Lloyds*, 181 F.3d 694, 700 (5th Cir. 1999). Even if the Court ignores the lack of personal knowledge

in several of the affidavits, they do not address the issue of whether, as plead, Plaintiffs can recover against the individuals.

3.    Even if the affidavits are considered for all purposes, they at most merely create a fact question as to State Farm's liability on the contract; they do not articulate a cause of action against any individual defendant. State Farm and its representatives were required by statute to share the results of their investigation with the authority having jurisdiction. TEX. INS. CODE ANN. Art. 5.46 (Vernon 2004). (Request attached as Exhibit "A").

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm prays its Rule 12(b)(6) Motion be in all things granted, and that Plaintiffs' Motion for Remand be denied.

> Respectfully submitted,
>
> **TAYLOR & TAYLOR**
> Warren Taylor
> State Bar No. 19727200
> Federal I.D. No. 1354
> Beth M. Taylor
> State Bar No. 13336787
> Federal I.D. No. 14601
> 815 Walker Street, Suite 250
> Houston, Texas 77002
> (713) 615-6060 Telephone
> (713) 615-6070 Facsimile
>
> Roerig, Oliveira, & Fisher, L.L.P.
> 855 West Price Road, Suite 9
> Brownsville, Texas 78520-8718
> (956) 542-5666 Telephone
> (956) 542-0016 Facsimile
>
> *Attorneys for Defendant*
> *STATE FARM LLOYDS*
>
> By: _____
> Rene O. Oliveira
> State Bar. No. 15254700
> Federal I.D. No. 4033

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Reply to Plaintiffs' Response to Defendant State Farm Lloyds' Motion to Dismiss Fraudulently Joined Defendants has been forwarded to all counsel of record by certified mail, return receipt requested, on this 18th day of November, 2004.

    Gustavo Ch. Garza
    363 West Kimball
    Raymondville, Texas 78580

                                                           */s/ Rene O. Oliveira*
                                                            Rene O. Oliveira