United States District Court
Southern District of Texas
ENTERED

JAN 1 3 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ and CARMELA MUNOZ, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. B-04-141 |
| | § | |
| STATE FARM LLOYDS, MARK BROWN, | § | |
| TOM REED, LEE OLIVO, GREG DROTT, | § | |
| and BRIAN ROBINSON, as individuals and | § | |
| Agents of State Farm Lloyds, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on January *12*, 2005, the Court considered plaintiffs' Motion to Remand [Dkt. No. 7].

## I.     Factual and Procedural Background

Plaintiffs Luis C. Munoz and Carmela Munoz ("plaintiffs"), and defendants, Mark Brown, Tom Reed, Lee Olivo, Gregg Drott, and Brian Robinson (collectively referred to as "individual defendants") are residents of Texas.  Defendant State Farm Lloyds ("State Farm") is an unincorporated association whose underwriters are citizens of Illinois.

Plaintiffs purchased property insurance from State Farm covering their home and the contents therein for the period between December 29, 2002, and December 29, 2003. On January 1, 2003, the home was destroyed in a fire.  After the plaintiffs sought the policy benefits, suspicion arose over whether plaintiff Mr. Munoz intentionally caused the fire in order to recover the insurance policy proceeds.   State Farm's ensuing investigation continued for well over a year.

Before State Farm decided the claim, however, plaintiffs filed suit in Willacy County, Texas, on May 11, 2004.  Although their petition specifically acknowledges that citation

1

may be served on Fred J. Marsh, in Dallas, Texas, plaintiffs attempted to serve State Farm by mailing the complaint to a Mr. Laurence Kurth, a former attorney for State Farm, on May 13. State Farm claims to have never received this complaint. Plaintiffs did not attempt to serve the individual defendants with the original petition.

On July 13, plaintiffs filed their first amended original petition again in Willacy County, Texas. Defendant Mark Brown was served on July 19, while State Farm was served July 30. The complaint alleges various causes of action against State Farm, including unfair settlement practices, breach of contract, and breach of the duty of good faith. Importantly, besides listing their names in the header of the case and as agents of State Farm, no cause of action is alleged against the individual defendants throughout the amended petition.

On August 17, State Farm removed this case basing jurisdiction on diversity. State Farm argues that because the individual defendants were fraudulently joined in order to defeat federal jurisdiction, their residency should be ignored for jurisdictional purposes [Dkt. No. 1]. On September 3, plaintiffs motioned for remand arguing that State Farm's removal was untimely, that State Farm did not provide "prompt written notice" of removal in violation of 28 U.S.C. § 1446(d), and that the presence of the individual defendants destroyed the requisite diversity [Dkt. no. 7]. Also on September 3, State Farm filed a motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) requesting that this Court remove the individual defendants [Dkt. no. 6]. On September 21, plaintiffs filed their amended motion to remand [Dkt. Nos. 10 & 11].

## II.    Discussion

### A.    Timeliness of Removal

Plaintiffs first contend that State Farm's removal was untimely. Pursuant to 28 U.S.C. § 1446(b), "notice of removal . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." As noted above, plaintiffs assert that State Farm was served on May 13, when Mr. Kurth received

the original complaint by United States certified mail return receipt requested.[1]
Accordingly, the plaintiffs maintain, State Farm's removal on August 17 fell well outside the
permitted thirty day removal period. At the initial pretrial conference, the plaintiffs informed
the Court that Mr. Kurth was an attorney involved in State Farm's investigation. Besides
taking the plaintiffs' depositions in October 2003, Mr. Kurth communicated with plaintiffs'
counsel concerning other areas of the investigation. The last contact between Mr. Kurth
and plaintiffs' counsel occurred approximately two weeks before the original state petition
was filed.

State Farm, on the other hand, claims to never have been "served" the original
complaint. According to State Farm, mailing the complaint to Mr. Kurth was improper since
he was "prior counsel," not an agent for service of process, and did not have authority to
accept service [Dkt. No. 12]. At the initial pretrial conference, State Farm's counsel
admitted that Mr. Kurth had worked for State Farm, but explained that his participation in
the investigation was limited. Furthermore, State Farm points out that Mr. Marsh was the
individual on file of record as the designated agent of service at the time the original
petition was filed. State Farm, therefore, avers that it received notice of the lawsuit on July
19, when defendant Mark Brown was served the amended state petition. See Microtune,
Inc. v. Big Shine Worldwide, Inc., 2004 WL 414901, at * (N.D.Tex. 2004) ("The rule in [the
Fifth] Circuit in cases involving multiple defendants is that the 30 day period for removal
begins to run immediately after the first defendant is served." (citing Getty Oil v. Ins. Co.
of N. Am., 841 F.2d 1254, 1262-62 (5th Cir. 1988))). Therefore, because it filed its petition
of removal within thirty days of Brown's service, State Farm alleges that removal was
timely.

The issue before the Court then, is whether Mr. Kurth's receipt of the original state
petition constitutes "receipt by the defendant, through service or otherwise . . . ." 28 U.S.C.
§ 1446(b). Because this case was originally filed in Texas state court, Texas law
determines whether service of process was effectuated appropriately. See T.E. Const.

---

[1]Plaintiffs did not attempt to serve the original state petition on the individual
defendants.

Specs., Inc. c. Vista Benefits, Inc., 2003 WL 22259075, at *3 (W.D.Tex. 2003) ("In light of Murphy Brothers, [Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999)], courts and commentators generally agree that 'state law must now be followed for formal service of process to protect defendants' interests,' and that only formal, proper service on the defendant will suffice." (quoting Wright, Miller & Cooper, Federal Practice & Procedure § 3732 ("[S]tate law must now be followed for formal service of process to protect defendants' interests."))). In Texas, with a corporate defendant, service of process should be directed towards the entity and name as agent for service the president, any vice-president, or the registered agent. Dan Edge Motors, Inc. v. Scott, 657 S.W.2d 822, 823 (Tex.App.- 6 Dist. 1983); see also Tex.R.Civ.Pro. 21a & 106. It is clear that the plaintiffs knew that Mr. Marsh was State Farm's registered agent for service of process in Texas, as evidenced by the original and amended state petitions that list Mr. Marsh in that capacity. Nonetheless, the plaintiffs inexplicably sent the original state petition to Mr. Kurth. Because the plaintiffs do not argue or provide evidence demonstrating that Mr. Kurth satisfies any of the positions described above, the Court finds the initial attempt at service of State Farm ineffectual. Accordingly, State Farm's removal on August 17 was timely since it occurred within thirty days of service of the lawsuit upon defendant Brown on July 19.

### B.   Prompt Written Notice

After filing notice of removal, the defendant is required to provide prompt written notice to all adverse parties. 28 U.S.C. § 1446(d). Plaintiffs' counsel contends that he never received written notice of the removal. Mot. to Rem. [Dkt. No. 7], Exhibit E. In rebuttal, State Farm demonstrates that it sent a Notice of Removal by certified mail return receipt requested on August 17, the same day the Notice was filed, to the record address for plaintiffs' counsel. Receipt of the Notice is further evidenced by Monica Cole's (plaintiffs' counsel's employee) signature on the return receipt. It appears State Farm sent the notice of removal to an office address that plaintiffs' counsel had abandoned.

It is incumbent upon counsel to alert the clerk of court to any change in address. See Local Rule 83.4. Accordingly, State Farm is not required Farm to track down plaintiffs'

counsel at his new location. Furthermore, State Farm needed only get the documents to plaintiffs' counsel, which it did. It is not State Farm's fault that after receipt, which is documented, plaintiffs' counsel lost the notice of removal. Lastly, plaintiffs' counsel has failed to demonstrate any undue prejudice as a result of allegedly not receiving the notice. The Court holds that State Farm provided prompt written notice of removal to plaintiffs' counsel in accordance with § 1446(d).

### C.    Improper Joinder

Plaintiffs contend that removal was improper since the presence of the non-diverse individual defendants divested this Court of diversity jurisdiction. State Farm, in response, argues that the individual defendants' residency should be ignored for diversity purposes since they were fraudulently joined.[2]

Pursuant to 28 U.S.C. § 1441(a), any civil action filed in state court over which a federal district court has original jurisdiction may be removed. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). Original jurisdiction is met if both the parties are completely diverse and the amount in controversy exceeds $75,000.00. Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 882 (5th Cir. 2000) (citing 28 U.S.C. § 1332(a)(1)). The parties do not contest that the amount in controversy is satisfied here. Rather, the parties disagree on diversity. "'The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side.'" McLaughlin v. Mississippi Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)). Improper joinder is a very narrow exception to the complete diversity requirement. Smallwood v. Il. Central R. Co., 352 F.3d 220, 222 (5th Cir. 2003) (Smallwood II).

A defendant can establish improper joinder in one of two ways: (1) actual fraud in the jurisdictional pleadings of fact, or (2) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Il. Central R. Co., 385

---

[2]The Fifth Circuit recently renamed the doctrine of "fraudulent joinder" as "improper joinder." See Smallwood v. Il. Central R. Co., 385 F.3d 568, 571 n.1 (5th Cir. 2004). This Court, therefore, will adhere to the revised nomenclature.

F.3d 568, 573 (5th Cir. 2004) (<u>Smallwood III</u>).  The present case concerns only the latter avenue.  To satisfy this second prong, the defendant must establish that there "is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."  <u>Id.</u> (citing <u>Travis v. Irby</u>, 326 F.3d 644, 648 (5th Cir. 2003)); <u>see also</u> <u>Hornbuckle v. State Farm Lloyds</u>, 385 F.3d 538, 542 (5th Cir. 2004) (concluding that a finding of improper joinder "depends on whether there is arguably a reasonable basis for predicting that the state law might impose liability on the resident defendant on the facts involved, or whether there was a reasonable basis in law and fact for the claim against the resident defendant" (internal quotations and citations omitted)).

In order to resolve this issue, the Court should "conduct a [Federal Rules of Civil Procedure] Rule 12(b)(6) -- type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."  <u>Smallwood III</u>, 385 F.3d at 573.  "To determine whether jurisdiction is present for removal, the Court considers the claims in the state court petition as they existed at the time of removal."  <u>Microtune</u>, 2004 WL 41490, at *1 (citing <u>Manguno v. Pridential Prop. & Cas. Ins.</u>, 276 F.3d 720, 723 (5th Cir. 2002)); <u>see also</u> <u>Cavallini v. State Farm Mutual</u>, 44 F.3d 256, 262 (5th Cir. 2002) (determining the propriety of removal jurisdiction on the basis of the claims in the state court pleadings as they existed at the time of removal).  The Court, however, is not restricted to the pleadings filed in state court and may "consider summary judgment-type evidence . . . ."  <u>Travis</u>, 326 F.3d at 649; <u>Smallwood III</u>, 385 F.3d at 573.

Initially, recalling that Texas courts employ a "fair notice" pleading standard, the Court examines whether the plaintiffs' amended state petition alleges a cause of action against the individual defendants.  <u>Penley v. Westbrook</u>, 146 S.W.3d 220, 232 (Tex.App.-Fort Worth 2004) (Texas courts employ a "fair notice" pleading standard that ascertains whether an opposing attorney of reasonable competence can determine "from the pleading the nature and basic issues of the controversy . . . ."); <u>City of Alamo v. Casas</u>, 960 S.W.2d 240, 251 (Tex.App.-Corpus Christi 1998); Tex.R.Civ.Pro. Rule 45 (b), 47(a); <u>see also</u> <u>Griggs v. State Farm Lloyds</u>, 181 F.3d 694, 699 (5th Cir. 1999); <u>Castellanos v. Bridgestone Corp.</u>, 215 F. Supp. 2d 862, 864 (S.D.Tex. 2002).  Besides describing them as State

6

Farm's recording agents and providing their home addresses, the only other reference to the individual defendants is in the heading of the complaint. No further facts involving the individual defendants are provided. Throughout the amended complaint, plaintiffs only allege certain claims against a single defendant identified as "a general casualty company," presumably State Farm. Simply put, no causes of action are averred against the individual defendants in any way, shape, or form – the complaint solely addresses State Farm. See Cavallini, 44 F.3d at 260-61. Accordingly, this Court finds that standing alone, the plaintiffs' amended state petition fails to set forth an actionable claim against the individual defendants. See Griggs, 181 F.3d at 699 (finding in an improper joinder claim that a complaint, "which mentions [the defendant] once in passing, then fails to state any specific actionable conduct on [defendant's] part whatsoever, [fails] the liberalized requirements that permit notice pleading"); Cavallini, 44 F.3d at 260 (rejecting complaint that named defendant "in the caption and introductory paragraph, and listed as such in paragraph I, which provides addresses for service of process. Paragraph II claims, without supporting allegations, a 'failure of the Defendants' to exercise a duty of good faith.").

Despite the amended petition's deficiency, the Court may, in rare cases, consider summary judgment-type evidence to the extent it clarifies or amplifies the claims actually alleged in the removed state petition. Griggs, 181 F.3d at 699; Travis, 326 F.3d at 649; Smallwood III, 385 F.3d at 573; Morales v. Am. Home Prods. Corp., 214 F. Supp. 2d 723, 725 (S.D.Tex. 2002); Castellanos, 215 F. Supp. 2d at 865. As noted above, the removed state petition alleged unfair settlement practices and breach of the duty of good faith against State Farm. Plaintiffs' submitted affidavits, however, only provide evidence for novel theories of liability against the individual defendants (i.e., slander per se). Therefore, the plaintiffs simply fail to establish a possibility of liability on the part of the individual defendants under the *original claims*. The Court's decision is further buttressed by the plaintiffs' submission of a Second Amended Original Petition [Dkt. No. 19], to this Court without leave[3] on November 12. Therein, the plaintiffs add new causes of action against

---

[3]The plaintiffs have simply provided the Court with a Second Amended Original Complaint. The plaintiffs, however, did not motion for leave. Accordingly, the second amended original petition [Dkt. No. 20] will be stricken.

the individual defendants for malicious prosecution, abuse of process, and slander per se.[4]
No factual allegations incorporating the individual defendants, however, are provided for
the original claims. Importantly, the plaintiffs even stated that they never intended to sue
the individual defendants under the original outlined theories. Plaintiffs' Motion to Remand
[Dkt. No. 7], at p.2 (stating that plaintiffs eventually "will allege and prove *separate* causes
of action" against the individual defendants (emphasis added)); see also Plaintiffs'
Response to State Farm's Rule 12(b)(6) Motion [Dkt. No. 19], at p. 1-2. The Court,
therefore, finds that the individual defendants were improperly joined. See Microtune,
2004 WL 41490, at *1 (citing Manguno, 276 F.3d at 723) (concluding that the Court only
"considers the claims in the state court petition as they existed at the time of removal").
Accordingly, removal was appropriate and this Court has subject matter jurisdiction over
the claim.

## III.   Conclusion

Premises considered, the Court finds that State Farm's removal was timely, that
plaintiffs received prompt written notice of removal, and that the individual defendants were
improperly joined.

Accordingly, plaintiffs' motions to remand [Dkt. Nos. 7, 10, & 11] are hereby
**DENIED**. State Farm's 12(b)(6) Motion to Dismiss the individual defendants [Dkt. No. 6]
is hereby **GRANTED**.

Lastly, plaintiffs have a submitted a "Second Amended Original Petition" [Dkt. No.
20]. Including the state petitions, this is the third complaint filed by the plaintiffs. Plaintiffs
required this Court's permission prior to submitting this third complaint. See FRCP 15(a)

---

[4]It is not entirely clear whether any of the individual defendants other than Tom
Reed are being sued under the new liability theories. Although Lee Olivo, Brian
Robinson, and Gregg Drott are listed under the malicious prosecution section, only
facts relating to Tom Reed are provided. Furthermore, no additional facts or causes of
action have been alleged against Mark Brown anywhere in the second amended
complaint.

8

("A party may amend the party's pleading once as a matter of course at any time before a responsive pleadings is served . . . [or] only by leave of court . . . ."). The plaintiffs have failed to motion the Court for such permission. Therefore, it is further **ORDERED** that plaintiffs' "Second Amended Original Petition" [Dkt. No. 20] be **STRICKEN**.

DONE at Brownsville, Texas, this 12 day of January, 2005.

Hilda G. Tagle
United States District Judge

9