IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| LUIS C. MUNOZ AND § | |
| CARMELA MUNOZ § | |
| § | CAUSE NO B-04-141 |
| VS. § | JURY DEMANDED |
| § | |
| STATE FARM LLOYDS § | |

### DEFENDANT STATE FARM LLOYDS' RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant State Farm Lloyds respectfully asks the Court to deny Plaintiffs Luis C. and Carmela Munoz's Motion for Voluntary Dismissal.

#### A. Introduction

1.  This is an arson case with allegations of bad faith. On January 12, 2005, this Court denied Plaintiffs' Motion for Remand and granted Defendant State Farm Lloyds' Rule 12(b)(6) Motion to Dismiss Fraudulently Joined Nominal Defendants, dismissing Mark Brown, Tom Reed, Lee Olivo, Gregg Drott, and Brian Robinson. Now pending is Plaintiffs' Motion for Voluntary Dismissal, which Plaintiffs seek in order to pursue claims against some or all Defendants in state court. As Defendants would suffer legal prejudice from the granting of Plaintiffs' Motion, the Motion should be denied.

2.  Plaintiffs filed their Original Petition on May 11, 2004, in Willacy County, Texas, District Court. Plaintiffs filed their First Amended Original Petition on July 13, 2004 and purported to sue Defendants State Farm Lloyds, Mark Brown, Greg Drott, Tom Reed, Lee Olivo, and Brian Robinson for breach of their insurance contract, breach of the duty of good faith and

fair dealing, and violations of Texas Insurance Code Article 21.21 and the Texas Deceptive Trade Practices Act.

3.     Plaintiffs served their First Amended Original Petition on Defendants Mark Brown, Greg Drott, and Tom Reed on July 19, 2004. Plaintiffs then served Defendant State Farm Lloyds on July 30, 2004. Defendant State Farm Lloyds removed this case on August 17, 2004, and filed its Rule 12(b)(6) Motion to Dismiss Fraudulently Joined Nominal Defendants on September 1, 2004. That Motion along with Plaintiffs' Motion for Remand were argued to the Court on October 25, 2004, with the Court granting Defendants' Motion and Denying Plaintiffs' on January 12, 2005.

4.     The Court entered a scheduling order on December 16, 2004. Plaintiffs served Interrogatories on Defendants on December 3, 2004, which Defendants timely answered.

5.     Plaintiff now moves to dismiss the suit to deny this Defendant its right to a federal forum.

6.     Defendant opposes Plaintiffs' Motion for Voluntary Dismissal, as it would cause legal prejudice to Defendants.

## B. Argument & Authorities

7.     Plaintiffs have requested the Court dismiss the suit pursuant to Federal Rule of Civil Procedure 41(a)(2) for the express purpose of allowing Plaintiffs to pursue common law claims for malicious prosecution, abuse of process, and slander in Willacy County, Texas, District Court.

---

[1] Defendant notes that Plaintiffs failed to comply with Local Rule 7.1(D), which requires Plaintiffs' counsel to have conferred with Defendant's counsel before filing the present motion and to have attached an averment to the motion summarizing counsels' conference. Plaintiffs' counsel has neither conferred with Defendant's counsel, nor attached the required averment. However, Defendant would have opposed the Motion, so a conference would not have been helpful.

8. The primary purpose of Rule 41(a)(2), requiring court approval of dismissals, is to prevent voluntary dismissals which unfairly affect a defendant. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 317 (5th Cir. 2002). The Court should keep in mind the interests of the defendant, for it is the defendant's position which should be protected. *LeCompte v. Mr. Chip, Inc.*, 528 F.2d 601, 604 (5th Cir. 1976). The Court should deny a motion to dismiss if the dismissal will result in some legal prejudice to the defendant. *United States v. Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003). If a defendant will suffer some cognizable prejudice greater than the mere prospect of a second lawsuit, voluntary dismissal without prejudice should be denied. *Hartford*, 903 F.2d at 360.

9. The Defendant's choice of forum is an important factor to be considered by the Court in determining legal prejudice. *Templeton v. Nedlloyd Lines*, 901 F.32d 1273, 1276 (5th Cir. 1990). Also important to the determination of legal prejudice is the stage at which the plaintiff makes his motion to dismiss. *Hartford*, 903 F.2d at 360; *Dow Chemical*, 343 F.3d at 330. Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal. *Id.*; *Hartford*, 903 F.2d at 360. This court should also deny a motion to dismiss and remand as representing the plaintiffs' attempt to manipulate the forum in which their case is heard. *Unida v. Levi Strauss*, 986 F.2d 970, 976 (5th Cir. 1993); *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1255 (5th Cir. 1990).

10. This Court should deny Plaintiffs' Motion to Dismiss because dismissal of Plaintiffs' suit will result in legal prejudice to Defendants. Defendant State Farm Lloyds will lose the federal forum to which it is entitled, and the other Defendants, who were just dismissed as parties, would lose the benefit of this Court's recent ruling.

11. Plaintiffs' belated Motion demonstrates an effort by Plaintiffs to attempt to manipulate the forum. *Brown*, 901 F.2d at 1255 (stating "courts should consider whether the plaintiff has attempted to manipulate the forum in which its case will be heard...and should guard against such manipulation"); *Unida*, 986 F.2d at 975 (quoting language from *Brown*). In light of all factors indicating plain legal prejudice if dismissal is granted, State Farm respectfully asks this Court to deny Plaintiffs' Motion for Voluntary Dismissal.

12. The parties in this case have exchanged written discovery, filed Motions and Cross-Motions and attended a hearing. This Court has expended considerable time and effort determining that the present forum is proper.

13. Most recently, on December 3, 2004, Plaintiffs served Defendants State Farm Lloyds, Greg Drott, Tom Reed, Mark Brown, Lee Olivo, and Brian Robinson with lengthy written discovery. Defendants timely responded on January 3, 2005. On January 10, 2005, a week after receiving Defendants' responses to Plaintiffs' written discovery, Plaintiffs filed their Motion for Voluntary Dismissal. Plaintiffs' serving Defendants with written discovery is inconsistent with dismissal.

14. Plaintiffs have not been prompt in seeking voluntary dismissal, having filed their motion five months after removal and after beginning discovery. *See Hartford*, 903 F.2d at 360. The prejudice Defendants will suffer if dismissal is granted warrants denial of Plaintiffs' Motion for Voluntary Dismissal.

### C. Prayer

15. For the foregoing reasons, Defendant respectfully asks the Court to deny Plaintiffs' Motion for Voluntary Dismissal or, in the alternative, to dismiss Plaintiffs' suit with conditions.

Respectfully submitted,

**TAYLOR & TAYLOR**
Warren Taylor
State Bar No. 19727200/Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787/Federal I.D. No. 14601
815 Walker Street, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

By: _____
RENE O. OLIVEIRA
State Bar. No. 15254700
Federal I.D. No. 4033

*Attorneys for Defendant*
*STATE FARM LLOYDS*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Response to Plaintiffs' Motion for Voluntary Dismissal has been forwarded to all counsel of record by certified mail, return receipt requested, on this 21st day of January, 2005.

Gustavo Ch. Garza
363 West Kimball
Raymondville, Texas 78580

_____
Rene O. Oliveira

5