IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE, TEXAS

United States District Court
Southern District of Texas
FILED

JAN 2 6 2005

Michael N. Milby
Clerk of Court

| LUIS C. MUNOZ AND | § |
|---|---|
| CARMELA MUNOZ | § |
| *Plaintiff's* | § |
| VS. | §   C.A. NO: <u>B-04-141</u> |
| | § |
| STATE FARM LLOYDS' | § |
| ET AL. | § |
| *Defendant's* | |

## PLAINTIFF'S LUIS C. MUNOZ AND CARMELA MUNOZ RESPONSE TO DEFENDANT STATE FARM LLOYD'S OBJECTION TO PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff's Luis C. Munoz and Carmela Munoz respectfully ask the Court to disregard Defendant's response to Plaintiff's Motion for Voluntary Dismissal and grant Plaintiff's Motion for Voluntary Dismissal without prejudice pursuant to FRCP 41(a) (2).

A. FACTS

1. This is not an arson case and the Willacy County Grand Jury has "No Billed" Plaintiff's Luis C. Munoz. An arson case is a state criminal action and is proper only in the District Court of Willacy County. This lawsuit first alleges breach of contract under the authority of the Texas Insurance Code Article 21.21. Secondly, this lawsuit alleges violation of the Texas Business and Commerce Code article 17 etsq. Third, Plaintiff's allege breach of duty of good faith and unfair dealing, these causes of action under the Texas statutory schemes and other common law torts such as malicious prosecution, abuse of process and slander arose out of Defendant's investigation, delay and eventually denial of plaintiff's insurance claim for a fire loss.

2. Plaintiff's filed their Original Petition on May 11, 2004 in Willacy County, Texas and served State Farm Lloyds attorney, Lawrence Kurth. Now State Farm claims that Laurence Kurth was not its attorney for the purpose of service of citation, although Plaintiffs provided this court with Laurence Kurth's letter stating he was retained to represent State Farm Lloyds. Plaintiff's named State Farm Lloyds, Mark Brown, Greg Drott, Tom Reed, Lee Olivo and Brian Robinson in all of their pleadings. Plaintiff's First Amended Petition was served on State Farms agent for service of record.

3. Defendant's removed this lawsuit to the Federal District Court for the Southern District of Texas, Brownsville Division on 8/17/2004. Plaintiff's Motion to Remand for untimelyness of removal was filed on 9/3/2004. Later Plaintiff's amended its Motion to Remand and attached affidavits in support of Malicious Procecution, Abuse of Process and Slander against the agents. Before this Court ruling on any of the three motions pending before it, Plaintiff's filed their Motion for Voluntary Dismissal on January 10, 2005. Two days later on 1/12/2005 this Court denied Plaintiff's Motion to Remand and struck Plaintiff's Second Amended Petition alleging the common law torts. The Court also dismissed Defendant's Mark Brown, Lee Olivo, Brian Robinson, Tom Reed and Greg Drott.

4. Plaintiff's filed their Motion for Voluntary Dismissal on 1/10/2005.

   a) The Court had not made any ruling for or against any of the parties.

   b) Plaintiff's Motion for Voluntary Dismissal was filed less then five (5) months after removal. Neither party has conducted lengthy discovery. Plaintiff's served on all the Defendant's one (1) set of interrogatories to which Defendants responded first by objecting and secondly with evasive answer.

   c) There are no Motions for Summary Judgment filed by any of the parties.

   d) The record will reflect one (1) scheduling conference only.

   e) Plaintiff's have not delayed in filing their Motion for Voluntary Dismissal.

   f) Defendant State Farm Lloyds will not loose any defenses or protection not afforded by the State District Court.

   g) Plaintiff's is not, has not and seeks not to manipulate the forum, as Plaintiffs initially filed their petition in the Willacy County State Court.

   h) Defendant has enjoyed conducting business in Willacy County and collecting premiums from Willacy County residents for decades and now that Defendant blatantly disregards the findings of the Willacy County Grand Jury, Defendant seeks to avoid accountability in Willacy County. Furthermore, Defendant seek to manipulate the Federal judiciary system to deny Plaintiff's their day in Court. Defendant's would manipulate this Honorable Court to have Plaintiff's try one cause of action under Texas State laws in Federal Court and a second against Defendant's agents in the State District Court.

   i) Defendants opposed Plaintiff's Voluntary Dismissal on the grounds of legal prejudice but wholly fails to state any one clear legal prejudice much less substantiate it.

j)  Plaintiff's motivation to file their motion for Voluntary Dismissal was to prevent the expiration of one (1) year statute of limitations on the common law tort of malicious prosecution.

B. ARGUMENTS

The defendants cites Elboar v. Tripath Imaging, Inc. 279 F 3d 314 (5th cir.2002) for the proposition that "the primary purpose of Rule 41 (a)(2), requiring court approval of dismissals, is to prevent voluntary dismissal which unfairly affect a defendant". However, Defendant avoided the sentence before and after in the same court opinion. In Elboar the Court said,

"we have explained that, as a general rule, motions for voluntary dismissal should be freely granted unless the non-moving party will suffer some plain legal prejudice other than the mere prospect of a second lawsuit  The primary purpose of Rule 41 (a) )(2) is to "prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." Id. (citing 9 C. Wright & A. Miller, Federal Practice and Procedure § 2364, at 165. (1971).

"Therefore, faced with a Rule 41(a) (2) motion the District Court should first ask whether an unconditional dismissal will cause the non-movant to suffer plain legal prejudice."

Here Defendant State Farm Lloyds has no plain legal prejudice nor can it claim that Plaintiff's has shown any evidence of abuse.

Next Defendant cites Lecompte v. Mr. Chip, Inc. 528 F2d 601 (5th cir. 1976) for the proposition that the court should keep in mind the interest of the defendant. The following sentence states "Nevertheless, in most cases a dismissal should be granted unless the defendant will suffer some legal harm" Defendant State Farm Lloyds asserts that its loss of forum is sufficient to establish a "plain legal prejudice"; but clearly expects this court to disregard the language of Templeton v. Nedlloyd Lines. Templeton is clear that loss of forum is not sufficient to show legal prejudice.

The Defendant State Farm Lloyds relies on Templeton v. Nedlloyd Lines, 901 F 2d for the proposition that the Defendant's choice of forum is an important factor 'in determining legal prejudice' however the exact language of the 5th circuit of appeals is "while defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create an abuse of discretion. CF. Hensgens v. Deere &Co., 833 F2d 1179, 1182 (5th cir. 1997). Nor is it sufficient to show legal prejudice to establish that Nedlloyd may lose some perceived tactical advantage by trying the case to jury rather than to a court".

The facts of Templeton are like those of Plaintiffs. Templeton filed a personal injury lawsuit in state court. It was removed by defendant, Nedlloyd Lines and Plaintiff; Templeton then filed a motion for voluntary dismissal with intentions of including non-diverse defendants. The district court granted Templeton's voluntary dismissal without prejudice and the 5th cir. Court of Appeals affirmed.

## PRAYER

Plaintiffs ask this Court to grant their Motion for Voluntary Dismissal without prejudice pursuant to rule 41 (a) (2) FRCP and in the interest of judicial economy, manifest justice and avoidance of undue hardship to Plaintiffs.

Respectfully submitted,

Gustavo Ch. Garza
Attorney for Plaintiffs
363 West Kimball St.
Phone no. 956-689-9040
Fax no. 956-689-6468
State Bar no. 07731700
Fed Id. 3946

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Plaintiffs Luis C. Munoz and Carmela Munoz response to defendants State Farm Lloyds Objection to Plaintiffs Motion for Voluntary Dismissal has been forwarded to all counsel of record by certified mail, return receipt requested on this 26th day of January, 2005.

Warren and Beth Taylor
815 Walker Street Ste. 250
Houston, Texas 77002

Rene Oliveira
855 W. Price Rd. Ste. 9
Brownsville, TX 78520