United States District Court
Southern District of Texas
FILED

FEB - 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | CAUSE NO. B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS, ET AL. | § | JURY DEMANDED |

## DEFENDANT STATE FARM LLOYDS' SUPPLEMENTAL RESPONSE TO PLAINTIFFS' MOTION FOR VOLUNTARY DISMISSAL AND REQUEST FOR HEARING

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant State Farm Lloyds files this Supplemental Response to Plaintiffs Luis and Carmela Munoz's Motion for Voluntary Dismissal and Request for Hearing. Defendant respectfully asks the Court to deny Plaintiffs' Motion for Voluntary Dismissal. In the alternative, Defendant respectfully asks the Court to Dismiss Plaintiffs' suit with Prejudice, set conditions on the dismissal, and/or sanction Plaintiffs and Plaintiffs' counsel.

### A. Request for Hearing

A.1. Defendant believes that oral argument will be helpful to the Court in ruling on this matter. Pursuant to Local Rule 7.5.A, Defendant requests a hearing on Plaintiffs' Motion for Voluntary Dismissal.

### B. New State Court Action

B.1. Plaintiffs filed their Motion for Voluntary Dismissal on January 10, 2005. On January 14, 2005, without waiting for this Court to rule on that motion, Plaintiffs filed an Original Petition in Willacy County District Court against the same Defendants originally sued in this case:

1

State Farm Lloyds, Mark Brown, Tom Reed, Greg Drott, Lee Olivo, and Brian Robinson. **See attached Exhibit A**. In this new suit, Plaintiffs allege the same causes of action against State Farm for breach of the duty of good faith and fair dealing and violations of Article 21.21 and the DTPA present in this suit, as well as claims against the individual defendants for malicious prosecution, slander per se, and abuse of process. Though Plaintiffs had the opportunity to inform this Court that they filed a new state court action only four days after moving for voluntary dismissal, Plaintiffs have never brought this fact to the Court's attention, even when they filed a Response to State Farm's Objections to their Motion to Dismiss.

B.2.   Plaintiffs have attempted to "serve" State Farm and the other defendants with their second state court suit by sending a copy of the petition to Mr. Warren Taylor, State Farm's counsel in the present action. Plaintiffs have presented no evidence that Mr. Taylor is the president, vice president, or registered agent for State Farm or personal representative of the individuals, nor has Mr. Taylor been retained as counsel for Defendants in this new cause of action as yet. Plaintiffs have not effected proper service of process on State Farm or the other defendants for their new action.

B.3.   Furthermore, at the time Plaintiffs filed this new suit, they were in receipt of this Court's Memorandum and Order of January 12, 2005. This Court's opinion clearly stated that Plaintiffs' initial attempt to serve their original petition on State Farm by sending prior counsel for State Farm a copy of the petition was ineffectual. This Court further pointed out that though Plaintiffs had correctly identified State Farm's registered agent for service of process in Texas on both their original and amended state petitions, Plaintiffs nonetheless "inexplicably sent the original state petition to Mr. Kurth." *See*, Memorandum and Order of January 12, 2005, p. 4.

B.4. At the time of filing their second state court suit, Plaintiffs were plainly aware of the identity of State Farm's registered agent for service of process in Texas and, furthermore, had been explicitly informed by the Court of the impropriety of their method of service. Nonetheless, Plaintiffs once again chose to disregard the rules of civil procedure and the clear statements of this Court and repeat their improper attempt at service.

### C. Legal Prejudice to Defendant

C.1. Though Plaintiffs claim they do not seek to manipulate the forum, their actions have evinced a clear attempt to do so. Plaintiffs state they do not seek to manipulate the forum because they originally brought suit in Willacy County State Court. However, this Court has found that the joinder of those individual Defendants was improper, as Plaintiffs failed to set forth any actionable claims against the individual Defendants. Plaintiffs then asked the Court to remand the suit, based solely on their alleged service of their original state court petition, though service was improper, and a bald assertion that Plaintiffs' counsel never received written notice of removal, though receipt was clearly documented. Plaintiffs' motion for dismissal, coupled with the filing of a new state court action in another judicial district court of Willacy County before the Court's ruling on the dismissal, is the most recent in a string of attempts to manipulate the forum.

C.2. Plaintiffs contend that the facts of their suit are similar to the facts of *Templeton v. Nedlloyd Lines*, 901 F.2d 1273 (5th Cir. 1990). In *Templeton*, a trucker suffered injuries while hauling cargo for the defendant. *Id.* at 1274. The trucker and his wife filed suit against the defendant in state court, and defendant removed the case to federal court on the basis of diversity. *Id.* However, during the discovery process, the plaintiffs learned that the defendant did not own the equipment involved in the accident and that two Texas companies had repaired the equipment for

3

the defendant prior to the accident. *Id.* After learning these new facts, the plaintiffs moved for voluntary dismissal. The trial court's grant of dismissal was held not to be an abuse of discretion when (1) the plaintiffs did not learn of the non-diverse parties until discovery; (2) the trial court conditioned dismissal on the plaintiffs' stipulation it would not oppose the use of existing discovery in the new state court suit; and (3) plaintiffs had offered to postpone additional discovery until the court had ruled on pending motions. *Id.*

C.3.  None of the factors warranting dismissal in *Templeton* are present in this suit. Plaintiffs were aware of and originally attempted to sue the individual Defendants in this suit in May of 2004. Plaintiffs have made no attempts to postpone discovery, but instead were the only ones to serve written discovery in this case. Plaintiffs should not be allowed to atone for their own lack of diligence in pleading by having the present suit dismissed. In light of all the factors indicating Defendant will suffer plain legal prejudice if dismissal is granted, including Plaintiffs' willful failure to seek dismissal promptly and attempts to manipulate the forum, State Farm respectfully asks this Court to deny Plaintiffs' Motion for Voluntary Dismissal.

C.4.  Even if the Court chooses to dismiss the present suit in order to allow Plaintiffs to pursue common law claims against the individual defendants in state court, Plaintiff's claims against State Farm should not be dismissed, but should be litigated in this Court. State Farm has established its entitlement to this federal forum on the basis of diversity. This Court has already ruled that Plaintiffs' joinder of the individual Defendants in this suit was improper, dismissed the individual Defendants, and asserted its jurisdiction over the present claim. The Court has expended significant time and effort in establishing jurisdiction over the present case and the propriety of the forum.

**D. Conditions on Dismissal**

D.1. In the alternative, in the event that this Court decides to grant Plaintiffs' Motion for Voluntary Dismissal, Defendant respectfully asks the Court to dismiss this suit with prejudice or impose conditions on the dismissal so as to protect Defendant from prejudice.

D.2. This Court has the authority to grant the dismissal of Plaintiffs' suit on the condition that it be with prejudice. *Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 320 (5th Cir. 2002). The Court has broad discretion in crafting conditions to dismissal, as long as those conditions are not overbroad. *Id*; FED. R. CIV. P. 41(a)(2). For example, the Court could impose conditions on dismissal that would prevent Plaintiffs from re-filing the causes of action alleged here or dismiss the claims asserted in this action with prejudice. *Id.*

D.3. In addition or in the alternative, Defendant respectfully asks the Court to sanction Plaintiffs and/or Plaintiffs' counsel for bad faith conduct and unreasonable and vexatious multiplication of the proceedings.

D.4. The Court has inherent power to sanction Plaintiffs for bad faith conduct, willful disobedience of a court order or for fraud on the court. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42-45 (1991). The Court may require an attorney who multiplies the proceedings unreasonably and vexatiously to personally pay the excess costs, expenses, and attorney fees incurred because of the conduct. 28 U.S.C. § 1927.

D.5. Plaintiffs have repeatedly flouted the authority of this Court and disregarded the rules of proper procedure. To date, Plaintiffs have now filed four complaints in three different courts based on the same nucleus of operative fact. Two of these pleadings were never properly served on Defendant, as required by Texas Rules of Civil Procedure 21a and 106, and one was stricken for

Plaintiffs' failure to ask this Court for permission to amend, as required by Federal Rule of Civil Procedure 15(a). The most recent of Plaintiff's complaints was filed without regard to this Court's ruling on Plaintiffs' current motion before the court. Plaintiffs' newest attempt to circumvent the authority and jurisdiction of this Court should not be allowed.

D.6.   Plaintiffs have asked this Court to grant their Motion for Voluntary Dismissal in the interest of judicial economy, manifest justice, and undue hardship to Plaintiffs. However, judicial economy would be best realized by allowing the present suit, and any claims arising out of the common nucleus of operative facts, to proceed in this Court.

### E. Prayer

E.1.   For the foregoing reasons, Defendant respectfully asks the Court to deny Plaintiffs' Motion for Voluntary Dismissal, or in the alternative, to dismiss Plaintiffs' suit with prejudice or conditions. Additionally, or in the alternative, Defendant respectfully asks the Court to sanction Plaintiffs and/or Plaintiffs' counsel for bad faith conduct and vexatious multiplication of proceedings.

Respectfully submitted,

**TAYLOR & TAYLOR**
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker Street, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

**ROERIG, OLIVEIRA & FISHER, L.L.P.**
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

By: _/s/ Rene O. Oliveira_
Rene O. Oliveira
State Bar. No. 15254700
Federal I.D. No. 4033

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Response to Plaintiffs' Motion for Voluntary Dismissal has been forwarded to all counsel of record by certified mail, return receipt requested, on this 2nd day of ~~January~~ February, 2005.

Gustavo Ch. Garza
363 West Kimball
Raymondville, Texas 78580

_/s/ Rene O. Oliveira_
Rene O. Oliveira

7