IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

FEB 2 3 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ and<br>CARMELA MUNOZ,<br><br>Plaintiffs,<br><br>VS.<br><br>STATE FARM LLOYDS<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br><br>CIVIL ACTION NO. B-04-141 |

## MEMORANDUM AND ORDER

BE IT REMEMBERED that on February 18, 2005, the Court considered plaintiffs' Motion for Voluntary Dismissal. Dkt. No. 23.

I.    **Factual and Procedural Background**

Plaintiffs Luis C. Munoz and Carmela Munoz ("plaintiffs") are residents of Texas. Defendant State Farm Lloyds ("State Farm") is an unincorporated association whose underwriters are citizens of Illinois.

Plaintiffs purchased property insurance from State Farm covering their home and its contents for the period between December 29, 2002, and December 29, 2003. On January 1, 2003, the home was destroyed in a fire. After the plaintiffs sought the policy benefits, suspicion arose over whether plaintiff Mr. Munoz intentionally caused the fire in order to recover the insurance policy proceeds. State Farm's ensuing investigation continued for well over a year.

Before State Farm decided the claim, however, plaintiffs filed suit in Willacy County, Texas, on May 11, 2004. The amended complaint alleges various causes of action against State Farm and various non-diverse individual defendants ("individual defendants"), including unfair settlement practices, breach of contract, and breach of the duty of good faith.

On August 17, State Farm removed this case basing jurisdiction on diversity, even though the individual defendants were Texas residents. Dkt. No. 1. State Farm asserted that diversity jurisdiction existed since the individual defendants were improperly joined. Id. On September 3, plaintiffs motioned for remand arguing that State Farm's removal was untimely, that State Farm did not provide "prompt written notice" of removal in violation of 28 U.S.C. § 1446(d), and that the presence of the individual defendants destroyed the requisite diversity. Dkt. No. 7. Also on September 3, State Farm filed a motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) requesting that this Court dismiss the individual defendants. Dkt. No. 6. On September 21, plaintiffs filed their amended motion to remand. Dkt. Nos. 10 & 11.

This Court, on January 12, 2005, denied plaintiffs' motion to remand and granted defendant State Farm's motion to dismiss the individual defendants. Dkt. No. 25. In summary, this Court held that State Farm's removal was timely, that plaintiffs received prompt written notice of removal, and that the individual non-diverse defendants were improperly joined. Accordingly, the Court maintained jurisdiction over the plaintiffs' remaining claims against State Farm.

On January 10, plaintiffs filed the motion before the Court[1] seeking voluntary dismissal pursuant to the Federal Rules of Civil Procedure ("FRCP") 41(a)(2). Dkt. No. 23.

II.   **Discussion**

   A.   **Voluntary Dismissal Under FRCP 41(a)(2).**

Where, as here, a defendant has served an answer, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." FRCP 41(a)(1)-(2); see also Oxford v. Williams Cos., 154 F. Supp. 2d 942, 951 (E.D.Tex. 2001) (stating that Rule 41(a)(2) allows a plaintiff "to freely dismiss their suits, subject to court approval, provided the dismissal does not

---

[1] The plaintiffs filed the present motion on January 10, 2005, two days before this Court's Order dated January 12, Dkt. No. 25, dismissing the non-diverse individual defendants. The present motion, however, was unknown to and not considered by the Court in the January 12, Order.

prejudice any party"). Unless the defendant will suffer some "plain legal prejudice," however, the dismissal should be granted. Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C. WRIGHT & A. MILLER, Federal Practice and Procedure, § 2364 at 165 (1971)). Importantly, neither "the mere prospect of a second lawsuit" nor the plaintiffs' gain of "some tactical advantage" by dismissal constitutes such prejudice. Id. The decision to grant plaintiffs' motion to voluntarily dismiss is left to the sound discretion of the Court. Schwarz v. Folloder, 767 F.2d 125, 129 (5th Cir. 1985).

State Farm argues that if this Court grants plaintiff's motion, it will suffer legal prejudice by losing "the federal forum to which it is entitled . . . ." Dkt. No. 26. Although plaintiffs' motion can only construed as an attempt to defeat federal jurisdiction,[2] such motive is permissible.[3] Additionally, numerous Courts have held that simply losing the federal forum does not rise to the level of legal prejudice.[4] Therefore, the Court holds that State Farm's lose of the federal forum will not cause it to suffer legal prejudice prohibiting

---

[2]Plaintiffs' purpose in seeking dismissal is "to pursue common law claims . . . in the Willacy County, Texas, District Court." Dkt. No. 23.

[3]See Collins v. Ferrell Gas, Inc., 1995 WL 572041, at *1 (E.D.La. 1995) (Voluntary dismissals pursuant to Rule 41(a)(2) "are granted in removed actions so that a plaintiff may proceed with the litigation in a state court, even if the plaintiff's motive is to defeat removal and diversity jurisdiction.") (citing Templeton v. Nedlloyd Libes, 901 F.2d 1273, 1276 (5th Cir. 1990)); see also Katzman v. Am. Airlines, Inc., 1997 WL 752730, at *1 (S.D.N.Y. 1997) ("[E]ven when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that the plaintiff manifestly seeks to defeat federal jurisdiction.").

[4]See, e.g., Templeton, 901 F.2d at 1276 ("While defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion."); Am. Nat'l Bank & Trust Co. of Sapulpa v. BIC Corp., 931 F.2d 1411 (10th Cir. 1991) ("Rule 41(a)(2) provides no guarantee of federal jurisdiction to protect a removed action. Thus, it is not an abuse of discretion for the district court to dismiss an action without prejudice even where the plaintiff's only motive is to recommence the action in state court."); Johnson v. Pharmacia & Upjohn Co., 192 F.R.D. 226, 229 (W.D.Mich.1999) ("This Court agrees with the majority of courts that a Rule 41(a)(2) motion for voluntary dismissal should not be denied solely on the basis that federal jurisdiction will be destroyed, because loss of a chosen forum does not amount to plain legal prejudice." (citation omitted)).

dismissal.

Other factors, however, may compel a finding of legal prejudice against the defendant. Radiant Tech. Corp. v. Electrovert USA Corp., 122 F.R.D. 201, 203-04 (N.D.Tex. 1988). Some of these factors include to what extent the case has progressed when the motion was filed, "whether the parties have filed numerous pleadings and memoranda, have attended conferences, . . . whether prior court determinations were adverse to the plaintiff; or whether hearings have been held, . . . and whether the parties have undertaken significant discovery." Oxford, 154 F. Supp. 2d at 951-52; see also Hartford Acc. & Indem. Co. v. Costa Lines Cargo Servs. Inc., 903 F.2d 352, 360 (5th Cir. 1990) ("Where the plaintiff does not seek dismissal until a late stage and the defendants have exerted significant time and effort, the district court may, in its discretion, refuse to grant a voluntary dismissal."). Other considered factors include any excessive delay by the plaintiffs in motioning the Court, efforts and expense exhausted thus far in the litigation, insufficient justification for need of dismissal, and whether defendant has filed a motion for summary judgment. Elbaor, 279 F.2d at 318 n.3 (citing Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998)).

The weight of these factors favors dismissal. When the plaintiffs filed their motion for dismissal, this action had been pending for only five months. Clearly, the case is in its nascent stages and the plaintiffs' conduct cannot be deemed dilatory. Furthermore, the parties have attended only one pretrial conference before this Court. In total, the parties submitted less than ten substantive filings (almost all of which relate to defendant's removal) prior to plaintiffs' motion. State Farm has not filed a motion for summary judgment. Because only one set of interrogatories have been served in this case, the parties have not undertaken a significant amount of discovery. Moreover, the plaintiffs' intention to join State Farm as a defendant in a state lawsuit warrants dismissal by precluding the possibility of inconsistent rulings and the preservation of judicial resources. Lastly, although the Court did rule against the plaintiffs in their motion to remand, all of the aforementioned factors weigh against that one point. Therefore, the Court will grant plaintiffs' motion to dismiss upon the satisfaction of specific conditions discussed *infra*.

**B.     Conditions**

The plaintiffs do not have an absolute right to dismissal. LeCompte v. Mr. Chip, Inc., 528 F.2d 601, 604 (5th Cir. 1976). As noted above, the dismissal of plaintiffs' action is subject to "such terms and conditions as the court deems proper." FRCP 41(a)(2). "When considering a dismissal without prejudice, the court should keep in mind the interests of the defendant, for it is his position which should be protected." LeCompte, 528 F.2d at 604. Therefore, the attachment of conditions on a dismissal order "prevents defendants from being unfairly affected by such dismissal." Id. at 604. The conditions normally protect against "prejudice only in a practical sense" and may require such action as the payment of attorney's fees and costs. Id. at 603 (citing Am. cyanamid Co. v. McGhee, 317 F.2d 295 (5th Cir. 1963)); Elbaor, 279 F.3d at 318 n.3 ("Evidence of expense incurred can of course support a discretionary award of attorney's fees and costs.").[5] The awarded costs and fees, however, should be limited to the incurred expenses unique to removal, opposing remand, and in resisting the plaintiffs' present motion to dismiss. Hunter, 1992 WL 165819, at *4; Galva Union Elevator Co., 498 F. Supp. at 27-28.

Here, State Farm has requested attorney's fees and costs. Dkt. No. 28. Because State Farm has expended a significant amount of time and effort in removing this case, the Court will condition plaintiffs' voluntary dismissal upon payment of attorney's fees and costs. At this time, however, the Court lacks sufficient information to determine the exact amount of costs and fees to which State Farm is entitled. Accordingly, the Court orders State Farm to supplement the record with an affidavit providing the necessary information. Importantly, when these conditions are outlined in a subsequent order, the plaintiffs will have two options. Yoffe v. Keller Indus., Inc., 580 F.2d 126, 131 n.13 (5th Cir. 1978). First, the plaintiffs can accept the conditions. Id. At that point, after the plaintiff fulfills the requirements of the conditions, the case will be dismissed. Second, the plaintiffs may

---

[5]See Johnson, 192 F.R.D. at 229 (imposing conditions of attorney's fees and costs in 41(a)(2) dismissal); Hunter v. Surgitek/Medical Eng. Corp., 1992 WL 165819, at *3-4 (N.D.Ind. 1992) (same); Galva Union Elevator Co. v. Chicago & N. W. Trans. Co., 498 F. Supp. 26, 27-28 (N.D.Iowa 1980) (same); see also Oxford, 154 F. Supp. 2d at 954 ("[T]he court would condition dismissal had it been granted, on the plaintiffs' payment of the defendants' attorney's fees and costs.").

reject the conditions, thus effecting a withdrawal of the plaintiffs' motion to dismiss. Id. This latter choice would cause this case to proceed before this Court.

## III. ORDER

State Farm is hereby **ORDERED** to submit, no later than March 1, 2005, at 3:00 p.m., an accounting and supporting affidavit detailing the amount of work expended on matters related to the removal of this case and in resisting the plaintiffs' motion for voluntary dismissal, an appropriate proposed hourly rate, and a description of the costs (i.e., filing fee) incurred with removal.

Plaintiffs are hereby **ORDERED** to submit any specific objections to State Farm's accounting and affidavit with this Court no later than March 8, 2005, at 3:00 p.m.

Subsequent to the filing of plaintiffs' objections, this Court will issue an Order specifying the exact terms upon which plaintiffs' dismissal will be conditioned. The Court will not grant plaintiffs' motion until the submission of evidence demonstrating plaintiffs' compliance with the stated conditions.

DONE at Brownsville, Texas, this 18th day of February, 2005.

Hilda G. Tagle
United States District Judge