IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAR 0 9 2005

Michael N. Milby, Clerk Of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ and<br>CARMELA MUNOZ,<br><br>Plaintiffs,<br><br>VS.<br><br>STATE FARM LLOYDS<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-141 |

### ORDER

BE IT REMEMBERED that on March 9, 2005, considered defendant State Farm Lloyds' ("State Farm") motion for sanctions, Dkt. No. 28.

On May 11, 2004, plaintiffs filed suit against State Farm and five non-diverse individual defendants ("individual defendants") in Willacy County District Court, Texas. The amended complaint alleges various causes of action including unfair settlement practices, breach of contract, and breach of the duty of good faith. On August 17, arguing that the individual defendants were improperly joined, State Farm removed this case basing jurisdiction on diversity. Dkt. No. 1. On September 3, plaintiffs motioned for remand. Dkt. No. 7. That same day, State Farm filed a motion pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 12(b)(6) requesting that this Court dismiss the individual defendants. Dkt. No. 6. On September 21, plaintiffs filed their amended motion to remand. Dkt. Nos. 10 & 11.

On January 10, 2005, plaintiffs moved for voluntary dismissal pursuant to FRCP Rule 41(a)(2). Dkt. No. 23. This Court, on January 12, without knowledge of plaintiffs'

1

motion to voluntarily dismiss, denied plaintiffs' motion to remand and granted defendant State Farm's motion to dismiss the individual defendants. Dkt. No. 25. Accordingly, the Court maintained jurisdiction over the plaintiffs' remaining claims against State Farm.[1]

On February 3, State Farm filed its supplemental response to plaintiffs' motion to voluntarily dismiss. Dkt. No. 28. State Farm's supplemental response notified the Court that on January 14, before this Court ruled on their motion to voluntarily dismiss, plaintiffs and their attorney, Mr. Gustavo Ch. Garza, filed[2] a new cause of action in Willacy County District Court, Texas. This new lawsuit names as defendants State Farm and the individual defendants this Court dismissed on January 10. Importantly, the petition concerns the same nucleus of facts and alleges the same exact causes of action against State Farm pending before this Court. Mr. Garza commenced this new action despite this Court clearly maintaining jurisdiction over the plaintiffs' claims against State Farm and before this Court granted plaintiffs' motion to voluntarily dismiss. See Dkt. Nos. 25 & 29. Accordingly, State Farm seeks sanctions against Mr. Garza pursuant to 28 U.S.C. § 1927.[3] Mr. Garza has not responded to State Farm's motion.

Mr. Gustavo Ch. Garza is hereby **ORDERED** to submit a brief with the Court no later than 3:00 p.m. on March 16, 2005, discussing the propriety of filing duplicate actions and

---

[1]On February 18, the Court determined that the plaintiffs were entitled to voluntary dismissal without prejudice of their claims against State Farm. Dkt. No. 29. However, the Court stated that it would only grant the motion upon the satisfaction of certain conditions, namely the payment of the attorney's fees and costs State Farm incurred from removal. The plaintiffs subsequently withdrew their motion to voluntarily dismiss this claim. Dkt. No. 31.

[2]It is not entirely clear whether or not State Farm has been served with the newly filed state court complaint.

[3]Title 28 of the United States Code, section 1927, provides in relevant part that "[a]ny attorney . . .admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonable incurred because of such conduct."

why this Court should not levy sanctions against him personally pursuant to FRCP Rule 11 and 28 U.S.C. § 1927.

Furthermore, State Farm is **ORDERED** to submit a reply brief with the Court no later than 3:00 p.m. on March 23, 2005. State Farm's reply brief should include an averment of all costs incurred as a result of the duplicate filing.

DONE at Brownsville, Texas, this 9 day of March, 2005.

Hilda G. Tagle
United States District Judge