IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

MAY 1 1 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LUIS C. MUNOZ and<br>CARMELA MUNOZ<br>        Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>        Defendants, | CIVIL ACTION NO. B-04-141<br><br><br>JURY DEMANDED |

## SECOND AMENDED COMPLAINT

Plaintiffs LUIS C. MUNOZ and CARMELA MUNOZ (collectively "Plaintiffs") hereby serve, pursuant to Fed. R. Civ. P. 15, with the written consent of Defendant State Farm Llyods ("Defendant"), the Second Amended Complaint, amending Plaintiffs' First Amended Petition which was removed to this Court by Defendants pursuant to 28 U.S.C. § 1441, et seq.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiffs, who are individuals residing in Willacy County, Texas, which is within the Southern District of Texas, filed Cause No. 04-164, styled <u>Luis C. Munoz, et ux v. State Farm Llyods</u> ("State Court Lawsuit") on May 4, 2004.

2.      Defendant is a general casualty company organized under the laws of the State of Illinois, which is authorized to engage in the insurance business in Texas and is engaged in the business of insurance within the Southern District of Texas. Defendant

Page 1

132944v1 097-24101

generally answered the State Court Lawsuit and thereafter voluntarily removed the State Court Lawsuit to the United States District Court pursuant to 28 U.S.C. § 1441(b).

## FACTS COMMON TO ALL COUNTS

3. Defendant issued an insurance policy ("Policy") to Plaintiffs insuring the residence and contents thereof located at 829 West White Ave., Raymondville, Willacy County, Texas ("Insured Premises") in an amount not to exceed $244,300.00 against loss by fire. The term of the Policy began on December 29, 2002, and ended on December 29, 2003. At all material times during the term of the Policy, the Policy was in full force and effect. A true and correct copy of the Policy is attached as Exhibit A.

4. On January 1, 2003 a person or persons unknown intentionally set a fire at the Insured Premises. Plaintiffs did not set, and were not responsible for setting, the fire. Said fire caused damages and losses to Plaintiffs in an amount not less than the limit of the Policy. Plaintiffs, following the fire, made a timely claim under the Policy for their damages and losses.

5. On January 1, 2003, Plaintiffs were solvent and owned the Insured Premises without debt, lien or encumbrance. Moreover, Plaintiffs' equity in the Insured Premises far exceeded Plaintiffs' then current and potential financial obligations ("Plaintiffs' Obligations"). Since January 1, 2003, Plaintiffs have fully or substantially discharged Plaintiffs Obligations, and substantially reconstructed the Insured Premises from their own funds.

6. In the sixteen (16) months following the fire, Defendant conducted an investigation into the personal, business and financial affairs of Plaintiffs, as well as the

cause of the fire. Said investigation was unreasonably prolonged and conducted in a disingenuous manner intended and designed to construct a pretextual basis for denial and thereby frustrate and avoid Plaintiffs' claim.

7. Notwithstanding Defendant's conduct, Plaintiffs cooperated in a reasonable and timely manner to Defendant's practicable requests, and made reasonable efforts to respond to Defendant's demands for information concerning their personal, business and financial affairs.

8. Despite Defendant's reasonably clear liability for the damages and losses of Plaintiffs -- due to the absence of credible evidence that Plaintiffs set or were responsible for setting the fire and Defendant's failure to fairly investigate credible evidence that a person with known, serious preexisting personal and financial grievance against Plaintiff Luis C. Munoz set or was responsible for setting the fire -- Defendant has alleged that Plaintiff Luis C. Munoz set or was responsible for setting the fire. Further despite Plaintiffs' reasonable and timely cooperation, Defendant has alleged that Plaintiffs failed to cooperate in Defendant's investigation or withheld material information from Defendant.

9. Moreover, despite Defendant's reasonably clear liability, while Defendant was disingenuously prolonging action on Plaintiffs' claim under the ruse of an ongoing investigation, Defendant delayed payment of Plaintiffs' claim, although Plaintiffs provided Defendant with all required and requested items, statements, and forms. Further, without providing any notice of Defendant's actual purpose or reason for delaying payment of Plaintiff's claim, Defendant surreptitiously sought an indictment of Plaintiff Luis C. Munoz for arson of the Insured Premises.

10. On May 4, 2004, due to the refusal of Defendant to act on Plaintiffs' claim or explain its inaction, Plaintiffs filed the State Court Lawsuit seeking damages, which Defendant thereafter removed to this Court.

11. After filing suit, Plaintiffs discovered Defendant's surreptitious indictment efforts. On June 4, 2004, at the request of Plaintiff Luis C. Munoz, the District and County Attorney of Willacy County, Texas submitted Defendant's accusation of arson to the Willacy County, Texas Grand Jury. The Grand Jury found *no probable cause* to indict Plaintiff Luis C. Munoz for arson.

12. Further, during the Defendant's prolonged, disingenuous investigation, and despite Defendant's inability to obtain an indictment for arson, Defendant made defamatory remarks to Plaintiff Carmela Munoz and employees of Plaintiff Luis C. Munoz to the effect that Plaintiff Luis C. Munoz was an arsonist.

13. As a direct and proximate result of Defendant's defamatory remarks to Plaintiff Carmela Munoz and employees of Plaintiff Luis C. Munoz, and Defendant's unfair settlement practices, Plaintiffs have suffered shame, embarrassment, humiliation, and mental pain and anguish, which manifested, among other ways, in the dissolution of their marriage. Further still, as a direct and proximate result of such conduct, Plaintiff Luis C. Munoz has, and will in the future be, seriously injured in his business reputation, good name, standing in the community, and will be exposed to the hatred, contempt, and ridicule of the public in general as well as of his clients, friends, and relatives.

14. On January 11, 2005, Defendant finally denied Plaintiffs' claim.

15. All conditions precedent to Plaintiffs' recovery has been performed or has occurred, or has been waived by Defendant.

132944v1 097-24101

## COUNT ONE -- UNFAIR SETTLEMENT PRACTICE

16. Plaintiffs incorporate the allegations contained in the preceding paragraphs by this reference.

17. Defendant has knowingly and intentionally engaged in unfair settlement practices that include, but are not limited to violations of Tex. Ins. Code Art. 21.21 as follows:

   a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim once Defendant's liability became reasonably clear;

   b. Failing to provide promptly a reasonable explanation of the Defendant's basis for its delay of Plaintiff's claim;

   c. Failing to affirm or deny coverage within a reasonable time; and

   d. Unreasonably delaying an offer of settlement of Plaintiffs' claim by contending that Plaintiff was responsible for Plaintiff's losses.

18. Said unfair settlement practices were intentional and knowing, and the proximate cause of compensatory damages to Plaintiffs, including mental anguish.

19. Plaintiffs request the Court award compensatory damages for such unfair settlement practices, plus additional damages as provided by Tex. Ins. Code Art. 21.21, plus reasonable and necessary attorneys fees as provided by Tex. Ins. Code Art. 21.21.

## COUNT TWO – VIOLATION OF DECEPTIVE TRADE PRACTICES ACT

20. Plaintiffs incorporate the allegations contained in the preceding paragraphs by this reference.

21. Defendant has knowingly and intentionally employed acts and practices in

violation of Tex. Ins. Code Art. 21.21 as follows:

    a.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim once Defendant's liability became reasonably clear;

    b.    Failing to provide promptly a reasonable explanation of the Defendant's basis for its delay of Plaintiff's claim;

    c.    Failing to affirm or deny coverage within a reasonable time; and

    d.    Unreasonably delaying an offer of settlement of Plaintiffs' claim by contending that Plaintiff was responsible for Plaintiff's losses.

22.    Said acts and practices are a violation of Tex. Bus. & Comm. Code § 17.50(a), and the proximate cause of compensatory damages to Plaintiffs, including mental anguish.

23.    Plaintiffs request the Court award compensatory damages, plus additional damages as provided by Tex. Bus. & Comm. Code § 17.50(b), plus reasonable and necessary attorneys fees and costs as provided by Tex. Bus. & Comm. Code § 17.50(d).

## COUNT THREE – BREACH OF CONTRACT

24.    Plaintiffs incorporate the allegations contained in the preceding paragraphs by this reference.

25.    Defendant has breached its contract with Plaintiffs by failure to pay Plaintiffs claim, and such breach is the proximate cause of compensatory damages to Plaintiffs.

26.    Plaintiffs are represented by an attorney who presented their claim to Defendants, over thirty (30) days have expired since presentation of that claim, and payment for the just amount owed has not been tendered to Plaintiffs. Accordingly,

132944v1 097-24101

Plaintiffs are entitled to an award of reasonable attorney's fees and cost pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, et seq.

### COUNT FOUR -- BREACH OF DUTY OF GOOD FAITH

27. Plaintiffs incorporate the allegations contained in the preceding paragraphs by this reference.

28. Defendant has intentionally and knowingly breached its duty of good faith and fair dealing which it owed to Plaintiffs, and said breach was the proximate cause of damages to Plaintiffs.

29. Plaintiffs request the Court award compensatory damages for such breach.

30. Defendant knowingly and intentionally breached its duty of good faith and fair dealing with intent to cause substantial injury to Plaintiffs. Such breach involved an extreme degree of risk of potential harm to Plaintiffs. Defendant was actually and subjectively aware of the risk involved and Defendant acted with a conscious indifference to the rights, safety, and welfare of Plaintiffs. Therefore, Plaintiffs are entitled to exemplary damages in an amount to be assessed by the trier of fact.

### COUNT FIVE -- SLANDER PER SE

31. Plaintiff Luis C. Munoz incorporates the allegations contained in the preceding paragraphs by this reference.

32. Defendant's defamatory remarks to Plaintiff Carmela Munoz and employees of Plaintiff Luis C. Munoz has slandered Plaintiff Luis C. Munoz. Said

conduct was the proximate cause of past, present and future damages to Plaintiff Luis C. Munoz.

33. Plaintiff Luis C. Munoz requests the Court award compensatory damages for such slander.

34. Defendant's conduct was intended to cause substantial injury to Plaintiff Luis C. Munoz. Said conduct involved an extreme degree of risk of potential harm to Plaintiff Luis C. Munoz. Defendant was actually and subjectively aware of the risk involved and acted with a conscious indifference to the rights, safety, and welfare of Plaintiff Luis C. Munoz. Therefore, Plaintiff Luis C. Munoz is entitled to exemplary damages in an amount to be assessed by the trier of fact.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Luis C. Munoz and Carmela Munoz respectively and collectively pray for the following relief:

a. Judgment for Plaintiffs against Defendant for their compensatory damages, additional damages, and exemplary damages, as pled in Count One, Two, Three and Four;

b. Judgment for Plaintiff Luis C. Munoz against Defendant for his compensatory damages and exemplary damages, as pled in Count Five;

c. Judgment for Plaintiffs against Defendant for their reasonable attorneys' fees and costs of court, as pled in Count One, Two and Three; and

d. General relief.

Respectfully submitted,

_(signature)_

Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-1000 Fax
TX State Bar No. 17404500
GA State Bar No. 620170
Admitted Pro Hoc Vice

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the Second Amended Complaint upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

>Warren Taylor, Esq.
>Taylor & Taylor
>815 Walker Street
>Suite 250
>Houston, TX 77002-6707
>
>Rene O. Oliveira
>Roerig, Oliveira & Fisher, LLP
>855 West Price Road
>Suite 9
>Brownsville, TX 78250-8718

This ___9th___ day of May, 2005.

>Gustavo Ch. Garza
>705 W. Hwy 100 Ste. A
>Los Fresnos, Texas 78566
>(956) 233-5614 Tel.
>(956) 233-6596 Fax.
>State Bar No. 07731700
>Federal Id No. 3946