United States District Court
Southern District of Texas
FILED

SEP 1 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | CAUSE NO B-04-141 |
| VS. | § § | |
| STATE FARM LLOYDS | § § | |

### DEFENDANT STATE FARM LLOYDS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFF LUIS C. MUNOZ'S CLAIM FOR SLANDER PER SE AND SUPPORTING BRIEF

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files this Motion for Partial Summary Judgment and Supporting Brief, seeking dismissal of Plaintiff Luis C. Munoz's slander per se claim, as follows:

### I. NATURE AND STAGE OF THE CASE

1. This suit is an insurance dispute arising out of an intentionally set fire at the Munoz residence. The Munozes have sued their insurer for breach of the insurance contract, breach of the duty of good faith and fair dealing, violations of the Texas Insurance Code and Deceptive Trade Practices Act. Additionally, Plaintiff Luis C. Munoz has asserted a claim for slander per se. State Farm seeks partial summary judgment on Mr. Munoz's slander per se claim.

2. The parties have exchanged written discovery and are currently scheduling oral depositions. Counsel have agreed to extend the deadline to complete discovery. Trial is set for December 5, 2005.

## II. ISSUES TO BE RULED UPON AND SUMMARY OF ARGUMENT

3.      Mr. Munoz's cause of action for slander per se is barred by the one-year statute of limitations. The cause of action accrued in February 2003, at the time the allegedly defamatory remarks were made, and Mr. Munoz failed to properly assert the cause of action within one year of the date of accrual.

4.      Furthermore, the remark allegedly made by State Farm's claim representative does not constitute slander per se and is conditionally privileged. For these reasons, State Farm is entitled to summary judgment on Mr. Munoz's claim of slander per se.

## III. STANDARD OF REVIEW

5.      Summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A defendant seeking summary judgment on the plaintiff's claim must demonstrate the absence of a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). To survive the defendant's motion for summary judgment, the plaintiff must establish a genuine issue of material fact as to every element of its cause of action. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A fact issue is genuine only if the evidence is such that a reasonable jury could find the fact in favor of the non-movant. *Id.* Speculations, unsubstantiated assertions, or conclusory allegations are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). When the defendant shows there is no evidence to support an essential element of the plaintiff's claim or claims, the burden shifts to the plaintiff to go beyond the pleadings and produce evidence

raising a genuine issue for trial. *See Anderson*, 477 U.S. at 249; *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996).

## IV. SUMMARY JUDGMENT EVIDENCE

6.  Defendant State Farm hereby incorporates by reference, as if copied *in extenso*, the documents attached to its Motion for Partial Summary Judgment on Plaintiff Luis C. Munoz's Claim for Slander Per Se and Supporting Brief.

## V. BACKGROUND FACTS

7.  This case arises out of a fire at the Munoz residence, 829 West White Avenue, Raymondville, Texas, on the evening of January 1, 2003, and the Munozes' subsequent claim for benefits under their homeowner's insurance policy. After conducting separate investigations of the fire, within a month of the fire, the Raymondville Police Department, a Deputy State Fire Marshal, and an independent fire investigator retained by State Farm each determined that the fire had been intentionally set.

8.  Because of the intentional nature of the fire at the Munoz residence, State Farm conducted a thorough investigation of the Munozes' claim, including an investigation to determine what persons might have had a motive and opportunity to set the fire. State Farm's investigation necessarily required interviews with the Munozes themselves, their neighbors, and several of Mr. Munoz's employees. (A number of Mr. Munoz's employees had knowledge of significant events surrounding the fire: for example, one was responsible for informing Mr. Munoz about the fire, another had been at the house with Mr. Munoz the day of the fire, another was with Mr. Munoz when he learned of the fire.)

9.  On May 11, 2005, the Munozes filed their Second Amended Complaint and Plaintiff Luis C. Munoz added a new claim of slander per se.[1] In that complaint, the Munozes asserted that State Farm slandered Mr. Munoz to both Mrs. Munoz and Mr. Munoz's employees. *See Plaintiff's Second Amended Complaint, p. 7.* However, in response to State Farm's discovery requests, the only defamatory statement either Mr. or Mrs. Munoz identified was a question allegedly asked Mrs. Munoz sometime in February of 2003. Therefore, this motion will address only the Munozes' allegations as to the alleged slander communicated to Mrs. Munoz.

## VI. ARGUMENTS AND AUTHORITY

**A.  Plaintiff Luis C. Munoz's claim for slander per se is barred by operation of the statute of limitations.**

10.  Under Texas law, the statute of limitations for bringing a slander cause of action is one year. TEX. CIV. PRAC. & REM. CODE §16.002(a). The Texas Civil Practice and Remedies Code provides that a person must bring suit for slander not later than one year after the day the cause of action accrues. *Id.* A claim for slander accrues when the injury occurs and the words are spoken. *Salazar v. Amigos del Valle, Inc.*, 754 S.W.2d 410, 412 (Tex. App.–Corpus Christi 1988, no writ). Limitations run from the date of the communication or publication, and not on the date of the consequences or sequelae. *Ross v. Arkwright Mut. Ins. Co.*, 892 S.W.2d 119, 131 (Tex. App.–Houston [14th Dist.] 1995, no writ). The question of when a cause of action accrues is a question of law for the court. *Id.* at 131.

---

[1] This is the first cause of action for slander that has been properly brought before the Court. Plaintiffs have previously attempted to amend their petition to allege slander; however that pleading was filed without leave of Court and was therefore stricken by the Court.

11. The discovery rule applies to a cause of action for defamation if the matter is not public knowledge. *Newsom v. Brod*, 89 S.W.3d 732, (Tex. App.–Houston [1st Dist.] 2002, no pet.). When the discovery rule applies, a claim accrues when the plaintiff knew or should have known of the wrongfully caused injury. *KPMG Peat Marwick v. Harrison County Housing Finance Corp.*, 988 S.W.2d 746, 749 (Tex. 1999). However, the plaintiff need not know the specific nature of each wrongful act that may have caused the injury. *Id.*

12. The Munozes filed their Second Amended Complaint with this Court and added a cause of action against State Farm for slander per se on May 11, 2005. The one-year statute of limitations bars Mr. Munoz's claim if he learned of, or in the exercise of reasonable diligence should have learned of, State Farm's alleged slander before May 10, 2004. As Mr. Munoz was aware, or should have been aware, of State Farm's alleged slander before May 10, 2004, his cause of action is barred by operation of the statute of limitations.

13. In their answers to State Farm's Interrogatories, both Mr. and Mrs. Munoz identify only one statement they contend was a defamatory remark or slander by Defendant:

> **INTERROGATORY NO. 21:** Identify every statement you contend was a defamatory remark or slander by Defendant. Include in your answer the substance of the statement, the name and address of the person who made the statement, the name and address of the person to whom the statement was made, and the date and place the statement was made.
>
> **ANSWER BY PLAINTIFF LUIS MUNOZ:** "Tom Reed stated to Carmela Munoz, "What makes you so sure that your husband didn't burn down your house?"
>
> **ANSWER BY PLAINTIFF CARMELA MUNOZ:** "Tom Reed (sic) to Carmela Munoz, "What makes you so sure that your husband didn't burn down your house?"

Exhibit A, p. 12; Exhibit B, p. 11-12.

14. Though requested to, the Munozes did not identify in their answers to State Farm's interrogatories the date and place Tom Reed allegedly asked this question. However, in the Munozes' second "Original Petition" filed on January 14, 2005,[2] they asserted that Tom Reed asked the above question "on or about February 2003." Exhibit C, p. 6. Additionally, Claim Representative Tom Reed documented each communication he had with the Munozes during the course of the claim-handling; Mr. Reed spoke with Mrs. Munoz on February 11, 2003, during an interior inspection of the Munoz residence and again on February 24, 2003, to obtain her recorded statement. Exhibit D, p. 1. Though Mr. Reed attended Mrs. Munoz's August 5, 2003, Examination Under Oath, he did not speak to Mrs. Munoz outside of the presence of others. *Id.* He does not believe he has had any further conversations with Mrs. Munoz. *Id.* Therefore, as the alleged statement or question by Mr. Reed to Mrs. Munoz must have occurred in February 2003, the cause of action accrued, at the latest, on February 24, 2003. The last day that Mr. Munoz could have timely brought a claim of slander per se based on this alleged question was February 25, 2004. Having filed his slander per se cause of action on May 11, 2005, over two years after the cause of action accrued, his claim is barred by operation of the statute of limitations.

15. The discovery rule clearly does not apply in this case. First, as Mrs. Munoz was the person to whom the allegedly defamatory remark was made, she was obviously aware of the "slander" to her husband at the time the words were spoken which, according to the Munozes' own

---

[2] This pleading is the second "Original Petition" which Plaintiffs filed in state district court after the present case was removed to this Court. Plaintiffs agreed to dismiss that second state court suit (Cause No. 2005-CV-0020-B, In the 107th Judicial District Court of Willacy County, Texas) and proceed before this Court. That agreement is memorialized in correspondence between the parties, State Farm's Agreed Motion to Withdraw All Pending Requests for Sanctions and/or Costs as Moot, and this Court's March 17, 2005, Order. Cause No. 2005-CV-0020-B was dismissed on April 1, 2005, and dismissed with prejudice as to the individual defendants.

statements, occurred in February of 2003. *See Salazar*, 754 S.W.2d at 412. Accordingly, Mr. Munoz either knew or, in the exercise of reasonable diligence, should have known of the "slander" in February of 2003. At the very latest, Mr. Munoz knew or should have known of the "slander" once he and Mrs. Munoz were represented by the same attorney. Mr. Gustavo Ch. Garza has represented both Mr. and Mrs. Munoz since at least August 5, 2003.[3] Finally, in their response to State Farm's Motion to Dismiss Fraudulently Joined Nominal Defendants, the Munozes informed this Court that they were aware of the alleged slander by Mr. Reed at the time they filed their first state court petition on May 11, 2004.[4] Exhibit E, p. 3. However, Mr. Munoz chose not to bring his claim for slander at that time.

16. As Mr. Munoz did not properly assert a claim for slander per se until over two years after the cause of action accrued, his claim is barred by limitations.

**B.    As a matter of law, the statement allegedly made by State Farm does not constitute slander per se.**

17. Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). A "defamatory statement" is one that tends to injure a person's reputation, exposing the person to public hatred, contempt, ridicule, or financial injury. *Larson v. Family Violence and*

---

[3] Mr. Garza represented both Mr. and Mrs. Munoz at their Examinations Under Oath on August 5, 2003.

[4] This pleading is Plaintiffs' Original Petition, filed in state district court on May 11, 2004, and is the underlying state court case removed to this Court (Cause No. 04-164, In the 357th Judicial District Court of Willacy County Texas). However, this pleading was never properly served on Defendant, as recognized by the Court in its January 12, 2005, Memorandum and Order.

*Sexual Assault Prevention Center of South Texas*, 64 S.W.3d 506, 514-15 (Tex. App.–Corpus Christi 2001, pet. denied).

18.  Whether words are capable of the defamatory meaning the plaintiff attributes to them is a question of law for the trial court. *Id.*; *Cecil v. Frost*, 14 S.W.3d 414, 417 (Tex. App.–Houston [14th Dist.] 2000, pet. denied); *Musser v. Smith Protective Serv., Inc.*, 723 S.W.2d 653, 654-55 (Tex. 1987). The court is to construe the statement as a whole in light of surrounding circumstances and based upon how a person of ordinary intelligence would perceive the entire statement. *Turner v. KTRK Television*, 38 S.W.3d 103, 114 (Tex. 2000); *Cecil*, 14 S.W.3d at 417. Only when the court determines that the complained of language is ambiguous or of doubtful import should the jury be permitted to determine the statement's meaning and the effect the statement has on the ordinary listener. *Cecil*, 14 S.W.3d at 417.

19.  A defamatory oral statement may either be slander per se or slander per quod. *Moore v. Waldrop*, 166 S.W.3d 380, 384 (Tex. App.–Waco 2005, no pet.). To be considered slander per se, the statement must: impute the commission of a crime; impute contraction of a loathsome disease; cause injury to a person's office, business, profession, or calling; or impute sexual misconduct. *Id.*

20.  A statement that is slanderous per se must be slanderous taken by itself and require no extrinsic evidence to clarify its meaning. *Id.*; *see Burnaman v. J.C. Penney Co.*, 181 F.Supp. 633, 636-67 (S.D. Tex. 1960). Innuendo should never be considered when interpreting slander per se. *Id.* In order for a statement to be slanderous per se, it must unambiguously and falsely impute criminal conduct to the plaintiff. *Cecil*, 14 S.W.3d at 417. Whether the statement does unambiguously and falsely impute criminal conduct to the plaintiff is a preliminary question of law

for the trial court to decide. *Id.* If the trial court finds that, as a matter of law, a statement is not slanderous per se, it will not err in granting summary judgment on the plaintiff's slander per se claim.

21. As a matter of law, the question allegedly asked by Mr. Reed to Mrs. Munoz is not slander per se. Taken by itself, without considering extrinsic evidence or innuendo, the question does not unambiguously and falsely impute criminal conduct to Mr. Munoz.[5] Rather, it is a question regarding Mrs. Munoz's basis for believing that her husband was not responsible for the fire. Because the question, standing alone, does not unambiguously and falsely impute the crime of arson to Mr. Munoz, it cannot be slanderous per se. Therefore, as a matter of law, State Farm is entitled to summary judgment on Mr. Munoz's claim of slander per se.

22. Additionally, as a matter of law, the question allegedly asked by Mr. Reed is not a defamatory statement, as that term is defined by Texas case law. The question does not tend to injure Mr. Munoz's reputation or expose him to public hatred, contempt, ridicule, or financial injury. A person of ordinary intelligence would not perceive the question asked by Mr. Reed as defamatory, especially considering that three independent experts determined the fire was intentionally set and State Farm's investigation indicated Mr. Munoz might be a suspect. Therefore, as Plaintiff Luis Munoz has not established all elements of his claim, as a matter of law, State Farm is entitled to summary judgment on Mr. Munoz's claim of slander per se.

---

[5] Though Mr. Munoz does not expressly state on which grounds his slander per se claim is based, we presume it is based on the imputation of the commission of a crime.

9

**C.   As a matter of law, the statement allegedly made by State Farm is conditionally privileged.**

23.   In Texas, a condition or qualified privilege applies to communications made in good faith on any subject matter in which the author has an interest, or with reference to which he has a duty to perform to another person having a corresponding interest or duty. *TRT Development Company -KC v. Meyers*, 15 S.W.3d 281, 286 (Tex. App.–Corpus Christi 2000, no pet.); *Associated Telephone Directory Publishers, Inc. v. Better Business Bureau of Austin, Inc.*, 710 S.W.2d 190, 192 (Tex. App.–Corpus Christi 1986, writ ref'd n.r.e.). It is a question of law for the court whether a conditional or qualified privilege exists. *Rodriguez v. NBC Bank*, 5. S.W.3d 756, 766, fn. 10 (Tex. App.–San Antonio 1999, no pet.); *Calhoun v. Chase Manhattan Bank (U.S.A.), N.A.*, 911 S.W.2d 403, 408 (Tex. App.–Houston [1st Dist.] 1995, no writ).

24.   A communication on a privileged occasion which would otherwise be slanderous per se is conditionally or qualifiedly privileged and not actionable unless the defendant made the statement with malice. *TRT*, 15 S.W.3d at 286. "Malice" in the context of defamation is knowledge of the statement's falsity or reckless disregard for the truth. *Id.* Reckless disregard is defined as a high degree of awareness of probable falsity, for proof of which the plaintiff must present sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts about the truth of his publication. *Id.*

25.   The question the Munozes attribute to Mr. Reed is conditionally privileged and therefore not actionable. The question was alleged to have been made during the course of State Farm's investigation of the Munozes' fire claim. All questions asked by Mr. Reed about the investigation were on a subject matter in which Mr. Reed, as the claim representative acting on

behalf of State Farm Lloyds and its insureds, had an interest. Further, the alleged question asked by Mr. Reed about the investigation was made pursuant to State Farm's duty to conduct a reasonable investigation of the Munozes' claim and was made to Mrs. Munoz, who has a corresponding duty under her policy to cooperate in State Farm's investigation of her claim. Therefore, the question allegedly made by Mr. Reed was conditionally privileged.

26.    Additionally, there is no evidence that the conditional privilege was lost because the question was asked with malice. For the alleged question to have been made with malice, Mr. Reed would had to have either spoken with knowledge of the question's falsity or a reckless disregard for the truth. Mr. Munoz has presented no evidence that Mr. Reed either knew the question was false or had serious doubts about the truth of the question. As a matter of law, the conditional privilege applies, and the alleged question is not actionable.

## VII. CONCLUSION AND PRAYER

27.    Plaintiff Luis C. Munoz's claim for slander per se is barred by operation of the one-year statute of limitations. Mr. Munoz did not properly bring his claim before the Court until May 11, 2005, over two years after the date on which the cause of action accrued. Therefore, State Farm is entitled to summary judgment on Mr. Munoz's slander per se claim as a matter of law.

28.    Additionally, as a matter of law, the question allegedly asked by a State Farm representative to Mrs. Munoz is not slanderous per se, as it does not unambiguously and falsely impute criminal conduct to Mr. Munoz, is not defamatory, and is conditionally privileged.

29.  WHEREFORE, Defendant State Farm Lloyds respectfully asks the Court to grant its Motion for Partial Summary Judgment on Plaintiff Luis C. Munoz's Claim for Slander Per Se, dismiss Plaintiff's claim for slander per se, and for all other relief to which State Farm may show itself justly entitled.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: *Warren Taylor* (signature)
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiff Luis C. Munoz's Claim for Slander Per Se and Supporting Brief has been forwarded to all counsel of record by certified mail, return receipt requested, on this 8th day of September, 2005.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, GA 30303-1227

_____
Warren Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | CAUSE NO B-04-141 |
| VS. | §<br>§ | |
| STATE FARM LLOYDS | §<br>§ | |

## APPENDIX TO
## DEFENDANT STATE FARM LLOYDS' MOTION FOR PARTIAL
## SUMMARY JUDGMENT ON PLAINTIFF'S CLAIM OF
## SLANDER PER SE AND SUPPORTING BRIEF

Exhibit A:   Plaintiff Luis C. Munoz's Responses to Defendant State Farm Lloyds' First Set of Interrogatories (August 2, 2005)

Exhibit B:   Plaintiff Carmela Munoz's Responses to Defendant State Farm Lloyds' First Set of Interrogatories (August 2, 2005)

Exhibit C:   Plaintiffs' "Original Petition," Cause No. 2005-CV-0020-B, *Luis C. Munoz and Carmela Munoz v. State Farm Lloyds, Mark Brown, Rom Reed, Lee Olivo, Greg Drott, and Brian Robinson, as Individuals and Agents of State Farm Lloyds*, In the 107th Judicial District Court of Willacy County, Texas (January 14, 2005)

Exhibit D:   Affidavit of Tom Reed

Exhibit E:   Plaintiffs' Response to Defendant's Rule 12(b)(6) Motion to Dismiss Fraudulently Joined Nominal Defendants (November 12, 2004)