IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ and<br>CARMELA MUNOZ<br>    Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>    Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO. B-04-141<br><br><br><br><br>JURY DEMANDED |

## PLAINTIFF CARMELA MUNOZ'S RESPONSES AND OBJECTIONS TO DEFENDANT STATE FARM LLOYD'S FIRST SET OF INTERROGATORIES TO PLAINTIFF CARMELA MUNOZ

COMES NOW the Plaintiff Carmela Munoz ("Munoz") and serves his response to Defendant State Farm Lloyd's First Set of Interrogatories to Plaintiff Carmela Munoz ("Interrogatories") as follows:

## AGREEMENT OF COUNSEL GOVERNING TIME PERIOD FOR REQUESTS FOR PRODUCTION OF DOCUMENTS

Counsel for Munoz, Defendant Carmela Munoz and Defendant State Farm Lloyd ("Defendant") have agreed that the applicable time period for the Interrogatories shall be five (5) years preceding the date of the Interrogatories.

## GENERAL OBJECTIONS

Munoz objects to each of the Interrogatories and definitions to the Interrogatories to the extent that the Interrogatories and definitions to the Interrogatories: (a) seek information

139630v1 097-24101                                                                                                   Exhibit B, Page 1

regarding communications between Munoz and his legal counsel on the grounds that such communications are privileged an are not subject to discovery; (b) seek information regarding materials prepared by or for Munoz or his representatives in anticipation of litigation or for trial on the grounds that Defendant has not made the required showing for the discovery of such work product material under Rule 26(b)(3); and (c) impose duties and obligations upon Munoz that exceed the requirements of Rules 26, 34 and 37.

## RESPONSES

Subject to the foregoing General Objections, which are specifically incorporated herein as if set forth verbatim in each of the following responses, Munoz responds as follows:

<u>INTERROGATORY NO. 1</u>: State your full name, age, date and place of birth, social security number, driver's license number, whether there are any restrictions on such license or licenses, and whether you have ever used any other name. If so, give the other name(s).

<u>ANSWER</u>:   Carmela S. Villarreal, formerly known as Carmela S. Munoz
36 yrs; DOB 8/1/1986;
San Miguel, Guanajuato, Mexico
SS #: 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
TX DL: 06636612
No restrictions

<u>INTERROGATORY NO. 2</u>: Give your present address and all other addresses where you have lived during the past five (5) years and identify by name, present telephone number, present address and relationship to you, each and every individual living with you at each such address.

ANSWER:
1.) 845 N. 3rd E.
Mountain Home, ID 83647
Roy P. Villarreal, husband

2.) 819 W. White
Raymondville, TX 78580
Carlos Munoz, son

3.) 772 W. Chihuahua
Raymondville, TX 78580
Audela Solis, mother
Alfonso Solis, father
Carlos Munoz, son

4.) Dewitt House
Humphrey Rd.
Raymondville, TX 78580
Luis Munoz, ex-husband
Carlos Munoz, son

5.) Best Western Motel
118 N. Exp. 77
Raymondville, TX 78580
Luis Munoz, ex-husband
Carlos Munoz, son

6.) 188 Texas St.
Raymondville, TX 78580
Luis Munoz, ex-husband
Carlos Munoz, son

INTERROGATORY NO. 3: State what education you have had, including the names and addresses of the school s you have attended and list all diplomas or degrees you have received.

ANSWER: Graduate of Raymondville High School, One Bearkat Blvd., Raymondville, TX 78580; Texas State Technical College, 1902 North Loop 499, Harlingen, TX 78550; Associate degree in Computer Programming

<u>INTERROGATORY NO. 4</u>: State your marital history, (whether common-law or not) including in your answer, the following information:

    a.    The name of your present spouse and the date of your marriage;
    b.    Whether or not you are now living with your spouse, and if not, your spouse's present address; and
    c.    The name and address of any previous spouse, the date of al previous marriages, and when the marriage took place. If divorced, give the year of divorce and the court, county, and state in which the divorce action was filed and granted.

<u>ANSWER</u>:   Married to Roy P. Villarreal on June 3, 2005. Currently living with him in Idaho. Previously married to Luis C. Munoz, divorced on 4/19/04 in the 357 District Court of Willacy County, TX..

<u>INTERROGATORY NO. 5</u>: State the following information regarding your employment history for the five (5) years prior to the date of the accident made the basis of this suit to the present:

    a.    The name and address of each employer for whom you worked;
    b.    The period of time you worked for each employer and the reason each employment terminated.
    c.    The name of your immediate supervisor while working for each employer;
    d.    What you earned per hour in each employment and your average weekly wage in each employment; and
    e.    The nature of your duties in each employment.

<u>ANSWER</u>:   Watson City Drug, 192 7th Street, Raymondville, TX 78580. I left employment after remarriage to move to Idaho. Mr. Matthew Keifer was my supervisor.

<u>INTERROGATORY NO. 6</u>: Identify by name each person associated with State Farm Lloyds or any related State Farm company with whom you have had any contact (verbal or written)

regarding this claim, state the nature and extend of the contacts, and identify, by names and addresses, all witnesses to any such contact between you and any employee, agent or representative of the company.

ANSWER:   Agent Mark Brown and Tom Reed, who interviewed me due to the fire claim. There were no witnesses to the interview.

INTERROGATORY NO. 7: Identify, by names and addresses, all persons with whom you discussed the fire in question within 72 hours of the time you first became aware of it.

ANSWER:   Luis C. Munoz, my ex-husband and Chris Torres, my neighbor.

INTERROGATORY NO. 8: If you r any member of your family is claiming bodily injury or mental anguish inn this lawsuit, please identify every counselor, psychiatrist, psychologist, doctor, or other practitioners of the healing or counseling arts that you saw or were treated by and all hospitals or institutions on which you sought treatment during the ten (10) years prior to the incident giving rise to this suit to the present, and list the name, address, telephone number and the dates and type of treatment received from each such provider. This includes both your physical medical care and your mental/emotional health care.

ANSWER:   None

<u>INTERROGATORY NO. 9</u>: Please identify every counselor, psychiatrist, psychologist, doctor, or other practitioners of the healing or counseling arts that you saw or were treated by and all hospitals or institutions on which you sought treatment since the incident giving rise to this suit to the present, and list the name, address, telephone number and the dates and type of treatment received from each such provider. This includes both your physical medical care and your mental/emotional health care.

<u>ANSWER:</u>    None.

<u>INTERROGATORY NO. 10:</u> State whether you have ever been convicted of or pleaded guilty to any felony offence or misdemeanor involving moral turpitude, and whether you have ever been in any jail or prison and, if so, give the name and location of any jail or prison in which you have been confined and the date, nature, and ultimate disposition of the offence you were charged with. State whether you are presently on probation in connection with any conviction and, if so, the name and location of your probation officer.

<u>ANSWER:</u>   I have not been convicted of a felony or an offense involving moral turpitude. I was arrested twice for simple assault of Minerva Cavazos. These arrests were in 1999-2000. I was not convicted of either alleged assault.

INTERROGATORY NO. 11: State the amount of taxable income that you reported for the past ten years. If you will do so without a formal request for production, attach to your answers to these interrogatories a copy of your income tax return for each of the aforesaid years.

ANSWER: Please see copies of my Tax Returns for the years 1999- 2003 which are being produced to Defendant in response to Defendants First Requests for Production of Documents to me.

INTERROGATORY NO. 12: State the name and address of each bank, savings and loan, credit union, trust company or other savings, banking or investment institution, with whom you have had accounts in the past five (5) years, including the account numbers and the type of account.

ANSWER: Wells Fargo, 400 W. Hidalgo Ave., Raymondville, TX 78597
Checking Act. # 12410337993852
Idaho Act. # 533862

Texas State Bank, 116 E. Hidalgo Ave., Raymondville, TX 78580
Checking and Savings Accounts

Alamo Bank, 228 E. Hidalgo Ave., Raymondville, TX 78580
Checking Account

American National Bank
Checking and Savings Accounts

INTERROGATORY NO. 13: Identify by name, telephone number and address, each creditor to whom you have owed money in the past five (5) years. This includes individuals, banks, savings

and loans, credit card companies, retail suppliers or any other institutions or entities, and whether or not the transaction was legal or illegal.

ANSWER:   Shell Credit Card

New York and Co. Credit Card

Visa Credit Card

Mastercard

Jano's Superstore; 350 W. Hidalgo Ave., Raymondville, TX 78580

Kens' Furniture; 123 E. Hidalgo Ave., Raymondville, TX 78580

All such transactions were legal.

INTERROGATORY NO. 14: Identify each expense incurred by you on a monthly basis in the six months preceding the fire. Your answer should include the type of expense (e.g. mortgage payment or rent), the entity to whom paid, and the amount of the expense.

ANSWER:   Automobile Loan Payment for Ford Expedition: $563.00; Automobile Loan Payment for Ford 250, Ford Motor Credit; Electricity: $150.00; Water: $60.00; Phone: $120.00; Insurance: (Home) $120.00; State Farm Insurance, Agent Mark Brown, 839 W. Hidalgo Ave., Raymondville, TX 7850; Insurance (Medical): $56.00 Work Insurance; Credit Cards: $150.00

INTERROGATORY NO. 15: State whether any of the expenses identified in Interrogatory No. 18 were not timely paid. Include in your answer the expense not timely paid, the length of the delay, and the reason for the delay.

ANSWER:   We occasionally paid bills between 5 to 10 days late.

INTERROGATORY NO. 16: Identify each and every piece of real property which you have owned, owned an interest to, and/or upon which you have executed a purchase contract on in the past five years, including a statement of the size and location of the property and the nature and extent of your interest.

ANSWER:   1.) 899 W. White St., Raymondville, TX 78580

INTERROGATORY NO. 17: Identify by name and address any and all insurance carriers with which you have applied for and/or with which you have carried and homeowner's policy of insurance within the last six (6) years, and if your application was turned down or an issued policy was terminated from any such carrier, please state the date and reason any such application was turned down or policy terminated.

ANSWER:   State Farm Insurance
Mark Brown Insurance Agency, 839 W. Hidalgo Ave., Raymondville, TX 78580

INTERROGATORY NO. 18: State whether you or any members of your family (or household) have ever made a claim under an insurance policy or any other type of claim and/or lawsuit for

personal injury or property damage against any person, firm, corporation, insurance company, or governmental agency and, if so, give the dates of such claims or lawsuits and the details surrounding such claims or lawsuit, including the damages alleged and the result of the claim.

ANSWER:   1.) Fire loss of shed located at 829 W. White St. in 2/2000; Paid by Defendant. 2.) Stove Fire at 829 W. White St. in 11/1998; Paid by Defendant. 3.) Fire loss of home at 829 W. White on 1/1/2003; Denied by Defendant; 4.) Auto accident in 2000; Paid by State Farm. 5.) Auto accident in 1999; Paid by State Farm.

INTERROGATORY NO. 19: Identify any photographs or other tangible evidence which you may have in your possession or constructive possession or of which you may be aware, which would in any way depict, reflect, or relate to any matters which may be at issue in this lawsuit. Identify these photographs or other tangible evidence by description, name, and address of present custodian, and summary of the contents of such photographs or other tangible evidence. If you will do so without a formal request for production, please attach copies of such photographs or other tangible evidence to your answers.

OBJECTION: Munoz objects to this Interrogatory to the extent it invades the attorney-client privilege and work-product privilege. Munoz further objects as such Interrogatory is overly broad and vague.

<u>ANSWER:</u>   Subject to the foregoing objection, photographs and videos of Carmela Munoz and Carlos Munoz in Orlando, FL; Photographs of 829 W. White St. before and after the fire.

<u>INTERROGATORY NO. 20:</u> Identify with specificity any damages you allege were incurred by you as a result of any conduct by Defendant. Include in your answer the dollar amount of each claim and the reason you believe the damage was incurred.

<u>OBJECTION</u>: Munoz objects to this Interrogatory to the extent it invades the attorney-client privilege and work-product privilege. Munoz further objects as such Interrogatory is overly broad and vague.

<u>ANSWER:</u> Subject to the foregoing objection, I have incurred damages for failure of Defendant to pay for damage to personal property in an amount not less than $104,700; failure of Defendant to pay for damage to the structure at 829 W. White St. in an amount not less than; reasonable and necessary attorneys fees and costs as provided by Tex. Civ. Prac. & Rem. Code § 38.001, et seq.; reasonable and necessary attorneys fees and costs and additional damages as provided by Article 21.21 of the Texas Insurance Code and Section 17.50 of the Deceptive Trade Practices-Consumer Protection Act; and, exemplary damages as provided by Section 41.003 of the Civil Practice and Remedies Code.

<u>INTERROGATORY NO. 21:</u> Identify every statement you contend was a defamatory remark or slander by Defendant. Include in your answer the substance of the statement, the name and address of the person who made the statement, the name and address of the person to whom the statement was made, and the date and place the statement was made.

ANSWER:   Tom Reed to Carmela Munoz, "What makes you so sure that your husband didn't burn down your house?"

INTERROGATORY NO. 22: Identify the ways you contend you have been "injured in your business reputation, good name, and/or standing in the community," or been "exposed to the hatred, contempt, and ridicule of the public in general as well as of [your] clients, friends, and relatives."

ANSWER:   I came to doubt the honesty and integrity of my husband which contributed to our divorce, and many of my friends and acquaintances now think that I was involved in arson.

INTERROGATORY NO. 23: With regard to your allegation that Defendant surreptitiously sought in the indictment of Plaintiff Luis C. Munoz, please state the facts upon which you base such an allegation, and identify all documents which you believe would support your allegation.

OBJECTION: Munoz objects to this Interrogatory to the extent it invades the attorney-client privilege and work-product privilege. Munoz further objects as such Interrogatory is overly broad and vague.

ANSWER:   Subject to the foregoing objection, without notice of Defendants actions or intent to obtain an indictment against me, Defendant's representatives repeatedly met with

officers of the Raymondville Police Department and provided that police department with certain information concerning my and my former husband's actions immediately prior to the fire and my personal affairs intended to incriminate my former husband to the exclusion of other more likely suspects.

**AS TO OBJECTIONS:**

/s/ Gustavo Ch. Garza

Gustavo Ch. Garza
705 W. Hwy. 100, Ste. A
Los Fresnos, TX 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-3021 Fax.
Texas Bar No. 17404500
Georgia Bar No. 620170
Admitted Pro Hoc Vice

**AS TO ANSWERS:**

/s/ Carmela Villarreal

Carmela Villarreal

### VERIFICATION

Before me, the undersigned notary public, personally appeared Carmela Villarreal, formerly known as Carmela Munoz, being first duly sworn, who stated as follows:

My name is Carmela Villarreal, formerly known as Carmela Munoz. I am over the age of 18 years and competent to make this verification. I have personal knowledge of all facts stated in



FAXED Time: 9:25 A  Date: 07-26-05

138478v1 097-24101

**Exhibit B, Page 14**

these responses, and all such facts are true and correct to the best of my knowledge, information and belief.

By _Carmela Villarreal_

Sworn to and subscribed before me this the 26th day of July 2005

Notary Public

My Commission Expires 4/21/2006

(AFFIX NOTARIAL SEAL)

138478v1 097-21101

541713    GUSTAVO CH GARZA    PAGE 03