IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | CAUSE NO B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | |

## AFFIDAVIT OF TOM REED

| | |
|---|---|
| STATE OF TEXAS | §<br>§ |
| COUNTY OF NUECES | § |

On this day, TOM REED appeared before me, the undersigned notary public, and after I administered an oath to him, upon his oath, he said:

1. "My name is Tom Reed. I am over the age of eighteen, I have never been convicted of a felony or crime involving moral turpitude, and I am otherwise competent to make this Affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am an insurance adjuster licensed to handle claims in Texas, and have been since 1986.

3. I am a State Farm Claim Representative. On January 3, 2003, I began working on behalf of State Farm Lloyds on Mr. and Mrs. Munoz's claim resulting from the January 1, 2003, fire at 829 West White Avenue, Raymondville, Texas 78580.

4. From January of 2003 to March of 2004, State Farm made monthly payments to Mr. and Mrs. Munoz for their claimed rental expenses. These payments totaled $43,124.42, and were made pursuant to the lease agreement with Curtis Shed Rental which Mr. Munoz provided to me on February 11, 2003. A true and correct copy of the lease is attached as Exhibit U.

5. On January 28, 2003, I met with Mr. Munoz at his place of business, Munoz Roofing. I explained to Mr. Munoz that State Farm's investigation as of that date indicated that the fire had been intentionally set. I explained that because of the intentional nature of the fire, State Farm would need to conduct an additional investigation and examination of the Munozes' financial condition, Mr. Munoz's business' financial condition, an interior and exterior examination of the insured property, and interviews with numerous witnesses (including neighbors). The same day, I provided Mr. Munoz with a letter containing the same information we had just discussed. A true and correct copy of that January 28, 2003, letter is attached as Exhibit Q.

6. On June 23, 2003, I visited Pena's Tire Shop. I spoke to Raul Pena, Sr. He advised me that they keep a receipt on all work and repairs done at the shop. Mr. Pena checked his files for all work done for Mr. Luis Munoz and/or Munoz Roofing for the months of December 2002 and January 2003. Mr. Pena indicated he had no record of tire repairs on a 4-wheeler for Mr. Munoz or Munoz Roofing during these months.

7. On August 12, 2003, I met with Mr. Munoz's accountant, Karen Barnett of Barnett's Bookkeeping. She advised me that Mr. Munoz was behind in paying his taxes and was not diligent in providing her with the records necessary to file his business and personal tax returns. She indicated that she would prepare his forms for employee payroll taxes, but that Mr. Munoz would not send in the payments.

8. On March 30, 2004, I received a call from Pedro Suarez, an Internal Revenue Service agent in McAllen, Texas. Mr. Suarez asked me if State Farm had issued any insurance proceeds to Mr. Luis Munoz and notified me that the Internal Revenue Service had issued a levy on any proceeds which may be paid to Mr. Munoz. A true and correct copy of the Internal Revenue Service's March 29, 2004, Notice of Levy is attached as Exhibit R. After being notified of the levy, I understood that State Farm was required to make all payments to which the Munozes were entitled to the United States Treasury.

9. During the course of the investigation, I requested tax returns and records from the Internal Revenue Service for Mr. Munoz and Munoz Roofing, pursuant to a signed authorization from Mr. Munoz. The Internal Revenue Service informed me by letter dated April 2, 2004, that it could not find any tax returns on file for Mr. Munoz from 1999 to 2002. A true and correct copy of this letter is attached as Exhibit N.

10. On August 12, 2004, I met with Detective Armin Martinez of the Raymondville Police Department. Detective Martinez advised me that the investigation of the fire at the Munoz residence was still ongoing. He also told me that a DPS examiner had administered a polygraph examination to Mr. Munoz. Detective Martinez indicated that there were areas of concern on the test, but that the examiner had yet to submit the final results of the examination. Detective Martinez also informed me that Mr. Munoz had gone to H.E.B. the day of the fire and purchased charcoal starter, and then supposedly went directly to his house. Mr. Munoz told Detective Martinez that he went to the home to feed the dogs. Detective Martinez also indicated that Mrs. Munoz had visited him and made allegations that she had a tape containing a threat by Minerva Cavazos to burn the Munozes' house down. Detective Martinez listened to the tape with Mrs. Munoz, but did not hear any threat to burn the home. Instead, on the tape, Mrs. Cavazos stated that the Munozes had damaged the paint on her car.

11. Attached as Exhibit B is a true and correct copy of the Raymondville Police Department dispatch log for the January 1, 2003, fire at 829 West White Avenue, Raymondville, Texas 78580.

12. Attached as Exhibit C is a true and correct copy of the Raymondville Police Department's Offense Report I for the January 1, 2003, fire at 829 West White Avenue, Raymondville, Texas 78580.

13. Attached as Exhibit D is a true and correct copy of the Raymondville Police Department's Offense Report II of Det. Marco A. Castillo.

14. Attached as Exhibit E is a true and correct copy of the Raymondville Police Department's Offense Report II of Det. J.J. Garcia.

15. Attached as Exhibit F is a true and correct copy of the January 20, 2003, Fire Origin and Cause Investigation Report of National Loss Consultants.

16. Attached as Exhibit G is a true and correct copy of the January 14, 2003, Report of Armstrong Forensic Laboratories.

17. Attached as Exhibit H is a true and correct copy of the State Fire Marshal's Office's Investigation Report of Deputy Fire Marshal Ramon Garcia, Jr.

18. During the course of the investigation, State Farm found several other judgments and liens on file against Mr. Munoz or Munoz Roofing, totaling $33,381.64. True and correct copies of some of these liens and judgments are attached as Exhibits I through M.

19. Attached as Exhibit I is a true and correct copy of the State of Texas' January 15, 1992, Abstract of Judgment against Mr. Munoz/Munoz Roofing.

20. Attached as Exhibit J is a true and correct copy of the State of Texas' January 3, 1996, State Tax Lien against Mr. Munoz/Munoz Roofing.

21. Attached as Exhibit K is a true and correct copy of the Texas Workforce Commission's February 15, 2001, State Tax Lien against Mr. Munoz/Munoz Roofing.

22. Attached as Exhibit L is a true and correct copy of the Internal Revenue Service's November 21, 2002, Notice of Federal Tax Lien against Mr. Munoz/Munoz Roofing.

23. Attached as Exhibit M is a true and correct copy of the Texas Workforce Commission's April 30, 2002, Abstract of Assessment against Mr. Munoz/Munoz Roofing.

24. Attached as Exhibit O is a true and correct copy of the February 10, 2004, Rule 11 Settlement Agreement between Ben Capetillo and Luis Munoz in Cause No. 03-346, In the District Court of Willacy County.

25. Attached as Exhibit P is a true and correct copy of the April 19, 2004, Final Decree of

Divorce; *In the Matter of the Marriage of Carmela S. Munoz and Luis Carlos Munoz, and in the Interest of Carlos Munoz, Minor Child*, Cause No. 04-15, In the 375th Judicial District Court of Willacy County, Texas.

26. All of the above-referenced Exhibits are true and correct copies of documents obtained during the investigation of the Munozes' claim. These documents were kept in the course of State Farm's regularly conducted business activity, and it is the regular practice of State Farm's business activity to make an accurate record of such documents."

FURTHER AFFIANT SAYETH NOT.

[Notary Seal: ANNABELLE MALDONADO, Notary Public, State of Texas, My Comm. Exp. 03/25/2008]

_____
Tom Reed

SUBSCRIBED AND SWORN TO BEFORE ME by Tom Reed on this 2nd day of September, 2005, to certify which witness my hand and seal of office.

_____
Notary Public, State of Texas

My Commission Expires: 3/25/08

4

Exhibit A, Page 4