NUMBER: 04-15

| | | |
|---|---|---|
| IN THE MATTER OF THE MARRIAGE OF<br>CARMELA S. MUNOZ | )(<br>)(<br>)( | IN THE 357TH JUDICIAL |
| AND LUIS CARLOS MUNOZ | )(<br>)( | DISTRICT COURT OF |
| AND IN THE INTEREST OF<br>CARLOS MUNOZ, A MINOR CHILD | )(<br>)( | WILLACY COUNTY, TEXAS |

### FINAL DECREE OF DIVORCE

On April 19, 2004, the Court heard this case.

1. **APPEARANCES.**

   Petitioner, CARMELA S. MUNOZ, who bears Social Security Number 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, appeared in person and through attorney of record, OSCAR CAVAZOS, and announced ready for trial.

   Respondent, LUIS CARLOS MUNOZ, who bears Social Security Number 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, although duly served with citation, did not appear in person or by attorney.

2. **RECORD.**

   The making of a record of the testimony was made by the Court Reporter of the Court.

3. **JURISDICTION AND DOMICILE.**

   The Court finds that the pleadings of Petitioner, CARMELA S. MUNOZ, are in due form and contain all the allegations, information, and prerequisites required by law. The Court, after receiving evidence, finds that it has jurisdiction of this case and of all the parties and that at least sixty (60) days have elapsed since the date the suit was filed. The Court finds that Petitioner has been a domiciliary of Texas for at least a six-month period preceding the filing of this action and a resident of the County in which this suit is filed for at least a 90-day period preceding the filing of this action. All persons entitled to citation were properly cited.

4. **JURY.**

   A jury was waived, and all questions of fact and of law were submitted to the Court.

5. **DIVORCE.**

   IT IS ORDERED AND DECREED that CARMELA S. MUNOZ, Petitioner, and LUIS CARLOS MUNOZ, Respondent, are divorced and that the marriage between them is dissolved on the ground of insupportability.

Vol. 4 pg. 385-407

FILED APR 19 2004

SF004521

Exhibit P, Page 1

6. **CHILD OF THE MARRIAGE.**

The Court finds that Petitioner, CARMELA S. MUNOZ, and Respondent, LUIS CARLOS MUNOZ, are the parents of the following child:

| | |
|---|---|
| Name | : CARLOS MUNOZ |
| Social Security Number | : 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 |
| Sex | : MALE |
| Birthplace | : HARLINGEN, TEXAS |
| Birthdate | : OCTOBER 5, 1990 |
| Present Residence | : WITH PETITIONER |

The Court finds no other child of the marriage is expected.

7. **CONSERVATORSHIP AND SUPPORT.**

The Court, having considered the circumstances of the parents and of the child, finds that the following orders are in the best interest of the child:

<u>Parent Sole Managing Conservator and Possessory Conservator.</u>

IT IS ORDERED that CARMELA S. MUNOZ, is appointed a parent sole managing conservator and LUIS CARLOS MUNOZ, is appointed a parent possessory conservator of the following child: CARLOS MUNOZ.

IT IS ORDERED that, at all times, CARMELA S. MUNOZ, as a parent sole managing conservator, shall have the following rights:

1. the right to receive information from the other parent concerning the health, education, and welfare of the child;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9. the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

-2-

SF004522

Exhibit P, Page 2

IT IS ORDERED that, at all times, LUIS CARLOS MUNOZ, as a parent possessory conservator, shall have the following rights:

1. the right to receive information from the other parent concerning the health, education, and welfare of the child;

2. the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;

3. the right of access to medical, dental, psychological, and educational records of the child;

4. the right to consult with a physician, dentist, or psychologist of the child;

5. the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6. the right to attend school activities;

7. the right to be designated on the child's records as a person to be notified in case of an emergency;

8. the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9. the right to manage the estate of the child to the extent the estate has been created by the parent or the parent's family.

IT IS ORDERED that, at all times, CARMELA S. MUNOZ, as a parent sole managing conservator, and LUIS CARLOS MUNOZ, as a parent possessory conservator, shall each have the following duties:

1. the duty to inform the other parent in a timely manner of significant information concerning the health, education, and welfare of the child; and

2. the duty to inform the other parent if the parent resides with for at least thirty days, marries, or intends to marry a person who the parent knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure (as added by chapter 668, Acts of the 75th Legislature, Regular Session, 1997) or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the parent begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. WARNING: A PERSON COMMITS AN OFFENSE PUNISHABLE AS CLASS C MISDEMEANOR IF THE PERSON FAILS TO PROVIDE THIS NOTICE.

IT IS ORDERED that, during her respective periods of possession, CARMELA S. MUNOZ, as a parent sole managing conservator, shall have the following rights and duties:

1. the duty of care, control, protection, and reasonable discipline of the child;

2. the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3. the right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;

4. the right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;

5. the right to consent to marriage and to enlistment in the armed forces of the United States;

6. the right to make decisions concerning the child's education;

7. the right to the services and earnings of the child;

8. except when a guardian of the child's estate or a guardian or attorney ad litem has been appointed for the child, the right to act as an agent of the child in relation to the child's estate if the child's action is required by a state, the United States, or a foreign government; and

9. the duty to manage the estate of the child to the extent the estate has been created by community property or the joint property of the parents.

<u>STANDARD POSSESSION ORDER</u>

The Court finds that the following provisions of this Standard Possession Order are intended to and do comply with the requirements of Texas Family Code sections 153.311 through 153.317. IT IS ORDERED that Sole Managing Conservator and Possessory Conservator shall comply with all terms and conditions of this Standard Possession Order. IT IS ORDERED that this Standard Possession Order is effective immediately and applies to all periods of possession occurring on and after the signing of this Standard Possession Order. IT IS, THEREFORE, ORDERED:

(a) <u>Definitions</u>

1. In this Standard Possession Order "school" means the primary or secondary school in which the child is enrolled or, if the child is not enrolled in a primary or secondary school, the public school district in which the child primarily resides.

SF004524

2. In this Standard Possession Order "child" includes each child, whether one or more, who is a subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

(b) **Mutual Agreement or Specified Terms for Possession**

IT IS ORDERED that the conservators shall have possession of the child at times mutually agreed to in advance by the parties, and, in the absence of mutual agreement, it is ORDERED that the conservators shall have possession of the child under the specified terms set out in this Standard Possession Order.

(c) **Parents Who Reside 100 Miles or Less Apart**

Except as otherwise explicitly provided in this Standard Possession Order, when Possessory Conservator resides 100 miles or less from the primary residence of the child, Possessory Conservator shall have the right to possession of the child as follows:

1. **Weekends.** On weekends, beginning at 6:00 p.m., on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2. **Weekend Possession Extended by a Holiday.** Except as otherwise explicitly provided in this Standard Possession Order, if a weekend period of possession by Possessory Conservator beings on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

3. **Wednesdays.** On Wednesday of each week during the regular school term, beginning at 6:00 p.m. and ending at 8:00 p.m.

4. **Christmas Holidays in Even-Numbered Years.** In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 26.

5. **Christmas Holidays in Odd-Numbered Years.** In odd-numbered years, beginning at noon on December 26 and ending at 6:00 p.m. on the day before the child's school resumes after that Christmas school vacation.

6. **Thanksgiving in Odd-Numbered Years.** In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

7. **Spring Break in Even-Numbered Years.** In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

8. <u>Extended Summer Possession by Possessory Conservator</u>

<u>With Written Notice by April 1</u> - If Possessory Conservator gives Sole Managing Conservator written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Possessory Conservator shall have possession of the child for thirty days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

<u>Without Written Notice by April 1</u> - If Possessory Conservator does not give Sole Managing Conservator written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Possessory Conservator shall have possession of the child for thirty consecutive days in that year beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

9. <u>Child's Birthday</u> - If Possessory Conservator is not otherwise entitled under this Standard Possession Order to present possession of the child on the child's birthday, Possessory Conservator shall have possession of the child and the child's siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that Possessory Conservator picks up the child from Sole Managing Conservator's residence and returns the child to that same place.

10. <u>Father's Day Weekend</u> - Each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if he is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from Sole Managing Conservator's residence and return the child to that same place.

Notwithstanding the weekend and Wednesday periods of possession ORDERED for Possessory Conservator, it is explicitly ORDERED that Sole Managing Conservator shall have a superior right of possession of the child as follows:

1. <u>Christmas Holidays in Odd-Numbered Years</u>. In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 26.

2. <u>Christmas Holidays in Even-Numbered Years</u>. In even-numbered years, beginning at noon on December 26 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3. <u>Thanksgiving in Even-Numbered Years</u>. In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the following Sunday.

4. <u>Spring Break in Odd-Numbered Years</u>. In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

5. <u>Summer Weekend Possession by Sole Managing Conservator</u> - If Sole Managing Conservator gives Possessory Conservator written notice by April 15 of a year, Sole Managing Conservator shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of the extended summer possession by Possessory Conservator in that year, provided that Sole Managing Conservator picks up the child from Possessory Conservator and returns the child to that same place.

6. <u>Extended Summer Possession by Sole Managing Conservator</u> - If Sole Managing Conservator gives Possessory Conservator written notice by April 15 of a year or gives Possessory Conservator fourteen days' written notice on or after April 16 of a year, Sole Managing Conservator may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by Possessory Conservator shall not take place in that year, provided that the weekend so designated does not interfere with Possessory Conservator's period or periods of extended summer possession or with Father's Day Weekend.

7. <u>Child's Birthday</u> - If Sole Managing Conservator is not otherwise entitled under this Standard Possession Order to presence possession of the child on the child's birthday, Sole Managing Conservator shall have possession of the child and the child's siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that Sole Managing Conservator picks up the child from Possessory Conservator's residence and returns the child to that same place.

8. <u>Mother's Day Weekend</u> - Each year, beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at 6:00 p.m. on Mother's Day, provided that if Sole Managing Conservator is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from Possessory Conservator's residence and returns the child to that same place.

Sole Managing Conservator shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for Possessory Conservator.

(d) <u>Parents Who Reside More Than 100 Miles Apart</u>

Except as otherwise explicitly provided in this Standard Possession Order, when Possessory Conservator resides more than 100 miles from the residence of the child, Possessory Conservator shall have the right to possession of the child as follows:

1. <u>Weekends</u> - Unless Possessory Conservator elects the alternative period of weekend possession described in the next paragraph, Possessory Conservator shall have the right to possession of the child on weekends, beginning at 6:00 p.m. on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday. Except as otherwise explicitly provided in this Standard Possession Order; if such a weekend period of possession by Possessory Conservator begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session; or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable.

-7-

SF004527

Exhibit P, Page 7

Alternate weekend possession - In lieu of the weekend possession described in the foregoing paragraph, Possessory Conservator shall have the right to possession of the child not more than one weekend per month of Possessory Conservator's choice beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend. Except as otherwise explicitly provided in this Standard Possession Order, if such a weekend period of possession by Possessory Conservator begins on a Friday that is a school holiday during the regular school term or a federal, state, or local holiday during the summer months when school is not in session, or if the period ends on or is immediately followed by a Monday that is such a holiday, that weekend period of possession shall begin at 6:00 p.m. on the Thursday immediately preceding the Friday holiday or school holiday or end at 6:00 p.m. on that Monday holiday or school holiday, as applicable. Possessory Conservator may elect an option for this alternative period of weekend possession by giving written notice to Sole Managing Conservator within ninety days after the parties begin to reside more than 100 miles apart. If Possessory Conservator makes this election, Possessory Conservator shall give Sole Managing Conservator fourteen days' written or telephonic notice preceding a designated weekend. The weekends chosen shall not conflict with the provisions regarding Christmas, Thanksgiving, the child's birthday, and Mother's Day Weekend below.

2. **Christmas Holidays in Even-Numbered Years** - In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 26.

3. **Christmas Holidays in Odd-Numbered Years** - In odd-numbered years, beginning at noon on December 26 and ending at 6:00 p.m. on the day before the child's school resumes after that Christmas school vacation.

4. **Thanksgiving in Odd-Numbered Years** - In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the Sunday following Thanksgiving.

5. **Spring Break in All Years** - Every year, beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes after that vacation.

6. Extended Summer Possession by Possessory Conservator -

With Written Notice by April 1 - If Possessory Conservator gives Sole Managing Conservator written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Possessory Conservator shall have possession of the child for forty-two days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, as specified in the written notice. These periods of possession shall begin and end at 6:00 p.m.

Without Written Notice by April 1 - If Possessory Conservator does not give Sole Managing Conservator written notice by April 1 of a year specifying an extended period or periods of summer possession for that year, Possessory Conservator shall have possession of the child for forty-two consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27 of that year.

7. <u>Child's Birthday</u> - If Possessory Conservator is not otherwise entitled under this Standard Possession Order to present possession of the child on the child's birthday, Possessory Conservator shall have possession of the child and the child's siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that Possessory Conservator picks up the child from Sole Managing Conservator's residence and returns the child to that same place.

8. <u>Father's Day Weekend</u> - Each year, beginning at 6:00 p.m. on the Friday preceding Father's Day and ending at 6:00 p.m. on Father's Day, provided that if Possessory Conservator is not otherwise entitled under this Standard Possession Order to present possession of the child, he shall pick up the child from Sole Managing Conservator's residence and returns the child to that same place.

Notwithstanding the weekend periods of possession ORDERED for Possessory Conservator, it is explicitly ORDERED that Sole Managing Conservator shall have a superior right of possession of the child as follows:

1. <u>Christmas Holidays in Odd-Numbered Years</u> - In odd-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Christmas school vacation and ending at noon on December 26.

2. <u>Christmas Holidays in Even-Numbered Years</u> - In even-numbered years, beginning at noon on December 26 and ending at 6:00 p.m. on the day before school resumes after that Christmas school vacation.

3. <u>Thanksgiving in Even-Numbered Years</u> - In even-numbered years, beginning at 6:00 p.m. on the day the child is dismissed from school for the Thanksgiving holiday and ending at 6:00 p.m. on the following Sunday.

4. <u>Summer Weekend Possession by Sole Managing Conservator</u> - If Sole Managing Conservator gives Possessory Conservator written notice by April 15 of a year, Sole Managing Conservator shall have possession of the child on any one weekend beginning at 6:00 p.m. on Friday and ending at 6:00 p.m. on the following Sunday during any one period of possession by Possessory Conservator during Possessory Conservator's extended summer possession in that year, provided that if a period of possession by Possessory Conservator in that year exceeds thirty days, Sole Managing Conservator may have possession of the child under the terms of this provision on any two nonconsecutive weekends during that period and provided that Sole Managing Conservator picks up the child from Possessory Conservator and returns the child to that same place.

5. <u>Extended Summer Possession by Sole Managing Conservator</u> - If Sole Managing Conservator gives Possessory Conservator written notice by April 15 of a year, Sole Managing Conservator may designate twenty-one days beginning no earlier than the day after the child's school is dismissed for summer vacation and ending no later than seven days before school resumes at the end of the summer vacation in that year, to be exercised in no more than two separate periods of at least seven consecutive days each, during which Possessory Conservator shall not have possession of the child, provided that the period or periods so designated do not interfere with Possessory Conservator's period or periods of extended summer possession or with Father's Day Weekend.

6. <u>Child's Birthday</u> - If Sole Managing Conservator is not otherwise entitled under this Standard Possession Order to present possession of the child on the child's birthday, Sole Managing Conservator shall have possession of the child and the child's siblings beginning at 6:00 p.m. and ending at 8:00 p.m. on that day, provided that Sole Managing Conservator picks up the child from Possessory Conservator's residence and returns the child to that same place.

7. <u>Mother's Day Weekend</u> - Each year, beginning at 6:00 p.m. on the Friday preceding Mother's Day and ending at 6:00 p.m. on Mother's Day, provided that if Sole Managing Conservator is not otherwise entitled under this Standard Possession Order to present possession of the child, she shall pick up the child from Possessory Conservator's residence and returns the child to that same place.

Sole Managing Conservator shall have the right of possession of the child at all other times not specifically designated in this Standard Possession Order for Possessory Conservator.

(e) <u>General Terms and Conditions</u>

Except as otherwise explicitly provided in this Standard Possession Order, the terms and conditions of possession of the child that apply regardless of the distance between the residence of a parent and the child are as follows:

1. <u>Surrender of Child by Sole Managing Conservator</u> - Sole Managing Conservator is ORDERED to surrender the child to Possessory Conservator at the beginning of each period of Possessory Conservator's possession at the residence of Sole Managing Conservator.

2. <u>Return of Child by Possessory Conservator</u> - Possessory Conservator is ORDERED to return the child to the residence of Sole Managing Conservator at the end of each period of possession.

3. <u>Surrender of Child by Possessory Conservator</u> - Possessory Conservator is ORDERED to surrender the child to Sole Managing Conservator, if the child is in Possessory Conservator's possession or subject to Possessory Conservator's control, at the beginning of each period of Sole Managing Conservator's exclusive periods of possession, at the place designated in this Standard Possession Order.

4. <u>Return of Child by Sole Managing Conservator</u> - Sole Managing Conservator is ORDERED to return the child to Possessory Conservator, if Possessory Conservator is entitled to possession of the child, at the end of each of Sole Managing Conservator's exclusive periods of possession, at the place designated in this Standard Possession Order.

5. <u>Personal Effects</u> - Each conservator is ORDERED to return with the child the personal effects that the child brought at the beginning of the period of possession.

6. <u>Designation of Competent Adult</u> - Each conservator may designate any competent adult to pick up and return the child, as applicable. IT IS ORDERED that a conservator or a designated competent adult be present when the child is picked up or returned.

SF004530

-10-

7. **Inability to Exercise Possession** – Each conservator is ORDERED to give notice to the person in possession of the child on each occasion that the conservator will be unable to exercise that conservator's right of possession for any specified period.

8. **Written Notice** – Written notice shall be deemed to have been timely made if received or postmarked before or at the time that notice is due.

This concludes the Standard Possession Order.

Duration.

The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

Child Support.

IT IS ORDERED that LUIS CARLOS MUNOZ, is obligated to pay and shall pay to CARMELA S. MUNOZ for the support of CARLOS MUNOZ, $400.00 BIWEEKLY (EVERY TWO WEEKS), with the first payment being due and payable on Monday, April 19, 2004, and a like payment being due and payable on every other Monday thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

1. the child reaches the age of 18 years, or until graduation from high school, which ever occurs later;
2. the child is emancipated through marriage, through removal of the disabilities of minority by court order, or by other operation of law;
3. until the death of the child;
4. the child's disabilities are otherwise removed for general purposes; or
5. further order modifying this child support.

A child support obligation does not terminate on the death of the obligee but continues as an obligation to the child named in the support order.

Payment.

IT IS ORDERED that all payments shall be made through Willacy County District Clerk's Office, Child Support Division, 546 West Hidalgo, Raymondville, Texas, 78580, and then remitted by that agency to CARMELA S. MUNOZ for the support of the child. IT IS FURTHER ORDERED that LUIS CARLOS MUNOZ, shall pay all fees charged by that agency.

IT IS FURTHER ORDERED that LUIS CARLOS MUNOZ, shall notify this Court and CARMELA S. MUNOZ by U.S. Certified Mail, Return Receipt Requested, of any change of address and of any termination of employment. This notice shall be given no later than seven days after the change of address or the termination of employment. This notice or a subsequent notice shall also provide the current address of LUIS CARLOS MUNOZ, and the name and address of LUIS CARLOS MUNOZ' current employer, whenever that information becomes available.

SF004531

-11-

Exhibit P, Page 11

Health Care.

IT IS ORDERED that medical support shall be provided for the child as follows:

1. LUIS CARLOS MUNOZ' Responsibility – It is the intent and purpose of this decree that LUIS CARLOS MUNOZ, shall, at all times, provide medical support for the child. IT IS THEREFORE ORDERED that, as additional child support, LUIS CARLOS MUNOZ, shall provide medical support for the parties' child, for as long as child support is payable under the terms of this decree, as set out herein.

2. Definition – "Health insurance" means insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services that may be provided through a health maintenance organization or other private or public organization, other than medical assistance under Chapter 32, Human Resources Code.

3. Private Health Insurance Not Affordable – The Court finds that neither parent has access to private health insurance at a reasonable cost. IT IS ORDERED that CARMELA S. MUNOZ shall immediately apply for participation in a medical assistance program under Chapter 32, Human Resources Code or the state child health plan under Chapter 62, Health and Safety Code or, if already participating, CARMELA S. MUNOZ shall continue participation in such program or plan. LUIS CARLOS MUNOZ, is ORDERED to reimburse CARMELA S. MUNOZ the amount for the cost of insuring the child. Accompanying the first such written notification and any subsequent notifications informing of a change in the premium amount, CARMELA S. MUNOZ is ORDERED to provide LUIS CARLOS MUNOZ, with documentation from her employer, union, trade association, or other organization of the cost to CARMELA S. MUNOZ of providing coverage for the child and LUIS CARLOS MUNOZ, is ORDERED to reimburse CARMELA S. MUNOZ any additional amount.

4. Conversion Policy – IT IS ORDERED that if the party through whose employment or membership in a union, trade association, or other organization health insurance has been provided for the child is leaving that employment, union, trade association, or other organization or for any other reason health insurance will not be available for the child through the employment or membership in a union, trade association, or other organization of either party, the party leaving employment or losing coverage shall, within ten days of termination of his or her employment or coverage, convert the policy to individual coverage for the child in an amount equal to or exceeding the coverage at the time his or her employment or coverage is terminated. Further, if that health insurance was available through CARMELA S. MUNOZ' employment or membership in a union, trade association, or other organization, LUIS CARLOS MUNOZ, shall reimburse CARMELA S. MUNOZ for the cost of the converted policy as follows: LUIS CARLOS MUNOZ, is ORDERED to pay to CARMELA S. MUNOZ at her last known address the cost of insuring the child under the converted policy, on the first day of each month after LUIS CARLOS MUNOZ, received written notice of the premium from CARMELA S. MUNOZ for payment. Accompanying the first such written notification and any subsequent notifications informing of a change in the premium amount, CARMELA S. MUNOZ is ORDERED to provide LUIS CARLOS MUNOZ, with documentation from the carrier of the cost to CARMELA S. MUNOZ of providing coverage for the child.

5. If Policy Not Convertible – If the health insurance policy covering the child is not convertible and if no health insurance is available for the child through the employment or membership in a union, trade association, or other organization of either party, IT IS ORDERED that LUIS CARLOS MUNOZ, shall purchase

and maintain, at his sole cost and expense, health insurance coverage for the child as set out in paragraph 3 above. LUIS CARLOS MUNOZ, is ORDERED to provide verification of the purchase of the insurance to CARMELA S. MUNOZ at CARMELA S. MUNOZ' last known address, including the insurance certificate number and the plan summary, no later than 10 days following the issuance of the policy.

6. Claim Forms – Except as provided in paragraph 8 below, the party who is not carrying the health insurance policy covering the child is ORDERED to submit to the party carrying the policy, within ten days of receiving them, any and all forms, receipts, bills, and statements reflecting the health-care expenses the party not carrying the policy incurs on behalf of the child.

The party who is carrying the health insurance policy covering the child is ORDERED to submit all forms required by the insurance company for payment or reimbursement of health-care expenses incurred by either party on behalf of the child to the insurance carrier within ten days of that party's receiving any form, receipt, bill, or statement reflecting the expenses.

7. Constructive Trust for Payments Received – IT IS ORDERED that any insurance payments received by the party carrying the health insurance policy covering the child from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who incurred and paid those expenses. IT IS FURTHER ORDERED that the party carrying the policy is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits, to the other party within three days of receiving them.

8. Filing by Party Not Carrying Insurance – In accordance with Article 3.51-13 of the Texas Insurance Code, IT IS ORDERED that the party who is not carrying the health insurance policy covering the child may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the child any claims for health-care expenses, including, but not limited to, medical, hospitalization, and dental costs.

9. Secondary Coverage – IT IS ORDERED that nothing in this decree shall prevent either party from providing secondary health insurance coverage for the child at that party's sole cost and expense. IT IS FURTHER ORDERED that if a party provides secondary health insurance coverage for the child, both parties shall cooperate fully with regard to the handling and filing of claims with the insurance carrier providing the coverage in order to maximize the benefits available to the child and to ensure that the party who pays for health-care expenses for the child is reimbursed for the payment from both carriers to the fullest extent possible.

10. Compliance with Insurance Company Requirements – Each party is ORDERED to conform to all requirements imposed by the terms and conditions of the policy of health insurance covering the child in order to assure maximum reimbursement or direct payment by the insurance company of the incurred health-care expense, including but not limited to requirements for advance notice to carrier, second opinions, and the like. Each party is ORDERED to attempt to use "preferred providers," or services within the health maintenance organization, if applicable; however, this provision shall not apply if emergency care is required. Disallowance of the bill by a health insurer shall not excuse the obligation of either party to make payment; however, if a bill is disallowed or the benefit reduced due to the failure of a party to follow procedures or requirements of the carrier, that party shall be wholly responsible for the increased portion of that bill.

If health insurance coverage for the child is provided through a health maintenance organization (HMO) or preferred provider organization (PPO), the parties are ORDERED to use health-care providers who are employed by the HMO or approved by the PPO whenever feasible. If health-care expenses are incurred by using that HMO or PPO plan, LUIS CARLOS MUNOZ, is ORDERED to pay 50 percent and CARMELA S. MUNOZ is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, including, without limitation, any copayments for office visits or prescription drugs, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges, for as long as child support is payable under the terms of this decree. If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO, except in an emergency, without the written agreement of the other party, the party incurring the services is ORDERED to pay 50 percent and the other party is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, as set above. If a party incurs health-care expenses for a child by using the services of health-care providers not employed by the HMO or approved by the PPO in an emergency or with the written agreement of the other party, the party incurring the services is ORDERED to pay 50 percent and the other party is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, as set out above.

If the child is enrolled in a health-care plan that is not an HMO or a PPO, LUIS CARLOS MUNOZ, is ORDERED to pay 50 percent and CARMELA S. MUNOZ is ORDERED to pay 50 percent of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the parties' child, including, without limitation, the yearly deductible, if any, and medical, surgical, prescription drug, mental health-care services, dental, eye care, ophthalmological, and orthodontic charges, for as long as child support is payable under the terms of this decree.

11. **Payment of Uninsured Expenses** - IT IS ORDERED that the party who pays for a health-care expense on behalf of the child shall submit to the other party, within ten days of receiving them, all forms, receipts, bills, and explanation of benefits paid reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the child. IT IS FURTHER ORDERED that, within ten days after the nonpaying party receives the explanation of benefits stating benefits paid, that party shall pay his or her share of the uninsured portion of the health-care expenses either by paying the health-care provider directly or by reimbursing the paying party for any advance payment exceeding the paying party's share of the expenses.

12. **Exclusions** - The provisions above concerning uninsured expenses shall not be interpreted to include expenses for travel to and from the health-care provider or nonprescription medication.

13. **Reasonableness of Charges** - IT IS ORDERED that reasonableness of the charges for health-care expenses shall be presumed on presentation of the bill to a party and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

14. **Information Required** - IT IS ORDERED that a party providing health insurance shall furnish to the other party and child support agency the following information no later than the thirtieth day after the date the notice of the rendition of this decree is received:

-14-

      (a)   the Social Security number of the party providing insurance;
      (b)   the name and address of the employer of the party providing insurance;
      (c)   whether the employer is self-insured or has health insurance available;
      (d)   proof that health insurance has been provided for the child; and
      (e)   the name of the health insurance carrier, the number of the policy, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim or, if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim.

IT IS FURTHER ORDERED that any party carrying health insurance on the child shall furnish to the other party a copy of any renewals or changes to the policy no later than the fifteenth day after the renewal or change is received.

IT IS FURTHER ORDERED that a party providing health insurance shall provide to the other party any additional information regarding health insurance coverage that becomes available to the party providing insurance. IT IS FURTHER ORDERED that the information shall be provided no later than the fifteenth day after the date the information is received.

15. Termination or Lapse of Insurance - If the health insurance coverage for the child lapses or terminates, the party who is providing the insurance is ORDERED to notify the other party no later than the fifteenth day after the date of termination or lapse. If additional health insurance is available or becomes available to LUIS CARLOS MUNOZ, for the child, LUIS CARLOS MUNOZ must notify CARMELA S. MUNOZ no later than the fifteenth day after the date the insurance becomes available. LUIS CARLOS MUNOZ, must enroll the child in a health insurance plan at the next available enrollment period.

16. Place of Transmittal - IT IS ORDERED that all bills, invoices, statements, claims, explanation of benefits, insurance policies, medical insurance identification cards, other documents, and written notices, as well as payments, required to be transmitted by one party to the other under the health-care coverage and health insurance provisions of this decree shall be transmitted by the sending party to the residence of the receiving party.

17. WARNING - A PARENT ORDERED TO PROVIDE HEALTH INSURANCE WHO FAILS TO DO SO IS LIABLE FOR NECESSARY MEDICAL EXPENSES OF THE CHILD, WITHOUT REGARD TO WHETHER THE EXPENSES WOULD HAVE BEEN PAID IF HEALTH INSURANCE HAD BEEN PROVIDED; AND THE COST OF HEALTH INSURANCE PREMIUMS OR CONTRIBUTIONS, IF ANY, PAID ON BEHALF OF THE CHILD.

<u>No Credit for Informal Payments.</u>

IT IS ORDERED that the child support as prescribed in this decree shall be exclusively discharged in the manner ordered and that any direct payments made by LUIS CARLOS MUNOZ, to CARMELA S. MUNOZ or any expenditures incurred by LUIS CARLOS MUNOZ, during LUIS CARLOS MUNOZ' periods of possession of or access to the child, as prescribed in this decree, for food, clothing, gifts, travel, shelter, or entertainment are deemed in addition to and not in lieu of the support ordered in this decree.

Support as Obligation of Estate.

IT IS ORDERED that the provisions for child support in this decree shall be an obligation of the estate of LUIS CARLOS MUNOZ, and shall not terminate on the death of LUIS CARLOS MUNOZ.

Medical Notification.

Each party is ORDERED to inform the other party within twenty-four hours of any medical condition of the parties' child requiring surgical intervention, hospitalization, or both.

Information Regarding Parties and Child.

The information required for each party by Section 105.006(a) of the Texas Family Code is as follows:

Name: LUIS CARLOS MUNOZ
  Social Security Number     : 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
  Driver's License Number    : 15706117 - Texas
  Current Residence Address  : 363 West Kimball, Raymondville, TX, 78580
  Mailing Address            : 363 West Kimball, Raymondville, TX, 78580
  Home Telephone Number      : (956) 212-6488
  Name of Employer           : Self-employed
  Address of Employment      : 363 West Kimball, Raymondville, TX, 78580
  Work Telephone Number      : (956) 689-3591

Name: CARMELA S. MUNOZ
  Social Security Number     : 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
  Driver's License Number    : 06636612 - Texas
  Current Residence Address  : 829 West White, Raymondville, TX, 78580
  Mailing Address            : 829 West White, Raymondville, TX, 78580
  Home Telephone Number      : None
  Name of Employer           : Watson's City Drug
  Address of Employment      : 192 South 7th Street, Raymondville, TX, 78580
  Work Telephone Number      : (956) 689-2161

Name: CARLOS MUNOZ
  Social Security Number     : 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
  Driver's License Number    : None
  Current Residence Address  : 829 West White, Raymondville, TX, 78580
  Mailing Address            : 829 West White, Raymondville, TX, 78580
  Home Telephone Number      : None
  Name of Employer           : None
  Address of Employment      : None
  Work Telephone Number      : None

EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER, AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500.00 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

Notice shall be given to the other party by delivering a copy of the notice to the party by registered or certified mail, return receipt requested. Notice shall be given to the Court by delivering a copy of the notice either in person to the Clerk of the County or by registered or certified mail addressed to the Clerk. Notice shall be given to the state case registry by mailing a copy of the notice to State Case Registry, Central File Maintenance, P. O. Box 12048, Austin, Texas, 78711-2048.

WARNINGS TO PARTIES: FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500.00 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

8. **DIVISION OF MARITAL ESTATE.**

The Court finds that Petitioner and Respondent have entered into an agreement for division of their marital estate and that the agreement is just and right. A copy of said agreement is attached hereto as Exhibit "A".

IT IS ORDERED, ADJUDGED, AND DECREED that the agreement of Petitioner and Respondent for the division of their marital estate, as is attached hereto as Exhibit "A", BE AND IS APPROVED and incorporated into this Decree by reference as if it were recited herein verbatim, and the marital estate of the parties is and shall be divided as is set forth in said agreement.

<u>Tax Exemption.</u>

IT IS ORDERED AND DECREED that CARMELA S. MUNOZ shall be entitled to claim the child, CARLOS MUNOZ, as an exemption on her income tax returns for all future years.

9. **CHANGE OF PETITIONER'S NAME.**

   IT IS ORDERED AND DECREED that CARMELA S. MUNOZ' name is changed to CARMELA SOLIZ.

10. **COURT COSTS.**

    All costs of court expended in this cause are taxed against the Petitioner, for which let execution issue if not timely paid.

11. **DISCHARGE FROM DISCOVERY RETENTION REQUIREMENT.**

    IT IS ORDERED AND DECREED that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with Rule 191.4(d) of the Texas Rules of Civil Procedure.

12. **CLARIFYING ORDERS.**

    Without affecting the finality of this Final Decree of Divorce, this Court expressly reserves the right to make orders necessary to clarify and enforce this decree.

13. **RELIEF NOT GRANTED.**

    IT IS ORDERED AND DECREED that all relief requested in this case and not expressly granted is denied.

14. **DATE OF JUDGMENT.**

    This divorce judicially PRONOUNCED AND RENDERED in Court at Raymondville, Willacy County, Texas, on April 19, 2004, and further noted on the Court's docket sheet on the same date, but signed on the __19__ day of April, 2004.

    _____
    Judge Presiding

SF004538

Exhibit P, Page 18