# RESIDENTIAL LEASE AGREEMENT

This Lease Agreement is made and entered into by Omel Muñoz, herein called Lessor, and Luis & Carmela Muñoz, et ux, herein called Lessee.

In consideration of the mutual covenants and agreements herein set forth, and other good and valuable consideration, Lessor does hereby demise and lease to Lessee, and Lessee does hereby lease from Lessor, the following described property situated in Willacy County, to-wit:

Subdivision, City of Raymondivlle, Willacy County, Texas, together with the improvements thereon situated, and hereinafter called the "leased premises" and known as

## 1. TERM

The term of this lease shall be from month to month, commencing on or  6 to 8 months

## 2. RENT

Lessee agrees to pay to Lessor as rent for the leased premises the sum of $1,400.00 per month, in advance, on the 1st day of each month, commencing on          . Receipt is hereby acknowledged of the rental for the first month of this lease.

## 3. SECURITY DEPOSIT

Lessee has this day deposited with Lessor the additional sum of 1000.00, receipt of which is acknowledged by Lessor, as security for the full and faithful performance by Lessee of the terms, conditions, and covenants of this lease on Lessee's part to be performed and kept. This deposit does not constitute advance payment of the final rental payment due under this lease.

Lessor agrees to hold such deposit for Lessee, and it is understood that Lessee's claim to such deposit shall be prior to any creditor of Lessor, excluding a trustee in bankruptcy.

Excluding the final rental payment to be made under this lease, if at any time during the lease term, Lessee defaults in the payment of rent or any portion of rent reserved in this Lease, or of any other sums expressly constituting rent, other than advance rental payments, Lessor may appropriate and apply any portion of the security deposit as may be necessary to the payment of the overdue rent or other sums expressly constituting rent under this lease.

If at any time during this lease term, Lessee should fail to repair any damage to the premises of this lease for a period greater than fourteen days after Lessor serves on Lessee written demand to make such repair, then Lessor may appropriate and apply any portion of the

Exhibit T, Page 1

security deposit as may be reasonably necessary to make such repairs.

If on termination of this tenancy for any reason, Lessee does not leave the leased premises in reasonably clean condition and in good repair, excluding normal wear and tear, then Lessor may appropriate and apply any portion of the security deposit as may be reasonably necessary to put the premises in clean condition and good repair. As used in this lease, the term "normal wear and tear" means deterioration that results from the intended use of the dwelling, and does not include deterioration that results from negligence, carelessness, accident, or abuse of the premises by Lessee, by a member of Lessee's household, or by a guest of Lessee.

In the event actual cause exists for retaining all or any portion of the security deposit, Lessor shall return to Lessee the balance of the security deposit, if any, together with a written description and itemized list of all deductions. Such deductions shall be limited to damages and charges for which Lessee is legally liable under this agreement or as a result of breaching this agreement. Lessor shall not be required to furnish a description and itemized list of deductions if there are any rentals due and unpaid at the time Lessee surrenders possession of the premises and there is no controversy over the amount of rentals due and unpaid.

Within thirty days after Lessee surrenders the premises, any remaining portion of the security deposit, after any lawful deductions as above, shall be returned to Lessee directed to the address left by Lessee specifically for such purpose. HOWEVER, LESSEE SHALL NOT BE ENTITLED TO ANY PORTION OF THE SECURITY DEPOSIT AS A REFUND UNLESS LESSEE GIVES LESSOR THIRTY (30) DAYS' NOTICE OF SURRENDERING THE PREMISES.

### 4. USE

The leased premises shall be used only as a single-family residence, and Lessee shall not permit the leased premises or any part thereof to be used for (a) the conduct of any offensive, noisy, or dangerous activity that would increase the premiums for fire insurance on the leased premises; (b) the creation or maintenance of a public nuisance; (c) anything which is against public regulations or rules of any public authority at any time applicable to the leased premises; (d) no mobile homes, recreational vehicles (RV's), or trucks that weigh in excess of 1 ton, any of which would produce loud noises or emit offensive odors or refuse caused by petroleum products will be allowed at the leased premises; or (e) no vicious pets of any nature will kept on the premises, and no pet may be kept in the house at any time.

### 5. UTILITY CHARGES

Lessor shall pay promptly as they become due all charges for the furnishing of water, electricity, and other public utilities to the leased premises during the term of this lease.

### 6. INDEMNITY AGREEMENT

Lessee agrees to indemnify and hold Lessor and the property of Lessor, including the

leased premises, free and harmless from any and all liability for injury or death of any person, or for damage to property arising from the use and occupancy of the leased premises by Lessee or from the act or omission of any person or persons, including Lessee and employees of Lessee, in or about the leased premises, with the express or implied consent of Lessee.

## 7. ALTERATIONS AND IMPROVEMENTS

Lessee shall make no alterations to the buildings on the leased premises nor construct any buildings or other improvements on the leased premises without first having obtained the written consent of Lessor.

## 8. CONDITION OF PREMISES

Lessee stipulates that he has examined the leased premises as well as all buildings and improvements located thereon and they are all, at the date of this lease, in good order, repair, and in a safe and clean condition.

## 9. MAINTENANCE OF PREMISES BY LESSEE

Lessor shall maintain the roof and exterior walls of the property. Lessee shall, at his own cost and expense, during the term of this lease, maintain the remainder of the leased premises and buildings and improvements on the leased premises in as good order, repair, and safe and clean condition as they were in at the date of this lease, reasonable wear and tear excepted. Lessee shall clean and maintain the yard and keep the grass and plants in good condition.

## 10. IMPROVEMENTS PROPERTY OF LESSOR

All alterations, changes, and improvements built, constructed, or placed on the leased premises by Lessee, other than moveable personal property, shall, unless otherwise provided by written agreement between Lessor and Lessee, be the property of Lessor and remain on the leased premises at the expiration or sooner termination of this lease. Nothing contained in this paragraph, however, shall authorize Lessee to make or place any such alterations, changes, or improvements on the leased premises without having first obtained the written consent of Lessor.

## 11. INSURANCE AND TAXES

Lessor will pay all ad valorem taxes on the property and will carry and pay for insurance on improvements; Lessee will carry and pay for insurance on contents, and general liability insurance in an amount agreeable with Lessor.

## 12. LATE LEASE PAYMENTS/INSUFFICIENT FUNDS

For each lease payment not received by Lessor on or before the eleventh (11th) day of each month, a late charge of $35.00 will assessed against Lessee. For each lease payment returned to Lessor due to insufficient funds in the account of Lessee upon which payment of the monthly lease payment is drawn, a charge of $25.00 will be assessed against Lessee.

## 13. ASSIGNMENT AND SUBLETTING

Lessee shall not assign this lease nor sublet the leased premises or any interest therein without first obtaining the written consent of Lessor. A consent by Lessor to one assignment or subletting shall not be deemed to be a consent to any subsequent assignment or subletting. An assignment or subletting without the written consent of Lessor, or an assignment or subletting by operation of law, shall be void, and shall, at the option of Lessor, terminate this lease.

### 14. DEFAULT BY LESSEE

Should Lessee be in default for a period of more than ten (10) days in the payment of any rent payable under this lease or in the performance of any other provision of this lease, Lessor may terminate this lease and regain possession of the leased premises in the manner provided by the laws of the State of Texas in effect at the date of such default.

### 15. RIGHT OF INSPECTION

Lessor and his agents have the right at all reasonable times during the term of this lease to enter the leased premises for the purpose of inspecting them and all buildings and improvements thereon.

### 16. SALE OF PROPERTY

Lessee herein acknowledges that the leased premises are for sale, and in this respect, acknowledges that Lessor has the right to place "FOR SALE" sign or signs on the property. Lessee further acknowledges that Lessor or his agents may show the property to the prospective purchasers; provided, however, Lessor advises Lessee not less than 2 hours in advance of the appointed time for showing.

### 17. TERMINATION

Upon termination of this Lease, Lessee agrees to peaceably surrender leased premises to Lessor, and return same to Lessor in a safe, clean, and sanitary condition, and in as good or better state of repair as on the commencement of this Lease, reasonable wear and tear excepted. This Lease may be terminated by either party with thirty (30) days' prior written notice.

IN WITNESS WHEREOF, the undersigned Lessor and Lessee hereto execute this agreement as of the _____ day of Jan 2003

Rent paid by Check or Cash  1-1-2003
Security paid Deposit
by Check  1-1-2003
or Cash

Omel Muñoz  Lessor
Raymondville, Texas 78580

_____ Lessee

SF002066

Exhibit T, Page 4