16-210e  CITATION—PERSONAL SERVICE—DISTRICT OR COUNTY COURT (Revised 8/90) © Class 3.

# CITATION

## THE STATE OF TEXAS

To <u>Luis C. Munoz  & Munoz Roofing Company</u>
<u>329 West White Street</u>

<u>Raymondville, Texas 78580</u>

Defendant_____, in the hereinafter styled and numbered cause: 03-346

YOU ARE HEREBY COMMANDED to appear before the <u>District</u> Court <u>404th</u>

of <u>Willacy</u> County, Texas, to be held at the courthouse of said county in the City of

<u>Raymondville</u>, <u>Willacy</u> County, Texas, by filing a written answer to the

petition of plaintiff ___ at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof,

a copy of which accompanies this citation, in cause number <u>03-346</u>, styled

<u>Plaintiffs Original Petition</u>

<u>THE  Benino Capetillo</u>, Plaintiff____,

vs. <u>Luis C. Munoz Individually and Munoz Roofing Company</u>, Defendant____,

filed in said court on the <u>4th</u> day of <u>December</u>, 20<u>03</u>.

Plaintiff is represented by <u>David R. Joe</u>, whose

address is <u>1702 E. Tyler Street Suite 1</u>      <u>Harlingen,</u>      <u>Texas</u>      <u>78550</u>.
           street                                           city                 state              zip code

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, this the <u>4th</u> day of

<u>DEcember</u>, 2003

Gilbert Lozano

<u>District</u> Clerk of <u>Willacy</u> County, Texas

<u>546 West Hidalgo</u>
Clerk's address

<u>Raymondville, Texas  78580</u>

By _____ Deputy.

## NOTICE

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

PL006119


**Exhibit Y, Page 1**

Reproduction of this form by any person or party is prohibited.

DEFENDANT(S) COPY

CAUSE NO. 03-346

| | | |
|---|---|---|
| BENINO CAPETILLO,<br>an Individual, | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| Vs. | § | WILLACY COUNTY, TEXAS |
| | § | |
| LUIS C. MUNOZ,<br>Individually, And<br>MUNOZ ROOFING<br>COMPANY, | § | |
| | § | |
| | § | |
| | § | |
| *Defendants.* | § 357<br>§ 404th JUDICIAL DISTRICT | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Benino Capetillo, hereinafter the "Plaintiff" and files this his Plaintiff's Original Petition complaining of Defendants, Luis C. Munoz, Individually and Munoz Roofing Company, hereinafter the "Defendants" and for cause of action respectfully shows the following:

3:30pm

FILED

DEC  4 2003

Gilbert Lozano, Dist. Clerk Willacy Co.
By_____ Deputy

### I.    DISCOVERY CONTROL PLAN

1)    Plaintiff alleges damages in this case in excess of $50,000.00, therefore discovery is intended to be conducted under Level 2 of Rule 190 et seq. of the TEXAS

COPY

PL006120

Exhibit Y, Page 2

RULES OF CIVIL PROCEDURE.

## II.   PARTIES AND SERVICE OF PROCESS

2)   Plaintiff Benino Capetillo is an individual residing in Willacy County, Texas.

3)   Service of process upon either Defendant alone shall constitute service of process for both Defendants.   Defendant Luis C. Munoz, is an individual residing in Willacy County, Texas and may be served with process at his place of business, Munoz Roofing Company, with addresses at 829 West White Street, Raymondville, Texas 78580 and/or 363 West Kimball Avenue, Raymondville, Texas, 78580.   Failing service at the addresses stated above, this Defendant was at all relevant times and still is represented by Counsel Gustavo Ch. Garza, of 646 West Hidalgo Street, Raymondville, Texas 78580, who may upon presentation elect to accept service on his client's behalf.

4)   Defendant Munoz Roofing Company is apparently an unincorporated association not registered with the Texas Secretary of State as a domestic or foreign corporation under any such name, and may be served with process by serving its proprietor Luis C. Munoz, at its places of business, Munoz Roofing Company, with addresses at 829 West White Street, Raymondville, Texas 78580 and/or 363 West Kimball Avenue, Raymondville, Texas, 78580.   Failing service at the addresses stated

Plaintiff's Original Petition                    Page 2

PL006121

Exhibit Y, Page 3

above, this Defendant was at all relevant times and still is represented by Counsel Gustavo Ch. Garza, of 646 West Hidalgo Street, Raymondville, Texas 78580, who may upon presentation elect to accept service on his client's behalf.

### III.    JURISDICTION AND VENUE

5)    The controversy relating to the above entitled and numbered cause of action falls within this Court's general jurisdiction, and the amount in controversy in this case exceeds the Court's minimum jurisdictional limits.

6)    Venue is proper in Willacy County, under the Texas Civil Practice & Remedies Code 15.001 et. seq., because the incident made the basis of this lawsuit occurred in Willacy County, Texas.

### IV.    FACTS COMMON TO ALL CLAIMS

7)    This is a lawsuit for damages including costs and attorneys fees, arising from fraud and breach of contract. Defendant Luis Munoz at the time of this lawsuit stands in receipt of approximately $93,000.00 of the Plaintiff's funds, which the Plaintiff tendered to him in good faith for two purposes, the first $70,000.00 representing an interest in a planned business partnership between the Parties, and the remainder being

Plaintiff's Original Petition                    Page 3

PL006122

Exhibit Y, Page 4

payment in full and in advance for the construction of a freestanding garage priced by the Defendants, and accepted by the Plaintiff, at approximately $23,000.00.

8)    Over the course of one year between May of 2002 and May of 2003, the Defendants requested and received approximately $93,000.00 from the Plaintiff, at a time when the Parties were on good terms, but the Defendants poured only the foundation of the garage, promised to, but did not construct the garage any further, did not enter into the business partnership, and instead, retained the money received from the Plaintiff.

9)    Originally, the Plaintiff had come to understand, through meetings and discussions, that Gus Ch. Garza, Esq. would attempt to help determine the appropriate partnership interest in a going concern, that $70,000.00 should represent, and then reduce to writing a partnership agreement that would be negotiated, accepted and entered into by the Parties.

10)    With respect to the partnership interest, the Plaintiff called a number of times and waited as patiently as possible from approximately May of 2002, through the first half of May of 2003, for Mr. Garza to propose language, which when accepted, would formalize the Parties' relationship in a written agreement.

11)    In May of 2003, no progress had been made, and after the Defendants had misled, stalled, and ignored the Plaintiff, the Plaintiff was both surprised and justifiably disgruntled to be told by Mr. Gus Ch. Garza, Esq., that in fact Mr. Garza considered only

PL006123

Exhibit Y, Page 5

the Defendants to be his client, and that instead of continuing to speak to Mr. Garza, Mr. Capetillo would need to retain his own attorney.

12)    Shortly after the instruction from Gus Ch. Garza, Esq., the Plaintiff did indeed, out of compulsion from the bad faith delays of the Defendants, retain his own attorney. In June 2003, the Parties, through their attorneys, concluded there was no foundation for a feasible business relationship between the Parties, and that since no terms for a partnership agreement had ever been realized, much less written and entered into, the Parties would meet and attempt to amicably resolve their differences through a new agreement representing a global settlement.

13)    In July of 2003, the Parties and their attorneys met in person at the office of Gus Ch. Garza, Esq. the Defendants' attorney, in Raymondville, and entered written agreements whereby the Parties were to calculate and agree upon the precise repayment the Defendants would make to Plaintiff, in addition to which, the Defendants promised to belatedly construct the garage on the Plaintiff's residence according to a specific schedule negotiated and written out in detail.

14)    So that there could be no misunderstanding claimed by the Defendants, Plaintiff's counsel requested that the agreements forming the basis of a settlement between the Parties be written in the hand of Gus Ch. Garza, Esq., the Defendants' attorney, in the presence of the Parties and their attorneys. Without objection, the agreements were so written by Gus Ch. Garza, Esq., the Defendants' attorney, and were

PL006124

Exhibit Y, Page 6

executed in the presence of the Parties and their attorneys. These Agreements are incorporated herein and attached hereto as Exhibit "A."

15)    Although the Plaintiff had tendered $70,000.00 to the Defendants with respect to a partnership interest, in order to reach an accord with the Defendants, the Plaintiff allowed an offset for certain wages the Defendants paid to Plaintiff's wife, a former employee of the Defendants' during certain months of 2002 and 2003. Ultimately, in accordance with the written agreement, the Parties subsequently determined and accepted as settlement a repayment in the amount of $39,000.00, which amount was to be paid "within three days" of its determination, according to the agreement.

16)    The Defendants first delayed making the payment, conveying through counsel that Certificates of Deposit had to be cashed first, but then the Defendants, even in the face of these written agreements specifically intended to settle the differences between them, wholly failed and refused to perform any of the agreed upon repayment obligations and have retained the funds, despite demand having been made. Defendants' counsel apologized several times for his clients' delays but asked for patience, and maintained for a period of several weeks, his opinion of the sincerity of the Defendants, until eventually, even Defendants' counsel recognized the apparent stone-walling tactic Defendants were employing, and conceded and even suggested the necessity of threatening and/or initiating litigation.

PL006125

Exhibit Y, Page 7

17)   With respect to the garage, the agreement specifically stated that certain completion dates applied to various phases of construction. The agreement conspicuously stated that TIME WAS OF THE ESSENCE. Since the date of the agreements, the Defendants have done absolutely nothing in furtherance of the construction of the garage, nor offered any justification for the same.

## V.   FRUAD AND PRAYER FOR CONSTRUCTIVE TRUST

18)   Plaintiff incorporates the preceding Paragraphs and alleges further that acts complained of constitute actual and constructive fraud under the common law of the State of Texas in that Defendants have first induced the payment of monies, which they have received, under representations, including promises to undertake certain obligations, which the Defendants had no intentions of fulfilling. Thereafter, the Defendants reached a binding settlement agreement, but had no intention of discharging obligations assumed under that agreement, either.

19)   The Defendants' acts were intentional, unconscionable, and constitute an abuse of confidence reposed in another sharing a relationship of trust, and have resulted in the Defendants' self-professed ability to secure Certificates of Deposit, ostensibly in Defendants' name, with an undisclosed financial institution(s). Defendants do, but should not in equity and good conscience, hold legal title to Certificates of Deposit, or any other valuable property obtained by Defendants after and because of their conversion

PL006126

**Exhibit Y, Page 8**

of Plaintiff's funds, and thereby have been unjustifiably enriched, and Plaintiff hereby prays that any such property be Ordered held in a constructive trust for the Plaintiff, and that Defendants be further Ordered to convey title to such property to Plaintiff forthwith.

## VI.    BREACH OF CONTRACT

20)    Plaintiff incorporates the preceding Paragraphs and alleges further that acts complained of constitute a breach of contract. The Parties reached a simple and unambiguous settlement agreement with two components, the repayment of $39,000.00 and the construction of a garage. The settlement agreement reached was intended by the Parties to be a binding contract, with respect to both repayment and to construction.

21)    The Defendants have failed without excuse or justification to fulfill ANY of their duties under the contract. The Plaintiff brings this suit for breach of contract seeking all damages, costs and expenses allowed by law, having fulfilled all conditions precedent.

## VII.    PRAYER

WHEREFORE, PREMISES, CONSIDERED, Plaintiff prays that Defendants be cited to appear and answer herein, and that upon final trial, Plaintiffs have the following:

PL006127

**Exhibit Y, Page 9**

1. Judgment against Defendants in a sum within the jurisdictional limits of the Court;

2. Prejudgment and postjudgment interest as provided by law;

3. Cost of suit;

4. Award(s) of actual and exemplary damages against each Defendant in a sum determined    by the trier of fact; and

5. The imposition of a Trust in equity to protect property rightfully belonging to the Plaintiff;

6. Such other relief to which Plaintiffs may be justly entitled.

Respectfully Submitted,
BREWER ANTHONY MIDDLEBROOK
BURLEY & DUNN, P.C.

By: _David R. Joe_
David R. Joe
Texas Bar No. 24003872
1702 E. Tyler Street
Suite 1
Harlingen, TX, 78550

Attorney for Plaintiff

Exhibit Y, Page 10

7/1/2003

GARAGE Raymondville, Tx

7/28/2022 begin FRAMING

8/1/2003     Electrician

8/4/2003     Plumbing ;
              Septic

8/1/2003     Roofing

                   Brick

8/7/2003     Sheet Rock
8/10/2003   Tape Floated Text
8/11/2003   Paint

Completion    8/31/2003.

Agreed to by :

_____

Ben Gipkins

Paid in Full

TIME IS OF THE ESSENCE

PL006129

Exhibit "A" (two pages)

1/1/2003

7/15/2003          Documents

7/17/2003          Agree on Amt
To be Reimbursed

W/in 3 days to be repAid.

4% Int

$2,800.00 in Interest to
be Pd. by L. Muro

Ben Carter

Luis C. Muro

Exhibit Y, Page 12

PL006130

CAUSE NO. 03-346

| | | |
|---|---|---|
| BENITO CAPETILLO<br>An Individual | § | IN THE COUNTY COURT |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| VS. | § | |
| | § | |
| LUIS C. MUNOZ, | § | OF WILLACY COUNTY, TEXAS |
| Individually, and | § | |
| MUNOZ Roofing Co. | § | |
| | | |
| AND | § | |
| | | |
| GUSTAVO CH. GARZA | § | 357th JUDICIAL DISTRICT |
| | | |
| *Defendants* | §. | |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GUSTAVO CH. GARZA, Respondent herein, and files this Original Answer in the above entitled and numbered cause. In support hereof, Respondent would show the jury and this Honorable Court the following:

I.

### GENERAL DENIAL

1. Pursuant to TEX. R..CIV.P.92, Respondent enters a general denial of the matters pleaded by the Plaintiff and demands strict proof thereof in accordance with the law.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Respondent prays that the Court grant judgment herein for Respondent, that Plaintiff go forth and take nothing from Respondent, that Respondent obtain the affirmative relief sought, and for all general and equitable relief.



FILED JUL 29 2004

Respectfully submitted,

GUSTAVO CH. GARZA
PRO SE
363 WEST KIMBALL
RAYMONDVILLE, TX 78580
(956) 689-9040

## CERTIFICATE OF SERVICE

I, GUSTAVO CH. GARZA, certify that a true and correct copy of the foregoing has been forwarded to David Joe at 1702 E. Tyler Street Ste. 1, Harlingen, Texas 78550 by U.S. mail on this the 29 day of _____July_____, 2004.

GUSTAVO CH. GARZA

PL006132

**Exhibit Y, Page 14**