CAUSE NO. 03-346

| | | |
|---|---|---|
| BENINO CAPETILLO, an Individual, | § § § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| Vs. | § § | WILLACY COUNTY, TEXAS |
| LUIS C. MUNOZ, Individually, And MUNOZ ROOFING COMPANY, | § § § § | |
| Defendants. | § § | 357th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR SANCTIONS, OBJECTION TO COUNSEL'S WITHDRAWAL FROM REPRESENTATION OF DEFENDANTS, AND MOTION TO COMPEL DEFENDANT AND COUNSEL TO SUBMIT AVAILABLE DEPOSITION DATES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff, Benino Capetillo, Moving the Court for the following described equitable relief from the conduct of Defendants and their legal counsel, Gustavo Garza, Esq.

### I. BACKGROUND

1) Plaintiff filed this lawsuit on December 4, 2003, after the Defendant failed to perform the obligations undertaken in a settlement agreement the Parties reached, and entered into at the office of Gustavo Garza, Esq., counsel for the Defendants, on July 1, 2003. The Plaintiff filed this

Plaintiff's Motion for Sanctions        Page 1

PL006148

Exhibit Z, Page 1

lawsuit as a last resort after having been misled by the Defendant numerous times about his intentions to perform. Gustavo Garza communicated his client's promises and representations to the Plaintiff's attorney; and it was Mr. Garza who drafted at his office the agreement the Parties signed, forming the basis of the Original Petition.

2) After the lawsuit was filed and before Defendants entered an answer or appearance, the Defendants held yet another "settlement conference" whereby the parties entered into a new agreement dated January 8, 2004, since all the deadlines of the first agreement had passed. Gustavo Garza and his client communicated apologies for his client's disregarding his promises and representations to the Plaintiff's attorney, and it was Mr. Garza, again, who drafted at his office the second agreement the Parties signed, forming the basis of this Motion for Sanctions et al

3) The second settlement agreement covered the same two issues as the first, namely, the construction of a garage that Plaintiff had already paid Defendants in full for, and the payout of an agreed upon sum of money. This second agreement was duly executed and filed of record with this Court. Once again to the dismay of all involved, the Defendant failed to timely make the payout installments, but misled and misrepresented his claimed immediate ability to do so.

Plaintiff's Motion for Sanctions    Page 2

PL006149

Exhibit Z, Page 2

4) Eventually, with the Plaintiff's continued application of pressure and mounting expenses of legal counsel, Defendants paid (late in each case, and after numerous misrepresentations about the timing of payment) the first two $10,000.00 installments, and very belatedly began the rough work on the garage

5) The final payment of $23,000.00 was due March 28, 2004, but was yet unpaid as of April 23, 2004, when the Defendants, and counsel for both Parties met in person, again, at the law offices of Gustavo Garza, Esq.

6) In this face to face meeting, Defendant orally promised to tender a cashier's check for $23,000.00 the following Monday, April 26, 2004. To guarantee the payment of the funds, because so many misrepresentations and breached promises had transpired, Defendant was asked and wrote that day a post-dated personal check to Plaintiff in the amount of $23,000.00, which Gustavo Garza agreed to hold in trust pending either the payment of the cashier's check, or the personal check's maturity date, April 29, 2004

7) Disappointingly, when no cashier's check was tendered Monday, April 26th, the attached letter was hand delivered to Gustavo Garza's office reiterating among other things the fact that the personal check was being held by him in trust to be picked up on the morning of its effective date at

Plaintiff's Motion for Sanctions           Page 3

PL006150

Exhibit Z, Page 3

9:00 a.m.

8) On the morning of the check's maturity, Gustavo Garza's office faxed the attached letter to Plaintiff's Counsel advising that Gustavo Garza decided to cease representation of the Defendants. An immediate call was placed to Gustavo Garza's office by Plaintiff's Counsel inquiring the whereabouts of the check, and legal assistant Veronica Coronado informed the undersigned that the previous day, Mr. Garza, after receiving the letter, met with Luis Munoz, gave back the check he had agreed to hold in trust for Ben Capetillo, and ceased representation.

## II.    RELIEF SOUGHT IN THIS MOTION

### A.    Disallowance of Withdrawal by Gustavo Garza

9) Although Gustavo Garza, Esq. apparently chose to draft Rule 11 Agreements in lieu (imprudently) of filing an Answer in this lawsuit, he has nonetheless represented the Defendants in the capacity of legal counsel continuously, both before a dispute ever existed between the Parties, and after the litigation was filed. Up to the point that the faxed letter was received by Plaintiff's counsel, there was no question but that the Defendants were represented parties.

10) Gustavo Garza, Esq. was only allowed to hold the check in Trust because

Plaintiff's Motion for Sanctions        Page 4

PL006151

Exhibit Z, Page 4

he was an attorney of one of the parties to this litigation, and answerable to this Court as a litigant and officer of this Court. Gustavo Garza, Esq., who breached an ethical and contractual duty to hold the attached check in trust until its maturity for its rightful owner, should not obtain absolution and escape answering to this Court for returning the check to his client by reason of reaching a private, self-serving understanding with his client. Gustavo Garza, Esq. should be disallowed from unilaterally withdrawing from representation until his actions as an attorney in this matter have been fully addressed. Withdraw at this point in time greatly prejudices my Client.

### B. Sanctions Against Gustavo Garza, Esq. and Defendants

11) Gustavo Garza, Esq. had no excuse or justification to breach his obligation of holding the payment check in trust for my Client. Upon delivering the check to Luis Munoz, who very predictably kept for himself the check he had written, Gustavo Garza, Esq. knowingly deprived the rightful owner of a valid, current negotiable instrument valued at $23,000.00. Gustavo Garza, Esq. has breached his obligations as an officer of the Court then representing a party before the Court, the obligations freely undertaken by him to hold the negotiable instrument in trust, and his general obligations to opposing counsel under the TEXAS RULES OF CIVIL PROCEDURE.

12) Plaintiff moves this Court to consider the loss sustained to the Plaintiff as a result of being deprived of a valid negotiable instrument written to him, in the amount of $23,000.00, and being forced to expend money and time and remedying this egregious act. While Gustavo Garza, Esq., should not have returned the check he agreed to hold in trust, Defendants should not have accepted the same, and the Plaintiff moves this Court to fashion an equitable and/or legal remedy considering the fault of both.

### C.  Deposition Date Requests have been Ignored

13) Plaintiff moves this Court to compel Defendant and Gustavo Garza, Esq. to timely answer requests already made to their availability for depositions. Repeated requests made to Gustavo Garza, Esq.'s office have been ignored. Plaintiff fully anticipates that any attempt to notice depositions without an agreement will result in a proffering of motion to quash raising scheduling conflict, and thus waste more of Plaintiff's resources.

### III.  FIAT

This Court, having considered the foregoing Motion, determines that a hearing is appropriate and necessary and hereby sets this matter on the docket of This Court for _____ on the _____ date _____ of 2004.

Plaintiff's Motion for Sanctions                Page 6

Respectfully Submitted,
BREWER ANTHONY MIDDLEBROOK
BURLEY & DUNN, P.C.

By: /s/ David R. Joe
David R. Joe
Texas Bar No. 24003872
1702 E. Tyler Street
Suite 1
Harlingen, TX, 78550

Attorney for Plaintiff

### CERTIFICATE OF CONFERENCE

I hereby certify that Gustavo Garza has previously told me that he considers his involvement in this litigation concluded, thus obviating the need for a conference.

/s/ David R. Joe
DAVID R. JOE

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Amended Complaint was served in accordance with the Texas Rules of Civil Procedure on this 12th day of May, 2004, upon:

Mr. Gustavo Garza, Esq.
Facsimile: 956 689-6468

/s/ David R. Joe
DAVID R. JOE

Plaintiff's Motion for Sanctions          Page 7

PL006154

Exhibit Z, Page 7