IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 2 9 2005

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LUIS C. MUNOZ and ) <br> CARMELA MUNOZ ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> STATE FARM LLOYDS, ) <br> ) <br> Defendants, ) <br> _____) | CIVIL ACTION NO. B-04-141 <br><br><br> JURY DEMANDED |

## PLAINTIFFS' MOTION TO STRIKE AND OBJECTIONS TO DEFENDANT STATE FARM LLYODS' EVIDENCE FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS

Plaintiffs Luis C. Munoz and Carmela Munoz ("Munoz") moves to strike and objects to Defendant State Farm Llyods' summary judgment evidence submitted in support of Defendant State Farm Lloyd's Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims ("State Farm's Motion") as follows:

1. Exhibit A to State Farm's Motion, the Affidavit of Tom Reed ("Reed Affidavit"), and specifically paragraphs 6, 7, and 10 of the Reed Affidavit, is offered by State Farm Lloyds to prove the truth of the matters asserted. Said affidavit testimony purportedly recounts unsworn, out-of-court oral or written assertions or non-verbal conduct by *non-party declarants* Raul Pena, Sr. ("Pena"), Karen Barnett of Barnett's Bookkeeping ("Burnett"), and Detective Armin Martinez of the Raymondville Police Department ("Detective Martinez") to Tom Reed. Such affidavit testimony is hearsay under Fed. R. Civ. Evid. 802, and is not admissible under any provision of Fed. R. Civ. Evid. 803 or 804. Moreover, such affidavit testimony is not subject to

the residual exception under Fed. R. Civ. Evid. 807 because the unsworn and contradicted[1] statements offered by Tom Reed do not have equivalent circumstantial guarantees of trustworthiness, and are not more probative than other evidence that State Farm Lloyds could have procured through reasonable efforts, such as affidavits or the depositions.

2. Exhibit F of State Farm's Motion, the Fire Origin and Cause Investigation of National Loss Consultants ("NLC Report"), and specifically the statements of Ms. Minnie Cavazos contained at page 7-9 of Exhibit F, is offered by State Farm Lloyds to prove the truth of the matters asserted. The NLC Report contains unsworn, out-of-court statements oral or written assertions or non-verbal conduct by *non-party declarants* Mack L. Fuller. and statements of Ms. Minnie Cavazos to Mack L. Fuller concerning her alibi, and the alibi of her husband, Harry Cavosos, at the time of the fire, and the purported conduct of Munoz. Such statements are hearsay under Fed. R. Civ. Evid. 802, and are not admissible under any provision of Fed. R. Civ. Evid. 803 or 804. Moreover, such affidavit testimony is not subject to the residual exception under Fed. R. Civ. Evid. 807 because the unsworn statement contained with the NLC Report does not have equivalent circumstantial guarantees of trustworthiness, and is not more probative than other evidence that State Farm Lloyds could have procured through reasonable efforts, such as affidavits or the depositions.

3. Exhibit F of State Farm's Motion is offered as expert witness testimony admissible, if at all, under Fed. R. Civ. P. 702. State Farm Lloyds has failed to present with competent testimony the proper predicate for admission of such expert witness testimony, and said exhibit purports to contain the expert opinions of its author.

---

[1] See Affidavit of Raul Pena, Sr., Affidavit of Karen Burnett and Affidavit of Armin Martinez, attached to the response of Munoz to State Farm's Motion denying that the purported conversations with Tom Reed occurred, or that such individuals made any such statements to Tom Reed at any time.

4. Exhibit S to State Farm's Motion, the Affidavit of Lee Olivo ("Olivo Affidavit"), and specifically paragraph 5 of the Olivo Affidavit, is offered by State Farm Lloyds to prove the truth of the matters asserted. Said affidavit testimony purportedly recounts unsworn, out-of-court oral or written assertions or non-verbal conduct by *an unnamed employee* of State Farm Llyods agent Mark Brown to Mark Brown, of which Lee Olivo has *no personal knowledge*. Such affidavit testimony constitutes hearsay as to the purported statement of Mark Brown, and hearsay within hearsay as to the statement of the unnamed employee of Mark Brown, under Fed. R. Civ. Evid. 802 and 805, and is not admissible under any provision of Fed. R. Civ. Evid. 803 or 804. Moreover, such affidavit testimony is not subject to the residual exception under Fed. R. Civ. Evid. 807 because the unsworn and statements offered by Lee Olivo do not have equivalent circumstantial guarantees of trustworthiness, including personal knowledge, and are not more probative than other evidence that State Farm Lloyds could have procured through reasonable efforts, such as affidavits or the depositions of the unnamed employee of Mark Brown or Mark Brown.

5. Exhibit W to State Farm's Motion, the Affidavit of Bryan Robinson ("Robinson Affidavit"), and specifically paragraph 4 of the Robinson Affidavit, is offered by State Farm Lloyds to prove the truth of the matters asserted. Said affidavit testimony purportedly recounts unsworn, out-of-court oral or written assertions or non-verbal conduct by *non-party declarants* Benino Capetillo. Such affidavit testimony constitutes hearsay under Fed. R. Civ. Evid. 802 and 805, and is not admissible under any provision of Fed. R. Civ. Evid. 803 or 804. Moreover, such affidavit testimony is not subject to the residual exception under Fed. R. Civ. Evid. 807 because the unsworn and statements offered by Bryan Robinson do not have equivalent circumstantial guarantees of trustworthiness, and are not more probative than other evidence that State Farm

Lloyds could have procured through reasonable efforts, such as an affidavit or depositions of Benino Capetillo.

6. Exhibit X to State Farm's Motion, the NFPA 921 Guide for Fire and Explosion Investigations 2001 Edition, is offered by State Farm Lloyds as a purported learned treatise. Statements within a learned treatise may only be read into evidence, and only to the extent relied upon by an expert witness on direct or called to the attention of an expert witness on cross examination under Fed. R. Civ. Evid. 803(18). Exhibit X, having not been relied upon by an expert witness giving testimony on direct or called to the attention of an expert witness on cross examination in State Farm's Motion, is not admissible, and the document cannot be received as an exhibit.

7. Exhibit G to State Farm's Motion, the Armstrong Forensic Laboratory Report is offered to prove the truth of the matter asserted. Said affidavit testimony purportedly recounts unsworn, out-of-court oral or written assertions or non-verbal conduct by *non-party declarants* Andrew T. Armstrong and John M Corn. Such affidavit testimony constitutes hearsay under Fed. R. Civ. Evid. 802 and 805, and is not admissible under any provision of Fed. R. Civ. Evid. 803 or 804. Moreover, such affidavit testimony is not subject to the residual exception under Fed. R. Civ. Evid. 807 because the unsworn statements offered by Bryan Robinson do not have equivalent circumstantial guarantees of trustworthiness, and are not more probative than other evidence that State Farm Lloyds could have procured through reasonable efforts, such as an affidavit or depositions of Andrew T. Armstrong and John M Corn.

8. Exhibit G of State Farm's Motion is offered as expert witness testimony admissible, if at all, under Fed. R. Civ. P. 702. State Farm Lloyds has failed to present with

competent testimony the proper predicate for admission of such expert witness testimony, and said exhibit purports to contain the expert opinions of its author.

9. Exhibits B, C, D, E, H, I, J, K, L, M, N, O, and P to State Farm's Motion are offered, in paragraphs 11 – 26 of the Reed Affidavit, Exhibit A, for the truth of the matters asserted. Said documents are unsworn, uncertified, out-of-court oral or written assertions or non-verbal conduct by *non-party declarants*. Such affidavit testimony constitutes hearsay under Fed. R. Civ. Evid. 802 and 805, and are not admissible under Fed. R. Civ. Evid. 803(6) because State Farm Lloyds has failed to comply with the statutes of the State of Texas permitting certification of Exhibits B, C, D, E, H, I, J, K, L, M, N, O, and P, or present the proper predicate for admission by competent testimony of the custodian or other qualified witness of the practices of the third-parties making such documents, or complied with Fed. R. Civ. P. 902 (11).

10. Exhibit Y (Plaintiff' Original Petition), Z and AA to State Farm's Motion is offered, *without any competent, sponsoring witness or certification*, for the truth of the matters asserted. Said documents are out-of-court oral or written assertions or non-verbal conduct by a *non-party declarants*. Such exhibits constitute hearsay under Fed. R. Civ. Evid. 802 and 805.

WHEREFORE, Munoz pray that the above-described summary judgment evidence to State Farm's Motion be struck from the record, and for general relief.


[Signatures on next page]


144677v1  097/24101

Respectfully submitted,

*[signature]*

Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-1000 Fax
TX State Bar No. 17404500
GA State Bar No. 620170
Admitted Pro Hoc Vice

144677v1  097/24101

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the PLAINTIFFS' MOTION TO STRIKE AND OBJECTIONS TO DEFENDANT STATE FARM LLYODS' EVIDENCE FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Warren Taylor, Esq.
> Taylor & Taylor
> 815 Walker Street
> Suite 250
> Houston, TX 77002-6707
>
> Rene O. Oliveira
> Roerig, Oliveira & Fisher, LLP
> 855 West Price Road
> Suite 9
> Brownsville, TX 78250-8718

This 29th day of September 2005.

> _____
> Gustavo Ch. Garza
> 705 West Highway 100
> Suite A
> Los Fresnos, Texas 78566
>
> (956) 689-9040 Tel.
> (956) 689-6468 Fax.
> State Bar No. 07731700
> Federal Id No. 3946

144677v1  097/24101