# EXHIBIT A

STATE OF TEXAS
WILLACY COUNTY

### AFFIDAVIT OF LUIS C. MUNOZ

My name is Luis C. Munoz; I am 41 years old with a date of birth of 02/01/1964. I reside in Willacy County, Texas with my 12-year-old son, Carlos Munoz. I am the owner of Munoz Roofing and Construction in Raymondville, Texas. I have not been convicted of any felony or misdemeanor involving moral turpitude.

A true and correct copy of State Farm Lloyds Policy No. 83-J4-5565-2 is attached as Exhibit A.

On March, 1990 I married Carmela Munoz. In 1992 Carmela and I bought a small wood frame home located at 829 W. White St., Raymondville, Texas. I completed remodeling our home in 2002. Our house was originally approximately 1000 square feet living area which I enlarged to approximately 3400 square feet, with central air and heating. I redesigned the entire roof, redid the electrical and plumbing, added a second floor, bricked the exterior and enlarged the garage. At the time of the fire, our home was completely furnished and paid off. At the time of the fire, the value of our home was in excess of $150,000.00.

I was divorced from Carmela Munoz on April 19, 2004.

During the months of October, November and December of 2002, my business, Munoz Roofing and Construction was profitable. My former wife, Carmela, was employed at Watson's City Drug and our bills were minimal. We had paid off our house in March of 2002. Prior to January 1, 2003, our bills were under $1750.00 per month. Carmela and I had an excess of $2350.00 per month to pay our bills.

On January 1, 2003, I was not under any financial stress. In the months of September, October, November and December 2002, I had sufficient cash from my business to buy a new 2003 Ford Expedition for my wife, after trading in our Tahoe on which we owed no money, I bought a color television with cash from at Janos Superstore, and because my former wife, Carmela, and I had finished remodeling and enlarging our home, we bought new dinning room and living room furniture with our good credit.

During December 2002, the Internal Revenue Service filed a tax lien against my business and me. I did not learn of the lien until February 2003, several months after the fire, because the Internal Revenue Service had been sending the notices regarding the lien to a post office box, P.O. Box 280, Raymondville, Texas 78580, which belongs to Karen Barnett, my bookkeeper. Mrs. Barnett did not advise me of this tax lien until February 2003.

On December 26, 2002 my former wife, Carmela Munoz, and my son, Carlos Munoz, left Raymondville for a vacation in Florida in the company of a business associate and friend, Ben Capetillo, and his family. Munoz Roofing employed Mrs.

Capetillo, and Mr. Capetillo and I were working on putting together a partnership. Carmela and Carlos were in Orlando, Florida with the Capetillos on January 1, 2003.

On January 1, 2003 I went to Willamar with my men and finished a roofing job for Mr. Quintanilla. I left Willamar to return to Raymondville, TX shortly after midday. After the roofing job in Willamar, I returned to my shop located at 363 W. Kimball St., Raymondville, Texas 78580. That afternoon while at my shop, my brother Omel Munoz and my employee Jose Trevino grilled some meat. I watched a movie in my office.

During the afternoon of January 1, 2003, at approximately 5:30 p.m., I went to my home at 829 W. White St. in Raymondville, Texas 78580 to feed and water the dogs and to turn on the outside lights. I returned to my shop. Between 7:00 p.m. and 8:45 p.m., I was at my shop.

I did not burn my home at 829 W. White St., nor did I have anyone burn it for me. Carmela did not burn our home nor did she have anyone burn it for her.

On January 2, 2003, I went to the office of Mark Brown, my State Farm Insurance agent. I met and spoke to one of the secretaries and informed her that my home at 829 W. White St., Raymondville, Texas had burned on January 1, 2003. I watched her type my report of the fire and notice of claim into her computer. I was not provided with any written forms or asked to sign a written notice of the claim. I answered the questions asked of me by the secretary, but at no time did I ask or demand insurance benefits.

Later on the same day, Mark Brown visited me at my office. He offered me a check for cloths, food, shelter and incidentals. I did not accept his check and told him that I would wait for the adjuster and the investigation. I appreciated his offer, but I did not need the money at the time.

On January 6, 2003, I met Mr. Lee Olivo, Detective Samuel Adame, Mack Fuller and other individuals at my house. The people with Mack Fuller and Lee Olivo inspected the house. They used a dog to help in the investigation. I was interviewed and recorded by Mack Fuller with Lee Olivo present. At the end of the interview Lee Olivo presented me a $2,500.00 check for clothing. I provided consent to search my home.

On January 13, 2003, I spoke to Lee Olivo regarding the rental expense. I traveled to McAllen, Texas and hand delivered to Mr. Olivo's office the personal property inventory forms that State Farm had requested I complete and return.

On January 17, 2003, I met Lee Olivo at my house. Mr. Olivo asked for my surveillance camera videotape which I gave him. Mr. Olivo also gave me a check for my families' cost of living expenses.

On January 24, 2003, I received a letter from Tom Reed which explained my duties after loss and advised that my claim had been reassigned to him.

On January 28, 2003 I met with Tom Reed. He gave me a letter from Greg Drott. Tom Reed did not tell me that my financial situation was an issue, and he did not ask me to provide any information about my financial conditions or tax returns.

On February 18, 2003, Tom Reed requested a proof of loss and lease agreement.

On February 24, 2003, Tom Reed tape-recorded an interview of Carmela Munoz. On February 25, 2003, Tom Reed tape-recorded an interview of me. On this date, Tom Reed advised me that he would be requesting more information such as receipts, names of witnesses, addresses, phone numbers and financial information. Mr. Reed said he would give me a letter with the list of items he needed.

On March 18, 2003, I received a letter from Tom Reed requesting the information he had mentioned on February 24, 2003. Carmela and I collected all of the responsive information we had and provided it to Mr. Tom Reed on April 22, 2003. That letter was the first specific request for financial information and tax returns.

On April 22, 2003 when Carmela and I provided Tom Reed the information he asked for in his March 18, 2003 letter, I explained that my tax returns were not available and I would give him a copy as soon as my bookkeeper, Karen Barnet, had the tax returns prepared.

On May 14, 2003, I received a letter from Mr. Laurence Kurth in which he explained that my tax returns were not required.

Carmela and I have signed several authorization forms that Tom Reed requested. The first was in February 2003. Mr. Reed provided us with a second authorization form, Carmela and I signed it, and gave it to him during one of our interviews with him. Tom Reed did not take it because he already had one. I kept the signed authorization form. At no time did Carmela or I delay or refuse to sign any authorization forms requested by Tom Reed.

On August 5, 2003, Carmela and I provided State Farm a sworn statement under oath. This statement was conducted by State Farm lawyer, Lawrence Kurth at the office of Mr. Gustavo Ch. Garza. After the depositions were transcribed, Mr. Garza gave me my copy of my statement, and gave Carmela a copy of her statement. During this time Carmela was contemplating divorce. After I read the statement I returned it to Mr. Garza. Carmela did the same. We both signed and approved the statements and returned them to Mr. Garza.

During the 18 months that State Farm investigated the fire at my home prior to the filing of suit, Carmela and I provided State Farm and Tom Reed with all the information we possessed. I could not provide my income tax returns for the years of 1999, 2000, 2001, 2002 and 2003, because I did not have them. I did however produce to State Farm, its accountant, and Tom Reed, all of my business receipts for the same years.

145484v1   097/24101

State Farm did not request any financial information from me needed for the investigation within 15 days from the date I gave their agent personal notice of the claim, and did not specify what information it wanted for over 50 days after I gave them personal notice of the claim and had been interviewed by Mack Fuller, Lee Olivo and Tom Reed.

I fully cooperated with the Raymondville Police Department and the State Fire Marshall's office.

This Statement is true and correct to the best of my knowledge.

Luis C. Munoz

SWORN TO AND SUBSCRIBED BEFORE ME by Luis C. Munoz on this the 29th day of September, 2005.

VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007

Notary Public:
Commission Expires: 9-2-07

145484v1  097/24101