IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS | § § § | |
| Defendant. | § § | |

## ORDER ON MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

BE IT REMEMBERED that on October 5, 2005, the Court **GRANTED** the Plaintiffs' Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment. Dkt. No. 47.

### I.   Procedural Background

The motion presently before the Court requests an extension of time for the Plaintiff to respond to Defendant's motion for summary judgment. Dkt. No. 47. The Court recognizes that this motion requires amendment of the pretrial scheduling order, as Plaintiffs' seek to extend the deadline for discovery as well as the time to respond to the summary judgment motion.[1] *Id.* at ¶ 8. Therefore, the Court will consider it as a motion to amend the scheduling order.

The relevant procedural history for present purposes begins shortly before Defendant State Farm Lloyds ("State Farm") filed its motions for partial summary

---

[1] The parties would be well advised to take note that they may not amend the court's scheduling order, including such things as extending the discovery deadline, without good cause and the permission of the Court. *See* Fed. R. Civ. P. 16(b).

judgment and for summary judgment. See Dkt. Nos. 41, 42, 43. Prior to the filing of these motions, Plaintiffs informed Defendant of their intention to depose Tom Reed, State Farm's lead investigator. Dkt. No. 47, ¶ 4. Plaintiffs need to depose Mr. Reed arose from his affidavit taken on September 2, 2005 — the final day for discovery. Dkt. No. 47, ¶ 2. At that time, Defendant agreed to extend the time for discovery. Dkt. No. 43, ¶ 2. Furthermore, Defendant did not agree to produce Mr. Reed for deposition until October 7, 2005, which was later moved to October 20, 2005. Dkt. No. 47, ¶¶ 4, 5. Plaintiffs now request an extension of time in which to file responses to the summary judgment motions, so that they may depose Mr. Reed prior to the deadline. Dkt. No. 47, ¶ 8.

## II.   Discussion

Amendment of a court's scheduling order is governed by the Federal Rules of Civil Procedure. "Both Rule 16 and the Reform Act clearly establish that district judges are under an obligation to manage civil cases to ensure, in part, their speedy resolution." Chiropractic Alliance of N.J. v. Parisi, 164 F.R.D. 618, 621 (D.N.J. 1996). Under Rule 16, "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge." Fed. R. Civ. P. 16(b).

As a preliminary matter, "[t]he 'good cause' standard focuses on the diligence of the party seeking an extension of pretrial deadlines." Alton Crain v. Texas Can!, 2005 U.S. Dist. LEXIS 17111, *4 (N.D. Tex. 2005) (citation omitted); see also Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am., 2005 U.S. App. LEXIS 19698, *28 (7th Cir. 2005) ("Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking amendment." (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). Absence of prejudice to the non-moving party is not sufficient to establish good cause. See Alton Crain, 2005 U.S. Dist. LEXIS at *4; Jones v. J.C. Penney's Dep't Stores, Inc., 2005 U.S. Dist. LEXIS 17464, *4 (W.D.N.Y. 2005). Rather, the moving party must show that, despite acting diligently, it was still (or will still be) unable to meet the deadline.

In this case, Plaintiffs present two possible bases for establishing good cause to

amend the scheduling order — Plaintiffs' reliance on Defendant's agreement to change the deadline and Plaintiffs' need to depose Mr. Reed prior to submitting their responses.  Dkt. No. 47, ¶ 2 & n.1.  The Court finds that the second reason, to depose Mr. Reed, provides good cause for an extension of the deadline.[2]

      Defendant did not take Mr. Reed's affidavit until September 2, 2005.  Dkt. No. 42, Appx. A.  That date was the discovery deadline set by this Court.  Dkt. No. 22.  This affidavit was then submitted by Defendant as support for its motion for summary judgment.  Dkt. No. 42.  Because the affidavit was not taken until the day that discovery was to end, Plaintiffs received no opportunity to depose Mr. Reed after his affidavit was taken.  Furthermore, acting under the erroneous belief that their agreement with Defendant to extend the discovery deadline was valid, Plaintiffs attempted to schedule Mr. Reed's deposition prior to their deadline for responding to Defendant's motions.  Dkt. No. 47, ¶ 4.  However, Defendant did not agree to produce Mr. Reed at a date prior to the September 29 and October 5 deadlines.  *Id.* at ¶ 4.  Therefore, Plaintiffs now must request an extension of these deadlines, as well as an extension of the discovery deadline, so that they may depose Mr. Reed prior to responding to Defendant's motions for summary judgment.  Because (1) Plaintiffs attempted to depose Mr. Reed as soon as practicable after learning of his affidavit and (2) Defendants failed to produce Mr. Reed prior to Plaintiffs' deadline for responding to the summary judgment motions, this Court finds that Plaintiffs have established good cause for amending the scheduling order and it grants leave to do so.  Therefore, this Court will grant leave for Plaintiffs to depose Mr. Reed and the other State Farm employees scheduled to be deposed and will extend Plaintiffs' deadline to respond to Defendant's motions to October 26, 2005.

---

      [2]Plaintiffs' first reason, that they acted in reliance on Defendant's agreement to change the submission date, does not provide good cause.  The parties may not agree to amend the scheduling order without the Court's leave.  *See* Fed. R. Civ. P. 16(b).  Therefore, any reliance on an oral agreement to make such a change is misplaced, and Plaintiffs cannot establish good cause for an extension of a deadline on this basis.

### III. Conclusion

For the foregoing reasons, the Court **GRANTED** the plaintiffs' Motion to Extend Time to Respond to Defendant's Motion for Summary Judgment.  Dkt. No. 47.

FURTHERMORE, the Court **GRANTED** leave to Plaintiffs to depose Tom Reed and the other State Farm employees currently scheduled for deposition.

FURTHERMORE, the Court **ORDERED** Plaintiffs to submit responses to Defendant's motions for summary judgment no later than 5:00 p.m. on Wednesday, October 26, 2005.

DONE at Brownsville, Texas, this 5th day of October 2005.

*Hilda Tagle*

---

Hilda G. Tagle
United States District Judge