IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | |
|---|---|
| LUIS C. MUNOZ and CARMELA MUNOZ<br>　　　　Plaintiffs, | )<br>)<br>)<br>) |
| | ) CIVIL ACTION NO. B-04-141 |
| v. | )<br>)<br>) |
| STATE FARM LLOYDS, | )<br>) JURY DEMANDED |
| 　　　　Defendants, | )<br>) |

## PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLYODS' PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS SUBJECT TO MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT STATE FARM LLOYDS' MOTIONS FOR SUMMARY JUDGMENT

　　　　Plaintiffs Luis C. Munoz and Carmela Munoz ("Munoz"), subject to their motion to extend time to respond to Defendant State Farm Llyods' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims ("State Farm's Motion"), state as follows:

　　　　1.　　The critical summary judgment evidence submitted by Defendant State Farm Lloyds ("State Farm") in support of this motion is flatly incompetent[1]. Such incompetent summary judgment evidence does not negate any essential element of Munoz's claim nor shift the burden of proof to Munoz to go beyond the pleadings and produce evidence raising a genuine issue for trial.

　　　　2.　　The attached affidavits of non-parties, Luis and Carmela Munoz, and additional persons, which are respectively Exhibits A through O, raise material fact questions concerning State Farm's unsupported conclusion that it statutory and contractual obligation to attempt, in

---

[1] See Plaintiffs' Objections to Defendant State Farm Lloyds' Evidence for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims, a true and correct copy of which is attached as Exhibit A.

145481v1 097/24101


EXHIBIT A

good faith, to effectuate a prompt, fair and equitable settlement of Munoz's claim never became reasonably clear. Said affidavits show that: (a) the lead investigator for State Farm, Tom Reed, has willfully fabricated material portions of State Farm's purported investigation of the fire and has falsely sworn under oath as to such fabrications in his affidavit submitted as Exhibit A to State Farm's Motion[2]; (b) State Farm failed to determine if the debts alleged to be the basis of a financial motivation were known to Munoz at the time of the fire; (c) State Farm failed to interview key witnesses to whereabouts of Munoz on day of fire; (d) State Farm failed to interview key creditors of Munoz to determine his financial condition; (e) Munoz was not in poor financial condition at the time of the fire; (e) Munoz fully cooperated with all reasonable requests for existing financial documentation requested by State Farm; (f) State Farm denied Munoz's claim, without any reference to this civil action, after two years of investigation, and after the State of Texas had determined that there was no probable cause to indict Luis C. Munoz for arson.

3. Plaintiffs request oral arguments.

Respectfully submitted,

Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

---

[2] Non-parties Raul Pena, Sr. ("Pena"), Karen Barnett of Barnett's Bookkeeping ("Burnett"), and Detective Armin Martinez of the Raymondville Police Department ("Detective Martinez") all deny that the purported interviews and events alleged by Tom Reed in paragraphs 6, 7, and 10 of the Affidavit of Tom Reed ("Reed Affidavit") occurred.

145481v1  097/24101

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-1000 Fax
TX State Bar No. 17404500
GA State Bar No. 620170
Admitted Pro Hoc Vice

145481v1  097/24101

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLYODS' PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS SUBJECT TO MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT STATE FARM LLOYDS' MOTIONS FOR SUMMARY JUDGMENT upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Warren Taylor, Esq.
> Taylor & Taylor
> 815 Walker Street
> Suite 250
> Houston, TX 77002-6707
>
> Rene O. Oliveira
> Roerig, Oliveira & Fisher, LLP
> 855 West Price Road
> Suite 9
> Brownsville, TX 78250-8718

This 29th day of September 2005.

> _____
> Gustavo Ch. Garza
> 705 West Highway 100
> Suite A
> Los Fresnos, Texas 78566
>
> (956) 689-9040 Tel.
> (956) 689-6468 Fax.
> State Bar No. 07731700
> Federal Id No. 3946

145481v1   097/24101



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ and CARMELA MUNOZ<br>    Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>    Defendants, | )))))))))) | CIVIL ACTION NO. B-04-141<br><br><br><br>JURY DEMANDED |

### PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLYODS' SUMMARY JUDGMENT SUBJECT TO MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT STATE FARM LLOYDS' MOTIONS FOR SUMMARY JUDGMENT

Plaintiffs Luis C. Munoz and Carmela Munoz ("Munoz"), subject to their motion to extend time to respond to Defendant State Farm Llyods' Motion for Summary Judgment ("State Farm's Motion"), state as follows:

### A.

### PLAINTIFFS' OBJECTIONS TO DEFENDANT STATE FARM LLYODS' SUMMARY JUDGMENT EVIDENCE

1.    Exhibit A to State Farm's Motion, the Affidavit of Tom Reed ("Reed Affidavit"), and specifically paragraph 32 of the Reed Affidavit, is offered by Defendant State Farm Lloyds ("State Farm") to prove the truth of the matters asserted. Said affidavit testimony purportedly recounts unsworn, out-of-court oral or written assertions or non-verbal conduct by *non-party declarant* Karen Barnett of Barnett's Bookkeeping ("Barnett"). Such affidavit testimony is hearsay under Fed. R. Civ. Evid. 802, and is not admissible under any provision of Fed. R. Civ.

OCT 4 2005

145485v1  097/24101

Evid. 803 or 804. Moreover, such affidavit testimony is not subject to the residual exception under Fed. R. Civ. Evid. 807 because the unsworn statements offered by Tom Reed do not have equivalent circumstantial guarantees of trustworthiness, and are not more probative than other evidence that State Farm Lloyds could have procured through reasonable efforts, such as an affidavit or deposition.

### B.

### FACTS RELATING TO STATE FARMS REQUESTS FOR DOCUMENTS

2.  State Farm issued State Farm Lloyds Policy No. 83-J4-5565-2 ("Policy") to Munoz insuring their home at 829 West White Ave., Raymondville, Texas ("Insured Premises") against loss by fire. On January 1, 2003 the Policy was in full force and effect. A true and correct copy of the Policy is attached to the *Affidavit of Luis Munoz ("Munoz Aff.") as Exhibit A*.

3.  On January 1, 2003 a fire was set at the Insured Premises. Munoz did not set it, and was not responsible for setting it. See the *Affidavit of Willacy County, Texas District Attorney, Juan Angel Guerra, p. 1; Munoz Aff., p. 2; Affidavit of Camela Munoz, p.1; and Affidavit of Omel Munoz, p.1.* Munoz reported the fire to his State Farm agent on January 2, 2003, and made a claim, in person, at the office of his State Farm agent, Mark Brown, on January 2, 2003. *Munoz Aff. p. 2.*

4.  On January 1, 2003, Plaintiffs were not in poor financial condition, knew of no pressing, material debts or financial obligations which he could not readily pay from the income he and his then wife earned, had recently completed, renovation, remodeling and enlarging the Insured Premises, and had paid all outstanding debt relating to their home. *Affidavit of Martha Galarza, p. 1; Affidavit of Karen Barnett, p. 1; Munoz Aff., p. 1.*

145485v1  097/24101

5.  State Farm, despite having begun its investigation on January 2, 2003,[1] breached the terms, spirit and intent of Policy by failing to specify information Munoz was required to provide to State Farm within **15 days** of receipt of notice of the claim.[2]. In fact, State Farm failed to specify any information to be provided to State Farm until March 18, 2003, over **70 days** after State Farm commenced its investigation.[3]. On March 18, 2003, State Farm finally requested documents, but failed to request any financial documents, other than tax returns, despite having already determined that arson was the likely cause of the fire.[4]

6.  Two months later, on May 14, 2003, after **133 days** had passed since its investigation had commenced, State Farm, for the first time, requested documents reflecting Munoz's financial condition and income.[5]

7.  On April 22, 2003, while working diligently to provide State Farm with the documents requested, Munoz advised State Farm in writing that his bookkeeper had not prepared the requested tax returns, and that those returns would be provided when they were prepared. *Munoz, Affidavit, p. 3.* State Farm, knowing that the requested tax returns were not available, waited three months, until August 26, 2003[6] to request other information from which State Farm could access Luis C. Munoz's business income.

8.  In mid-January 2004,[7] nine months after Munoz advised State Farm that tax returns were not available, State Farm finally asked to review the business records of Luis C. Munoz that were in the possession of the bookkeeper. Munoz promptly offered three dates to

---

[1] Exhibit A, State Farm's Motion, p. 1, ¶3.
[2] Exhibit A, State Farm Lloyds Policy No. 83-J4-5565-2, Section I – Conditions, 14. Our Duties After Loss, which states that "[w]ithin 15 days after we receive your written notice of claim, we must: (1) acknowledge receipt of the claim...; (2) begin any investigation of the claim; (3) **specify the information you must provide in accordance with "Your Duties After Loss"**...
[3] Exhibit D, State Farm's Motion, pp. 1-3.
[4] Exhibit C, State Farm's Motion, p. 1.
[5] Exhibit H, State Farm's Motion, p. 2.
[6] Exhibit O, State Farm's Motion, pp. 1-3.
[7] Exhibit X, State Farm's Motion.

State Farm for that review in early February 2004[8]. At that review the bookkeeper failed to present organized records.[9] Munoz thereafter dismissed the bookkeeper, recovered the business records, had the records organized by his counsel, and produced such records to State Farm on March 29, 2004.

9.    No one from State Farm requested that Munoz's counsel send the documents to a third party copy service for reproduction. *Affidavit of Veronica Coronado ("Coronado Aff."), p. 1.*

10.    Tom Reed, after inspecting the business records at length on March 29, 2004 demanded that all of the documents, which comprised two boxes of receipts, be copied by Munoz and sent to him. Mr. Reed did not attempt to copy any of the business records. *Affidavit of Coronado Affidavit, p. 1.*

11.    On April 5, 2005, Munoz, in response to State Farm's request that Munoz copy the business records themselves, offered to allow State Farm to copy the documents at Munoz's counsel's office using their own equipment and personnel. State Farm did not respond to that offer, request the documents be sent to a third party for copying, or make any other arrangements to copy the business records at issue. At no time did Munoz refuse to allow State Farm to copy the business records that Tom Reed inspected at length on March 29, 2004.[10]

12.    On May 4, 2004, without any further request for documents forthcoming from State Farm, Plaintiffs filed suit seeking damages for engaging in unfair settlement practices in for, inter alia, failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim once Defendant's liability became reasonably clear; failing to affirm or deny coverage within a reasonable time, and unreasonably delaying an offer of

---

[8] Exhibit Y, State Farm's Motion.
[9] Exhibit Z, State Farm's Motion
[10] Exhibit CC, State Farm's Motion, pp. 1-2.

settlement by contending that Munoz was responsible for the loss. Munoz also brought suit for breach of contract and breach of the duty of good faith and fair dealing.

13. On January 11, 2005, Defendant finally denied Plaintiffs' claim[11] stating that, among other purported reasons, Munoz had not complied with policy conditions in providing pertinent documents and information. Tom Reed, State Farm's lead investigator swore under oath[12] on September 9, 2005 that the only documents that State Farm was "still waiting for Mr. and Mrs. Munoz to provide copies of" were "personal and financial records, Mrs. Munoz's calendar book, all contracts or agreements regarding partnership agreements with Ben Capetillo, all of Mrs. Munoz's employment records, including requests for vacation or sick leave, and documents specifically identifying Mrs. Munoz and evidencing that she was in Florida at the time of the fire.[13]

14. The "personal and financial records" were provided to State Farm for review or, in the case of the tax returns, were not available to be copied. State Farm was provided all existing, requested financial documents, but chose not to copy them. *Munoz Affidavit, p.3*. The Policy only requires that State Farm be permitted to copy records; it does not require that the insured make copies themselves.[14].

15. There are no partnership agreements with Ben Capetillo, a fact which State Farm knew months earlier by reason of the statement under oath given to State Farm on August 5, 2003 by Munoz. *Munoz Affidavit, P 3.*

---

[11] Exhibit DD, State Farm's Motion, pp. 1-3.
[12] See Affidavits of Non-parties Raul Pena, Sr. ("Pena"), Karen Barnett of Barnett's Bookkeeping ("Burnett"), and Detective Armin Martinez of the Raymondville Police Department ("Detective Martinez") evidencing that Tom Reed swore falsely in paragraphs 6, 7, and 10 of the Affidavit of Tom Reed ("Reed Affidavit"), which is Exhibit A to Defendant State Farm Llyods' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims.
[13] See Exhibit A, State Farm's Motion, p. 6, ¶39.
[14] Exhibit A, State Farm Lloyds Policy No. 83-J4-5565-2, Section I – Conditions, 2. Your Duties After Loss, which states that "After a loss to which this insurance may apply, you shall see that the following duties are performed . . . provide us with records and documents we request and **permit us to make copies** . . .

16. Carmela Munoz, as requested by State Farm, signed and delivered several releases permitting State Farm to directly obtain the employment records of Mrs. Munoz, including any requests for vacation or sick leave. *Munoz Affidavit, p. 3.*

17. Finally, Munoz did provide documents specifically identifying Mrs. Munoz and evidencing that she was in Florida at the time of the fire. *Munoz Affidavit, P. 3.*

## C.

## MATERIAL ISSUES OF FACT PRECLUDING SUMMARY JUDGMENT EXIST

18. The attached affidavits, which are respectively Exhibits A through O to this response, raise material fact questions concerning State Farm's unfounded conclusion that Munoz failed to comply with any policy condition claimed by State Farm to be a condition precedent to coverage, and specifically raise material fact questions concerning State Farm's claim that Munoz failed to provide State Farm with an opportunity to review and obtain any documents relevant to the fire.

19. Said affidavits show that: (a) State Farm breached its own obligation under the insurance policy by failing to timely request documents relevant to the fire[15]; (b) State Farm was given an opportunity to review and obtain copies of all documents relevant to the fire within the possession, custody and control of Munoz; and (c) Munoz complied to the best of their ability with every request made by State Farm for documents relevant to the fire.

---

[15] See Exhibit A to Affidavit of Luis Munoz, State Farm Lloyds Policy No. 83-J4-5565-2, Section

145485v1  097/24101

### D.

### ARGUMENT AND AUTHORITY

20. As an initial matter, the construction of the Policy is generally against the insurer. *Ramsay v. Maryland American General Ins. Co.*, 533 S.W.2d 344 (Tex.1976) (The policy of strict construction against the insurer is especially strong when the court is dealing with exceptions and words of limitation).

21. State Farm asks the Court, based on its lengthy interpretation of the holding of *Griggs v. State Farm Lloyds*, 181 F.3d 694 (5th Cir. 1999), to declare that the Policy requires that Munoz was required to provide any document requested by State Farm, of any kind, whether related to the value of the loss or otherwise, and that failure to meet this open-ended 'condition precedent' bars Munoz from policy benefits. State Farm Motion, pp. 11-14.

22. *Griggs* actually stands only for the proposition that failure to provide documents supporting the *value of a loss under a personal articles policy* is a condition precedent to receiving benefits under a personal articles policy for that loss. See, *Griggs*, 181 F.3d at 703. If the holding in Griggs were as State Farm claims, State Farm (and every other insurer) would never be required to pay a claim, so long as any document requested by it, of any kind, whether related to the value of the loss or otherwise, relevant or otherwise, had not been provided to it and copied. Griggs does not stand for that proposition, and there is no authority for that proposition. Accordingly, State Farm had failed to establish that Munoz failed to meet any condition precedent to payment of benefits under the Policy.

23. Notably, State Farm also misstates other authority cited in its motion.[16] The principal case cited by State Farm for the proposition that failure to comply with a condition

---

[16] State Farm's Motion, pp. 10-11.

precedent is fatal to an insured's claim[17] actually holds that failure to comply with the policy's requirement as to proof of loss may constitute a reasonable basis for denial of the claim, and the question of reasonable basis for denial must be judged by the facts before the insurer at the time the claim was denied. *Viles* further holds that "[w]hile the failure to file a proof of loss, if not waived by the insurer, bars a breach of contract claim, it is not controlling as to the question of breach of the duty of good faith and fair dealing," and the "special relationship" between the insured and insurer imposes on the insurer a duty to investigate claims thoroughly and in good faith, and to deny those claims only after an investigation reveals there is a reasonable basis to do so. Id. It does not hold, as State Farm claims, that failure to comply with a condition precedent is fatal to an insured's claim.

24.    State Farm's competent summary judgment evidence, in combination with the summary judgment proof of Munoz, actually establishes that Mr. Munoz did provide and permit State Farm to copy all requested documents within their possession, custody and control, all be it slowly at times, and did not fail to provide any document related to *the value of their loss from fire*. Moreover, the summary judgment evidence of State Farm shows that State Farm breached its own duties to promptly specify and request documents, and repeatedly delayed, sometimes for months, asking for documents that it now claims were critical to its investigation.

25.    There is no term in the Policy that requires Munoz to produce the documents in a time frame acceptable to State Farm, no term that requires Munoz to provide documents that they do not have, and no term that requires Munoz to copy documents themselves. The gist of State Farm's Motion is that Munoz was not prompt, did not provide documents that he did not have, and did not copy documents for them. These are not grounds, at summary judgment or trial, to deny Munoz the benefits of the Policy.

---

[17] *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990).

145485v1   097/24101

E.

## CONCLUSION

26. Accordingly, State Farm's Motion does not establish, by competent summary judgment evidence, or as a matter of law based on the evidence available to this Court, that Munoz failed to comply with a policy condition excusing State Farm from its duty to provide benefits to Munoz under the Policy.

F.

## PRAYER

27. Plaintiffs Luis C. Munoz and Carmela Munoz pray that State Farm's Motion be denied, and for all other relief to which Plaintiffs Luis C. Munoz and Carmela Munoz are entitled.

Respectfully submitted,

_____
Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

[Signatures continued on next page]

145485v1  097/24101

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-1000 Fax
TX State Bar No. 17404500
GA State Bar No. 620170
          Admitted Pro Hoc Vice

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLYODS' SUMMARY SUBJECT TO MOTION TO EXTEND TIME TO RESPOND TO DEFENDANT STATE FARM LLOYDS' MOTIONS FOR SUMMARY JUDGMENT upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

> Warren Taylor, Esq.
> Taylor & Taylor
> 815 Walker Street
> Suite 250
> Houston, TX 77002-6707
>
> Rene O. Oliveira
> Roerig, Oliveira & Fisher, LLP
> 855 West Price Road
> Suite 9
> Brownsville, TX 78250-8718

This 3rd day of October 2005.

_____
Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566

(956) 689-9040 Tel.
(956) 689-6468 Fax.
State Bar No. 07731700
Federal Id No. 3946

145485v1   097/24101