United States District Court
Southern District of Texas
FILED

NOV 2 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | C.A. NO B-04-141 |
| VS. | § § § | |
| STATE FARM LLOYDS | § | |

### DEFENDANT STATE FARM LLOYDS' MOTION FOR
### LEAVE TO SUPPLEMENT SUMMARY JUDGMENT RECORD

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds moves for leave to supplement the summary judgment record as follows:

1. This is a fire case with allegations of "bad faith." State Farm has moved for summary judgment (based on Munoz's non-compliance with policy terms) for partial summary judgment on the "bad faith" and related statutory claims (on the grounds liability is not reasonably clear), and for partial summary judgment on the slander claims (as being barred by limitations and not a factual statement capable of being slander). Plaintiffs have not responded to the slander Motion.

2. Plaintiffs' Responses to the Motion for Summary Judgment and Partial Summary Judgment contain statements that are so incomplete as to be misleading, and are based in part on affidavits that the affiants themselves have now agreed are incorrect. State Farm moves to supplement the Summary Judgment and Partial Summary Judgment records to include:

Exhibit No. 1:    Affidavit of Jay Evans, Deputy State Fire Marshal;

Exhibit No. 2:    Affidavits of Christopher B. Godsey and Deborah Moret, and a State Farm long distance telephone record;

Exhibit No. 3:    Taylor & Taylor log of documents produced by Plaintiffs;

Exhibit No. 4:    Affidavit of Sharri Winn;

Exhibit No. 5:    Deposition testimony of Plaintiff Luis Munoz;

Exhibit No. 6:    Deposition testimony of Yolanda Perez;

Exhibit No. 7:    Deposition testimony of Raul Pena; and

Exhibit No. 8:    Deposition testimony of Karen Barnett.

3.  The purpose of each item is to address assertions made in Plaintiffs' Responses, and to clarify portions of the summary judgment record.

**Exhibit No. 1:    Affidavit of Jay Evans, Deputy State Fire Marshal.**

4.  The issue in Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims is whether liability has become reasonably clear. In their Response, Plaintiffs argue that since Luis Munoz was "no-billed" by a Willacy County grand jury, liability is reasonably clear and State Farm had to pay the claim.

5.  However, state grand jury proceedings in Texas are secret. Tex. Code. Crim. P. Art. 20.02(a). Thus, neither this Court nor the parties know what evidence, if any, was presented to the grand jury, nor what recommendations, if any, the district attorney made. In other words, no one knows if the issue of Mr. Munoz's criminal guilt was fully and fairly presented.

6.  More importantly, it is the State Fire Marshal who is the authority having jurisdiction. Tex. Gov't. Code §417.004(b). The State Farm Marshal's office was not consulted, did not know about, and did not participate in the grand jury proceedings. Affidavit of Jay Evans, Exhibit A, ¶8. State Farm offers the Affidavit of Jay Evans to demonstrate the following undisputed facts:

   a.   The State Farm Marshal did not participate in the Willacy County proceedings;

   b.   The State Farm Marshal considers the criminal investigation to be open; and

   c.   The State Farm Marshal considers Mr. Munoz a "primary suspect."

Exhibit A, ¶10.

7.  These undisputed facts, standing alone, demonstrate as a matter law that liability on the claim is not reasonably clear, and State Farm is entitled to summary judgment on the bad faith and related statutory claims.

**Exhibit No. 2:   Affidavits of Christopher B. Godsey and Deborah Moret and a State Farm long distance record.**

8.  In Plaintiffs' Responses, they provide affidavit testimony from Karen Barnett, Luis Munoz's bookkeeper, denying she "met with" Tom Reed on August 23, 2003, or otherwise discussed Munoz's financial situation. State Farm moves to supplement the summary judgment record with its long distance telephone record showing that on August 23, 2003, Tom Reed had a five minute telephone call with Ms. Barnett. Exhibit B; record; Affidavits of Christopher B. Godsey and Deborah Moret. Although whether Reed spoke to Ms. Barnett that day is not a material fact question, State Farm offers the record to conclusively rebut the claim that Reed "fabricated" his log entry of a conversation with Barnett that day.[1]

**Exhibit No. 3:   Taylor & Taylor log of documents produced by Plaintiffs.**

9.  Undersigned counsel maintains a log of all documents received from Plaintiffs. In their Responses, Plaintiffs continue to assert they have produced all of their records. However, Mr. Munoz has testified he now has all of his bank records for 2002 (the year before the fire), and although requested in this case (State Farm's First Request for Production to Plaintiff Luis C.

---

[1] Reed's Affidavit states he "met with" Ms. Barnett on August 23, 2003. Counsel for State Farm agrees that "met with" is a poor word choice to the extent it implies an in person meeting, as opposed to meeting over the telephone. Reed's log entry for that date and the State Farm records indicate the meeting was by telephone. When confronted with the phone record, Barnett admitted she probably spoke to Reed that day.

3

Munoz, Request No. 15, attached), has still not produced the bank records for Munoz Roofing (his sole source of income) for the two months immediately prior to the fire.

10. State Farm offers this log as evidence of Munoz's non-compliance both with policy terms, and the federal discovery rules.

**Exhibit No. 4:    Affidavit of Sharri Winn.**

11. Ms. Winn is the Taylor & Taylor paralegal who tracks incoming documents in this case. She prepared the log referred to above, and verifies that Munoz Roofing bank records for the two months prior to the fire have never been produced by Plaintiffs.

**Exhibit No. 5:    Deposition testimony of Plaintiff Luis Munoz.**

12. Mr. Munoz claims in his Responses that he fully complied with State Farm's requests for financial information. However, in his deposition, he admitted his financial condition was relevant to the investigation, that State Farm could not know his financial condition without knowledge of his income, and that he never provided income records, such as bank statements, before filing suit. He also testified he now has bank records for the entire 2002 calendar year. State Farm offers this and other testimony from his deposition on the issue of non-compliance with both the policy and the federal rules of discovery.

**Exhibit No. 6:    Deposition testimony of Yolanda Perez.**

13. Contrary to the affidavit prepared and filed by Plaintiffs' counsel, Ms. Perez admits she did meet with Reed and provide him records regarding Munoz. State Farm offers her deposition testimony in support of its Motion for Partial Summary Judgment and in support of its Motion to Exclude Affidavits.

**Exhibit No. 7:**     **Deposition testimony of Raul Pena.**

14.     Contrary to the affidavit prepared and filed by Plaintiffs' counsel, Mr. Pena now admits he may have met with Mr. Reed, and that the business cards in Reed's file are his, which he could only have gotten in 2003 from Pena's Tire Shop (Pena uses a different card now).  State Farm offers the deposition in support of its Motion for Partial Summary Judgment and its Motion to Exclude Affidavits.

**Exhibit No. 8:**     **Deposition testimony of Karen Barnett**.

15.     Although Ms. Barnett for the most part stands by her affidavit, she now admits (when confronted with the long distance phone record) that she may have spoken with Reed by telephone on August 12, 2003, and that she, in fact, has a telephone log that State Farm called and spoke to her that day.  State Farm offers the deposition in support of the Motion for Partial Summary Judgment and Motion to Exclude Affidavits.

## STATEMENT OF GOOD CAUSE

16.     Good cause exists to supplement the record due to statements made in Plaintiffs' Responses and in the affidavits attached thereto, which need to be rebutted in the interest of justice.

WHEREFORE, Defendant State Farm Lloyds prays this Motion be granted, that Exhibits 1 through 8 be included in the summary judgment record, that its Motion for Summary Judgment, Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims, and Motion for Partial Summary Judgment on Plaintiff Luis C. Munoz's Claim for Slander Per Se be granted, and for such other relief to which it may be entitled.

                                      Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: _/s/ Rene O. Oliveira for_
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

### CERTIFICATE OF CONFERENCE

I hereby certify that I have conferred with Plaintiff's counsel regarding the subject matter of the preceding Motion, and this Motion is opposed as to the Deputy Fire Marshal (on the ground Plaintiffs have had no opportunity to depose him), and as to the production log and affidavit (which Plaintiffs have not yet seen). The Motion regarding the depositions is unopposed.

_/s/ Rene O. Oliveira for_
Warren Taylor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Motion for Leave to Supplement Summary Judgment Record has been forwarded to all counsel of record by certified mail, return receipt requested, on this 22nd day of November, 2005.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, GA 30303-1227

_____
Warren Taylor

7