United States District Court
Southern District of Texas
FILED

NOV 2 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | C.A. NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | |

### DEFENDANT STATE FARM LLOYDS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE (EXTRA-CONTRACTUAL MOTION FOR PARTIAL SUMMARY JUDGMENT)

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds files its Response to Plaintiffs' Objections to the summary judgment evidence offered in support of Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims as follows:

1. Plaintiffs have lodged objections to almost all of State Farm's summary judgment evidence, mostly on either hearsay or predicate grounds. Given the issues presented in the summary judgment and the limited purpose of State Farm's offer of evidence, the objections are not well taken and should be overruled.

2. The issue presented in State Farm's Motion for Partial Summary Judgment is not whether Mr. Munoz set the fire, but rather whether State Farm's liability ever became reasonably clear. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 56 (Tex. 1997). As the Texas Supreme Court has stated, whether State Farm's liability was clear "must be judged by the facts before the insurer at the time of the denial."[1] *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990), emphasis

---

[1] Since Plaintiffs filed suit before a claim decision, the time of suit controls, as Plaintiff contends State Farm should have paid by that point.

added. The purpose of the evidence attached to State Farm's Motion for Partial Summary Judgment is not to prove the truth of each of the matters asserted therein, but to prove the information before State Farm at the time it was attempting to investigate the claim. Accordingly, the exhibits and statements therein are not hearsay. (Rule 801(c)).

    3.    The following chart shows the State Farm affidavit or exhibit, the objections thereto, and why the objections are not valid:

| Evidence | Plaintiffs' Objections | State Farm's Response |
|---|---|---|
| Exhibit A:<br>Reed Affidavit (paragraphs 6, 7 and 10) | Hearsay | Not hearsay: not offered for the truth of the statements of other witnesses contained in the affidavit; offered to show information in the possession of State Farm that led to further investigation. |
| Exhibit F:<br>(National Loss Consultants Fire Report) | Hearsay<br>No predicate for expert testimony under Rule 702. | Not hearsay (see above).<br><br>Not offered as expert testimony; offered to show information before State Farm at time of investigation. |
| Exhibit S:<br>Lee Olivo Affidavit (paragraph 5) | Hearsay | Not hearsay (see above). |
| Exhibit W:<br>Bryan Robinson Affidavit (paragraph 4) | Hearsay | Not hearsay (see above). |
| Exhibit X:<br>(NFPA 921) | Learned treatise "not admissible and cannot be received as an exhibit" | Rule 803(18) expressly states learned treatises <u>are</u> evidence. The document simply does not go to the jury. However, it stays in the record, and may be admitted into evidence and |

| Evidence | Plaintiffs' Objections | State Farm's Response |
|---|---|---|
| | | read to a jury. |
| Exhibit G: Armstrong Report | Hearsay No predicate. | Not hearsay (see above). Not offered as expert testimony; offered to show information before State Farm at time of investigation. |
| Exhibits B, C, D, E, H, I, J, K, L, M, N, O and P | Hearsay | Not hearsay: not offered for the truth of the statements of other witnesses contained in the affidavit; offered to show information in possession of State Farm that led to further investigation. |
| Exhibit Y: Plaintiffs' Original Petition | Hearsay | Not hearsay: offered to show date suit filed; in any event, admission by party opponent (Rule 801(d)(2)). |
| Exhibit Z: Letter from State Farm counsel | Hearsay | Not hearsay: not offered for the truth of the statements in the letter offered to show State Farm request for information. |
| Exhibit AA: Letter from Plaintiffs' counsel to State Farm | Hearsay | Not hearsay; offered to show non-compliance; in any event, admission by party opponent (Rule 801(d)(2)). |

WHEREFORE, Defendant State Farm Lloyds respectfully asks the Court to overrule Plaintiffs' objections, grant its Motion for Partial Summary Judgment, and for all other relief to which State Farm may show itself justly entitled.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: _/s/ Rene O. Oliveira for_
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Response to Plaintiffs' Objections to Summary Judgment Evidence (Extra-Contractual Motion for Partial Summary Judgment) has been forwarded to all counsel of record by certified mail, return receipt requested, on this 22nd day of November, 2005.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, GA 30303-1227

_____
Warren Taylor