**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

NOV 2 3 2005

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | C.A. NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | |

**DEFENDANT STATE FARM LLOYDS' REPLY TO**
**PLAINTIFFS' AMENDED RESPONSE TO DEFENDANT**
**STATE FARM LLOYDS' PARTIAL SUMMARY JUDGMENT**
**ON PLAINTIFFS' EXTRA-CONTRACTUAL CLAIMS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds Replies to Plaintiffs' Amended Response to Defendant State

Farm Lloyds' Partial Summary Judgment on Plaintiff's Extra-Contractual Claims as follows:

**INTRODUCTION**

1.     This is a suit arising out of an intentionally set fire at Plaintiffs' residence. State Farm

has moved for partial summary judgment on Plaintiffs' extra-contractual claims on the grounds its

liability has never become reasonably clear. Plaintiffs' Response, while creating a fact question as to

whether Munoz set the fire, does not raise a material fact question on the core issue: whether it was

reasonable for State Farm to investigate whether Munoz was involved in the fire. Accordingly, State

Farm's Motion should be granted.

**ARGUMENT AND AUTHORITIES**

2.     In their Response, Plaintiffs argue well beyond the evidence before this Court. In

fact, their Response is based in part on affidavits prepared by Plaintiffs' counsel from witnesses who

now admit at least some portions of their affidavits are inaccurate. The cacophony of evidence does

nothing to make State Farm's liability clear: if anything, it makes State Farm's liability less clear. State Farm was entitled to investigate the fire and to complete its investigation, without being subject to liability for "bad faith."

3.    Plaintiffs attempt to create a fact question by arguing State Farm conducted an improper investigation. Plaintiffs rely on cases holding that a carrier cannot deny a claim based on a pretextual investigation. Not only had State Farm not denied the claim before it was sued, but also Plaintiffs' Response fails to create a fact question in that regard because:

A.    There is no evidence State Farm "fabricated" any portion of its investigation;

B.    There is no evidence State Farm "fabricated" its request for documents;

C.    There is no evidence State Farm acted in bad faith by not pursuing other "suspects" (Plaintiffs' word); and

D.    There is no evidence State Farm failed to investigate the Munozes' financial condition.

**A.    There is no evidence State Farm "fabricated" any portion of its investigation.**

4.    As set forth in State Farm's Motion to Exclude Affidavit testimony, which is incorporated herein, Plaintiffs' accusation that State Farm "fabricated" portions of its investigation is itself based on affidavits prepared by Plaintiffs' counsel which the affiants themselves now admit contain inaccurate statements. (Despite those admissions Plaintiffs have not withdrawn the affidavits nor corrected their Responses). State Farm responds to the arguments as follows:

a.    Raul Pena, Sr.: Plaintiffs claim State Farm adjuster Tom Reed "fabricated" his notes on a meeting with Pena. Pena now admits he may have met with Reed, and that Reed's file contains Pena's 2003 business card, containing Pena's full name (not advertised or posted). Thus, Reed had to have been to the shop as he claimed. (See Depo. of Pena, pp. 52, 77; see also State Farm's Motion to Exclude Affidavits). Thus the affidavit prepared, filed and relied upon by Plaintiffs' counsel is incorrect.

(See Motion to Exclude Affidavits).  Even if Pena does not recall meeting Reed, that is no evidence Reed "fabricated" the notes of his meeting.

Plaintiffs also contend Reed may have "destroyed his notes."  Response, paragraph 30.  Speculation by Plaintiffs that Reed "may have" destroyed notes is not evidence that he did.  More importantly, Reed stated that his practice was to use his notes to make activity log entries or to type them up in memo form before discarding them.  (Depo. of Tom Reed, p. 80).  Neither is a violation of State Farm policy (Depo. of Tom Reed, p. 80, ll. 4-6) or the law.

b.    Karen Barnett: Plaintiffs next claim Reed "fabricated his notes" as to a conversation with Barnett.  Reed's notes, however, reflect a conversation with her August 12, 2003, a conversation which telephone records from State Farm and a telephone log by Barnett now confirm did actually take place.  (See Motion to Supplement Summary Judgment Record; see also Motion to Exclude Affidavits).

More importantly, while Reed and Barnett have different recollections of the conversation (which is not evidence Reed "fabricated" anything) the information Reed recorded as a result of that conversation is unchallenged: Munoz had not filed tax returns and the IRS was after him for back taxes.  (Motion for Partial Summary Judgment regarding Extra-Contractual Claims; Exhibit L; Exhibit N, p. 1).  State Farm was not required -- as Plaintiffs contend -- to assume Munoz was unaware of his failure to file returns or his back taxes.

c.    Yolanda Perez: Plaintiffs next claim Reed "fabricated" his notes of a conversation with Perez.  However, Perez now concedes it was her affidavit that was incorrect.  (See Depo. of Yolanda Perez, p. 58, ll. 10-25; p. 60); see also Motion to Exclude Affidavits).  In fact, Reed's business card appears in her file; her card bearing an original signature appears in his file; and the records of her store, bearing her original signature and the date of the meeting (which matches Reed's log and affidavit) - appear in Reed's file (See Motion to Exclude Affidavits).

Plaintiffs' claim, which they continue to assert, is based on affidavits that have been recanted, at least in part, by the witness.

d.    Detective Armin Martinez: Plaintiffs next contend Reed fabricated his notes from a meeting with Martinez.[1]  However, differing recollections between Reed and Martinez about whether they spoke is not evidence Reed "fabricated" anything.  What is most significant about Martinez's affidavit **is what he did not say**.  He did

---

[1]    Reed typed his noted and placed them in the file.  The notes have been produced to Plaintiffs' counsel.  This is not "spoliation."

not deny the substance of what Reed wrote in his notes: that Munoz was a suspect in the criminal investigation and had flunked a polygraph. (Depo. of Tom Reed, p. 142, ll. 2-7).

In suit conduct cannot be used by Plaintiffs to create a fact question as to State Farm's pre-suit investigation. Further, Plaintiffs admitted this conversation was post-suit. Reed did not rely on it during his investigation, and State Farm did not urge the information as a ground for partial summary judgment.

Moreover, the State Fire Marshal's office has confirmed its investigation is open, and Munoz is a primary suspect. (Affidavit of Jay Evans).

5.      Even if the affidavits are not excluded, they do not create a fact question as to whether Reed "fabricated" portions of his file. The affidavits simply reflect differing recollections of conversations around two years ago. However, since the witnesses and the documentary evidence completely discredit the affidavits of Pena, Barnett and Perez, they should be excluded.

**B.      There is no evidence that State Farm "fabricated" its request for documents.**

6.      As set forth in its Motion for Summary Judgment and Reply to Response, State Farm was seeking information as to Luis Munoz's income before the fire. (See Motion for Summary Judgment, Exhibits D, E, F, G, H, I, J, L, N, O, P, Q, S, T, V, W, Z and BB).

7.      Importantly, Mr. Munoz understood at the time that he had not produced any record of his income. (Depo. of L. Munoz, pp. 38, 39; see also Motion for Summary Judgment and Reply to Response to Motion for Summary Judgment).

8.      Mr. Munoz clearly understood what State Farm needed, but chose not to provide it. Plaintiffs agree State Farm asked for tax returns, which it did not receive, documents to verify income, which it did not receive, and bank records of Munoz Roofing, which it did not receive. (See Defendant State Farm Lloyds' Reply to Plaintiffs' Amended Response to Defendant State Farm Lloyds' Motion for Summary Judgment).

4

9.      Plaintiffs' "fabrication of requests for documents" argument is apparently based on Mr. Reed's (the pre-suit adjuster for State Farm) understanding of the post-suit denial (of which he played no part).  Reed was not shown any post-suit pleadings or discovery requests.  At issue was Reed's post-suit understanding that State Farm was still waiting for: (1) personal and financial records; (2) Mrs. Munoz's calendar book; (3) agreements with Ben Capetillo; (4) Mrs. Munoz's employment records; and (5) documents evidencing Mrs. Munoz in Florida at the time of the fire (Plaintiffs' Response, unnumbered page 11, paragraph 28 and 29).  State Farm addresses each as follows:

    a.    The financial records have been covered at length in the Motion, Response and Reply to State Farm's Motion for Summary Judgment.  They were specifically requested in numerous pre-suit letters; and in State Farm's Request for Production to Luis Munoz (Request No. 15);

    b.    Contrary to the representation in Plaintiffs' Response, State Farm did request Mrs. Munoz's diary, in Request for Production No. 10 and No. 40, sent June 23, 2005;

    c.    Agreements with Ben Capetillo.  Munoz claims to have received $70,000 from Mr. Capetillo, with no obligation to repay.  Munoz also claims there is no written agreement.  State Farm does not "know" there is no agreement.  It only knows Munoz and Capetillo claim there is no agreement.  It is still entitled to ask;

    d.    Mrs. Munoz's employment records.  Plaintiffs point out that State Farm asked for the records in August 2003.  State Farm is still waiting.  (Plaintiffs do not contend State Farm has received them); and

    e.    Finally, it is true that a witness (the same one who gave Munoz the $70,000) states that Mrs. Munoz was in Florida at the time of the fire.  State Farm is entitled to verify that claim by asking for some documentation she was, in fact, there.  That documentation has not been received.

10.      Not only did State Farm not "fabricate" either the requests nor the non-compliance, Plaintiff's Responses both document and confirm the requests and the non-compliance.

5

**C.    There is no evidence State Farm acted in bad faith by not pursing other "suspects." (Plaintiffs' word).**

11.    The policy provides coverage to the Munozes for an intentional act caused by others, but not by them.  The only question before State Farm at the time of its investigation was whether Mr. Munoz set the fire.  Of necessity, the focus was on Munoz.  Other explanations of the fire were, however, investigated.

12.    Munoz contends that his neighbors, the Cavazoses, probably set the fire, and attaches evidence to that effect.  Most of that evidence was collected, recorded and provided to the Munozes by State Farm.  Moreover, State Farm did investigate the Cavazoses.  It is undisputed State Farm reviewed criminal records of the Cavazoses (Depo. of Tom Reed, p. 162, ll. 4-7), took recorded statements from them (*Id.*, pp. 114-116), and even requested and conducted their Examinations Under Oath.[2]  *Id.*, pp. 114-116.  (The Cavazoses, who had no contractual duty to cooperate or provide information to State Farm, were much more forthcoming with information than Mr. Munoz.)

13.    In attempting to evaluate whether Munoz or Cavazos set the fire, State Farm was entitled to obtain records as to Mr. Munoz's income, which would have reflected his financial condition at the time of the fire.  *First Bank of Denton v. Maryland Casualty Company*, 918 F.2d 38 (5th Cir. 1990).  Mr. Munoz, however, never provided evidence of his income before the fire. Due to Mr. Munoz's non-compliance, State Farm was unable prior to suit to decide whether Cavazos

---

2

Although Plaintiffs rely extensively on the Deposition of Tom Reed, it does not appear they actually filed it or included applicable pages in the summary judgment record.  State Farm includes a copy with this Reply and relies on additional testimony therein to provide context for Plaintiffs' assertions.

6

or Munoz set the fire. Plaintiffs have no right to contend State Farm's investigation was not complete when State Farm was waiting on information under the control of Munoz.

14.    Plaintiffs rely heavily on cases holding that a carrier cannot use a pretextual investigation as grounds for denial. However, Plaintiffs sued before State Farm made a claim decision. In any event, State Farm is not required to conduct a perfect investigation, nor is it required to "leave no stone unturned." It is simply required to conduct a reasonable investigation. *State Farm Lloyds, Inc. v. Polasek*, 847 S.W.2d 279 (Tex. App.—San Antonio 1992) rehearing denied (Feb 16, 1993), writ denied (Dec 08, 1993), rehearing on writ of error overruled (Feb 02, 1994). The fact Plaintiffs' counsel can think of things State Farm could have done is not evidence that what State Farm did do, which is clearly extensive, was not a reasonable investigation. *Id.*

15.    Plaintiffs' argument and evidence fail to create a material fact question.

**D.    There is no evidence State Farm failed to investigate Munozes' financial condition at the time of the fire.**

16.    As set forth in State Farm's Motion for Summary Judgment and Reply to Plaintiffs' Amended Response to Defendant State Farm Lloyds' Motion for Summary Judgment, State Farm unquestionably attempted to investigate Munozes' financial condition. More importantly, Plaintiffs' own Response (unnumbered page 7, paragraph 20) recites State Farm's efforts to investigate Plaintiffs' financial condition. *Id.* Plaintiffs admit State Farm requested tax returns in March of 2003. Over a month later, Munoz told State Farm he had not filed tax returns for three years before the fire (1999, 2002 and 2001). Plaintiffs admit State Farm then asked, on May 14, 2003, for documents reflecting Munoz's financial condition **and income**. *Id.* Interestingly the same Motion that states that State Farm . . . "failed to investigate the financial condition of Munoz at the time of

the fire" (p. 2, ¶2(d)), also contains the statement ". . . on May 14, 2003 . . . State Farm requested documents reflecting Mr. and Mrs. Munoz's financial condition and income." (p. 7, ¶20). Like the others, this argument, too, fails to create a fact question.

WHEREFORE, Defendant State Farm Lloyds respectfully asks the Court to grant its Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims, and for all other relief to which State Farm may show itself justly entitled.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: _Reni O. Oliveira for_

Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

8

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Reply to Plaintiffs' Amended Response to Defendant State Farm Lloyds' Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims has been forwarded to all counsel of record by certified mail, return receipt requested, on this 22nd day of November, 2005.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, GA 30303-1227

Warren Taylor