IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

DEC 0 9 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | |
| Plaintiffs, | § § | |
| v. | § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS | § § § | |
| Defendant. | § | |

### ORDER

BE IT REMEMBERED that on December 9, 2005, the Court considered Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiff Luis C. Munoz's Claim for Slander Per Se and Supporting Brief. Dkt. No. 41.

The motion *sub judice* was filed on September 12, 2005. *Id.* Plaintiffs were therefore required to respond no later than October 3, 2005. See Chamber Rule 5(C); Fed. R. Civ. P. 6(a) (2005). It is now December. Plaintiffs have yet to respond to this motion. Therefore, the motion is deemed to be unopposed. See Local Rule 7.4.

Furthermore, any cause of action for slander per se accrued in February 2003. See Affidavit of Tom Reed, Dkt. No. 41, Ex. D (Sept. 2, 2005); Affidavit of Luis C. Munoz, Dkt. No. 46, Ex. A, at 3 (Sept. 29, 2005); Affidavit of Carmela S. Munoz, Dkt. No. 46, Ex. B, at 1 (Aug. 30, 2005); Dkt. No. 41, Ex. A, at 12; Dkt. No. 41, Ex. B, at 11–12; Salazar v. Amigos del Valle, Inc. 754 S.W.2d 410, 412 (Tex. App. 1988). The statute of limitations for slander in Texas is one year. TEX. CIV. PRAC. & REM. CODE ANN. § 16.002(a) (Vernon 2002). Plaintiffs originally filed suit on May 11, 2004. Dkt.

No. 7, Ex. A (Plaintiff's [sic] Original Petition).[1] Therefore, Plaintiffs' claim for slander is barred, because the statute of limitations expired in February 2004.

Based on the foregoing, the Court **GRANTS** Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiff Luis C. Munoz's Claim for Slander Per Se and Supporting Brief, Dkt. No. 41, and **DISMISSES** with prejudice Plaintiffs' claim for damages based on a cause of action for slander.

DONE at Brownsville, Texas, this 9th day of December, 2005.

Hilda G. Tagle
United States District Judge

---

[1] Plaintiffs' Original Petition did not assert a cause of action for slander. This cause of action was added at a later date. This later date will not be considered, however, because even the original petition was outside Texas' statute of limitations for slander, thereby alleviating any need to determine whether the later amendment to the petition relates back to the original petition.