United States District Court
Southern District of Texas
FILED

DEC 1 2 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ and CARMELA MUNOZ  Plaintiffs, | ) ) ) ) | CIVIL ACTION NO. B-04-141 |
| v. | ) ) ) | |
| STATE FARM LLOYDS,  Defendants, | ) ) ) ) | JURY DEMANDED |

### PLAINTIFFS' REPLY TO DEFENDANT STATE FARM LLYODS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE (EXTRA-CONTRACTUAL MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiffs Luis C. Munoz and Carmela Munoz ("Munoz") reply to Defendant State Farm Llyods' Response to Plaintiffs' Objections to Summary Judgment Evidence (Extra-Contractual Motion for Partial Summary Judgment ("Response") as follows:

### INTRODUCTION

1.  Defendant State Farm Llyods ("State Farm") filed Defendant State Farm Llyods' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims ("State Farm's Motion") on traditional summary judgment grounds, requesting the Court, to rule, as a matter of law, that "the evidence clearly establishes that State Farm had a reasonable basis for it claim handling and liability to pay the Munozes' claim has never become reasonably clear."[1]

---
[1] State Farm's Motion at 18.

2. According to State Farm's Motion, a Court must look to *facts* to determine whether an insurer's liability has become reasonable clear. *See Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990) (Conduct must be judged by the *facts* before the insurer at the time of denial). On the other hand, State Farm cites no authority in its motion or response to the effect that the Court may base its ruling upon State Farm's account of the information purportedly before it at the time of denial or, over proper objection, unexcused hearsay or purported expert testimony offered without proper predicate.

4. To establish the *facts* before the insurer at the time of denial, State Farm must present facts to the Court in admissible form. State Farm cites no authority in its motion or response to excuse itself from compliance with well-known summary judgment evidence requirements.[2]

5. The Response, however, states that "[t]he purpose of the evidence attached to State Farm's Motion is not to prove the truth of each of the matters asserted therein, but to prove the information before State Farm at the time it was attempting to investigate the claim."[3] In taking this new position in the Response, State Farm judicially admits that it has not provided the Court with summary judgment evidence of the *facts* before it at the time of denial upon which the Court can base a summary judgment ruling.

6. Moreover, State Farm's assertion that Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, S, W, and Z were not offered in support of State Farm's Motion for the truth of the

---

[2] Notably, State Farm does cite *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994) in State Farm's Motion for the proposition that speculation, unsubstantiated assertions or conclusory allegations are not competent summary judgment evidence.

[3] Response at 1-2. State Farm claims that Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, S, W, and Z attached to State Farm's Motion are not hearsay because the objectionable out-of-court declarations of non-parties or documents represented in or by such exhibits were not offered for the truth contained therein, or as expert testimony, but merely to show "information in the possession of State Farm that led to further investigation" or "before State Farm at the time of investigation."

statements contained therein, or as expert testimony, is contrary to its position in State Farm's Motion. Said motion repeatedly and consistently offers the contents of the exhibits in question as proof of *facts and opinions of experts* supporting their actions.[4]

7.  State Farm is also wrong with respect to its position concerning Exhibit X, the NFPA 921 Guide for Fire and Explosion Investigations 2001 Edition. State Farm claims that said exhibit is admissible, it simply does not go to the jury. Fed. R. Civ. P. 803 (18), however, states that a learned treatise is not hearsay to the extent called to the attention of an expert witness in cross-examination or relied upon by an expert in direct examination. In this matter, Exhibit X was not called to the attention of or relied upon by an expert and is, thus, hearsay and not, over proper objection, summary judgment evidence.

8.  As for Exhibits Y and AA to State Farm's Motion, State Farm's assertions in the Response are obviously in error[5], and do not merit further discussion.

Respectfully submitted,

*/s/ Gustavo Ch. Garza*

Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

[Signatures continued on next page]

---

[4] State Farm Motion at 9-16.
[5] Exhibit Y, the Plaintiff's Original Petition filed by *Non-Party Benito Capitello* and cannot be an admission by a party opponent. Exhibit AA is the Memorandum Opinion and Order of this Court, and not a letter of counsel.

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-1000 Fax
TX State Bar No. 17404500
GA State Bar No. 620170
Admitted Pro Hoc Vice

Attorneys for Munoz

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the PLAINTIFFS' REPLY TO DEFENDANT STATE FARM LLYODS' RESPONSE TO PLAINTIFFS' OBJECTIONS TO SUMMARY JUDGMENT EVIDENCE (EXTRA-CONTRACTUAL MOTION FOR PARTIAL SUMMARY JUDGMENT upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

Warren Taylor, Esq.
Taylor & Taylor
815 Walker Street
Suite 250
Houston, TX 77002-6707

Rene O. Oliveira
Roerig, Oliveira & Fisher, LLP
855 West Price Road
Suite 9
Brownsville, TX 78250-8718

This 08th day of December 2005.

_____
Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566

(956) 689-9040 Tel.
(956) 689-6468 Fax.
State Bar No. 07731700
Federal Id No. 3946

5