IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

DEC 12 2005

Michael N. Milby
Clerk of Court

LUIS C. MUNOZ and           )
CARMELA MUNOZ               )
         Plaintiffs,        )     CIVIL ACTION NO. B-04-141
                            )
v.                          )
                            )
STATE FARM LLOYDS,          )
                            )     JURY DEMANDED
         Defendants,        )
_____)

## PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLYODS' MOTION TO EXCLUDE AFFIDAVIT TESTIMONY

Plaintiffs Luis C. Munoz and Carmela Munoz ("Munoz") respond to Defendant State Farm Llyods' Motion to Exclude Affidavit Testimony ("Motion"), and state as follows:

1.      The Motion, which is a motion to strike, is not brought under Rule 56 (e) claiming the form of the affidavits of Yolanda Perez ("Ms. Perez"), Raul Pena, Sr. ("Mr. Pena") and Karen Barnett ("Ms. Barnett") are defective, nor under Rule 56 (g) claiming that such affidavits were presented in bad faith or solely for the purpose of delay. The Motion alleges as its grounds that the circumstances under which two affidavits were created are not trustworthy and the affidavits have been contradicted or recanted by subsequent deposition testimony. The Motion does not allege that the affidavits contain inadmissible hearsay or were made without personal knowledge, or are speculative or conclusory, or were given to contradict prior deposition testimony.

2.      A motion to strike is not appropriate when the basis of the challenge is that an affidavit might contain false or misleading information. Such a challenge acts as an effort to

1

cause the Court to make an improper assessment of the credibility in the context of a summary judgment motion, and disparities between deposition and affidavit testimony cannot be resolved by a motion to strike. *Flair Broad. Corp. v. Powers*, 733 F. Supp. 179, 182-183 (S.D.N.Y. 1990) (credibility determinations are not appropriate as summary judgment); *Lohrenz v. Donnelly*, 223 F.Supp. 2d 25,33 (D.D.C. 2002) (motion to strike is not appropriate vehicle through which to contest credibility of witness or draw attention to contradictory evidence).

3.  The affidavits which are attacked by Defendant State Farm Llyods ("State Farm") in this Motion were not given for any improper purpose, nor to contradict any prior deposition testimony. These affidavits, when read in the context of the affiants full depositions taken by State Farm after creation of the affidavits,[1] continue to show that State Farm's lead investigator, Tom Reed ("Reed") fabricated witness interviews and statements in his affidavit ("Reed Affidavit").[2]

4.  The common threads in State Farm's Motion are: that Munoz or counsel for Munoz obtained the affidavits from the affiants improperly; and that the affiants acknowledged that Reed had or may have had superficial contact with them. Foremost, the affiants, who have no reason to lie or interest in this matter, unqualifiedly and consistently testified at deposition that neither Munoz or counsel for Munoz asked the affiants to swear to anything that was not true or known to be wrong by the affiants. Neither affiant testified that the affidavit did not reflect their best recollection at the time they respectively executed their affidavit, or that they

---

[1] Copies of the depositions of Ms. Perez, Mr. Pena and Ms. Barnett have been filed with this Court as part of Defendant State Farm Llyods' Motion for Leave to Supplement Summary Judgment Record.

[2] Detective Armin Martinez ("Det. Martinez") – one of the detectives of the Raymondville Police Department investigating the fire – also gave an affidavit which is unchallenged in the Motion to the effect that Reed's interview of him described in the Affidavit of Tom Reed filed with this Court by State Farm in support of its motions for summary judgment never occurred. State Farm ignores Det. Martinez's affidavit in the Motion, which is independent proof that Reed has fabricated material portions of the Reed Affidavit.

2

were asked to sign their affidavits without having an opportunity to read it. Pena Depo. at 66:13-33; Perez Depo. at 63:17 – 64:9, and 74:20 – 81:23.

5. Moreover, without judging the credibility of the affiants, what may be fairly drawn from the affidavits of Ms. Perez, Mr. Pena and Ms. Barnett and their respective full deposition testimony is that what Reed claims to have occurred simply did not occur, and that their actual, respective encounters with Reed were so brief, insignificant, and different in character and substance from that claimed by Reed, that after reviewing the portions of the Reed Affidavit that purportedly related to them, neither affiant recalled any meeting with Reed. Neither Ms. Perez nor Mr. Pena recognized Reed or recalled any substantive conversation with Reed. More importantly, State Farm failed to establish in the affiants' respective depositions that Reed actually obtained from them the information he claims that he obtained from them. Pena Depo. at 51:24 to 52:5; Perez Depo. at 103:16 to 103:25; Barnett Depo. at 60:14 to 60:22.

6. Further still, with respect to the Affidavit of Karen Barnett, there simply is no contradiction between her affidavit and deposition testimony. Further and contrary to the assertion of State Farm in the Motion, Ms. Barnett did not retract any portion of her affidavit testimony. Ms. Barnett testified in her affidavit that she did not meet Reed.[3] That remains unchanged after her deposition. Barnett also testified in her affidavit that she did not discuss Munoz's affairs with Reed. That remains unchanged as well. State Farm, in fact, offer no reason to exclude Paragraph 4 of Ms. Barnett's affidavit other than its aggressive speculation that the information about Munoz in the Reed Affidavit attributed to Ms. Barnett could only have come from her. As Ms. Barnett testified in her deposition, public records would have provided the

---

[3] State Farm 'concedes' in the Motion, at 8, FN1, that no meeting with Reed occurred.

3

information concerning tax matters claimed to have come from her. Barnett Depo. at 89:18 to 90:11.

7.  The Motion seeks to obscure the hard truth to which these witnesses have testified, and which remains unchanged after deposition, that Reed fabricated material matters within his investigation and falsely swore to such matters before this Court. Accordingly, and given that State Farm has proffered no authority to the Court supporting the Motion, the Motion does not establish any proper ground to strike any portion of the affidavits in question, and should be denied.

Respectfully submitted,

_____
Gustavo Ch. Garza
705 West Highway 100
Suite A
Los Fresnos, Texas 78566
(956) 233-5614 Tel.
(956) 233-6596 Fax.
State Bar No. 07731700
Federal Id No. 3946

David L. Rusnak
Of Counsel
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Avenue, N.E.
Atlanta, Georgia 30303-1227
(404) 659-1000 Tel.
(404) 659-1000 Fax
TX State Bar No. 17404500
GA State Bar No. 620170
Admitted Pro Hoc Vice

Attorneys for Munoz

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a copy of the PLAINTIFFS' RESPONSE TO DEFENDANT STATE FARM LLYODS' MOTION TO EXCLUDE AFFIDAVIT TESTIMONY upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows:

>Warren Taylor, Esq.
>Taylor & Taylor
>815 Walker Street
>Suite 250
>Houston, TX 77002-6707
>
>Rene O. Oliveira
>Roerig, Oliveira & Fisher, LLP
>855 West Price Road
>Suite 9
>Brownsville, TX 78250-8718

This 12th day of December 2005.

>_____
>Gustavo Ch. Garza
>705 West Highway 100
>Suite A
>Los Fresnos, Texas 78566
>
>(956) 689-9040 Tel.
>(956) 689-6468 Fax.
>State Bar No. 07731700
>Federal Id No. 3946

5