
IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



United States District Court
Southern District of Texas
ENTERED
DEC 1 3 2005
Michael N. Milby, Clerk of Court
By Deputy Clerk

| | |
|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ § § § Plaintiffs, § § v. § STATE FARM LLOYDS § § Defendant. § | CIVIL ACTION NO. B-04-141 |

## ORDER

BE IT REMEMBERED that on December 13, 2005, the Court considered Plaintiffs' Motion to Strike and Objections to Defendant State Farm Llyods' [sic] Evidence for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims. Dkt. No. 45.

In their motion, Plaintiffs ask the Court to strike a number of exhibits offered by Defendant, in conjunction with Dkt. No. 42, from the record. Plaintiffs assert three bases for this request. First, Plaintiffs assert that Exhibits A, B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, S, W, Y, Z, and AA all constitute inadmissible hearsay. Second, Plaintiffs allege that Exhibits F and G have been offered as expert witness testimony but without a proper predicate being laid first. Finally, Plaintiffs argue that Exhibit X was submitted as a learned treatise, but it can only be admitted through the testimony of an expert witness.

Defendant responds that these exhibits have been offered not for the truth of the matters asserted, but rather to show that its liability never became reasonably clear. Dkt. No. 56. Defendant also states that there is no hearsay problem because the exhibits were "offered to show information in the possession of State Farm that led to further investigation." *Id.*

Upon consideration of all the evidence and the arguments of the parties, the Court finds that the issues for which these exhibits were offered are whether Defendant breached its contract, engaged in violations of the Deceptive Trade Practices Act or the Texas Insurance Code, and/or breached its duty of good faith and fair dealing.[1] As the exhibits relate to those issues, the Court concludes that (1) none of the enumerated Exhibits constitutes hearsay because none of them were offered for the truth of the matters asserted, see Fed. R. Evid. 801(c);[2] (2) neither Exhibit F nor Exhibit G has been offered as expert testimony or for the purpose of proffering an expert opinion;[3] and (3) Exhibit X has been offered as a learned treatise and has not been relied upon by an expert or established as a reliability authority, see Fed. R. Evid. 803(18).

Based on the foregoing, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiffs' Motion to Strike and Objections to Defendant State Farm Llyods' [sic] Evidence for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims. Dkt. No. 45. The motion is **GRANTED** as to Exhibit X, which is hereby stricken from the record. The motion is **DENIED** as it pertains to all other exhibits.

DONE at Brownsville, Texas, this 13th day of December, 2005.

_____
Hilda G. Tagle
United States District Judge

---

[1] The issue is not whether Plaintiffs played a role in starting the fire or whether the fire was intentional, which is what the matters in most of the exhibits would show.

[2] Each of these exhibits was offered to show what the Defendant knew and what the Defendant's grounds for continuing the investigation and not paying the Plaintiffs' claim were, not for the purpose of proving the matters asserted.

[3] Again, these exhibits were offered to show what the Defendant knew and what the Defendant's grounds for continuing the investigation and not paying the Plaintiffs' claim were, not for the expert opinions contained within them.