United States District Court
Southern District of Texas
ENTERED

DEC 15 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS | § § § | |
| Defendant. | § | |

## ORDER

BE IT REMEMBERED that on December _15_, 2005, the Court **DENIED** Defendant State Farm Lloyds' Motion to Exclude Affidavit Testimony. Dkt. No. 59.

I.    **Background**

This case arises from an insurance dispute related to a fire at the Plaintiffs' home. Dkt. No. 38, at 2. The parties agree that the fire was intentionally set, although numerous investigations have yet to reveal who started it. *Id.*; Dkt. No. 55, Ex. 1, ¶ 9; *see also* Dkt. No. 42, Ex. F, at 10.

Plaintiffs originally filed suit in May of 2004. Dkt. No. 7, Ex. A. Plaintiffs assert numerous allegations against Defendant, including unfair settlement practices under the Texas Insurance Code, violations of the Deceptive Trade Practices Act, breach of contract, and breach of the duty of good faith and fair dealing. Dkt. No. 38. Defendant responds by saying that its liability never became reasonably clear, Plaintiffs failed to abide by their duties under the insurance contract, and Plaintiffs engaged in fraud by either intentionally setting the fire themselves or having someone else do it for them. Dkt. Nos. 39, 42, 56.

In September 2005, Defendant filed motions for partial summary judgment and for summary judgment. Dkt. Nos. 42, 43. As a basis for these motions, Defendant

1

submitted numerous exhibits. Plaintiffs responded to these motions, providing support for their responses with a large number of affidavits. Dkt. Nos. 46, 48, 52, 53. After Plaintiffs filed their responses, Defendant deposed the witnesses whose affidavits were included with Plaintiffs' responses. Defendant now relies on those depositions, as well as a limited amount of other evidence, as grounds for excluding the affidavits filed by Plaintiffs. Dkt. No. 59. The motion to exclude affidavit testimony is the motion currently before the Court.

## II.    Analysis

As a preliminary matter, the Court notes that Defendant's motion provides no authority, in the form of statutes, cases, or even Court Rules, for Defendant's request to have the affidavits excluded. The Court is left to find authority under which to evaluate the motion on its own.

The Court also notes that the motion does not appear to be made pursuant to Fed. R. Civ. P. 56(e) or (g). Under Rule 56(e), an affidavit must "be made on personal knowledge, . . . set forth such facts as would be admissible in evidence, and . . . show affirmatively that the affiant is competent to testify to the matters stated therein." Defendant does not allege deficiencies on any of these grounds, and the Court finds that the proffered affidavits meet the requirements of this rule. Under Rule 56(g), the Court may impose sanctions if an affidavit is "presented in bad faith or solely for the purpose of delay." This rule does not clearly allow a court to exclude affidavit testimony from the record. However, this ambiguity is irrelevant in this case, because Defendant does not specifically allege, and the Court does not find, that the affidavits were presented in bad faith or for the purpose of delay. Thus, Rule 56 does not provide a basis for excluding the proffered affidavits.

The Court is forced to assume that the motion is a motion to strike under Fed. R. Civ. P. 12(f). The Court will therefore consider it as such a motion.

The propriety of whether to exclude affidavits because of inconsistences or contradictions between the affidavit and another affidavit or deposition testimony is a legal question that is fairly well settled. The Fifth Circuit does not disregard an affidavit merely because it contradicts another affidavit or a deposition. Kennett-Murray Corp. v.

2

Bone, 622 F.2d 887, 893, 894 (5th Cir. 1980). General inconsistencies and contradictions are not sufficient to support a motion to strike. Lohrenz v. Donnelly, 223 F. Supp. 2d 25, 37, 39 (D.D.C. 2002). In addition, contradictions are generally points that can, and should, be explained to a jury at trial. *Bone*, 622 F.2d at 895; Liszt v. Karen Kane, Inc., No. Civ.A.3:97-CV-3200-L, 2001 WL 739076, *6, *7 (N.D. Tex. June 26, 2001). To warrant exclusion, an affidavit must directly contradict another affidavit or a deposition, and it must do so in a sufficiently egregious manner to establish that the affidavit was in fact a "sham," intended merely to prevent summary judgment from being established. Applegate v. United States, 35 Fed. Cl. 406 (Fed. Cl. 1996) ("However, the contradictions are not of sufficient strength to require exclusion, but rather are open to reasonable interpretation such that they require explanation at trial."); *see* Baer v. Chase, 392 F.3d 609, 624–25 (3d Cir. 2004); Adler v. Fed. Rep. Of Nigeria, 107 F.3d 720, 728 (9th Cir. 1997); S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495–96 (5th Cir. 1996); Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 267 (9th Cir. 1991); *Liszt*, 2001 WL at *5. Furthermore, contradictions and inconsistencies present questions of credibility, which should properly be considered by a jury and do not form the bases for excluding evidence from consideration on summary judgment. *Bone*, 622 F.2d at 895; *Liszt*, 2001 WL at *6, *7. In fact, motions to strike are not an appropriate method to contest credibility. *Lohrenz*, 223 F. Supp. 2d at 33. Striking an affidavit because it is allegedly false or misleading would be equivalent to making a credibility determination—something which is inappropriate at the summary judgment stage. Flair Broad. Corp. v. Powers, 733 F. Supp. 179, 183 (S.D.N.Y. 1990). Thus, it is clear that arguments regarding inconsistencies and contradictions go to the weight, not the admissibility, of the evidence, unless the contradictions show that the affidavit in question is in fact a "sham." *See Adler*, 107 F.3d at 728; *Applegate*, 35 Fed. Cl. at 424.

    With this precedent as background, the Court finds that Defendant's motion presents arguments that go to the credibility of the affiants, and not the admissibility of their affidavits. None of the depositions taken by Defendant contains a clear contradiction with a prior affidavit. *See also Bone*, 622 F.2d at 894 ("The affidavit is not inherently inconsistent with Bone's earlier testimony. Obviously, Bone's answer that

3

Speights said nothing cannot be taken literally."). The worst contradiction merely amounts to one of the witnesses stating that her memory was incorrect about some information, and she attempted to explain the testimony in her affidavit. This is not an egregious contradiction, but merely an inconsistency that may be pointed out at trial. Moreover, an affidavit should not be stricken because the witness later explained and amended a previous statement. *See Baer*, 392 F.3d at 625; *Infax, Inc.*, 72 F.3d at 496; *Kennedy*, 952 F.2d at 267; *Bone*, 622 F.2d at 894; *Applegate*, 35 Fed. Cl. at 424. Therefore, the Court finds that the "contradictions" and "inconsistencies" pointed out by the Defendant do not warrant exclusion of the affidavits.

Additionally, Defendant asserts that the affidavits should be excluded because the manner in which they were created is not trustworthy. The Court finds no evidence in the depositions which clearly shows that the affidavits were created in a manner that calls their veracity into question. The witnesses read the affidavits, knew what the affidavits said, understood what they were doing, and signed the affidavits. Therefore, the Court finds that there is insufficient evidence to exclude the affidavits based on the manner of their creation.

## III.    Conclusion

Based on the foregoing, the Court **DENIES** Defendant State Farm Lloyds' Motion to Exclude Affidavit Testimony. Dkt. No. 59.

DONE at Brownsville, Texas, this 5 th day of December, 2005.

_____
Hilda G. Tagle
United States District Judge

4