United States District Court
Southern District of Texas
ENTERED

JAN 13 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk _____

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS | § § § | |
| Defendant. | § | |

### OPINION & ORDER

BE IT REMEMBERED that on January 1𝒴, 2006, the Court **DENIED** Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims and Defendant State Farm Lloyds' Motion for Summary Judgment. Dkt. Nos. 42, 43.

### I. Background

This case arises from an insurance dispute related to a fire at the Plaintiffs' home. Dkt. No. 38, at 2. The fire occurred on January 1, 2003. *Id.* The fire was intentionally set, although numerous investigations[1] have yet to reveal who started it. *Id.*; Dkt. No. 55, Ex. 1, ¶ 9; *see also* Dkt. No. 42, Ex. F, at 10.

After the fire, Plaintiffs reported the incident to Defendant and asserted a claim under their insurance policy. Dkt. No. 38, at 2. The insurance policy was in force, as it was operational from December 29, 2002 through December 29, 2003. *Id.* Plaintiffs therefore claimed that they were covered by their policy for the damage from the fire.

---

[1] In addition to the investigation by Defendant, there were also investigations by the Fire Marshal's office, the police department, and National Loss Consultants. Dkt. No. 42, Exs. B – H.

*Id.* Defendant responded by initiating an investigation into the circumstances surrounding the fire.

The investigation and processing of Plaintiffs' claim were extensive. This investigation was still ongoing in May of 2004, when Plaintiffs originally filed suit. Dkt. No. 7, Ex. A. At this time, Defendant had still not made a decision regarding Plaintiffs' pending claim.[2] Plaintiffs, however, came to believe that Defendant was engaging in dilatory practices in an effort to avoiding payment of their claim. Plaintiffs therefore filed suit, asserting numerous allegations against Defendant, including unfair settlement practices under the Texas Insurance Code, violations of the Deceptive Trade Practices Act, breach of contract, breach of the duty of good faith and fair dealing, and slander per se. Dkt. No. 38. Defendant responded by saying, *inter alia*, that its liability never became reasonably clear, Plaintiffs failed to abide by their duties under the insurance contract, and Plaintiffs engaged in fraud by either intentionally setting the fire themselves or having someone else do it for them. Dkt. Nos. 39, 42, 43, 56, 58, 60.

Defendant filed two motions for partial summary judgment and one motion for summary judgment, all in September 2005. Dkt. Nos. 41, 42, 43. The first motion for partial summary judgment, applicable to Plaintiffs' cause of action for slander, was granted on December 9, 2005. Dkt. Nos. 41, 63. The remaining two motions, one for partial summary judgment on Plaintiffs' extra-contractual claims and one for summary judgment, are currently before the Court. Dkt. Nos. 42, 43.

## II.  Summary Judgment Standard

Summary judgment is appropriate when the movant is able to show that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Arbaugh v. Y&H Corp., 380 F.3d 219, 222 (5th Cir. 2004); Lockett v. Wal-Mart Stores, Inc., 337 F. Supp. 2d 887, 891(E.D. Tex. 2004). All factual issues must be resolved in favor of the non-moving party, and the Court is to view the evidence in a light most favorable to the non-moving party. *See Arbaugh*, 380

---

[2] Defendant finally denied Plaintiffs' claim in January of 2005. Dkt. No. 43, at 10; Dkt. No. 43, Ex. DD.

F.3d at 222; Lockett, 337 F. Supp. 2d at 891; Heckler v. Product Dev. Corp., 2003 WL 22961214, *2 (N.D. Tex. 2003) (unpublished).

The non-movant has no duty to respond to a motion for summary judgment until the moving party meets its burden of showing that there are no genuine issues of fact. See Lockett, 337 F. Supp. 2d at 891. If the movant meets this burden, the non-movant must then come forward with specific facts to show that there is a genuine issue of fact. Id.; see also Arbaugh, 380 F.3d at 222. The non-movant may not rely on mere conclusory allegations or on the pleadings. Arbaugh, 380 F.3d at 222; Lockett, 337 F. Supp. 2d at 891. Rather, the existence of specific evidence must be demonstrated to the court. Arbaugh, 380 F.3d at 222; Lockett, 337 F. Supp. 2d at 891. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 458 (5th Cir. 1998) (quoting Skotak v. Tenneco Resins, Inc., 953 F.2d 909, 915–16 & n.7 (5th Cir. 1992)).

A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to render a verdict for the non-moving party. Arbaugh, 380 F.3d at 222. "Summary judgment is appropriate, however, if the non-movant 'fails to make a showing sufficient to establish the existence of an element essential to that party's case.'" Id. at 222–23 (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)).

III. **Analysis**

State Farm seeks summary judgment on each of Plaintiffs' remaining claims. Dkt. Nos. 42, 43. Therefore, each of Plaintiffs' remaining causes of actions will be addressed below. Furthermore, because they involve the same issues, the claims for unfair settlement practices, deceptive trade practices, and bad faith (the "extra-contractual" claims) will all be addressed together.

***A. Breach of Contract***

State Farm moves for summary judgment on the breach of contract claim on the basis that Plaintiffs failed to fulfill their obligations under the contract. Dkt. No. 43. Specifically, State Farm asserts that Plaintiffs failed to provide all of the information requested during State Farm's investigation. Id. at 2, 3–10. Because provision of all

requested information is a condition precedent to coverage under the policy, State Farm concludes that its duties under the policy never became ripe and Plaintiffs' breach of contract claim must fail. *Id.* at 10–16.

Defendant is correct that, under Texas law, an insured must provide relevant information to the insurer as a condition precedent to coverage under an insurance contract. *See, e.g.*, Tex. Ins. Code §§ 542.056, 542.058; Dkt. No. 46, Ex. A, at 12–13; Griggs v. State Farm Lloyds, 181 F.3d 694, 703 (5th Cir. 1999). This does not mean, however, that Defendant can prevent any duty to pay out under an insurance contract from arising merely by continually requesting additional information from Plaintiffs. Information must be "reasonably requested." Tex. Ins. Code § 542.058. In other words, State Farm may only request information related to the incident at issue and the investigation of the incident.[3] In addition, all information must be requested in a timely manner, within a reasonable time after State Farm's discovery that the information is necessary to the investigation. Once information is reasonably requested, Plaintiffs are obligated to provide that information. Dkt. No. 46, Ex. A, at 13. Finally, upon receipt of all requested information from Plaintiffs, Defendant has 30 days in which to accept or reject Plaintiffs' claim or notify Plaintiffs that more time is necessary to make the decision of whether or not to honor Plaintiffs' claim. Tex. Ins. Code § 542.056.

In this case, Defendant alleges that, at the time Plaintiffs filed suit, it was still waiting for Plaintiffs "to provide copies of their personal and business financial records,

---

[3]Plaintiffs argue that all information must be requested within 15 days of notification of the incident. Dkt. No. 48, at 3; Dkt. No. 53, at 4. This is not the case. Under the clear terms of the policy, Defendant may request information at any time during the course of its investigation when it becomes apparent that the information is necessary and relevant. Dkt. No. 46, Ex. A, at 15 ("We may request more information, if during the investigation of the claim such additional information is necessary."). In contradiction to Defendant's apparent belief otherwise, however, this does not give unfettered discretion to Defendant to allow its investigation to drag on endlessly. Dkt. No. 58, at 5. Defendant argues that it does not request frivolous information and that it is responsible and not abusive with its authority to request information from its customers. *Id.* While this is laudable, it is insufficient under the law. Rather, Defendant is limited to requesting information when it becomes reasonably apparent that it is relevant and necessary to an ongoing investigation.

Mrs. Munoz's calendar book, all contracts or agreements regarding partnership agreements with Mr. Ben Capetillo, all of Mrs. Munoz's employment records, including requests for vacation or sick leave, and documents specifically identifying Mrs. Munoz and evidencing she was in Florida at the time of the fire." Dkt. No. 43, at 10. Thus, if any of this material is reasonably related to the investigation and was not provided, then Plaintiffs failed to comply with their condition precedent and are not entitled to coverage. If, on the other hand, Plaintiffs provided this material or the material is not reasonably related to the investigation, then Defendant's motion for summary judgment based on failure to abide by a condition precedent must fail.

Both parties have provided evidence relating to whether this material was provided or not. Defendant argues that this information was never provided, and it has evidence to support its position. *See, e.g.*, Dkt. No. 43, at 10; Dkt. No. 43, Ex. A, ¶ 39; Dkt. No. 55, Exs. 3–5; Dkt. No. 58, at 6–9. Defendant particularly focuses on Plaintiffs' financial records, which it claims were never provided. *Id*. Defendant further states that only some of the requested documents were provided, and that, even as to those documents which were produced, Defendant was not permitted to copy any of the financial documents. Dkt. No. 58, at 6–7. Plaintiffs respond with evidence showing that all of this information was either provided or did not exist, and that Defendant was aware of the portion of it that did not exist.[4] Dkt. No. 53, at 7–8; Dkt. No. 53, Ex. A, at 3; Dkt. No. 60, Ex. A, at 64, 211–15, 221–23, 227–29, 231, 233–34. Plaintiffs further assert, and provide supporting evidence to show, that Defendant was never prohibited from copying any records.[5] Dkt. No. 53, at 6; Dkt. NO. 60, Ex. A, at 64–65.

---

[4]Specifically, Plaintiffs state that the financial records had been made available, Mrs. Munoz's calendar book had never been requested and is irrelevant anyway, no contract or agreement existed with Ben Capetillo and Defendant was aware of this, access to Mrs. Munoz's employment records had been provided, and receipts from the Florida trip had also been provided. Dkt. No. 53, at 7–8.

[5]Defendant appears to argue that allowing it to copy the documents was insufficient, and that it had to be permitted to hire a third party copying service (which was denied) or Plaintiffs had to make copies for it. *See* Dkt. No. 43,a t 10; Dkt. No. 58, at 6–7. Plaintiffs contend that no request for a third party copying service was ever

This Court finds that there is evidence both supporting and contradicting the contentions of each of the parties. This conflicting evidence creates a material question of fact regarding whether Plaintiffs fulfilled their conditions precedent under the contract. Therefore, the Court finds that the question of whether or not the information alleged to have been withheld was reasonably necessary to Defendant's investigation is a question of fact properly left to the jury. *Cf.* Nationwide Mut. Ins. Co. v. Crowe, 857 S.W.2d 644, 648 (Tex. App. 1993), *vacated pursuant to settlement*, 863 S.W.2d 462 (Tex. 1993) ("A dispute about whether there was any reasonable basis to support the denial of a claim is an issue for the jury." (citations omitted)). Moreover, the question of whether this information existed and/or was provided is also a fact question to be addressed by a jury. Thus, Defendant's Motion for Summary Judgment on the breach of contract claim for failure to abide by conditions precedent must fail.[6]

---

made, and that they are under no obligation to copy the documents themselves. Dkt. No. 48, at 4; Dkt. No. 48, Ex. N; Dkt. No. 53, at 7. This Court finds that Plaintiffs have no obligation under the contract to make copies for Defendant and that whether a third party copying service was requested and whether it was required to be permitted pursuant to the contract are both fact questions for the jury. Dkt. No. 46, Ex. A, at 13 (stating that Plaintiffs have a duty to State Farm to "provide us with records and documents we request and *permit us* to make copies" (emphasis added)).

[6]The Court notes that a number of other issues may need to be addressed at trial. If Defendant loses on its conditions precedent argument, the breach of contract claim will hinge on whether or not Plaintiffs started the fire. *See* State Farm Fire & Cas. Co. v. Simmons, 963 S.W.2d 42, 44 (Tex. 1998) ("The jury found that the Simmonses had not burned their home, *thus establishing coverage* under the policy." (emphasis added)) [hereinafter "*Simmons II*"]; State Farm Lloyds, Inc. v. Polasek, 847 S.W.2d 279, 282 (Tex. App. 1993) ("To establish arson as a defense to a civil suit for insurance proceeds, the insurer must prove by a preponderance of the evidence that the insured set the fire or caused it to be set."). The burden of proof will be on Defendant to show that Plaintiffs did start the fire, or Defendant will have breached its contract. *Polasek*, 847 S.W.2d at 282. The fact that Plaintiffs initiated this suit prior to a rejection of their claim has no bearing on the breach of contract, for two reasons. First, Defendant did eventually deny the claim. Dkt. No. 43, at 10; Dkt. No. 43, Ex. DD. Second, Plaintiffs claim to have provided all of the requested information no later than 30 days before the suit was filed. Dkt. No. 52, at 11–12; Dkt. No. 48, at 4–5. Plaintiffs also claim that no further information was requested, no acceptance or rejection was communicated, and no request for additional time was made during these 30 days. Dkt. No. 48, at 4–5.

### B. Unfair Settlement Practices; Deceptive Trade Practices; and Breach of Duty of Good Faith and Fair Dealing

Defendant also moves for summary judgment on Plaintiffs' "extra-contractual" claims. Dkt. No. 42. As the basis for this motion, Defendant argues that its liability never became reasonably clear. Dkt. No. 42, at 2. Defendant concludes that without reasonably clear liability, it cannot, as a matter of law, be held liable for unfair settlement practices, deceptive trade practices, or breach of the duty of good faith and fair dealing. *Id.* at 7–8, 16–17.

Under Texas law, unfair settlement practices include, *inter alia*, failing to effectuate a prompt settlement of a claim when the insurer's liability has become reasonably clear, failing to affirm or deny coverage of a claim within a reasonable time, and refusing to pay a claim without conducting a reasonable investigation with respect to the claim. Tex. Ins. Code § 541.060(a). The Deceptive Trade Practices Act provides a cause of action when a consumer suffers economic or mental anguish damages due to a violation of Chapter 541 of the Insurance Code — which includes unfair settlement practices. Tex. Bus. & Com. Code § 17.50(a)(4) (making the Insurance Code a "tie-in" statute). Finally, Texas courts have established a cause of action for bad faith by insurers. *See, e.g.*, Aranda v. Ins. Co. of N. Am., 748 S.W.2d 210, 213 (Tex. 1988); Arnold v. Nat'l County Mut. Fire Ins. Co., 725 S.W.2d 165 (Tex. 1987). To establish a claim for bad faith, the insured "must establish (1) the absence of a reasonable basis for denying or delaying payment of the benefits of the policy and (2) that the carrier knew or should have known that there was not a reasonable basis for denying the claim or delaying payment of the claim." Columbia Universal Life Ins. Co. v. Miles, 923 S.W.2d 803, 807 (Tex. App. 1996) (citing *Aranda*, 748 S.W.2d at 213). Texas courts are not entirely clear as to what evidence must be presented to make this showing. However, it is clear that an insurer will not be liable for bad faith in an arson case if all of the evidence before the insurer at the time of its decision to deny or delay the claim

---

Therefore, if this is true, Defendant violated its statutory duty to take action within 30 days of receiving all requested information, thereby making Plaintiffs' claim for breach of contract ripe. Tex. Ins. Code § 542.056(b).

7

suggests that the insured started the fire, unless "the insurer conducted its investigation solely to justify a preconceived result." *Miles*, 923 S.W.2d at 809–11; *see also Simmons II*, 963 S.W.2d at 44, 45–47; State Farm Fire & Cas. Co. v. Simmons, 857 S.W.2d 126, 133, 139–40 (Tex. App. 1993), *aff'd in part, rev'd in part*, 963 S.W.2d 42 (Tex. 1998) [hereinafter "*Simmons I*"]; *Polasek*, 847 S.W.2d at 283–88. Thus, it appears that all of these causes of action are dependent on the same issues: whether liability was reasonably clear, whether the investigation was unreasonably long or delayed, and whether the investigation was reasonable or was conducted in a manner designed to avoid liability.

The case *sub judice* arose out of the arson of Plaintiffs' home. In arson cases, insurers are entitled to conduct a more extensive investigation than in other cases, because they must determine whether the insured had a motive to set the fire him- or herself. *Simmons II*, 963 S.W.2d at 44–45, 47; *Miles*, 923 S.W.2d at 807. Courts have held that, regardless of any other evidence, if there is credible evidence which establishes the "arson triangle,"[7] then an insurer's delay for investigative purposes or denial of a claim cannot constitute bad faith. First State Bank of Denton v. Maryland Cas. Co., 918 F.2d 38, 43 (5th Cir. 1990); *Polasek*, 847 S.W.2d at 287. Here, Defendant had evidence before it which established the arson triangle. *See* Dkt. No. 42, at 9–16 and exhibits cited therein. Evidence clearly establishes that the fire was incendiary. *See* Dkt. No. 42, Ex. C, at 1; Ex. F, at 9; Ex. H, at 7. Defendant had evidence before it which showed that Plaintiffs had a financial motive for arson. *Id.* Exs. I – O, W. Finally, Mr. Munoz was in the general area, had been seen near the house, and had purchased a bottle of HEB brand lighter fluid (believed to be the incendiary devise) earlier that day — all factors which demonstrate opportunity. *Id.* Exs. A, D, F, G, V. Thus, based on the evidence before Defendant, its liability never became reasonably clear and it cannot be held liable for any of these causes of action on this

---

[7]The arson triangle consists of motive, opportunity, and incendiarism. *Simmons II*, 963 S.W.2d at 45 & n.1.

basis.[8]

Nonetheless, summary judgment is inappropriate in this case because of the other two bases for finding violations of these causes of action—unreasonable delay in the investigation and the propriety of the investigation itself. Defendant argues that the length of the investigation was warranted because it was still waiting for relevant documents from the Plaintiffs. Dkt. No. 42, at 2. Plaintiffs, however, offer evidence showing that all requested information had been produced and that Defendant was aware that it had either been produced or did not exist. Dkt. No. 46, Ex. A, at 3; Dkt. No. 52, Ex. A; Dkt. No. 60, Ex. A, at 64, 211–15, 221–23. If Plaintiffs' contention is correct and Defendant had received all relevant information, then Defendant's delay in processing the claim and extending the investigation may well have been unreasonable. Therefore, there is a material question of fact regarding whether or not the investigation was unreasonably long or unreasonably delayed. Additionally, Defendant asserts that it properly investigated all aspects of the incident. *See, e.g.*, Dkt. No. 60. Plaintiffs, however, aver that Defendant did not follow up on several important leads, which may have proved that Plaintiffs were not responsible for the fire. *See* Dkt. No. 52, at 10–11, and citations therein. Plaintiffs offer evidence in support of this contention. *Id.* Plaintiffs also offer evidence showing that Defendant concentrated its efforts on investigating the Plaintiffs, as opposed to investigating the fire. *Id.*; *see*

---

[8]It should be noted at this point that the inquiry in this section, determining whether liability became reasonably clear for purposes of the extra-contractual claims, holds no bearing over the breach of contract claim. Viles v. Sec. Nat'l Ins. Co., 788 S.W.2d 566, 567 (Tex. 1990). To determine whether liability was reasonably clear, only the evidence supporting Defendant's arguments may be considered. *Id.*; *Polasek*, 847 S.W.2d at 284–86. In the breach of contract claim, however, all of the evidence must be taken into account. *Id.* at 283. For example, Plaintiffs contest the allegations that they had a motive to commit arson and provide evidence to show their lack of motive — evidence which is to be considered on the contract claim but not on the other claims. *See* Dkt. No. 53, at 3; Dkt. No. 53, Ex. A, at 1; Dkt. No. 53, Ex. G, at 1–2; Dkt. No. 53, Ex. J, at 1; *see also Simmons I*, 857 S.W.2d at 139 (noting that insurer had not contacted insured's employer, even though insured's character was in issue). Thus, Defendant may well have wrongly denied coverage while acting in good faith. If that is the case, Defendant would be liable for breach of contract even though it is not liable for these other causes of action.

*also* Dkt. No. 60, at 6–7. Defendant has an obligation to investigate the incident, and this obligation requires investigation of all possible suspects in the fire. *Simmons II*, 963 S.W.2d at 45, 47; *Miles*, 923 S.W.2d at 807; *Simmons I*, 857 S.W.2d at 130. Thus, Plaintiffs raise a material question of fact regarding whether Defendant's investigation was conducted in a manner designed to avoid liability.

Based on the foregoing, it is clear that two material questions of fact remain: (1) whether all relevant information provided to Defendant (which would implicate the question of whether the investigation was unreasonably long or delayed) and (2) whether Defendant conducted its investigation in a manner designed to avoid liability. Because of these remaining questions of material fact, summary judgment on these causes of action is inappropriate and Defendant's motion must be denied. *See Simmons II*, 963 S.W.2d at 44 ("[W]hether an insurer has breached its duty of good faith and fair dealing is a fact issue."); *Crowe*, 857 S.W.2d at 648, 649 ("A dispute about whether there was any reasonable basis to support the denial of a claim is an issue for the jury;" "There was more than enough evidence to support submission of the bad faith issue to the jury . . . ."); *Polasek*, 847 S.W.2d at 284 ("Similarly, in bad faith cases if it is disputed whether there was any reasonable basis in existence to support denial of the claim, a jury issue is present.").

## IV.  Conclusion

Based on the foregoing, the Court **DENIES** Defendant State Farm Lloyds' Motion for Partial Summary Judgment on Plaintiffs' Extra-Contractual Claims and Defendant State Farm Lloyds' Motion for Summary Judgment. Dkt. Nos. 42, 43.

DONE at Brownsville, Texas, this 12th day of January, 2006.

_____
Hilda G. Tagle
United States District Judge