United States District Court
Southern District of Texas
FILED

FEB 0 3 2006

Michael N. Milby
Clerk of Court

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | CAUSE NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | |

## DEFENDANT STATE FARM LLOYDS' MOTION IN LIMINE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW STATE FARM LLOYDS, Defendant, and prior to the commencement of the voir dire examination of the jury panel, respectfully moves the Court in limine that Plaintiffs, counsel for Plaintiffs, and Plaintiffs' witnesses be instructed by the Court not to mention or refer to the following matters, directly or indirectly, at any time during the trial:

1.      The filing of this motion or of any motion to exclude evidence or to any objection to evidence or legal argument made to the Court out of the presence of the jury. FED. R. EVID. 103(c) (proceedings regarding rulings on evidence shall be conducted so as to prevent inadmissible evidence from being suggested to the jury); FED. R. EVID. 104(c) (hearings on preliminary matters shall be conducted out of the hearing of the jury); FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury).

2.      Any reference to the fact that defense counsel Rene Oliveira is a Texas State Representative, any reference to Mr. Oliveira in his official capacity as a Texas State Representative, or any suggestion that State Farm has hired a state representative as counsel.

3.    Any proffered testimony of Juan Buendia.  Mr. Buendia does not have the requisite personal knowledge of the insurance claim made the basis of this suit to testify as a fact or opinion witness. FED. R. EVID. 602; FED. R. EVID. 702.  Furthermore, Mr. Buendia does not have personal knowledge of the relevant "State Farm policy procedures."  Additionally, Mr. Buendia is barred from offering any expert testimony.  Plaintiffs did not timely disclose Mr. Buendia as an expert or file a written report prepared by Mr. Buendia, as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure.  FED. R. CIV. P. 37(c)(1) (a party that who fails to disclose information required by Rule 26(a) is not permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed).

4.    Any proffered testimony of Martha Galarza.  Ms. Galarza does not have the requisite personal knowledge of the insurance claim made the basis of this suit to testify as a fact or opinion witness. *See* FED. R. EVID. 602; FED. R. EVID. 702.  Additionally, Ms. Galarza is barred from offering any expert testimony.  Plaintiffs did not timely disclose Ms. Galarza as an expert or file a written report prepared by Ms. Galarza, as required by Rule 26(a)(2) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 37(c)(1) (a party that who fails to disclose information required by Rule 26(a) is not permitted to use as evidence at trial, at a hearing, or on a motion, any witness or information not so disclosed).

5.    Any statements or testimony by Plaintiffs, Plaintiffs' counsel, or Plaintiffs' witnesses that Eric Michael Cavazos claimed to have set the fire made the basis of this lawsuit, or any reference to a "confession" by Eric Michael Cavazos.  Such testimony is hearsay not subject to an exception and is inadmissible. FED. R. EVID. 801; FED. R. EVID. 802; FED. R. EVID. 803.

2

6.      Any testimony regarding the grand jury not returning an indictment against Plaintiff Luis Munoz or reference to the grand jury "no bill" of Plaintiff Luis Munoz, as the lack of indictment or "no bill" does not equate to a finding of innocence. Furthermore, evidence of non-prosecution is inadmissible in a civil suit arising out of the same incident or event. *See, e.g., American Ins. Co. of Newark, N.J., v. Gregory*, 77 S.W.2d 716 (Tex. Civ. App.1934); *Reliance Insurance Co. v. Smith*, 44 S.W.2d 446 (Tex. Civ. App.—Texarkana 1931). To the extent Plaintiffs contend the no bill is admissible on the "bad faith" claims, the no bill did not occur prior to suit and is therefore not relevant. FED. R. EVID. 401, *Viles v. Security Nat'l Ins. Co.*, 788 S.W.2d 566, 567 (Tex. 1990)(holding the conduct of insurer must be judged by the information that was before it at the time it declined to extend any additional payments).

7.      Any references by Plaintiffs, Plaintiffs' counsel, or any witnesses to any slander, libel, malicious prosecution, or abuse of process allegedly committed by Tom Reed or any State Farm personnel against either Plaintiff. These causes of action are not at issue in this trial and as such are not relevant to this case. FED. R. EVID. 401; FED. R. EVID. 402 (stating "Evidence which is not relevant is not admissible"). Furthermore, any reference to a cause of action which is not at issue in this trial should be excluded because of the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 403.

8.      Any testimony or statements by Plaintiffs, Plaintiffs' counsel, or Plaintiffs' witnesses that Plaintiffs suffered financial ruin due to the actions of State Farm in handling their claim, as such testimony is inconsistent with Plaintiffs' deposition testimony.

9.      Any attempt to compare the wealth of the parties or any reference to State Farm as an "empire" or use of the phrase "State Farm empire." *Carter v. Exxon Corp.,* 842 S.W.2d 393, 399

3

(Tex. App.—Eastland 1992, writ denied) (testimony concerning the wealth of the parties is inadmissible because it is irrelevant and prejudicial) (*citing Cooke v. Dykstra*, 800 S.W.2d 556, 562 (Tex. App.—Houston [14th Dist] 1990, no writ); *Block v. Waters*, 564 S.W.2d 113, 115 (Tex. Civ. App.—Beaumont 1978, no writ)); FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay).

10.    Any suggestion or inference that a corporation is not entitled to the same fair trial as an individual, that an out-of-state corporation is not entitled to the same fair trial as a Texas resident, or that a corporation is not entitled to the same access to the court system as an individual. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); U.S. CONST. amend. VII (right to a fair trial). *See also,* TEX. CONST. art. I, § 15 (right to a fair and impartial trial); *Pharo v. Chambers County*, 893 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, affirmed 922 S.W.2d 945 (Tex. 1996)) (*citing Babcock v. Northwest Mem. Hosp.*, 767 S.W.2d 705, 708 (Tex. 1989)) (the right to a fair and impartial trial is guaranteed by the Texas Constitution).

11.    Settlement negotiations, the lack of settlement negotiations, or any statements made by parties or their counsel during or concerning settlement negotiations. This paragraph extends to all correspondence and telephone conversations between counsel, but is not intended to exclude evidence of pre-suit offers, demands or statements. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID 403 (irrelevant and its probative value is substantially

4

outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); FED. R. EVID. 408 (evidence of offers, conduct or statements made in compromise negotiations are not admissible).

12.     Any opinion testimony by lay witnesses, including, but not limited to, Plaintiffs, eyewitnesses, fire-fighting personnel, police department personnel, or any person not designated by Plaintiffs as an expert regarding origin and cause of the fire, concerning the cause of the fire, of opinions as to who set, or who had motive to set, the fire. FED. R. EVID 602 (a witness lacking personal knowledge regarding a matter may not testify to that matter); FED. R. EVID. 701 (testimony of lay witnesses is limited solely to those opinions or inferences which are rationally based on the perception of the witness and helpful to a clear understanding or his testimony or the determination of a fact in issue); FED. R. EVID. 702 (a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) (the opinions of lay or expert witnesses on the ultimate issue to be decided by the trier of fact is inadmissible); *See also, Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 245 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.) (*citing Carr v. Radkey*, 393 S.W.2d 806 (Tex. 1965)) (the opinions of lay or expert witnesses on ultimate issues to be decided by the jury which involve legal definitions, legal tests, or pure questions of law are inadmissible). This motion does not extend to Plaintiffs' testimony they were not involved, or evidence of facts personally known to the witness that would be relevant to the jury's deliberation, nor does it apply to State Farm's ability to explain the purpose of its investigation or the reason for denial.

13.     Any evidence, inference, testimony, or mention, directly or indirectly, that the fire in this case was not an intentionally set fire with an incendiary origin.  During the course of this claim and litigation, Plaintiffs and Plaintiffs' counsel made several admissions regarding the incendiary origin of the fire.  State Farm Lloyds contends that the fact that the fire had an incendiary origin has already been established by these various admissions.  State Farm Lloyds would point with particularity to Plaintiffs' Second Amended Complaint and Joint Pretrial Order.

14.     Any evidence of the net worth of State Farm Lloyds or any other State Farm company. FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay); *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408 (2003); *Quest Medical, Inc. v. Apprill,* 90 F.3d 1080, 1091 (5th Cir. 1996) (Net worth of a Defendant is only relevant to punitive damages); *See also, Transportation Ins. Co. v. Moriel,* 879 S.W.2d 10 (Tex. 1994) (evidence of Defendant's net worth is generally relevant only to the amount of punitive damages)(*citing Wal-Mart Stores, Inc. v. Alexander,* 868 S.W.2d 322, 329 (Tex. 1993) (*Gonzales, J., concurring*)).

15.     Any evidence, testimony, or argument  referring to any claims, lawsuits, or cases in which State Farm Lloyds, any other State Farm company, or any of their employees were parties to the suit, other than this case, including, but not limited to, *State Farm Lloyds v. Nicolau,* 951 S.W.2d 444 (Tex. 1997) and *State Farm Fire & Casualty Co. v. Simmons*, 963 S.W.2d 42 (Tex. 1998). FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay); FED. R. EVID. 404(a) (evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted

in conformity therewith on a particular occasion); FED. R. EVID. 404(b) (evidence of other wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith); FED. R. EVID. 408 (evidence of offers, conduct or statements made in compromise negotiations are not admissible).

16.    Any evidence, testimony, or argument referring to any Texas Department of Insurance or other complaints against State Farm Lloyds ,or any of their employees in this or any other case. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury, or by considerations of undue delay); FED. R. EVID. 404(a) (evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion); FED. R. EVID. 404(b) (evidence of other wrongs or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith); FED. R. EVID. 408 (evidence of offers, conduct or statements made in compromise negotiations are not admissible).

17.    Any request made in the presence of the jury for Defendant's counsel, representatives or witnesses to "stipulate" or "agree" to any issue or matter or to produce any documents, witnesses or other evidence. This paragraph includes, but is not limited to, items on which objection is pending or has been sustained. FED. R. EVID. 103(c) (proceedings regarding rulings on evidence shall be conducted so as to prevent inadmissible evidence from being suggested to the jury); FED. R. EVID. 104(c) (hearings on preliminary matters shall be conducted out of the hearing of the jury); FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and

7

its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury).

18.    Any reference to any previous proceedings in this cause, including prior and related lawsuits, State Farm's Motion for Summary Judgment and Motion for Partial Summary Judgment, and any other motions, the outcome of such proceedings and/or motions, or to discovery matters other than properly admissible discovery responses. FED. R. EVID. 103(c) (proceedings regarding rulings on evidence shall be conducted so as to prevent inadmissible evidence from being suggested to the jury); FED. R. EVID. 104(c) (hearings on preliminary matters shall be conducted out of the hearing of the jury); FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury).

19.    Any effort to call to testify at trial any fact witness who was not timely identified by name, address and telephone number in response to written interrogatories to Plaintiffs. FED. R. CIV. P. 26(e) (duty to supplement discovery responses); FED. R. CIV. P. 37(c) (a party who fails to respond to or supplement discovery responses shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to offer the testimony of an expert witness or of any other person having knowledge of discoverable matter).

20.    Any attempt to ask for expert opinion testimony in any form, directly or indirectly, from any witness not timely identified as an expert witness in response to written interrogatories to Plaintiff. FED. R. CIV. P. 26(e) (duty to supplement discovery responses); FED. R. CIV. P. 37(c) (a party who fails to respond to or supplement discovery responses shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response or to

8

offer the testimony of an expert witness or of any other person having knowledge of discoverable matter).

21.     Any statement, writing, report or probable or anticipated testimony of any person who is absent, unavailable, not called to testify, and not then and there present at trial to be cross-examined by counsel for Defendant. This request does not extend to matters within the claim file, State Farm's reasons for its investigation, and decisions related to the claim, or to information on which a timely designated expert would rely. *General Motors Corp. v. Bryant*, 582 S.W.2d 521, 527 (Tex. Civ. App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.). Without proper exception, such testimony or evidence would constitute inadmissible hearsay. FED. R. EVID. 801, FED. R. EVID. 802, FED. R. EVID. 803. Furthermore, such testimony or evidence would violate Defendant's right to cross-examine the witness. The purpose of cross-examination is to give the opposing party the opportunity to test the credibility of the witness and his or her testimony. *Dorman v. Malloy*, 408 S.W.2d 138, 139 (Tex. Civ. App.—Beaumont 1966, writ ref'd n.r.e.)(stating "[o]rdinarily, parties are entitled to cross-examine witnesses and test their opportunity to know what they profess to know.")

22.     Any reference to State Farm's alleged failure to call any witness, the absence of any witness not called, the testimony of any witness who has not testified, or who otherwise does not testify before the Court, in person or by deposition, who would be available equally to all parties herein through the subpoena process. *Boyles v. Houston Lighting and Power Co.*, 464 S.W.2d 359 (Tex. 1971); *Tex-Jersey Oil Corp. v. Beck*, 305 S.W.2d 162 (Tex. 1957); *Dunlap v. G& C Towing, Inc.*, 613 F.2d 493 (4th Cir. 1980).

9

23. Any reference to any particular interest group that advocates or promotes a "need for insurance reform." FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); U.S. CONST. amend. VII (right to a fair trial); *see also, Levermann v. Cartall*, 393 S.W.2d 931, 937 (Tex. Civ. App.—San Antonio 1965, writ ref'd n.r.e.) (it is improper to appeal to prejudice by referring to the effect a judgment would have upon the community's need); TEX. CONST. art. I, § 15 (right to a fair and impartial trial); *Pharo v. Chambers County*, 893 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, affirmed 922 S.W.2d 945 (Tex. 1996)) (*citing Babcock v. Northwest Mem. Hosp.*, 767 S.W.2d 705, 708 (Tex. 1989)) (the right to a fair and impartial trial is guaranteed by the Texas Constitution).

24. Any attempt to offer into evidence or discuss any photographs, documents or other tangible evidence which have not already been identified and produced by Plaintiff. FED. R. CIV. P. 26(e) (duty to supplement discovery responses); FED. R. CIV. P. 37(c) (a party who fails to respond to or supplement discovery responses shall not be entitled to present evidence which the party was under a duty to provide in a response or supplemental response).

25. Any attempt to suggest or infer that the Jury use its verdict as a mechanism through which to effect social change or send a message to the other members of the community, including this defendant. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); U.S. CONST. amend. VII (right to a fair trial)); *see also, Levermann v. Cartall*, 393 S.W.2d 931, 937 (Tex. Civ. App.—San Antonio 1965, writ ref'd n.r.e.) (it is improper to appeal to prejudice by referring to the effect a judgment would have upon

the community's need); Tex. Const. art. I, § 15 (right to a fair and impartial trial); *Pharo v. Chambers County*, 893 S.W.2d 264, 266 (Tex. App.—Houston [14th Dist.] 1995, affirmed 922 S.W.2d 945 (Tex. 1996)) (*citing Babcock v. Northwest Mem. Hosp.*, 767 S.W.2d 705, 708 (Tex. 1989)) (the right to a fair and impartial trial is guaranteed by the Texas Constitution).

26.     The fact that State Farm Lloyds or any other State Farm Company has asserted the attorney-client privilege, or any other privilege, or has withheld production of any documents pursuant to such privilege. This request further requests that counsel for Plaintiffs not deliberately ask a question of any witness to provoke such a privilege objection in front of the jury. Fed. R. Evid. 103(c) (proceedings regarding rulings on evidence shall be conducted so as to prevent inadmissible evidence from being suggested to the jury); Fed. R. Evid. 104(c) (hearings on preliminary matters shall be conducted out of the hearing of the jury); Fed. R. Evid. 402 (evidence which is not relevant is inadmissible); Fed. R. Evid. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury).

27.     Any attempt to question or make leading remarks to employees of State Farm or any other State Farm witness regarding what damages should be awarded to Luis Munoz or Carmela Munoz, or how much in damages the jury would have to award to "get State Farm's attention" or any other such question. Fed. R. Evid. 602 (a witness lacking personal knowledge regarding a matter may not testify to that matter); Fed. R. Evid. 701 (testimony of lay witnesses is limited solely to those opinions or inferences which are rationally based on the perception of the witness and helpful to a clear understanding or his testimony or the determination of a fact in issue); Fed. R. Evid. 702 (a witness qualified as an expert by knowledge, skill, experience, training, or education,

11

may testify thereto in the form of an opinion or otherwise); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) (the opinions of lay or expert witnesses on the ultimate issue to be decided by the trier of fact is inadmissible); *see also, Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 245 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.) (*citing Carr v. Radkey*, 393 S.W.2d 806 (Tex. 1965)) (the opinions of lay or expert witnesses on ultimate issues to be decided by the jury which involve legal definitions, legal tests, or pure questions of law are inadmissible).

28.     Any use of or reference to the discovery responses, depositions, pleadings, affidavits or other documents of parties to this suit against whom all claims have been dismissed or otherwise disposed of. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); FED. R. EVID. 802 (hearsay is not admissible).

29.     Any use of or reference to any affidavits filed in this case unless for some reason the affidavit is admitted into evidence, or is being used to impeach the affiant. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); FED. R. EVID. 602 (a witness lacking personal knowledge regarding a matter may not testify to that matter); FED. R. EVID. 802 (hearsay is not admissible).

30.     Any attempt to refer to or introduce into evidence any publications prepared by or referring to any State Farm company. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); FED. R. EVID. 602 (a

12

witness lacking personal knowledge regarding a matter may not testify to that matter); FED. R. EVID. 802 (hearsay is not admissible).

31.    Any reference or inference to the one time existence of defendants other than State Farm Lloyds or any inference or insinuation that any of those defendants settled, compromised or otherwise made an agreement to be dismissed from the case. FED. R. EVID. 402 (evidence which is not relevant is inadmissible); FED. R. EVID. 403 (irrelevant and its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury); FED. R. EVID. 602 (a witness lacking personal knowledge regarding a matter may not testify to that matter); FED. R. EVID. 802 (hearsay is not admissible); *C.P. Interests, Inc. v. California Pools, Inc.*, 238 F.3d 690, 697 (5th Cir. 2001) (the opinions of lay or expert witnesses on the ultimate issue to be decided by the trier of fact is inadmissible); *see also*, *Wilfin, Inc. v. Williams*, 615 S.W.2d 242, 245 (Tex. Civ. App.—Dallas 1981, writ ref'd n.r.e.) (*citing Carr v. Radkey*, 393 S.W.2d 806 (Tex. 1965)) (the opinions of lay or expert witnesses which involve legal definitions, legal tests, or pure questions of law are inadmissible).

32.    Any reference to past criminal activity in and around the location of the residence made the subject of this suit or to the crime rate in such area. This motion does not extend to any criminal record admissible to impeach a witness who actually testifies. Any mention, or inference thereof, has little or no probative value, or if any probative value exists, the probative value is substantially outweighed by the danger that it will (1) unduly and unfairly prejudice the jury, (2) mislead, confuse, or distract the jury, and/or (3) raise collateral or irrelevant issues. FED. R. EVID. 401; FED. R. EVID. 402; FED. R. EVID. 403; FED. R. EVID. 702; *Daubert v. Merrell Dow Pharmaceuticals, Inc.* 509 U.S. 579 (1993).

13

WHEREFORE, PREMISES CONSIDERED, Defendants pray their Motion be granted and sustained by appropriate order of this Court.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: _____

Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

**ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS**

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the preceding Defendant State Farm Lloyds' Motion in Limine has been forwarded to the following persons by facsimile and certified mail, return receipt requested on this 3rd day of February, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, Georgia 30303-1227

_____
Warren Taylor