**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
FILED

FEB 2 2 2006

Michael N. Milby, Clerk of Court

| | | |
|---|---|---|
| Luis C. Munoz and Carmela Munoz, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-141 |
| State Farm Lloyds, | § § | |
| Defendant. | § | |

**FINAL JURY INSTRUCTIONS**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

**I.**

This claim involves an insurance dispute that arises out of a fire at the Plaintiffs' home. The Plaintiffs in this case, Luis C. Munoz and Carmela Villarreal (formerly Carmela Munoz), allege that the Defendant breached the terms of its contract with the Plaintiffs for homeowners insurance. Plaintiffs also allege that Defendant conducted a sham investigation into their claim, in violation of Defendant's duties under the Texas Deceptive Trade Practices Act and the Texas Insurance Code and in violation of Defendant's duty of good faith and fair dealing.

-1-

Defendant, State Farm Lloyds, responds that the Plaintiffs failed to comply with their duties under the contract, thereby preventing Defendant's obligation to pay from arising. Defendant also contends that no insurance proceeds are owed to the Plaintiffs because the fire was intentionally set, by one and/or the other of the Plaintiffs or by someone acting under their control. Finally, it is Defendant's position that it had a reasonable basis for the method in which it handled Plaintiffs' claim, and that its liability to pay the Plaintiffs' claim never became reasonably clear.

## II.

Do not let bias, prejudice or sympathy play any part in your deliberations. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice.

## III.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

## IV.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a

significant portion of his income.

## V.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

## VI.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence simply means the amount of evidence that persuades you that a fact is more likely true than not true. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In this case, the plaintiffs must prove every essential part of their claim by a preponderance of the evidence.

A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

## VII.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

## VIII.

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case.

## IX.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## X.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case.

Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

## XI.

Answer "Yes" or "No" to all of the questions unless otherwise instructed. A "Yes" answer must be based on a preponderance of the evidence unless otherwise instructed. If you do not find that a preponderance of the evidence supports a "Yes" answer, then answer "No."

### QUESTION 1

"Conditions precedent" to an obligation to perform are acts or events that are to occur after the contract is made and that must occur before there is a right to immediate performance and before there can be a breach of contractual duty.

Compliance with the conditions precedent to an agreement must occur within a reasonable time under the circumstances unless the parties agreed that compliance must occur within a specified time and the parties intended compliance within such time to be an essential part of the agreement and the facts and circumstances surrounding its making.

Did Luis Munoz and Carmela Villarreal fulfill all of the conditions precedent enumerated in the contract?

Answer (yes or no): __YES__

### QUESTION 2

Did State Farm Lloyds fail to comply with its obligations under the insurance contract?

Answer (yes or no): __YES__

If your answer to Question 2 is "Yes," then answer Question 3. Otherwise, do not answer Question 3.

### QUESTION 3

Failure to comply by State Farm Lloyds is excused if either Luis Munoz or Carmela Villarreal committed an act which voids the insurance contract.

Luis Munoz and Carmela Villarreal committed an act which voids the insurance contract if Luis Munoz, Carmela Villarreal, a person acting under the direction and control of Luis Munoz and/or Carmela Villarreal, or any combination of these persons was responsible for starting the fire.

You may find that Luis Munoz and/or Carmela Villarreal were responsible for starting the fire even though there may not be direct evidence that they set it. For State Farm Lloyds to use circumstantial evidence to establish that Luis Munoz and/or Carmela Villarreal set the fire, State

-5-

Farm Lloyds must prove, by a preponderance of the evidence: (1) that the fire was incendiary in origin, (2) that Luis Munoz and/or Carmela Villarreal had a motive to set the fire, and (3) that Luis Munoz and/or Carmela Villarreal had an opportunity to set the fire. Furthermore, State Farm Lloyds must prove that it is more likely than not that Luis Munoz, Carmela Villarreal, a person acting under the direction and control of Luis Munoz and/or Carmela Villarreal, or any combination of these persons, and not some other party or parties, was/were the parties responsible for starting the fire.

Was State Farm Lloyds' failure to comply excused?

Answer (yes or no):  __NO_____

If you have answered "Yes" to Question 2 and you answered "No" to Question 3, then answer Question 4. Otherwise, do not answer Question 4.

QUESTION 4

Consider the following elements of damages, if any, and none other.

(a) The reasonable and necessary cost of repairing the home at 829 West White Ave., Raymondville, Texas ("the home"); and

(b) The reasonable and necessary cost of repairing and/or replacing the contents of the home.

Do not add any amount for interest on damages, if any.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Luis Munoz and Carmela Villarreal for their damages, if any, that resulted from such failure to comply?

Answer separately in dollars and cents for damages, if any, for each element, that you find were sustained.

Answer:        (a - repairs)   _148,000.00_

               (b - contents)  _82,700.00_

QUESTION 5

"Unfair or deceptive act or practice" means any of the following:

(1)    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear.

(2)     Failing to provide promptly to Luis Munoz and Carmela Villarreal a reasonable explanation of the factual and legal basis in the policy for an insurer's denial of the claim.

(3)     Failing to affirm or deny coverage of a claim within a reasonable time.

(4)     Refusing to pay a claim without conducting a reasonable investigation of the claim.

Did State Farm Lloyds fail to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim when its liability had become reasonably clear?

Answer (yes or no): __YES__

Did State Farm Lloyds fail to promptly provide to Luis Munoz and Carmela Villarreal a reasonable explanation of the factual and legal basis in the policy for its denial of their claim?

Answer (yes or no): __YES__

Did State Farm Lloyds fail to affirm or deny coverage of Luis Munoz and Carmela Villarreal's claim within a reasonable time?

Answer (yes or no): __YES__

Did State Farm Lloyds refuse to pay Luis Munoz and Carmela Villarreal's claim without conducting a reasonable investigation of their claim?

Answer (yes or no): __YES__

## QUESTION 6

An insurer fails to comply with its duty of good faith and fair dealing by

- Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim when the insurer's liability has become reasonably clear, or
- Refusing to pay a claim without conducting a reasonable investigation of the claim.

Did State Farm Lloyds fail to comply with its duty of good faith and fair dealing to Luis Munoz and Carmela Villarreal?

Answer (yes or no): __YES__

-7-

QUESTION 7

If you have answered "Yes" to any part of Question 5 and/or to Question 6, then answer Question 7. Otherwise, do not answer Question 7.

"Proximate cause" means that cause which, in a natural and continuous sequence, produces an event, and without which cause such event would not have occurred. In order to be a proximate cause, the act or omission complained of must be such that a person using the degree of care required of him would have foreseen that the event, or some similar event, might reasonably result therefrom. There may be more than one proximate cause of an event.

In answering questions about damages, answer each question separately. Do not increase or reduce the amount in one answer because of your answer to any other question about damages. Do not speculate about what any party's ultimate recovery may or may not be. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment. Do not add any amount for interest on damages, if any.

Consider the following elements of damages, if any, and none other.

Economic Damages:
- The reasonable and necessary cost of repairing the home at 829 West White Ave., Raymondville, Texas ("the home"); and
- The reasonable and necessary cost of repairing and/or replacing the contents of the home.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Luis Munoz and Carmela Villarreal for their economic damages, if any, that were proximately caused by such conduct?

Answer separately in dollars and cents for damages, if any.

Answer: __0.00__

-8-

Non-economic Damages:
- Any mental anguish suffered by Luis Munoz or Carmela Villarreal.

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Luis Munoz for his non-economic damages, if any, that were proximately caused by such conduct?

Answer separately in dollars and cents for damages, if any, that

were sustained in the past;   Answer: 10,000.00

in reasonable probability will
be sustained in the future.  Answer: 0.00

What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Carmela Villarreal for her non-economic damages, if any, that were proximately caused by such conduct?

Answer separately in dollars and cents for damages, if any, that

were sustained in the past;   Answer: 10,000.00

in reasonable probability will
be sustained in the future.  Answer: 0.00

## QUESTION 8

If you have answered any part of Question 5 "Yes," then answer Question 8. Otherwise, do not answer Question 8.

"Knowingly" means actual awareness of the falsity, deception, or unfairness of the conduct in question. Actual awareness may be inferred where objective manifestations indicate that a person acted with actual awareness.

In answering this question, consider only the conduct that you have found resulted in damages to Luis Munoz and Carmela Villarreal.

Did State Farm Lloyds engage in any such conduct knowingly?

Answer (yes or no): YES

If you have answered Question 8 "Yes," then answer Question 9. Otherwise, do not answer Question 9.

-9-

## QUESTION 9

What sum of money, if any, in addition to actual damages, should be awarded to Luis Munoz and Carmela Villarreal against State Farm Lloyds because State Farm Lloyds' conduct was committed knowingly?

Answer in dollars and cents, if any.

Answer: _____ 0 .00 _____

Hilda G. Tagle
United States District Judge
February 22, 2006

## CERTIFICATE

We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same into Court as our verdict.

Presiding Juror

United States District Court
Southern District of Texas
FILED

FEB 23 2006

Michael N. Milby, Clerk of Court

-10-