IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Luis C. Munoz and<br>Carmela Munoz,<br><br>　　　Plaintiffs,<br><br>v.<br><br>State Farm Lloyds,<br><br>　　　Defendant. | § § § § § § § § § § § | <br><br><br><br><br>CIVIL ACTION NO. B-04-141 |

**FINAL JUDGMENT**

BE IT REMEMBERED, that on _____ day of March, 2006, the Court issued its final judgment in this case.

1. On February 6, 2006, the Court called this case for trial by jury. On February 22, 2006, the jury returned a verdict in favor of Plaintiffs Luis C. Munoz and Carmela Munoz against State Farm Lloyds as set forth in paragraph 4 below.

2. There are no claims against other parties that remain in the case.

3. The Court specifically certifies that there is no just reason for delay of the entry of final judgment as to Luis C. Munoz and Carmela Munoz.

4. Therefore, the Court orders State Farm Lloyds pay the following:

   a. direct damages in the amount of $148,000.00 for repairs to the home at 829 West White Avenue, Raymondville, Texas;

   b. direct damages in the amount of $82,700.00 for contents to the home at 829 West White Avenue, Raymondville, Texas;

   c. non-economic damages for mental anguish of Luis C. Mendoza:

   Past: $10,000.00

   d. non-economic damages for mental anguish of Carmela Mendoza:

   Past: $10,000.00

1

  e.  damages for State Farm engaging in false, deceptive or unfairness of conduct in the amount of $0.00; and,

  f.  punitive damages in the amount of $_____.[1]

5. The Court awards prejudgment interest be calculated on the amount of $250,700.00 at the annual rate of _____% per annum, to be paid from the date that the complaint was filed, May 11, 2004, until the date of the entry of this Judgment, March _____, 2006.[2]

6. Luis C. Munoz and Carmela Munoz requested reasonable attorney fees and filed an affidavit proving attorney fees in the amount of $374,864.00.[3] The Court orders State Farm Lloyds to pay Luis C. Munoz and Carmela Munoz $374,864.00 for attorneys fees.

7. Postjudgment interest shall accrue on the amount of $250,700.00 at the rate of 4.70%, from the date this Judgment is entered until the date this Judgment is paid.[4] The interest shall be computed daily to the date of payment and shall be compounded annually.[5]

8. The Court execution to issue for this Judgment.

---

[1] A plaintiff can recover punitive damages up to three times the amount of economic damages if the defendant is found to knowingly violate the DTPA. *See* Tex. Bus. & Com. Code §17.50(b)(1). [emphasis added]. In the case at hand, the jury found State Farm Lloyds to have knowingly engaged in such conduct. *See* Final Jury Instructions dated February 22, 2006, question 8. A plaintiff can also recover punitive damages up to three times the amount of economic and mental anguish damages if the defendant is found to intentionally violate the DTPA. *See* Tex. Bus. & Com. Code §17.50(b)(1). [emphasis added]. If both economic and mental aguish damages are sought, a plaintiff may choose to submit separate questions on the defendant's knowledge and intent. *See* Comm. on Pattern Jury Charges, State Bar of Texas, Texas Pattern Jury Charges PJC 102.21 (2003 ed.). In the case at hand, the jury found State Farm Lloyds to have knowingly engaged in such conduct but no definition of "intentionally" was given. *See* Final Jury Instructions dated February 22, 2006, question 8. Further, Article 21.21 of the Texas Insurance Code also permits a plaintiff to seek treble damages. *See* Tex. Ins. Code Ann. Art. 21.21, §16(b). If a case is brought under the DTPA and the Insurance Code, the DTPA section in cases such as the case at hand, necessarily incorporates article 21.21 of the insurance code in its entirety. *See Vail v. Texas Farm Bureau Mutual Ins. Co.*, 754 S.W.2d 129.137 (Tex. 1988).

[2] Prejudgment interest is recoverable under a DTPA cause of action in Texas pursuant to §17.50(f) of the Texas Business & Commerce Code.

[3] A plaintiff may recover reasonable attorney fees under a DTPA cause of action in Texas pursuant to §17.50(g) of the Texas Business & Commerce Code. In addition, a plaintiff may recover attorney fees pursuant to §38.001(8) of the Texas Civil Practice & Remedies Code in a breach of contract suit.

[4] Postjudgment interest is recoverable under a DTPA in Texas pursuant to §17.50(f) of the Texas Business & Commerce Code.

[5] *See* 28 U.S.C. §1961(b).

9. The Court denies all relief not granted in this Judgment.

10. The Court directs the clerk to enter this, a FINAL JUDGMENT, as to Luis C. Munoz and Carmela Munoz as described above.

SIGNED on this _____ day of March, 2006.

---------------------------------
Hilda G. Tagle
United States District Judge

APPROVED AS TO FORM AND & SUBSTANCE:

By: Gustavo Ch. Garza
705 W. Hwy 100 Ste. A
Los Fresnos, Texas 78566
Tel. (956) 233-5614
Fax (956) 233-6596

ATTORNEY IN CHARGE FOR LUIS C. MUNOZ AND CARMELA MUNOZ


APPROVED AS TO FORM ONLY:

---------------------------------
By: Warren Taylor, Esq.
State Bar No.
Federal Id No.
Taylor & Taylor
815 Walker Street
Suite 250
Houston, TX 77002-6707

ATTORNEY IN CHARGE FOR STATE FARM LLOYDS