United States District Court
Southern District of Texas
FILED

MAR 23 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ | § § § | CAUSE NO B-04-141 |
| VS. | § § | |
| STATE FARM LLOYDS | § § | |

### DEFENDANT STATE FARM LLOYDS' RESPONSE TO PLAINTIFFS' MOTION TO ENTER JUDGMENT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files its Response to Plaintiffs Luis and Carmela Munoz's ("the Munozes") Motion to Enter Judgment, as follows:

### I. Introduction

1.  This suit is an insurance dispute arising out of an intentionally set fire at the Munoz residence. The case was called for trial on the merits on February 6, 2006. On February 22, the jury returned a verdict for the Munozes.

2.  On March 9, 2006, counsel for the Munozes forwarded his Motion to Enter Judgment and Motion for Attorney Fees. The Motion for Attorneys' Fees is set for hearing before the Court on March 24, 2006, at 10:00 a.m. State Farm will file a separate response addressing those fees.

3.  State Farm opposes entry of judgment as submitted by the Munozes because:

A.  State Farm is entitled to credit for amounts previously paid;

B.  The Munozes' evidence of mental anguish is insufficient as a matter of law; and

C.  The Munozes' proposed judgment miscalculates prejudgment interest.

1

## II. Argument & Authorities

**A.  State Farm is entitled to have any award for actual damages offset by prior payments to the Munozes.**

4.   As required by Rule 94 of the Texas Rules of Civil Procedure, State Farm pleaded the affirmative defense of offset or credit in its First Amended Answer. Exhibit A, ¶ 37; *see* TEX. R. CIV. P. 94; TEX. INS. CODE §554.002; *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980). Therefore, State Farm is entitled to have any award on the contents claim reduced by the amount of its prior payments to the Munozes.

5.   At trial, the parties stipulated that during the course of handling the Munozes' claim, State Farm issued payments totaling $6,738.49 either to or on behalf of the Munozes for the storage, restoration, and replacement of their contents. Exhibit B, ¶ 6(j) and 6(k). These payments were as follows:

| | | | |
|---|---|---|---|
| 01/06/03 | Draft 515115134Q | $2,500.00 | Luis & Carmela Munoz |
| 05/15/03 | Draft 125363933J | $1,806.76 | ServiceMaster |
| 11/06/03 | Draft 125974324J | $607.93 | ServiceMaster |
| 02/24/04 | Draft 125536503J | $810.58 | ServiceMaster |
| 05/25/04 | Draft 125538096J | $1,013.22 | United States Treasury |

6.   As State Farm has affirmatively pleaded offset and the parties have stipulated State Farm's prior payments on the Munozes' contents claim, any damage award for contents should be reduced by the amount of $6,738.49. The jury's verdict of $82,700, if allowed to stand, should result in a judgment of $75,961.51, not $82,700.

2

**B.   The evidence presented by the Munozes does not meet the high standards established by Texas law to be compensable as mental anguish.**

7.   In insurance bad faith cases, mental anguish damages are limited to situations where the non-payment of the claim itself created anguish that is significant enough to seriously disrupt the insured's life. *Universe Life Ins. Co. v. Giles*, 950 S.W.2d 48, 54 (Tex. 1997). This disruption must be legally and factually sufficient to establish a high degree of mental pain and distress that is more than mere worry, anxiety, vexation, embarrassment, or anger. *Parkway Co. v. Woodruff*, 901 S.W.2d 434, 444 (Tex. 1995); *Smith v. Levine*, 911 S.W.2d 427, 435 (Tex. App.—San Antonio 1995, writ denied). Feelings of depression or humiliation are not sufficient to establish severe emotional distress. *Gonzales v. Willis*, 995 S.W.2d 729, 736 (Tex. App.—San Antonio 1999, n.w.h.). It is only when mental anguish is substantial that it then becomes recoverable. *Id.*

8.   Texas courts consistently set a high standard for recovery. For example, evidence that a plaintiff felt embarrassed, uncomfortable, hurt and could not sleep is insufficient to support a claim for damages. *Gonzales*, 995 S.W.2d at 736. Likewise, evidence of insecurity, deterioration of family relationships, worry over bills or losing a home also is insufficient to support a claim for mental anguish. *See, e.g., Parkway*, 901 S.W.2d at 445 (finding testimony that plaintiffs were "hot," "very disturbed," upset, and experienced friction in their marriage relationship did not support award of mental anguish damages); *Saenz v. Fidelity & Guar. Ins. Underwriters*, 925 S.W.2d 607, 614 (Tex. 1996) (finding evidence that plaintiff worried about losing her home and paying for future medical bills did not support award of mental anguish damages); *Republic Ins. Co. v. Stoker*, 903 S.W.2d 338, 342-43 (Tex. 1995) (finding testimony that plaintiff was very upset did not support award of mental anguish damages). In short, the mere non-payment of money is unlikely to give rise to a valid

mental anguish claim unless there is evidence of some serious impact like near financial ruin, persistent dunning by creditors, or severe damage to credit reputation. *GAB Business Services, Inc. v. Moore,* 829 S.W.2d 345, 350 (Tex. App.—Texarkana 1992, no writ) (finding plaintiff allowed to recover mental anguish damages, but only when there was evidence plaintiff was forced to sell personal property, accept charity and loans from friends, and was on the verge of a nervous breakdown as a result of insurer's conduct).

9. The Munozes have presented no evidence establishing that they suffered such a high degree of mental pain and distress that was more than mere worry, anxiety, vexation, embarrassment, or anger. *See Beaston,* 907 S.W.2d at 435; *Smith,* 911 S.W.2d at 435. Taken as true, the Munozes' conclusory testimony of their "anguish" fails to meet the high standards set by Texas courts. The Munozes' claimed emotional distress simply does not rise to the level of severity or harm required to be compensable through mental anguish damages.

C. **Any award of prejudgment interest should be calculated at the rate of 7.5% on the amount of actual damages only, beginning on May 11, 2004.**

10. State law governs the award of prejudgment interest in diversity cases. *Harris v. Mickel,* 15 F.3d 428, 429 (5th Cir. 1994); *Federal Savings & Loan Ins. Corp. v. Texas Real Estate Counselors, Inc.,* 955 F.2d 261, 270 (5th Cir. 1992). Under Texas law, the prejudgment interest rate in a property damage case is equal to the postjudgment interest rate applicable at the time of judgment. TEX. FIN. CODE §304.103. The postjudgment interest rate is the prime rate as published by the Board of Governors of the Federal Reserve System on the date of computation (if that rate is more than 5% and less than 15%). TEX. FIN. CODE §304.003(c). The prime rate as published on March 20, 2006, is 7.5%; therefore, the interest rate applicable to any award of prejudgment interest

in this case is 7.5%.[1]

11.     Further, any award of prejudgment interest must be calculated on the award of actual damages only. A plaintiff is not entitled to receive prejudgment interest on damages for mental anguish. TEX. BUS. & COMM. CODE §17.50(f)(2) (stating "A court may not award prejudgment interest applicable to...additional damages under Subsection (b)"). Mental anguish damages are considered additional damages which can be awarded under the Texas Deceptive Trade Practices Act. TEX. BUS. & COMM. CODE §17.50(b). State Farm believes that the Munozes are not entitled to recover mental anguish damages. *See Section II(B), supra.* However, in the event the Court awards those damages to the Munozes, they should not be included in the prejudgment interest calculation. Thus, if judgment is entered on March 24, 2006, the correct amount of prejudgment interest is $30,178.44.

### III. Conclusion and Prayer

12.     The Munozes' proposed final judgment is deficient in several respects. First, State Farm is entitled to have the amount of damages found on the Munozes' contents claim offset by State Farm's prior payments to or on behalf of the Munozes for the restoration, cleaning, and storage of the Munozes' contents. Second, the evidence presented by the Munozes of mental anguish does not meet the high standards set by Texas courts for the recovery of mental anguish damages; therefore, the Munozes are not entitled to recover these damages. Finally, any prejudgment interest award should be calculated at the rate provided by Texas law on the amount of actual damages only.

Therefore, Defendant State Farm Lloyds respectfully asks the Court to deny Plaintiffs Luis

---

[1] Defendant agrees with the date the Munozes proposed as the beginning date for such interest, that being the date of suit (May 11, 2004).

and Carmela Munoz's Motion to Enter Judgment in part, as set forth in this response.

                Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:** | By: _Warren Taylor by LT_ |
| | Warren Taylor |
| **TAYLOR & TAYLOR** | State Bar No. 19727200 |
| | Federal I.D. No. 1354 |
| | Beth M. Taylor |
| | State Bar No. 13336787 |
| | Federal I.D. No. 14601 |
| | 815 Walker, Suite 250 |
| | Houston, Texas 77002 |
| | (713) 615-6060 Telephone |
| | (713) 615-6070 Facsimile |
| | |
| | Rene O. Oliveira |
| | State Bar No. 15254700 |
| | Federal I.D. No. 4033 |
| | Roerig, Oliveira & Fisher, L.L.P. |
| | 855 West Price Road, Suite 9 |
| | Brownsville, Texas 78520-8718 |
| | (956) 542-5666 Telephone |
| | (956) 542-0016 Facsimile |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | STATE FARM LLOYDS |

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the preceding Defendant State Farm Lloyds' Response to Plaintiffs' Motion to Enter Judgment has been forwarded to the following persons by facsimile (without attachments) and overnight delivery on this 23rd day of March, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, Georgia 30303-1227

                                                    _____
                                                    Warren Taylor