United States District Court
Southern District of Texas
FILED

MAR 23 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | CAUSE NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | |

### DEFENDANT STATE FARM LLOYDS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND REQUEST FOR CONTEMPORANEOUS DOCUMENTATION

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds ("State Farm") files its Memorandum in Opposition to Plaintiffs Luis and Carmela Munoz's ("the Munozes") Motion for Attorneys' Fees and Request for Contemporaneous Documentation, as follows:

### I. Introduction

1. This suit is an insurance dispute arising out of an intentionally set fire at the Munoz residence on January 1, 2003. This case was called for trial on the merits on February 6, 2006. On February 22, 2006, the jury returned a verdict for the Munozes.

2. On March 9, 2006, the Munozes filed a motion asking the Court to award attorneys' fees in the amount of $374,864.00.

4. State Farm objects to the Munozes' request for attorneys' fees because the amount of fees requested is unreasonable. The Munozes attorneys' fees request includes items for which the Munozes may not recover fees; items for which the hours worked appears unreasonable; and items for which the documentation provided is insufficient to prove reasonableness. The maximum

1

amount the Court should consider awarding is $110,056.25.

## II. Argument & Authorities

5. The amount of attorney's fees requested by the Munozes is $374,864.00, essentially over one and a half times the jury verdict. The request is unreasonable, and the request and documentation submitted in support of the request are objectionable on several grounds:

- A. Counsel should submit contemporaneous time records of hours worked rather than what appear to be reconstructed time records or records constructed after trial;

- B. The Munozes' request for attorneys' fees includes work for which the Munozes cannot recover any fees;

- C. The Munozes' request for attorneys' fees includes work for which the time expended appears unreasonable; and

- D. The Munozes' request for attorneys' fees includes work for which the reasonableness of the time expended cannot be determined by the documentation provided.

State Farm has included examples for each category within this response. State Farm's objections to specific entries are addressed more fully in the Appendix, attached as Exhibit A. Additionally, State Farm has attached a sampling of the documents discussed in the Appendix as Exhibits 1-14 to the Appendix.

**A.   Counsel should submit contemporaneous time records of hours worked rather than what appear to be reconstructed time records or records constructed after trial.**

6. Contemporaneous time records are the preferred method of documenting the number of attorney hours expended. *Bode v. U.S.*, 919 F.2d 1044, 1047 (5th Cir. 1990). The purpose of providing such documentation is so that the district court can fulfill its duty to examine the application for noncompensable hours. *Id*. This Circuit has allowed reconstructed time records to

support an application only when there is an "abundance of other evidence" supporting the hours claimed. *Id.* (citing *Alberti v. Klevenhagen*, 896 F.2d 927 (5th Cir. 1990)). Where the documentation of hours is inadequate, the district court may reduce the award of attorneys' fees accordingly. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs do not have the right to bill for inadequately documented time. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir.1993).

7.  There is no "abundance of other evidence in this case": the only evidence the Munozes have provided is the reconstructed (or created) records attached to their request for fees, which are inadequate to support the requested fees. For example, Counsel Garza's records include inadequate explanations of time expended without separation of the activities undertaken, such as "Reviewed file material provided by State Farm Lloyds," "Trial" (where the number of hours greatly exceeds those spent in the courtroom) and, for his secretary, "Case Assistance." *See Counsel Garza's records, on p. 5 and 8.* Counsel Rusnak's records do not provide the amount of time expended on any task, but only a total of hours allegedly billed over ten months, rendering it impossible to determine if the number of hours spent is reasonable. *See Counsel Rusnak's records.*

8.  Therefore, as the documentation provided by the Munozes does not comply with the federal case law requirements for proving up fees by providing adequate information to allow the Court to discharge its duty, State Farm requests that counsel for the Munozes provide contemporaneous time records of hours worked, or reduce the award of attorneys' fees according to the inadequacy of the documentation.

**B.   The Munozes' request for attorneys' fees includes work for which the Munozes cannot recover any fees.**

9.  The Munozes have requested attorneys' fees for a number of items for which they

cannot recover fees. For instance, the Munozes have requested attorneys' fees for six hundred and four hours[1] at a rate of $65.00/hour for clerical services performed by Counsel Garza's secretary, Veronica Coronado. In Counsel Garza's affidavit submitted to support the Munozes' fee request, counsel refers to Ms. Coronado as his "paralegal." *See Counsel Garza's Affidavit,* ¶ 5. Ms. Coronado herself notarized Counsel Garza's affidavit characterizing her as a paralegal. *See Counsel Garza's Affidavit, p. 2, signature of Notary Public Veronica Coronado.* However, Ms. Coronado has previously submitted her own affidavit to the Court, in which she avers: "I am employed with attorney Gustavo Ch. Garza as his secretary." Exhibit B. The Munozes are not entitled to recover attorneys' fees for over six hundred hours of secretarial work. Even if the Munozes were entitled to recover fees for secretarial work, the claimed rate of $65.00/hour for clerical services is unreasonable.

10.     Additionally, the Munozes seek fees for the thirteen hours Counsel Garza spent fighting to remand the case to state court. Not only is this amount excessive, but more importantly, the Munozes should not be entitled to recover attorneys' fees for this and other failed motions associated with claims against individual adjusters.

11.     Finally, the Munozes have also requested expert fees and attorneys' fees for time spent meeting with an "expert," Mr. Juan Buendia, who was never disclosed in accordance with the Federal Rules of Civil Procedure, never produced an expert report, and never appeared before this Court. In short, this purported expert never rendered an opinion for the purposes of this litigation, and the Munozes are not entitled to expert or attorneys' fees related to Mr. Buendia.

---

[1] Counsel Garza's documentation shows time entries for "VC" totaling 612 hours; however Counsel Garza's sum of "Total hours" shows 604 hours.

12. Because the Munozes are not entitled to recover attorneys' fees at all for clerical work, certain tasks, or expert fees, State Farm respectfully requests the Court deny the requested fees in this category in their entirety.

**C. The Munozes' request for attorneys' fees includes work for which the time expended appears unreasonable.**

13. Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary. *Hensley,* 461 U.S. at 434. For example, if more than one attorney is involved in a task, the possibility of duplication of effort, along with proper utilization of time, should be scrutinized. *See Walker v. U.S. Dept. of Housing and Urban Development,* 99 F.3d 761, 768 (5th Cir. 1996). Additionally, records must be adequate to support the fee application. *Id.* at 773. Listings such as "library research," "analyzing documents," or "reading background documents" are inadequate. *Id.* (stating "no responsible client would accept these records as capable of supporting a bill").

14. The Munozes have inadequately documented the work purportedly expended. For instance, several of Counsel Garza's time entries for himself as well as his secretary are block billing entries for the period of several weeks or months for "Reviewed file material provided by State Farm Lloyds," "Preparation," "Trial Assistance," or "File Organization, Case Document...." *See Counsel Garza's records, p. 5, 7, and 8.* Counsel Levin's time entries are terse listings without any description of the substance of the task: "Research," "Tel. Conf. with Gus Garza," and "e-mail to David Rusnak." *See Counsel Levin's records, p. 1.* These types of entries are not adequate to support a request for attorneys' fees, and a plaintiff cannot recover for inadequately documented time. *See Walker,* 99 F.3d at 773; *Watkins,* 7 F.3d at 457. On several occasions, more than one of

the Munozes' attorneys have indicated they performed work on the same items; it is not clear from the records why this duplication of effort was necessary, or if it was necessary at all. *See id.* at 768.

15. The lack of documentation is particularly problematic given the excessive amounts claimed. For example, on at least two occasions, Counsel Garza billed over 24 hours in one day, and billed 22 hours another day. *See Counsel Garza's records, p. 6 and 7.* There are discrepancies between the attorneys' own records for the amount of time expended on the same telephone conference with one another. *See, e.g., Counsel Garza's records, p. 7; Counsel Levin's records, p. 2.*

16. A number of entries appear excessive for the task performed, such as taking fifteen hours to review State Farm's proposed jury charge, which was composed of the standard general instructions to the jury, one special instruction, and one interrogatory. *See Counsel Garza's records, p. 7.* Under the one-word description "Trial," Counsel Garza indicated a number of hours in excess of the time actually spent in the courtroom. *See Counsel Garza's records, p. 8.* Counsel Garza's secretary billed one hundred and sixty hours for "Prepared, categorized financial documents that were recovered from Karen Barnett." *See Counsel Garza's records, p. 1 and 2.* As this Court may recall, Defendant's Trial Exhibit No. 46 included all of the financial documentation the Munozes provided to State Farm, which was purportedly all of the documentation recovered from Ms. Barnett. Taking one hundred and sixty hours to prepare and categorize the limited amount of records is clearly excessive. Additionally, Counsel Garza's secretary billed three hundred hours for "Case Assistance (Travel, Clerical, Document Prep., File Organization). *See Counsel Garza's records, p. 9.* This entry does not provide an itemization of how or why the time was spent. Further, Counsel has failed to submit any documentation supporting the travel costs actually incurred.

17. As the Munozes have inadequately documented their hours worked, have duplicated efforts without explanation, and have expended an excessive amount of hours on routine litigation matters, State Farm objects to the Munozes' requested amount of attorneys' fees as unreasonable.

**D. The Munozes' request for attorneys' fees includes work for which the reasonableness of the time expended cannot be determined by the documentation provided.**

18. Because the documentation provided by the Munozes' counsel is inadequate, it is not possible for State Farm, or the Court, to determine the reasonableness of much of the claimed time. Most obvious is Counsel Rusnak's failure to provide any breakdown of time whatsoever for each item of work (*see Counsel Rusnak's records*), although a number of the block entries in Counsel Garza's reconstructed records fit this category as well. Without this itemization, there is no way to determine the total number of hours spent on an individual project, and hence, no way to determine whether the fees incurred were reasonable and necessary. Additionally, as discussed previously, counsel is not entitled to recover for inadequately documented work. *Watkins,* 7 F.3d at 457. Therefore, State Farm objects to the Munozes' requested attorneys' fees, as the documentation provided by counsel is inadequate to determine the reasonableness and necessity of the fees charged.

19. State Farm proposes a cap on the Munozes' attorneys fee award of $110,056.25, the amount of fees the Munozes owe their attorneys pursuant to their fee agreement. Exhibit B. Although State Farm concedes that a plaintiff's contingent fee agreement does not serve as an automatic cap on an attorneys' fee award granted by the Court, given the lack of documentation provided by counsel, and the questionable nature of the fee records provided, limiting the attorneys' fee award to the amount the Munozes owe counsel is appropriate.

**III. Conclusion and Prayer**

20.     The documentation of hours worked provided by counsel to support the Munozes' application for attorneys' fees is inadequate and insufficient establish the requested fees as reasonable and necessary. Therefore, State Farm requests contemporaneous documentation to support the fee request. Additionally, State Farm contends that the amount of time expended on certain items of work was excessive, the duplication of work by multiple attorneys was unnecessary, and the amount of fees requested is unreasonable.

Therefore, Defendant State Farm Lloyds respectfully asks the Court to deny Plaintiffs Luis and Carmela Munoz's Motion for Attorneys' Fees as set forth in this response.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: _/s/ Warren Taylor_
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant State Farm Lloyds' Memorandum in Opposition to Plaintiffs' Motion For Attorneys' Fees and Request for Contemporaneous Documentation been forwarded to the following persons by facsimile (without attachments) and overnight delivery on this 23rd day of March, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, Georgia 30303-1227

_____
Warren Taylor