IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| LUIS C. MUNOZ AND | § | CAUSE NO B-04-141 |
|---|---|---|
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | |

## APPENDIX TO
## DEFENDANT STATE FARM LLOYDS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES

**TABLE 1: Work for which the Munozes cannot recover any fees:**

| Date | Page | Time Claimed | Objection |
|---|---|---|---|
| 3/1/04-3/5/04; 3/8/04-3/12/04 | GG, p. 1; GG, p. 2 | 160.0 hours | Plaintiffs cannot recover fees for secretarial work; One hundred and sixty hours for Counsel Garza's secretary to prepare and categorize financial documents from Karen Barnett is excessive |
| 1/14/06-1/28/06 | GG, p. 7 | 90.0 hours | Plaintiffs cannot recover fees for secretarial work; Block-bill of ninety hours over the period of two weeks for Counsel's secretary; No itemization of work performed; Duplicative of items previously billed for; Inadequate description of "File organization, Case document..." |
| 2/1/06 | GG, p. 8 | 54.0 hours | Plaintiffs cannot recover fees for secretarial work; Block-bill of 54 hours in one day for Counsel's paralegal; No itemization of work performed; Inadequate description of "Trial assistance" |
| 6/11/04-2/2006 | GG, p. 8 | 300.0 hours | Plaintiffs cannot recover fees for secretarial work; Block-bill of 300 hours over the period of a year and a half for Counsel's paralegal; No itemization of work performed; Duplicative of items previously billed for; Inadequate description of "Case assistance" |

1



| | | | |
|---|---|---|---|
| 3/9/05 | GG, p. 3 | 8.0 hours | Plaintiffs cannot recover fees for secretarial work; Plaintiffs cannot recover fees for counsel's secretary sending the file to co-counsel; Duplicative of work on 9/3/05; Amount of time claimed to perform task is excessive |
| 9/3/05 | GG, p. 4 | 5.0 hours | Plaintiffs cannot recover fees for secretarial work; Plaintiffs cannot recover fees for counsel's secretary sending the file to co-counsel; Duplicative of work on 3/9/05; Amount of time claimed to perform task is excessive |
| 9/3/04; 10/12/04 | GG, p. 2 | 13.0 hours | Plaintiffs cannot recover fees for their unsuccessful motions to remand the case to state court |
| 1/21/05; 2/2/05; 3/8/05 | GG, p. 3 | 3.0 hours | Plaintiffs cannot recover fees for counsel reviewing State Farm's responses to their Motion for Voluntary Dismissal and preparing his Election to Withdraw |
| 7/1/05 | GG, p. 4 | 1.5 hours | There is no Recorded Statement of fireman Roland Longoria; Plaintiffs cannot recover fees for review of non-existent statement |
| 7/1/05 | GG, p. 4 | 1.5 hours | There is no Recorded Statement of fireman Robert Supulver; Plaintiffs cannot recover fees for review of non-existent statement |
| 8/25/05 | GG, p. 4 | 5.0 hours | Plaintiffs cannot recover fees for counsel meeting with an expert, as Plaintiffs never designated any expert or provided any information regarding experts as required by Rule 26 of the Federal Rules of Civil Procedure |
| 9/5/05 | GG, p. 4 | 8.0 hours | Plaintiffs cannot recover fees for counsel meeting with an expert, as Plaintiffs never designated any expert or provided any information regarding experts as required by Rule 26 of the Federal Rules of Civil Procedure |
| 9/7/05 | GG, p. 5 | 4.0 hours | Plaintiffs cannot recover fees for counsel meeting with an expert, as Plaintiffs never designated any expert or provided any information regarding experts as required by Rule 26 of the Federal Rules of Civil Procedure |
| | GG, p. 8 | $1,000.00 | Expert fees are not recoverable as costs; Plaintiffs never designated any expert or provided any information regarding experts as required by Rule 26 of the Federal Rules of Civil Procedure |

| 6/11/03 | GG, p. 1 | 4.0 hours | Plaintiffs cannot recover fees for counsel interviewing his own secretary |
| 4/15/05 | GG, p. 3 | 1.0 hours | Plaintiffs cannot recover fees for counsel reviewing co-counsel's Pro Hac Vice motion; One hour to review motion is excessive |

**TABLE 2: Work for which the time expended appears unreasonable:**

| Date | Page | Time Claimed | Objection |
| --- | --- | --- | --- |
| 6/27/03 | GG, p. 1 | 0.50 hours | Half an hour to review 4-sentence letter is excessive (Response to letter billed separately) (Letter attached as Exhibit 1) |
| 5/8/04-5/11/04 | GG, p. 2 | 30.0 hours | Thirty hours to research and draft original petition is excessive (Attached as Exhibit 2) |
| 6/10/04-6/11/04 | GG, p. 2 | 14 hours | Fourteen hours of meetings with Mr. and Mrs. Munoz and son is excessive |
| 7/13/04 | GG, p. 2 | 10 hours | Ten hours to amend petition is excessive; (Attached as Exhibit 3) |
| 8/18/04 | GG, p. 2 | 0.5 hours | Half an hour to review notice of conference is excessive; (Attached as Exhibit 4) |
| 11/1/04 | GG, p. 2 | 4.0 hours | Four hours to review Defendant's Initial Disclosures is excessive |
| 12/3/04 | GG, p. 2 | 15.0 hours | Fifteen hours to prepare Interrogatories to Defendants is excessive |
| 3/14/05 | GG, p. 3 | 2.0 hours | Two hours to review Agreed Motion to Withdraw Requests for Sanctions/Costs is excessive; Motion is attached as Exhibit 5 |

3

| | | | |
|---|---|---|---|
| 3/23/05; 3/24/05; 3/31/05; 4/1/05; 4/8/05 4/13/05 | DR, p. 2 | unknown | Duplicative billings for preparation of Plaintiffs' amended complaint; Amount of time claimed by Counsel Rusnak to perform task is not provided; At least four and a quarter hours to amend complaint is excessive; (Amended Complaint is attached as Exhibit 6) |
| 3/23/05; 3/24/05; 4/5/05; 4/13/05 | GG, p. 3 | 4.25 hours | |
| 5/4/05 | GG, p. 3 | 2.0 hours | Two hours to review defense counsel's 2-page letter is excessive |
| 5/31/05 | DR, p. 2 | unknown | Duplicative billings for review of Defendants' First Amended Answer; Amount of time claimed by Counsel Rusnak to perform task is not provided; At least three hours to review Defendant's First Amended Answer is excessive; Unclear why same document reviewed is referred to as "Defendant's 1st Amended Original Answer" and "Defendant's Answer to 2nd Amended Complaint" (Defendant's First Amended Answer is attached as Exhibit 7) |
| 5/20/05 5/31/05 | GG, p. 3 | 3.0 hours | |
| 6/28/05 | GG, p. 4 | 10.0 hours | Ten hours to prepare Second Request for Production to Defendant is excessive |
| 7/5/05 | GG, p. 4 | 1.0 hour | One hour to review 8-page Recorded Statement of fireman Jim Kirman is excessive |
| 7/5/05 | GG, p. 4 | 2.0 hours | Two hours to review 13-page Recorded Statement of fireman Fred Ramirez is excessive |
| 7/11/05 | GG, p. 4 | 1.0 hour | One hour to review 16-page Recorded Statement of Rene Hinojosa is excessive |
| 7/11/05 | GG, p. 4 | 1.0 hours | Christina Hinojosa's statement was given in conjunction with her husband Rene (see above entry) and there is no separate Recorded Statement of Christina Hinojosa; Two hours total for review of 16-page Recorded Statement is excessive |
| 7/13/05 | GG, p. 4 | 4.0 hours | Four hours to review Sworn Statement of Harry Cavazos is excessive |

4

| | | | |
|---|---|---|---|
| 7/14/05 | GG, p. 4 | 10.0 hours | Ten hours to review Sworn Statement of Minerva Cavazos is excessive |
| 7/15/05 | GG, p. 4 | 2.0 hours | Two hours to review Sworn Statement of Eric Michael Cavazos is excessive |
| 7/18/05 | GG, p. 4 | 3.0 hours | Three hours to review Sworn Statement of Elroy Cavazos is excessive |
| 7/19/05 8/1/05 8/2/05 | DR, p. 3 | unknown | Duplicative billings for responding to Defendant's interrogatories; Amount of time claimed by Counsel Rusnak to perform task is not provided; At least seventeen hours to respond to interrogatories is excessive |
| 7/19/05 7/26/05 | GG, p. 4 | 17.0 hours | |
| 7/21/05 | GG, p. 4 | 1.5 hours | One and a half hours to review 5-page Recorded Statement of Mark Brown and Terry Chavez is excessive |
| 8/3/05 | GG, p. 4 | 1.5 hours | One and a half hours to review 9-page Recorded Statement of Pablo Sanchez is excessive (Attached as Exhibit 8) |
| 8/10/05 | GG, p. 4 | 1.5 hours | One and a half hours to review 7-page Recorded Statement of fireman Ronnie Ramirez is excessive |
| 8/4/05 | GG, p. 4 | 2.0 hours | Task of "Review transcribed statement of fireman Daniel Lerma" is not clear, as there is no fireman named Daniel Lerma in this suit; Daniel Lerma is a State Farm claim representative who dictated a contents inventory; If this is the document reviewed in this entry, two hours to review 3-page inventory is excessive (Attached as Exhibit 9) |
| 8/10/05 | GG, p. 4 | 8.0 hours | Activities not adequately specified; Eight hours to "Review file material provided by State Farm Lloyds" is excessive |
| 9/19/05 | GG, p. 5 | 2.0 hours | Two hours to review Depositions on Written Questions to Watson City Drug, Ford Motor Credit, Sentry Claims Center, RT Tires, Rodriguez Ford, and Curtis Shed is excessive |

5

| 6/05-9/05 | GG, p. 5 | 65.0 hours | Block-bill of sixty-five hours over the period three months for "Reviewed file material provided by State Farm Lloyds; No itemization of work performed; Duplicative of items previously billed for; Inadequate description |
|---|---|---|---|
| 9/28/05-10/21/05 | DR, p. 5 | unknown | Duplicative billings for preparation, travel, and deposition of Tom Reed; Amount of time claimed by Counsel Garza to perform task is excessive; Amount of time claimed by Counsel Rusnak to perform task is not provided; Unclear why Counsel Garza has included billing for 10/22/05, as deposition of Tom Reed took place on 10/20/05 and 10/21/05, with continuation of deposition on 10/21/05 taking place by telephone and concluding at approximately 1:00 p.m. CST |
| 9/28/05; 10/5/05-10/22/05 | GG, p. 6 | 61.0 hours | |
| 9/28/05; 9/29/05; 9/30/05 | DR, p. 4 | unknown | Duplicative billings for preparation of Response to Defendant's Motion for Summary Judgment; Amount of time claimed by Counsel Rusnak to perform task is not provided |
| 9/30/05; 10/3/05 | GG, p. 6 | 30.0 hours | |
| 9/29/05 | GG, p. 6 | 31.0 hours | Counsel Garza billed thirty-one hours in one day |
| 12/8/05 | GG, p. 7 | 22.0 hours | Counsel Garza billed twenty-two hours in one day |
| 1/13/06 | GG, p. 7<br>HL, p. 2 | 2.0 hours<br>0.60 hours | Discrepancy between Counsel Garza and Counsel Levin's records for "telephone conference" |
| 1/16/06; 1/17/06 | DR, p. 7 | unknown | Duplicative billings for preparation of Joint Pretrial Order; Amount of time claimed by Counsel Rusnak to perform task is not provided; At least four hours for Counsel Garza to review draft of Joint Pretrial Order on 1/16/04 and four more hours for Counsel Garza to begin work on Joint Pretrial Order on 1/17/04 is excessive; Duplicative of additional entry of two hours on 1/17/06 for "Review of final draft Joint Pretrial Order and Jury Instructions and Questions" |
| 1/16/06; 1/17/06 | GG, p. 7 | 4.0 hours<br>4.0 hours | |
| 1/17/06 | GG, p. 7 | 2.0 hours | Two hours to review final Joint Pretrial Order and Jury Instructions and Questions is excessive; Duplicative of entries on 1/16/06 and 1/17/06 for review of Joint Pretrial Order; (Attached as Exhibit 10) |

| Date | Source | Hours | Description |
|---|---|---|---|
| 1/17/06 | GG, p. 7 | 2.0 hours | Two hours to review Defendant's trial witness list is excessive (Attached as Exhibit 11) |
| 1/17/06 | GG, p. 7 | 4.0 hours | Four hours to review Defendant's proposed questions for voir dire is excessive (Attached as Exhibit 12) |
| 1/17/06 | GG, p. 7 | 15.0 hours | Fifteen hours to review Defendant's proposed jury charge is excessive (Attached as Exhibit 13) |
| 1/17/06 | GG, p. 7 | 3.0 hours | Amount of time claimed to perform task is excessive; Three hours to review Defendant's Exhibit List (Attached as Exhibit 14) |
| 1/17/06 | GG, p. 7 | 30.0 hours (total) | Counsel Garza billed 30 hours in one day (see above entries on 1/17/06) |
| 2/9/06 | GG, p. 8 | 11.0 hours | Counsel Garza billed eleven hours for one day of "Trial Began" |
| 2/10/06 | GG, p. 8 | 11.0 hours | Counsel Garza billed eleven hours for one day of "Trial" |
| 2/12/06 | GG, p. 8 | 8.0 hours | No itemization of work performed; Inadequate description of "Preparation" |
| 2/14/06 | GG, p. 8 | 12.0 hours | Counsel Garza billed twelve hours for one day of "Trial" |
| 2/15/06 | GG, p. 8 | 12.0 hours | Counsel Garza billed twelve hours for one day of "Trial" |
| 2/16/06 | GG, p. 8 | 11.0 hours | Counsel Garza billed eleven hours for one day of "Trial" |
| 2/17/06 | GG, p. 8 | 16.0 hours | Counsel Garza billed sixteen hours for one day of trial (2/17/06 was the Friday the Court recessed early) |
| 2/20/06 | GG, p. 8 | 15.0 hours | Counsel Garza billed fifteen hours for one day of "Trial" |
| 2/21/06 | GG, p. 8<br>HL, p. 2 | 0.75 hours<br>0.40 hours | Discrepancy between Counsel Garza and Counsel Levin's records for "telephone conference" |
| 2/22/06 | GG, p. 8 | 11.0 hours | Counsel Garza billed eleven hours for one day of "Trial" |
| 2/24/06 | GG, p. 8<br>HL, p. 3 | 0.75 hours<br>0.20 hours | Discrepancy between Counsel Garza and Counsel Levin's records for "telephone conference" |
| 12/1/05 | GG, p. 8 | 1.0 hours | 12/1/05 entry listed out of order (after entry of 2/26/06); Entry for "Review of draft of Pre-trial Order" dated prior to entries for preparing draft of Pretrial Order (see above Exhibit 10) |

| 3/2/06 | GG, p. 8<br>HL, p. 3 | 1.0 hours<br>0.60 hours | Discrepancy between Counsel Garza and Counsel Levin's records for "telephone conference" |