IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

JAN 1 7 2006

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LUIS C. MUNOZ and<br>CARMELA MUNOZ<br>Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>Defendants, | CIVIL ACTION NO. B-04-141<br><br><br>JURY DEMANDED |

## JOINT PRETRIAL ORDER

1. **APPEARANCE OF COUNSEL**

   Plaintiffs:    Luis C. Munoz
                  Carmela Munoz

   Plaintiffs' Counsel:    Gustavo Ch. Garza
                           705 W. Highway 100, Suite A
                           Los Fresnos, Texas 78566
                           (956) 233-5614 Telephone
                           (956) 233-6596 Facsimile

   Plaintiffs' Counsel:    David L. Rusnak
                           Scoggins & Goodman, P.C.
                           245 Peachtree Center Ave. NE, Suite 2800
                           Atlanta, Georgia 30303-1227
                           (404) 659-1000 Telephone
                           (404) 659-3021 Facsimile
                           Admitted Pro Hoc Vice

   Defendant:    State Farm Lloyds

   Defendant's Counsel:    Warren Taylor
                           Beth M. Taylor
                           Taylor and Taylor

1

157130v.1 097/24101

Case 1:04-cv-00141   Document 106-13   Filed in TXSD on 03/23/2006   Page 2 of 6
Jan 17 2006 4:29PM   TAYLOR & TAYLOR   71   156070   p.3
Case 1:04-cv-00141   Document 70-1   Filed 01/17/2006   Page 2 of 6

        815 Walker, Suite 250
        Houston, Texas 77002
        (713) 615-6060 Telephone
        (713) 615-6070 Facsimile

Defendant's Counsel:    Rene O. Oliveira
        Roerig, Oliveira & Fisher, L.L.P.
        855 West Price Road, Suite 9
        Brownsville, Texas 78520-8718
        (956) 542-5666 Telephone
        (956) 542-0016 Facsimile

## 2. STATEMENT OF CASE

Defendant State Farm Lloyds ("Defendant") issued Policy No. 83-J4-5565-2 ("Policy") to Luis Munoz and Camela Munoz ("Plaintiffs") insuring their home at 829 West White Ave., Raymondville, Texas ("Premises") against loss by fire. On January 1, 2003 a fire was set at the Premises. Plaintiffs made a claim on January 2, 2003.

## 3. JURISDICTION

Jurisdiction in this case is based upon diversity of the parties involved, as Plaintiffs are citizens of Texas and Defendant is a citizen of Illinois. The amount in controversy exceeds the $75,000.00 jurisdictional minimum. There are no unresolved jurisdictional questions.

## 4. MOTIONS

Both parties will file Motions in Limine.

## 5. CONTENTIONS OF THE PARTIES

Plaintiffs contend:

a. Defendant has materially breached its insurance contract and is liable for actual compensatory, plus reasonable and necessary attorneys fees cost pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, et seq., and costs;

b. Defendant knowingly violated Tex. Ins. Code Art. 21.21 and Tex. Bus. & Comm. Code § 17.50(a) by conducting a sham investigation designed to avoid liability and is liable for compensatory damages and additional damages, plus reasonable and necessary attorneys fees, and costs;

c. Defendant knowingly and intentionally breached its duty of good faith and fair dealing by conducting a sham investigation designed to avoid liability, and is liable for compensatory damages and exemplary damages, and costs.

2

157130v.1 097/24101

Defendant contends:

a. The fire was intentionally set by or at the direction of Luis and/or Carmela Munoz; thus, State Farm owes the Munozes no insurance proceeds.

b. The Munozes' policy is void in its entirety due to their failure to comply with the conditions precedent set forth in their homeowner's policy.

c. State Farm had a reasonable basis for its claim handling, and liability to pay the Munozes' claim has never become reasonably clear.

6. **ADMISSIONS OF FACT**

a. The fire on January 1, 2003, at 829 W. White, Raymondville, Texas, was intentionally set.

b. As a result of the fire, damage was caused to the premises and its contents.

c. Luis and Carmela Munoz filed an insurance claim with Defendant that was denied two years later.

d. Luis Munoz was in Raymondville, Texas at the time of the fire.

e. Harry Cavazos, Minerva Cavazos, and Michael Cavazos were present at their house at 847 W. White, Raymondville, Texas, at the time of the fire.

f. Prior to the date of the fire, Harry Cavazos and Minerva Cavazos had filed bankruptcy which avoided foreclosure of a claim of lien on their home.

g. Prior to the date of the fire, members of the Cavazos and Munoz families had filed a number of incident reports with the police against each other.

h. Harry Cavazos was the first to report the fire.

i. On March 30, 2004, the Internal Revenue Service notified Defendant of its tax levy on any proceeds Defendant might issue to Luis Munoz and Carmela Munoz. After the date Defendant received notice of the IRS levy, it was required by law to direct payment of the proceeds to the IRS. Defendant paid $50,224.42 in additional living expenses either to Luis Munoz and Carmela Munoz directly or to the Internal Revenue Service on behalf of Luis Munoz and Carmela Munoz.

j. Defendant paid $2,500.00 in an advance for contents to Luis and Carmela Munoz. Defendant has not paid any additional amounts for contents to Luis Munoz and

3

157130v.1 097/24101

Case 1:04-cv-00141   Document 106-13   Filed in TXSD on 03/23/2006   Page 4 of 6
Jan 17 2006 4:30PM    AYLOR & TAYLOR         7   3156070         p.5
Case 1:04-cv-00141   Document 70-1   Filed 01/17/2006   Page 4 of 6

    Carmela Munoz directly or to the Internal Revenue Service on behalf of Luis Munoz and Carmela Munoz.

 k. State Farm paid $4,238.49 in storage expenses either to Service Master on behalf of Luis and Carmela Munoz or to the Internal Revenue Service on behalf of Luis and Carmela Munoz. Defendant has not paid any additional amounts for storage expenses to Luis Munoz and Carmela Munoz directly or to the Internal Revenue Service on behalf of Luis Munoz and Carmela Munoz.

7. **CONTESTED ISSUES OF FACT**

 a. Whether State Farm breached its contractual obligation to Luis and Carmela Munoz by failing to pay them for the damages they sustained in the fire.

 b. Whether the fire at 829 W. White, Raymondville, Texas, on January 1, 2003, was intentionally set by Luis and/or Carmela Munoz or Harry Cavazos, Minerva Cavazos, or a member of the Cavazos family.

 d. Whether Luis and/or Carmela Munoz complied with the conditions of their State Farm homeowner's policy.

 e. Whether Defendant complied with the conditions of its insurance policy.

 f. Whether Defendant conducted a reasonable investigation of the fire at 829 W. White, Raymondville, Texas.

 g. Whether Defendant conducted a sham investigation designed to avoid liability in its investigation of the fire at 829 W. White, Raymondville, Texas.

8. **AGREED PROPOSITIONS OF LAW**

 N/A.

9. **CONTESTED PROPOSITIONS OF LAW**

 a. Whether Defendants breached their insurance policy by failing to comply with the terms of the policy.

 b. Whether knowingly Defendant violated Tex. Ins. Code Art. 21.21 and Tex. Bus. & Comm. Code § 17.50(a) by conducting a sham investigation designed to avoid liability.

 c. Whether Defendant knowingly and intentionally breached its duty of good faith and fair dealing by conducting a sham investigation designed to avoid liability.

4

157130v.1 097/24101

Case 1:04-cv-00141   Document 106-13   Filed in TXSD on 03/23/2006   Page 5 of 6
Jan 17 2006 4:31PM   AYLOR & TAYLOR   71 156070   p.6
Case 1:04-cv-00141   Document 70-1   Filed 01/17/2006   Page 5 of 6

    d.    Whether Plaintiffs voided their policy in its entirety by failing to comply with the conditions precedent.

    e.    Whether State Farm's liability to pay the claim became reasonably clear.

10. **EXHIBITS**

See attached Exhibit Lists.

11. **WITNESSES**

    A.    See attached Witness Lists.

    B.    If other witnesses to be called at the trial become known, their names, addresses and the subject matter of their testimony will be reported to opposing counsel in writing as soon as they are known; this does not apply to rebuttal or impeachment witnesses.

12. **SETTLEMENTS**

Plaintiffs:    Defendant, through Defendant's local counsel, solicited a settlement offer from Plaintiffs. Defendant has not yet responded to that offer, save an additional request by Defendant's local counsel to offer a lesser settlement sum. Accordingly, Plaintiff does not know if all settlement efforts have been exhausted and this case will have to be tried.

Defendant:    All settlement efforts have been exhausted, and this case will have to be tried.

13. **TRIAL**

    A.    The trial will be Jury.

    B.    The probable length of the trial is 5-7 days.

    C.    Availability of witnesses:

        Plaintiffs:    At this time, Plaintiff believes their witnesses will be available for trial.

        Defendant:    At this time, Defendant believes its witnesses will be available for trial.

14. **ATTACHMENTS**

5

157130v.1 097/24101

Case 1:04-cv-00141  Document 106-13  Filed in TXSD on 03/23/2006  Page 6 of 6
Jan 17 2006 4:32PM  TAYLOR & TAYLOR  71  56070  P.7
Case 1:04-cv-00141  Document 70-1  Filed 01/17/2006  Page 6 of 6

Please find the following required attachments for a jury trial:

A. Proposed questions for the voir dire examination.

B. Proposed charge, including instructions, definitions, and special interrogatories.

APPROVAL REQUESTED:

_____
Gustavo Ch. Garza/David Rusnak
Counsel for Plaintiff

_____
Warren Taylor/Rene Oliveira  by LT
Counsel for Defendant

6

157130v.1 097/24101