United States District Court
Southern District of Texas
FILED

JAN 1 9 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ | § § § | CAUSE NO B-04-141 |
| VS. | § § § | |
| STATE FARM LLOYDS | § | |

## DEFENDANT STATE FARM LLOYDS' PROPOSED JURY CHARGE

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds respectfully submits the attached definitions, instructions and questions to be submitted to the jury in addition to the standard charge provisions found in Fifth Judicial Circuit Pattern Jury Instruction 3.1 and attached hereto as "General Instructions for Charge."

Respectfully submitted,

OF COUNSEL:

**TAYLOR & TAYLOR**

By: _Warren Taylor by LT_
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Proposed Jury Charge has been forwarded to all counsel of record by certified mail, return receipt requested, on this 17th day of January, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, GA 30303-1227

_Warren Taylor by LT_
Warren Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | CAUSE NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | |

## GENERAL INSTRUCTIONS FOR CHARGE

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

3

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

[The fact that a witness has previously been convicted of a felony, or a crime involving dishonesty or false statement, is also a factor you may consider in weighing the credibility of that witness. Such a conviction does not necessarily destroy the witness' credibility, but it is one of the circumstances you may take into account in determining the weight to give to his testimony.]

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection

of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

---

UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | CAUSE NO B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | |

**SPECIAL INTERROGATORIES TO THE JURY**

## DEFENDANT'S PROPOSED INSTRUCTION NO. 1

### CIRCUMSTANTIAL EVIDENCE

There is no need in a civil arson case for direct evidence to prove that a fire was intentionally set. In order to establish arson by a preponderance of the evidence, it is necessary for State Farm to show that the fire was incendiary in origin and that its policy holders, Luis and Carmela Munoz, had a motive to set the fire. In other words, State Farm must prove the circumstances which point to arson with such a degree of certainty as to make the conclusion reasonably probable. Arson can be established solely by circumstantial evidence because by the very nature of the offense, it is born in secrecy and executed in such a manner as to avoid apprehension.

Authority: *First State Bank of Denton v. Maryland Cas. Co.*, 918 F.2d 38, 42-43 (5th Cir. 1990); *Murphy v. Texas Farmers Ins. Co.*, 982 S.W.2d 79, 84 (Tex. App.–Houston [1st Dist.] 1998), *affirmed by* 996 S.W.2d 873 (Tex. 1999); *Blankenship v. St. Paul Guardian Ins. Co.*, 911 S.W.2d 95, 96 (Tex. App.–Tyler 1995, no writ).

## DEFENDANT'S PROPOSED SPECIAL INTERROGATORY NO. 1

Do you find from a preponderance of the evidence that Luis or Carmela Munoz, or someone acting at their direction, set the fire in question?

Answer:                          "We do" or "We do not."

Answer:                          _____

## **CERTIFICATE**

       We, the jury, have answered the above and foregoing questions as herein indicated, and herewith return same to the Court as our verdict.

_____          _____
Date                                                  Foreperson of the Jury

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror

_____          _____
Date                                                  Juror