IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| Luis C. Munoz and | § | |
| Carmela Munoz, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-04-141 |
| | § | |
| State Farm Lloyds, | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' MEMORANDUM IN
SUPPORT OF MOTION FOR CONTINUANCE
OF HEARING ON MOTION FOR ATTORNEY'S FEES**

TO THE HONORABLE JUDGE:

Plaintiffs Luis C. Munoz and Carmela Munoz ask the court to continue the hearing on Plaintiffs' Motion and Notice of Motion for Attorneys' Fees for at least fourteen (14) days in order for them to respond to Defendant State Farm Lloyds Memorandum in Opposition to Plaintiffs' Motion for Attorney's Fees and Request for Contemporaneous Documentation.

I.
Introduction

1.  Plaintiffs Luis C. Munoz and Carmela Munoz move for a Continuance of the Hearing on Plaintiffs' Motion for Attorney's Fees.

2.  Plaintiffs sued Defendant State Farm Lloyds for breach of contract, violation of the Deceptive Trade Practices Act §17.50 and violation of the Insurance Code § 21.21. On February 6, 2006, the Court called this case for trial by jury. On February 22, 2006, the jury returned a verdict in favor of Plaintiffs against Defendant.

3.   On March 9, 2006, Plaintiffs filed their Motion and Notice of Motion for Attorney's Fees. On March 13, 2006, the Order was signed setting the hearing on Plaintiffs' motion for March 24, 2006. *See Plaintiffs' Motion and Notice of Motion for Attorney's Fees and Order on Motion for Hearing in the official court records of this case and incorporated herein by reference the same as if fully set forth at length for all purposes.*

4.   On March 23, 2006, less than 24 hours prior to the hearing, Defendant State Farm Lloyds filed with the court and served upon Plaintiffs its Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees and Request for Contemporaneous Documentation. *See Defendant State Farm Lloyds' Memorandum in Opposition to Plaintiffs' Motion for Attorneys' Fees and Request for Contemporaneous in the official court records of this case and incorporated herein by reference the same as if fully set forth at length for all purposes.*

5.   Plaintiffs ask the Court to continue the hearing on Plaintiffs' Motion and Notice of Motion for Attorneys' Fees until April 7, 2006.

II.
Argument

6.   The court has the discretion to grant a motion for continuance as part of its inherent power to control its own docket to ensure that cases proceed before it in a timely and orderly manner. *U.S. v. Waldman*, 579 F. 2d 649, 653 (1st Cir. 1978).

7.   Although Plaintiffs have diligently prepared for the hearing, Defendant filed its Memorandum in Opposition and Request for Contemporaneous Documentation at the eleventh hour, the day prior to the scheduled hearing, despite having notice of the hearing

for 11 days. More than a few hours in necessary to answer each of Defendant's objections and to provide it with the documentation requested.

8. Plaintiffs are entitled to more than one day in which to respond to Defendant's opposition. Federal Rule of Civil Procedure 6(e) states, "[w]henever a party must or may act within a prescribed period after service and service is made under Rule 5(b)(2)(B), (C), or (D), 3 days are added after the prescribed period would otherwise expire under subdivision (a)." Plaintiffs are bound by the scheduled hearing, clearly a "prescribed period after service." And, Defendant served its memorandum in accord with F.R.C.P. 5(b)(2)(D) via the court's electronic transmission facilities (ECF/PACER). Therefore, Plaintiff is entitled to extend its deadline by which to respond.

9. Defendant's memorandum asserts several objections to Plaintiffs' Motion and Notice of Motion for Attorney's Fees, specifically referring Plaintiffs to specific documents it includes as exhibits to its memorandum. While Plaintiffs are prepared to argue their claim, they were unaware Defendant's objections and did not have ample time prior to the scheduled hearing in which to respond to Defendant's last-minute filing.

10. This request for continuance is not for delay only, but so that justice may be done.

11. This request for continuance will not prejudice Defendant because the documents it requests will be provided and its objections will be answered.

12. Plaintiffs will suffer actual and substantial prejudice if they are not permitted adequate time to respond to Defendant's memorandum in that their arguments will go unheard and their due process violated.

13. This request for continuance will not unduly inconvenience the court because it may schedule the hearing as its schedule allows.

III.
Conclusion

14.	Despite having notice of the hearing on Plaintiffs' Motion and Notice of Motion for Attorney's Fees for eleven days, Defendant filed its Memorandum in Opposition to Plaintiffs' Motion less than 24 hours prior to the hearing. Defendant's last-minute filing on the eve of the hearing does not afford Plaintiffs adequate time to respond to which they are entitled under F.R.C.P. 6(e).

Respectfully submitted,

By: _____

Gustavo Ch. Garza
705 W. Hwy 100 Ste. A
Los Fresnos, Texas 78566
Tel. (956) 233-5614
Fax (956) 233-6596

ATTORNEY IN CHARGE FOR
LUIS C. MUNOZ AND CARMELA MUNOZ