Omel Munoz   34   11/30/69   SS 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
188 Trec D2
Raymondville, Tx 78580
Ph. # 357-3731 cell

Employed: Pool Oil Well Service        ~~316  316~~
           438 Flournoy Rd         (361) 215-0493
           Alice, Tx  78333        Wk Phone

On 1/1/2003

Luis, Omel & Joe Trevino

5:30 began boiling

House few dogs
Lm next hour

dogs pumped

8:45 Pm cleaned up

Omel & Joe began looking for rops
at about 9:00 Am siren on head
Ruben called luis — house on fire.

Window cracked open    "Possible break in"
container of starter fluid

455.

Statements of Fire Fighters

Robert Hernandez    P. 3873    No knowledge

Window on east side of home

P. 3877    Maury looked
worried    disappointed

Scott Vemp
- Tom Reed avoids the follow ups on the
broken window    P 3877    # 148

John Rodriguez    P. 3893    # 121
Tom Reed asks whether we opened any other
windows

Oscar Rodriguez    P 3931    # 176
He unlocked the front door.

P. 3932    # 179
Did Terry open any windows??
→ Why ask this?

P. 3933    # 199
Garage Door was locked.
P. 3934    # 219
Did you open any other windows?

Scott Kemp

Oscar Rodriguez          Page 3937    # 263
                         told y'all that there's a known
                         arsonist

POSS. Deposition q ~~Sam~~ Adams

1) At what point was it determined that this fire was on arson?

2) When and how did you determine the cause of the fire?

3) Who found the accellerant / lighter fluid that was used to start the fire?

4) Did your department determine how entry into 829 or who was gained?
   Who?
   what?

Did you have occassion to meet with any State Farm I've agent or agents, fire investigators ...

who?    when?    where?
what — the purpose
Who was discussed?
Was any other person mentioned by St Farm as a possible suspect?
Did St Farm mention Minerva and Henry Careyo a possible suspect

RPD Meetings

Tom Reed
2-19-03  Sam Adame (visit)
5-8-03  Spoke to Adame
8-12-03  spoke to Armin Mtg


Lee Olivo

Brian Robinson





## INTERROGATORY 8:

Were you at all times kept informed of the investigation conducted by State Farm agents Tom Reed, Lee Olivo and Brian Robinson of the 1/1/2003 fire at 829 W. White Ave, Raymondville, Texas 78580?

**ANSWER:**    **Yes. As a team manager, I supervised the investigation of the claim by Tom Reed. Mr. Reed would periodically inform me of the status of the claim.**

## INTERROGATORY 9:

Did you know of the meeting(s) between State Farm agents Tom Reed, Lee Olivo and/or Brian Robinson with the Raymondville Police Department? If the answer is "yes" did you approve the meetings?

**OBJECTION:**    *Defendant Drott objects to this interrogatory as vague and ambiguous.*

**ANSWER:**    **Yes. State Farm claim representatives Tom Reed, Lee Olivo, and/or Brian Robinson met with the Raymondville Police Department in order to obtain records and information under the Open Records Act regarding the Police Department's investigation of the fire at Plaintiffs' residence.**

**To the extent this interrogatory is deemed to request more information, pursuant to Federal Rule of Civil Procedure 33(d), Defendant asserts his right to answer by producing responsive documents. The answer can most easily be determined by reference to the non-privileged portions of the claim file for the claim associated with this lawsuit, which will be produced.**

## INTERROGATORY 10:

Did you know of the meeting(s) between State Farm agent Tom Reed and IRS agent Pedro Suarez? If the answer is "yes" did you approve of the meeting? What was the purpose of the meeting between Tom Reed and Pedro Suarez?

**ANSWER:**    **State Farm agent Tom Reed never met with Internal Revenue Service agent Pedro Suarez. Mr. Reed communicated with Mr. Suarez on the telephone. The purpose of these communications was to ensure State Farm's compliance with the Internal Revenue Service levies for Plaintiff Luis Munoz and Munoz Roofing and to arrange for State Farm's payments of insurance proceeds due to Plaintiffs to the Internal Revenue Service. Defendant Drott approved of these meetings, as State Farm was required by law to comply with the terms of the Internal Revenue Service levies.**

Tom Reed

**OBJECTION:** To the extent the interrogatory could be interpreted to include attorney-client communications and/or documents generated in anticipation of litigation, Defendant asserts his attorney-client privilege and work product privilege.

**ANSWER:** Pursuant to Federal Rule of Civil Procedure 33(d), Defendant Reed asserts his right to answer by producing responsive documents. The answer can most easily be determined by reference to the non-privileged portions of the claim file for the claim associated with this lawsuit, which will be produced.

## INTERROGATORY 9:

Did you meet with and/or communicate with the Raymondville Police Department in connection with the 1/1/2003 fire loss at 829 W White Ave., Raymondville, TX?

If the answer is "yes" please state when, where, and with whom? What was the purpose of each meeting and/or communication?

**ANSWER:** Yes. Defendant Reed requested information from the Raymondville Police Department under the Open Records Act by letter dated February 5, 2003. The purpose was to obtain information regarding the Police Department's investigation into the fire that is the subject of this claim.
On February 19, 2003, Defendant Reed stopped by the Raymondville Police Department to inquire about the status of the police investigation. He spoke with Detective Samuel Adame.

By letter dated February 27, 2003, Defendant Reed again requested records from the Raymondville Police Department under the Open Records Act. These records were finally sent on May 2, 2003.

On May 8, 2003, Defendant Reed spoke to Detective Adame to inquire about the status of the police investigation.

On August 12, 2004, Defendant Reed spoke to Detective Armin Martinez of the Raymondville Fire Department to inquire about the status of the police investigation.

To the extent this interrogatory is deemed to request more information, pursuant to Federal Rule of Civil Procedure 33(d), Defendant asserts his right to answer by producing responsive documents. The answer can most easily be determined by reference to the non-privileged portions of the claim file for the claim associated with this lawsuit, which will be produced.



## INTERROGATORY 10:

Did you meet with and/or communicate with Ramon Garcia, State Fire Marshall?

If the answer is "yes" please state when and where and what was the purpose of each meeting and/or communication?

**ANSWER:**     **Yes. Defendant Reed was required to provide Deputy State Fire Marshall Ramon Garcia with records pertaining to the State Farm investigation of the fire loss at issue in response to a subpoena issued by the State Fire Marshall's office to State Farm on January 7, 2003, and a request for information under Texas Insurance Code Article 5.46 sent to State Farm on February 12, 2003. All of Defendant's dealings with Deputy Marshall Garcia were conducted pursuant to this subpoena request.**

**Defendant Reed forwarded materials pursuant to the subpoena to Deputy Marshall Garcia or spoke with Deputy Marshall Garcia to arrange such forwarding on February 27, 2003, March 4, 2003, September 15, 2003, September 23, 2003, and October 29, 2003.**

To the extent this interrogatory is deemed to request more information, pursuant to Federal Rule of Civil Procedure 33(d), Defendant asserts his right to answer by producing responsive documents. The answer can most easily be determined by reference to the non-privileged portions of the claim file for the claim associated with this lawsuit, which will be produced.

## INTERROGATORY 11:

Did you meet with and/or communicate with Munoz Roofing and Construction employees?

If the answer is "yes" please state with whom, when, where, and for what purpose.

**ANSWER:**     No. Defendant Reed did not meet with or communicate with Munoz Roofing and Construction employees.

## INTERROGATORY 12:

Did you meet with and/or communicate with the Raymondville Volunteer Fire Department?

If the answer is "yes" please state with whom, when, where, and for what purpose.

**ANSWER:**     **Yes. Defendant Reed interviewed the following firefighters with the Raymondville Volunteer Fire Department in order to obtain their**

①

09724101

Resp Int L. M.

Forms

② Warren Taylor          10

2 days

Sec

404 420 - 5708          TORA

~~lssli~~ leslie   agreed  to  10 days

Waren Taylor

~~As per the conversation~~

Plaintiff's L. C. Munoz : Carmela Muñoz request

a  ten  day  extension  for  the  filing  their  response

to  Defendants  State  Farm  Req  for  Interrogatories

for  the  following  reasons :

A) ~~Hurricane County has~~   Law office of C.C. Gary is a purposely shut down due to Hurricane Emily

3) Luis C. Munoz is working in ~~Florida~~

& Carmela moved to Idaho.

On per our phone conversation of 7/21/2005,
Defendant St. farm agreed to the extension
of time to response to the propounded propounded
interrogatories. as evidenced by the
signature Signature of Counsel of record.

If this agreement copy is

Please sign an return to my office

Respectfully

[signature]

Agreed to extend response time to interrog.

Warren Taylor Esq
Atty for State Farm

1/30/2004

Gregg Deutt

Were you at all times kept informed of the investigation conducted by State Farm Agents Reed. Olivo & Robinson of the 1/1/2003 fire at 829 w. White St R. Tx

Did you know of the meeting(s) between State Farm agent Tom Reed, Ted Olivo and a 3rd Robinson with the Raymondville Police Dept?

Did you approve the of the meetings?

Did you know of the meeting(s) between Agent Tom Reed and IRS agent Pedro Sauny?
Did you approve of the meeting?
What was the purpose of the meeting btw Thed and Pedro Sauny?

As a Supervisor, did you approve of the investigation conducted by Lee Olivo, Tom Reed or B. Robinson on the insurance claim of 1/1/2003 at 829. White St Raymondville, Tx
If No, what conduct did you not approve of?

Did you keep a file with notes, memos, letters, phone message and any other communication related to the claim and investigation arising out of the 1/1/2003 fire at 829 W White St Roy Tx

Interrogatories:

To Mark Brown :           A. State Farm Lloyds

Did you sell to TT's a Ins. policy ~~thru State Farm Lloyd~~ Lloyds protecting TT's home at 829 W. White ?

When was the policy first written ?

Was the original Ins. policy upgraded ? When? By whom ?  Why ?

Has TT's paid all the Ins Premiums on time ?

Please ~~attach~~ provide a copy of the First insurance Policy bought by TT's from St Farm Lloyds which protected TT's residence at 829 w. White St Raymondville, Te 78580.

Did defendant Mark Brown ~~to~~ participate in the process to upgrade the TT's insurance policy ?

When :      Did D M Brown take any notes, photos, And or appraisals ?

Please provide a copy of TT's insurance file, including all records of payments, photos, claims, ~~and~~ renewals and upgrades of coverage.

10/30/2001

Interrogatories to

Brian Robinson

Did you interview, question or investigate any employee
for of Munoz Roofing and Construction?
When, where, who and for what Purpose?

Did you meet and or Communicate with the R P D in connection
with the 1/1/2003 Fire at 829 W White St Raw - - Tx
with who, when, where ? for what Purpose?
Please provide all copies of any record made of the meeting.
Did you meet and or Communicate with the Vol. Fire
Dept of Raymondville in connection with the 1/1/2003
fire at 829 W White St Raymondville, Tx 78580
with who, when, where and for what Purpose
Please provide a copy of any notes, memos, transcription
made of these communication.

At all times while conducting your investigation,
did you follow and abid by all of State Farm lloyds
policies and Procedures?

Did you provide any information, photos, lab reports
and or theories to the Police organization investigating
the 1/1/2003 fire loss at 829 W White St Raymondville Tx

Did you at all times follow St Farms lloyds' policies and
Procedures while conducting your investigation

q the 1/1/2003 Fire at 829 w White St. Raymondville, TE.

What educational training, degrees certificates;
license and or qualification do you hold

Interrogatories to

Lee Olivo

When were you Assigned to the TT's Fire claim following
the fire of 1/1/2003 at 829 w. White St Raymondville Tx
Why you?
Was this claim assigned to different ins adj. why?
What educational training, degrees, certificates, license
and or qualification do you hold?

Did you meet with TT L. C. Munoz regarding
their Ins claim?
When, where, What was the purpose?

Did you meet with TT Carmela S. Munoz regarding
their ins claim?
When, where, what was the purpose?

Did you at all times follow State Farm lloyds
policies and procedures while conducting the in
your investigation q the 1/1/2003, fire at 829 white
St Raymond - Ulo. Tx

Did you investigate any other fire loss by the TT's?
what, when.

Did you meet and or
communicate with the Raymondville Plce Dept?
When, where and for what Purpose?

Nov. 30, 2004    Interrogatories to:

Tom Reed:

When were you assigned the π's claim?

Why was the π's claim assigned to you?

Did any one else investigate the π's claim
before you? _ If yes, who?

Did you ask the π's to g provid you with
Receipts, purchase orders or other piece of purchase
and paid for their house hold contents?  Why?

How many times did you communicate with π L. Morey?
Please provid all records of said communications.

How many times did you communicate with π Carmela
Morey?  Please provid all records of said communications

Did you meet with or communicate with the
Raymondville Police Dept.
When, where and with whom?
What was the purpose of each meeting and a communicat

Did you meet with and a communicate with
Ramon Garcia, State Fire Marshall?
When, where? and for what was the purpose of each
meeting and a communication?

Did you meet with and or communicate with Muniz
Roofing & Construction employees?
With whom, when, where and for what
purpose?

Did you meet with and or communicate with the
Raymondville Volunteer Fire Department?
With who, when, where and for what purpose?

Did you meet with and or communicate with
Pedro Saurez, IRS Agent?
When, where and what was the purpose of each
meeting and or communication.
What authority did you use to ~~stim~~ meet with
Mr. Pedro Saurez?

Did you provide any information, photos, lab results
to the police agencies investigating the 1/1/2003
fire at 829 W White St, Raymondville Tx?
What? To whom, and when and for what purpose?
Did you offer any help, assistance, advise, ideas or
theories to the Police agencies investigating the 1/1/2003
fire at 829 W white St, Raymondville, Tx.
What, to whom, when and for what purpose?

Were you assisted in your investigation of the Tx. ins.
claim? By who? When?

Did you obtain a credit report for ∏'s?
When?    Please provide a copy of the ∏'s credit
report obtained by you.

Did you obtain a criminal history report on the
∏'s.    Please provide a copy of the ∏'s criminal
history report.

Did you take any statement, deposition, recording of
any witness, party or investigator related to this
case, please provide all transcribed copies
of said communications, including photos, lab
reports, analysis

(Special Investigation Unit)
Did you keep an SIU file of your investigation
of the 1/12/2003 Fire loss at 829 w. white St,
Raymon — Tx

Please provide a copy of your SIU File in its
entirely.

Please provide copies of any and all certification, qualification,
educational degrees, and licenses, held by you
to conduct your investigation

Tom Reed :

Did you communicate with other State Farm Agents, Supervisors regarding your investigation of the 1/1/2007 Fire at 829 W. White. Run road. Tx

Please provide copies of all inter office memos, comm phone records, and letters and instruction.

During your investigation of the 1/1/2007 Fire at 829 W. White St. R Tx, did you follow and comply with all of St Farm lloyds procedures and manuals for investigation a fire loss.

Please provide a copy of all procedures and Manuals.

STATE OF _Texas_

_Cameron_ COUNTY

**AFFIDAVIT**

My name is Santos Munoz. I am 71 years old. I am a legal resident of the United Sates and my address is P.O. Box 165, La Sara, Texas 78561. My son is Luis c. Munoz. I have never been convicted of a felony or a misdemeanor involving moral turpitude.

On January 1, 2003 late in the afternoon I went to my son's house at 829 W. White St., Raymondville, Texas. I was looking for Luis because my grandson, Santos Arroyo was in jail. I needed for Luis to help me with bail money of Santos. I went to Luis' home. No one answered the door.

I left Luis' home and went to the jail. A few minutes after I arrived at the jail, I heard the police sirens.

I recall that the time was approximately 8:00 p.m. on 1/01/2003, when I went to Luis' home.

This Statement is true and correct to the best of my knowledge.


_Santos Munoz_
Santos Munoz


SWORN TO AND SUBSCRIBED BEFORE ME BY Santos Munos on this the _28_ day of November, 2005.


Notary Public:
Commission Expires:

SEAN OSBORN
Notary Public
STATE OF TEXAS
My Comm. Exp. 05-06-2006

STATE OF TEXAS

WILLACY COUNTY

AFFIDAVIT

My name is Luis C. Munoz, I am 40 years old with a date of birth of 02/01/1964. I reside in Willacy County, Texas with my 12 year old son, Carlos Munoz. I am divorced, from Carmela Munoz as of April 19, 2004. I am the owner of Munoz Roofing and Construction in Raymondville, Texas.

On March, 1990 I married Carmela Munoz, later in 1992 Carmela and I bought a small wood frame home located at 829 W. White St., Raymondville, Texas. I began to remodel our home and in 2002 I had completed all the remodeling. Our house was approximately 1000 square feet living area and I enlarged it to approximately 3400 square feet with central air and heating. I redesigned the entire roof and added a second floor. The exterior was bricked and the garage was enlarged. Attached to my affidavit is a photo of the home before and after. Our home was also completely refurnished. The electrical and plumbing were completely redone. In 2002, Carmela and I paid off the house and finished the remodeling. The release of lien was signed in October 2004, (see Release of Lien).

On December of 2002, I had several roofing jobs to finish and I decided to stay and finish the roofing jobs for the Quintanilla's, the pharmacy and the Methodist Church instead of going to Florida with my wife and son. This trip was originated by Ben Capetillo and his family and they invited my son and wife. Prior to this "vacation" the extent of our trips were to Houston or San Antonio on the weekends.

On January 1, 2003, I finished a roofing job for Mr. Quintanilla. The house is located in Willamar, approximately 15 miles east of Raymondville. Later in the afternoon , I watched a movie and grilled with my brother Omel and my employee Joe Trevino. Omel, Joe and I were at my shop at 363 W. Kimball St., Raymondville, Texas.

Late in the afternoon I left the shop and went home to turn on the outside lights and feed the dogs. When I got home I fed and watered the dogs, however by the time I left the house both dogs were out of the back yard. I was driving my pick up an F250 diesel extra cab model 2000. I left my truck and drove my wife's Expedition, a 2003 model. I owed more on the Expedition than on the truck. Upon returning to the shop and after the cook out, Omel, Joe and I searched for ropes to tie the dogs. It was at this time that the sirens were heard and afterwards I was told that my house was on fire. I did not set fire to my home nor did have any one burn my home. At no time did I call the office of Mark Brown to inquire about my home owner policy. I did not ask Mr. Brown to upgrade my home owner's policy after the remodeling. My insurance policy was upgraded on the suggestion of Mr. Mark Brown. He visited my home and took pictures and I agreed.

State Farm alleges that I burned my home because of tax problems and money that I owed to Mr. Ben Capetillo. This is not true. The difference between Mr. Capetillo and I arose after the fire. Our dispute began in the late summer of 2003. Furthermore of the 70,000.00 dollars in question, I have paid $ 50,000.00 and we have settled our differences. Regarding the tax liens and tax levies, these problems arose in the spring of 2004 approximately sixteen (16) months after the 1/1/2003 fire. Furthermore my bookkeeper was receiving my notices from IRS at her P.O. Box and I was not aware until early May of 2004. Since I became aware of my IRS problems, I have terminated Ms. Karen Barnett as my bookkeeper and hired a CPA to help me. I will have prepared and filed all my delinquent tax returns in the near future and have reduced my tax liability by approximately $20,000.00.

As of January 1, 2003, my business was profitable, my wife was employed and my bills were minimal. My house was paid off, I owed $18,000.00 on my truck and $27,000.00 on the Expedition. My wife had several credit cards and my business was paying for the building at 363 W. Kimball St. I was not under any financial stress, nor did I have a motive to have my home burned.

On or before February 12, 2004 my attorney Gustavo Ch. Garza with my consent, drove agent Tom Reed to the office of my bookkeeper, Karen Barnett. The purpose was to obtain copies of my IRS 1040's for 1999, 2000, 2001 and 2002. At that time, Mr. Tom Reed, Gustavo Ch. Garza and later I learned that the 1040's had not been prepared or filed. Previously I had signed tax authorization forms for use by Tom Reed, and after knowing that my 1040's had not been filed, Mr. Tom Reed met with IRS agent, Pedro Suarez. A consequence of that meeting is that IRS levied on my additional living expense of $2400 00 per month paid to me by State Farm.

I have fully cooperated with State Farm and they had all my trust. I have learned that Tom Reed suggested to my ex-wife that I burned our house, that State Farm has instigated the Raymondville Police Department to have me indicted for arson and has given IRS agent Pedro Suarez information about my insurance claim. I resent State Farms conduct and malice in attempting to create a false situation simply to avoid keeping its promise, I have been threatened with arrest and indictment and I believe that Tom Reed and Brian Robinson are responsible. Mr. Reed and Mr. Robinson investigated the insurance claim and interviewed my employees. Mr. Greg Drott acted as Mr. Reed's supervisor. Mr. Lee Olivo was the first insurance adjuster to investigate the fire of January 1, 2003. Mr. Olivo was the adjuster when my new oven had an electrical short and burned and when my shed in the back yard was burned. Mr. Olivo knew that the oven was new and had been purchased at the local store. He also knew that at the time of the shed fire, I was asleep with my wife and child in my home. This statement is true and to the best of my knowledge.

Luis C. Munoz

SWORN TO AND SUBSCRIBED BEFORE ME by Luis C. Munoz on this the 10th day of November, 2004.

Notary Public:
Commission Expires:

Juanita V. Madrigal
Commission # DD287779
Expires February 19, 2008
Bonded Thru Fla. - Insurance, Inc. 800-386-7019

STATE OF TEXAS
WILLACY COUNTY

### AFFIDAVIT OF LUIS C. MUNOZ

My name is Luis C. Munoz; I am 41 years old with a date of birth of 02/01/1964. I reside in Willacy County, Texas with my 12-year-old son, Carlos Munoz. I am the owner of Munoz Roofing and Construction in Raymondville, Texas. I have not been convicted of any felony or misdemeanor involving moral turpitude.

On March, 1990 I married Carmela Munoz. In 1992 Carmela and I bought a small wood frame home located at 829 W. White St., Raymondville, Texas. I completed remodeling our home in 2002. Our house was originally approximately 1000 square feet living area which I enlarged to approximately 3400 square feet, with central air and heating. I redesigned the entire roof, redid the electrical and plumbing, added a second floor, bricked the exterior and enlarged the garage. At the time of the fire, our home was completely furnished and paid off. At the time of the fire, the value of our home was in excess of $150,000.00.

I was divorced from Carmela Munoz on April 19, 2004.

During the months of October, November and December of 2002, my business, Munoz Roofing and Construction was profitable. My former wife, Carmela, was employed at Watson's City Drug and our bills were minimal. We had paid off our house in March of 2002. Prior to January 1, 2003, our bills were under $1750.00 per month. Carmela and I had an excess of $2350 00 per month to pay our bills.

On January 1, 2003, I was not under any financial stress. In the months of September, October, November and December 2002, I had sufficient cash from my business to buy a new 2003 Ford Expedition for my wife, after trading in our Tahoe on which we owed no money, I bought a color television with cash from Janos Superstore, and because my former wife, Carmela, and I had finished remodeling and enlarging our home, we bought new dinning room and living room furniture with our good credit.

During December 2002, the Internal Revenue Service filed a tax lien against my business and me. I did not learn of the lien until February 2003, several months after the fire, because the Internal Revenue Service had been sending the notices regarding the lien to a post office box, P.O. Box 280, Raymondville, Texas 78580, which belongs to Karen Barnett, my bookkeeper. Mrs. Barnett did not advise me of this tax lien until February 2003.

On December 26, 2002 my former wife, Carmela Munoz, and my son, Carlos Munoz, left Raymondville for a vacation in Florida in the company of a business associate and friend, Ben Capetillo, and his family. Munoz Roofing employed Mrs.

Capetillo, and Mr. Capetillo and I were working on putting together a partnership. Carmela and Carlos were in Orlando, Florida with the Capetillos on January 1, 2003.

On January 1, 2003 I went to Willamar with my men and finished a roofing job for Mr. Quintanilla. I left Willamar to return to Raymondville, TX shortly after midday. After the roofing job in Willamar, I returned to my shop located at 363 W. Kimball St., Raymondville, Texas 78580. That afternoon while at my shop, my brother Omel Munoz and my employee Jose Trevino grilled some meat. I watched a movie in my office.

During the afternoon of January 1, 2003, at approximately 5:30 p.m., I went to my home at 829 W. White St. in Raymondville, Texas 78580 to feed and water the dogs and to turn on the outside lights. I returned to my shop. Between 7:00 p.m. and 8:45 p.m., I was at my shop.

I did not burn my home at 829 W. White St., nor did I have anyone burn it for me. Carmela did not burn our home nor did she have anyone burn it for her.

On January 2, 2003, I went to the office of Mark Brown, my State Farm Insurance agent. I met and spoke to one of the secretaries and informed her that my home at 829 W. White St., Raymondville, Texas had burned on January 1, 2003. I watched her type my report of the fire and notice of claim into her computer. I was not provided with any written forms or asked to sign a written notice of the claim. I answered the questions asked of me by the secretary, but at no time did I ask or demand insurance benefits.

Later on the same day, Mark Brown visited me at my office. He offered me a check for cloths, food, shelter and incidentals. I did not accept his check and told him that I would wait for the adjuster and the investigation. I appreciated his offer, but I did not need the money at the time.

On January 6, 2003, I met Mr. Lee Olivo, Detective Samuel Adame, Mack Fuller and other individuals at my house. The people with Mack Fuller and Lee Olivo inspected the house. They used a dog to help in the investigation. I was interviewed and recorded by Mack Fuller with Lee Olivo present. At the end of the interview Lee Olivo presented me a $2,500.00 check for clothing. I provided consent to search my home.

On January 13, 2003, I spoke to Lee Olivo regarding the rental expense. I traveled to McAllen, Texas and hand delivered to Mr. Olivo's office the personal property inventory forms that State Farm had requested I complete and return.

On January 17, 2003, I met Lee Olivo at my house. Mr. Olivo asked for my surveillance camera videotape which I gave him. Mr. Olivo also gave me a check for my families' cost of living expenses.

On January 24, 2003, I received a letter from Tom Reed which explained my duties after loss and advised that my claim had been reassigned to him.

On January 28, 2003 I met with Tom Reed. He gave me a letter from Greg Drott. Tom Reed did not tell me that my financial situation was an issue, and he did not ask me to provide any information about my financial conditions or tax returns.

On February 18, 2003, Tom Reed requested a proof of loss and lease agreement.

On February 24, 2003, Tom Reed tape-recorded an interview of Carmela Munoz. On February 25, 2003, Tom Reed tape-recorded an interview of me. On this date, Tom Reed advised me that he would be requesting more information such as receipts, names of witnesses, addresses, phone numbers and financial information. Mr. Reed said he would give me a letter with the list of items he needed.

On March 18, 2003, I received a letter from Tom Reed requesting the information he had mentioned on February 24, 2003. Carmela and I collected all of the responsive information we had and provided it to Mr. Tom Reed on April 22, 2003. That letter was the first specific request for financial information and tax returns.

On April 22, 2003 when Carmela and I provided Tom Reed the information he asked for in his March 18, 2003 letter, I explained that my tax returns were not available and I would give him a copy as soon as my bookkeeper, Karen Barnet, had the tax returns prepared.

On May 14, 2003, I received a letter from Mr. Laurence Kurth in which he explained that my tax returns were not required.

Carmela and I have signed several authorization forms that Tom Reed requested. The first was in February 2003. Mr. Reed provided us with a second authorization form, Carmela and I signed it, and gave it to him during one of our interviews with him. Tom Reed did not take it because he already had one. I kept the signed authorization form. At no time did Carmela or I delay or refuse to sign any authorization forms requested by Tom Reed.

On August 5, 2003, Carmela and I provided State Farm a sworn statement under oath. This statement was conducted by State Farm lawyer, Lawrence Kurth at the office of Mr. Gustavo Ch. Garza. After the depositions were transcribed, Mr. Garza gave me my copy of my statement, and gave Carmela a copy of her statement. During this time Carmela was contemplating divorce. After I read the statement I returned it to Mr. Garza. Carmela did the same. We both signed and approved the statements and returned them to Mr. Garza.

During the 18 months that State Farm investigated the fire at my home prior to the filing of suit, Carmela and I provided State Farm and Tom Reed with all the information we possessed. I could not provide my income tax returns for the years of 1999, 2000, 2001, 2002 and 2003, because I did not have them. I did however produce to State Farm, its accountant, and Tom Reed, all of my business receipts for the same years.

State Farm did not request any financial information from me needed for the investigation within 15 days from the date I gave their agent personal notice of the claim, and did not specify what information it wanted for over 50 days after I gave them personal notice of the claim and had been interviewed by Mack Fuller, Lee Olivo and Tom Reed.

I fully cooperated with the Raymondville Police Department and the State Fire Marshall's office.

This Statement is true and correct to the best of my knowledge.

_____
Luis C. Munoz

SWORN TO AND SUBSCRIBED BEFORE ME by Luis C. Munoz on this the 29th day of September, 2005.

```
VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007
```

_____
Notary Public:
Commission Expires: 9-2-07

145484v1  097/24101

State of Texas       *
County of Willacy      *

### AFFADAVIT

My name is Yolanda Perez with a date of birth of 8/10/1946. I am employed with Janos Superstore located at 350 W. Hidalgo, Raymondville, Texas 78580 since September of 1993. The phone number to the store is 956-689-3039. I am a U.S. Citizen and have no criminal convictions.

Some of my obligations at the store is to help run the Raymondville branch, count the stores money, make deposits at the bank, open and close the doors to the store and I also help out in sales.

I have known Mr. Munoz for about 15 years and Ms. Munoz for about 20 years. Mr. Munoz has done business with Janos Superstore about 15 years and has opened several accounts with us in the past years.

Mr. Munoz is a person I trust on paying his accounts and had maintained an excellent record up to October 27, 2003.

I have never known or suspected that Luis Munoz or Carmela Munoz were in any financial difficulty. I say this because on or about September 13, 2002 Mr. Munoz came in to the store and bought a big screen t.v. and paid $2,087.06 cash for it, and on September 16, 2002 the Munoz's came again and purchased a living room set in the amount of $3,905.00 dollars and on November 30, 2002 they returned and purchased a dining room set that cost $3,114.00 dollars.

Even after their home was burned, Mr. and Ms. Munoz purchased $4,900.00 dollars worth of furniture on February 14, 2003. At no time did I think Mr. and Mrs. Munoz were a bad credit risk.

I have provided a list of items that Mr. and Mrs. Munoz have purchased at our store in the past, please see Exhibit A.

As of today no **State Farm** representative(s) , agents or adjusters have spoken with me in reference to any accounts belonging to Mr. and Ms. Munoz.

This statement is true and correct to the best of my knowledge.



BEFORE ME, a notary public on this day personally appeared Yolanda Perez, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein are true and correct.

Given under my hand and seal this ___14___ day of _September_ _____, 2005.

_____
**Notary Public, TX**

VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007

State of Texas          *

County of Willacy        *

## AFFADAVIT

My name is Homer F. Rodriguez, I am 52 years of age with a date of birth of 2/4/1953. My mailing address is P.O. Box 400, Raymondville, Texas 78580 and my phone number is 956-689-2452.

I am the owner of Rodriguez Ford Mercury Dealership. I have owned and operated the dealership for approximately 13 years. My business is located at the corner of Expressway 77 & Spur 56, Raymondville, Texas 78580.

I've known Luis Munoz for approximately 13 years. I know him as a customer and a business person. I know Mr. Munoz as a reputable person.

Over the years, I have sold Mr. Munoz eight or nine vehicles. On 12/21/2002, before Christmas, I sold Luis Munoz a new 2003 Ford Expedition.

At no time did I suspect Mr. Munoz to be a bad credit risk or to be in any financial stress.

As of today no State Farm representative(s) , agents or adjusters have spoken with me about Mr. Luis Munoz.

This statement is true and correct to the best of my knowledge.

_Homer F. Rodriguez_

BEFORE ME, a notary public on this day personally appeared Yolanda Perez, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein are true and correct.

Given under my hand and seal this ___14___ day of _September_
_____, 2005.



Notary Public, TX

VERONICA ANN CORONADO
NOTARY PUBLIC-STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007

State of Texas          *

County of Willacy       *

## AFFADAVIT

My name is Raul Pena Sr., I am 67 years of age with a date of birth of 10/26/1937.  I am a U.S. Citizen with no criminal convictions. My address is 871 W. Riggs, Raymondville, Texas 78580 and my phone numbers are 956-689-6633 and 956-689-3753.

I am the owner and operator of R.T. Tires.  I have been in business for 33 years and  located at 964 W. Hidalgo, Raymondville, Texas 78580.

I have known and done business with Luis Munoz for approximately eight (8) years.  Mr. Munoz has been a good customer.  I know Mr. Munoz as a reputable man.

On 12/31/2002 one of my employees at my shop repaired two rear tires on Mr. Munoz's ATV.  I do not recall giving Mr. Munoz a receipt because he paid cash.

On June 23, 2003, I was at my shop.  I do not know a Mr. Tom Reed.  I did not speak to a Mr. Tom Reed or any one associated to State Farm on that day.  Mr. Tom Reed did not visit with me at my shop on 6/23/2003 or at any other time.  If Mr. Reed says that he spoke to me on 6/23/2003, that is not true. In my business I am paid with cash or with checks and receipts are not requested by all my customers.

Mr. Munoz did bring his ATV (four wheeler) for tire repairs on December 31, 2002.

This statement is true and correct to the best of my knowledge.


BEFORE ME, a notary public on this day personally appeared Raul Pena Sr., known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein are true and correct.

Raul Pena Sr.

Given under my hand and seal this _____ day of _September_
_____, 2005.

_Veronica Coronado_
**Notary Public, TX**



State of Texas

County of Willacy

## AFFADAVIT

My name is Armin Martinez. I am a certified Texas Peace Officer employed by the city of Raymondville, Texas.

I am the head investigator of an alleged arson on January 1, 2003 at the residence of Mr. and Mrs. Munoz, located at 829 W. White St., Raymondville, Texas.

I have read the affidavit of Mr. Tom Reed dated September 2, 2005.

I met Mr. Tom Reed on one occasion and he asked about the status of the investigation of the Munoz house fire. I told him, that the investigation was ongoing.

I have not discussed any of the particulars of this investigation with Mr. Tom Reed or anyone associated with or representing State Farm Insurance.

I did not tell Mr. Tom Reed anything about a polygraph, or HEB trip, charcoal starter, a tape from Mrs. Munoz or any details, specific or otherwise.

This statement is correct and to the best of my knowledge.

Armin Martinez

BEFORE ME, a notary public on this day personally appeared Armin Martinez, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein are true and correct.

Given under my hand and seal this ____15____ day of _September_, **2005.**

Notary Public, TX

VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007

STATE OF TEXAS

HIDALGO COUNTY

AFFIDAVIT

My name is Karen R Barnett; I am 53 years old with a date of birth of August 4, 1952. My social security number is 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 and my address is P.O. Box 280 Raymondville, Texas 78580, office telephone number is (956) 743-5388. I am self-employed as a bookkeeper.

As a bookkeeper, I was employed by Munoz Roofing and Construction. I prepared his income tax returns and his quarterly payroll reports.

During the year of 2002 Luis C Munoz's tax liens were mailed by IRS to my Post Office address. In December of 2002 when IRS filed a tax lien against Mr. Luis C Munoz, the notice came to me and as of January 2003 I had not advised him. Mr. Munoz was unaware of the tax lien IRS had filed against him.

I have read the affidavit of Tom Reed dated 09-02-2005. I met Mr. Reed in February of 2004, when Mr. Garza brought him to my office. This was the first time that I met Mr. Reed. I did not meet with Mr. Tom Reed on August 12, 2003. I did not discuss Mr. Munoz's business with Mr. Tom Reed; I did not discuss Mr. Munoz's income taxes or payroll taxes with Mr. Tom Reed.

This statement is true and correct to the best of my knowledge.

_Karen R Barnett_
Karen R Barnett

Before me, a notary public, on this day personally appeared Karen R Barnett, known to me to be the person whose name is subscribed to the foregoing document and being by me first duly sworn, declared that the statements therein are true and correct.

Given under me hand and seal, this the _11_ day of September 2005.

_Veronica Conrado_
Notary Public in and for the State of Texas, County of Willacy.



VERONICA G. CONADO
NOTARY PUBLIC, STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007

STATE OF TEXAS

WILLACY COUNTY

## AFFIDAVIT

My name is Juan Angel Guerra. I am 53 years old. I am the duly elected County Attorney of Willacy County, Texas. I have the responsibility of prosecuting all felony and misdemeanor criminal cases in Willacy County. I have never been convicted of a felony or a misdemeanor involving moral turpitude.

As the county attorney for Willacy County, I know about the arson investigation of 1/1/2003 at 829 W. White St., Raymondville, Texas. This is the home of Luis Munoz.

On 6/24/2004, I presented this arson investigation to the Willacy County Grand Jury. The Grand Jury is composed of 12 citizens of Willacy County, duly empanelled and sworn to determine if probable cause exist that an offense was committed in Willacy County and probable cause that a particular person committed the said offense. On this date after the grand jury considered the evidence presented, it determined and decided not to accuse Luis C. Munoz of arson on 1/1/2003. The grand jury "NO BILLED" Mr. Luis C. Munoz. The grand jury by "No Billing" Luis C. Munoz found no probable cause that Mr. Luis C. Munoz had set his home at 829 W. White St., Raymondville, Texas on fire.

Juan Angel Guerra

SWORN TO AND SUBSCRIBED BEFORE ME by Juan Angel Guerra on this the 21st day of September, 2005.

Notary Public:
Commission Expires: 12/11/2006

STATE OF TEXAS

CAMERON COUNTY

### AFFIDAVIT

My name is Martha Galarza. I am 53 years old. I am a U.S. citizen. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I can be reached at 956-550-1368 or 956-456-9868. My address is 139 W. Calle Hermosa, Bayview, Texas 78566.

I have prepared Luis and Carmela Munoz' tax return for year ended 2002. Mr. Munoz was operating a sole proprietorship doing business as Munoz Roofing & Construction and his spouse was working at a local business in Raymondville. They had 1 dependent child and did not have any extraordinary expenses. Mr. Munoz did not have an outstanding mortgage on his personal residence. A review of his records revealed no use of charge accounts. His roofing company did not have any large debts that were not equitably collaterized. His business was able to produce enough income to keep his business solvent.

At this time, I reviewed bank statements for Munoz Roofing. Munoz Roofing was operating at a profit. This roofing business was successful and appeared to be well established in this farming community. Mr. Munoz did to have the capacity to produce a steady amount of income in his business. Mr. Munoz' deposits to his business account for the last 6 months of 2002 were as follows:

| July 2002 | 33,520.00 |
| August 2002 | 21,625.00 |
| September 2002 | 53,688.00 |
| October 2002 | 13,420.00 |
| November 2002 | 27,410.00 |
| December 2002 | 29,218.00 |

Total deposits for the period July 2002 thru December 2002 were $178,881.00.

His 2002 Income Statement for his business reflects the following:

| | |
|---|---|
| Gross Sales | 275,891.00 |
| Cost of Goods sold | 147,505.00 |
| Gross Income | 128,386.00 |

Munoz Roofing operating expenses for this year were 118,716.00, leaving him net income of 9,670 and with an adjusted amount of income after depreciation allowance of 12,663.00. Carmela Munoz' income from her employment was 15,870 for this year, bringing their total income to 28,533.00.

This statement is true and correct to the best of my knowledge.



Martha Galarza, CPA

SWORN TO AND SUBSCRIBED BEFORE ME by Martha Galarza on this the _AS_ day of September, 2005.

VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007

Notary Public:
Commission Expires: 9-2-07

STATE OF TEXAS

WILLACY COUNTY

## AFFIDAVIT

My name is Mario Tijerina. I am over the age of twenty-one having been born on August 29, 1963. I reside at 450 E. Van Eaton St., Raymondville, Texas 78580. I am married and have one child in high school. I am currently employed at the Willacy County Regional Detention Center. Prior to this employment, I was the branch manager for Alamo Lumber Co. in Raymondville, Texas. I have lived in Willacy County all of my life and also serve as a volunteer firefighter.

This statement is regarding Luis C. Munoz and the house fire of January 1, 2003 at 829 W. White St., Raymondville, Texas. I responded to the fire call and recall that Mr. Munoz was summoned to the location. Mr. Munoz had been cooking-out with his employees at 363 W. Kimball St. I remember when Mr. Munoz arrived at the scene of the fire, he was very surprised and asking the firefighters what had happened.

As branch manager for Alamo Lumber Co. I was aware of a large job that Munoz Roofing and Construction did for Mr. Harry Cavazos on White St. Mr. Munoz completely remolded the Cavazos house, his neighbors. The account for all the material was more than twenty thousand $20,000.00 dollars, and on numerous occasions when I would ask Mr. Munoz about his account he would tell me that he was having a problem with Mr. Cavazos paying him for the materials and labor. Mr. Luis Munoz still paid off the entire account.

I was impressed that Mr. Munoz never attempted to avoid his obligation even after he suffered a big loss.

If you have any questions, you can reach me at 642-6356.

_Mario Tijerina_
Mario Tijerina

SWORN TO AND SUBSCRIBED BEFORE ME by Mario Tijerina on this the _29th_ day of _____, 2004.

VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:

_Veronica a. Coronado_
Notary Public:
Commission Expires:
9-2-07

STATE OF TEXAS

WILLACY COUNTY

## AFFIDAVIT

My name is Uvaldo Zamora. I am the Police Chief for the city of Raymondville, Texas. My office is located at 523 W. Hidalgo St, Raymondville, Texas 78580. My office number is (956) 689-2441. I am married and have three school age children. I have lived and worked most of any adult life in Raymondville, Texas. I have been a peace officer for 20 years.

This statement is regarding the fire at 829 W. White St., on January 1, 2003 and the subsequent investigation. After reviewing the criminal investigation and interviewing my investigators, I can relate the following:

1. On several occasions our department was visited by different personnel from the insurance company.
2. These agents provided information, photos, lab reports and brought a canine to the scene of the fire.
3. The information that Mr. Luis Munoz had established a pattern of filing insurance claims arose from the insurance company through its agents. The agents also injected the idea that Mr. Munoz had a monetary motive to burn his house.

This criminal investigation was presented to the Willacy County District Attorney, Mr. Juan Angel Guerra and he presented the arson investigation to a Willacy County Grand Jury. Mr. Munoz was no billed, that is the Grand Jury decided that no probable cause existed that Mr. Munoz set his house on fire.

After eliminating the allegation of motive and pattern which were provided by the insurance co., there is no evidence that Mr. Munoz was involved in any way in the arson of his home. The evidence showed that Mr. Munoz was away from the house barbequing with his brother and employees at his shop.

_Uvaldo Zamora_
Uvaldo Zamora

SWORN TO AND SUBSCRIBED BEFORE ME by Uvaldo Zamora on this the 14th day of October, 2004.

_Veronica Coronado_
Notary Public:
Commission Expires: 9-2-07

VERONICA ANN CORONADO
NOTARY PUBLIC STATE OF TEXAS
COMMISSION EXPIRES:
SEPTEMBER 2, 2007