United States District Court
Southern District of Texas
FILED

MAR 29 2006

Michael N. Milby, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | C.A. NO B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | |

### DEFENDANT STATE FARM LLOYDS' RESPONSE TO PLAINTIFFS' SUPPLEMENT TO THE RECORD OF THE HEARING ON ATTORNEY FEES

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds files its Response to Plaintiffs' Supplement to the Record of the Hearing on Attorney Fees as follows:

I.

On Friday, March 24, 2006, this Court granted leave for Plaintiffs to supplement the record with contemporaneous documentation of fees for co-counsel Rusnak and Levin. Plaintiffs filed their Supplement to the Record of the Hearing on Attorney Fees on Monday, March 27, 2006. Defendant objects as follows:

II.
Exhibits D and E

Defendant reasserts its objections to the claimed fees of counsel Garza and to what are now attached as exhibits D and E. The volume of notes (Plaintiffs' Exhibit E) and phone records (Plaintiffs' Exhibit D) are not contemporaneous time records and do not substantiate the claimed fees. At best they demonstrate there was work on the file, a fact which in and of itself is undisputed.

III.
### Affidavit of Barrera

Defendant objects to the affidavit of Horacio L. Barrera as being outside the scope of leave granted by the court.

Further, Defendant objects to his conclusions based on his review of the "time records".[1] An affiant's opinion allegedly based on time records that are themselves insufficient to prove attorneys fees is no more reliable than the "reconstructed" records he reviewed. There is, in short, no reliable foundation for his opinion.

Third, Defendant objects to the conclusion that a reasonable fee for work on this case is between $250 and $300 per hour. The affidavit does not establish Mr. Garza's (or Mr. Rusnak or Mr. Levin's) credentials or expertise in this type of litigation to justify such an exorbitant fee. In fact, the time records submitted by counsel Rusnak (the bad faith "expert" attorney retained by Mr. Garza) indicate he began the case at $190 an hour (Plaintiffs' Exhibit B, p.2), and never charged more than $225 an hour. (Plaintiffs' Exhibit B). Similarly, the records of Harvey Levin (Plaintiffs' Exhibit C) indicate he never charged more than $225 himself.

There is no explanation why Rusnak and Levin were both necessary, or why the duplication of effort was necessary and reasonable. Moreover, if they had such superior expertise to Mr. Garza, it makes no sense that Mr. Garza's proposed rate would be substantially higher than theirs.

---

[1] His affidavit states: "I have also reviewed Mr. Garza's and his co-counsel's time records between June 2003 through the present time. Those time records indicate that approximately 1,500 hours total were spent by the all of the attorneys and their paralegals in all aspects of preparation and trial of the case. Of this amount of time 950 hours were attributed to the work done by Mr. Gustavo Garza. Given the nature of claim, the defendant that was involved and the fact that the case was required to be tried before jury in my opinion the 950 hours claimed by Mr. Garza for his work in this case appears to me to be both reasonable and necessary over the course of the last 32 months."

Thus, Barrera's conclusory statement, even if considered, does not substantiate the claimed fees.[2]

Fourth, State Farm objects to the statement that State Farm "aggressively defend[s] these types of actions". State Farm, like any other litigant, has a right to a jury trial. Counsel's opinion that State Farm is somehow "aggressive" is not well founded. Further it is completely irrelevant to the reasonableness of the claimed fee. There is no evidence that State Farm unduly increased the costs of this case.

IV.
### Records of Rusnak and Levin

Unlike the reconstructed claim of Mr. Garza, the records of David Rusnak and Harvey Levin are the type of contemporaneous records required to support attorneys fees. However, there is no justification of the duplication of effort, nor why these claimed fees were necessary.

V.

In summary, the Plaintiffs' Supplement to the Record of the Hearing on Attorney Fees does not fix the lack of support for the claimed fees, either in terms of time spent or hourly rate. In no event should the fees be more than the 40% contingency contract common to these cases.

WHEREFORE, Defendant prays that Plaintiffs' request for attorneys fees be denied as requested, and that the Court limit its award to the amount actually substantiated, but in no event more than $110,000.

---

[2]Interestingly, Barrera claims that he has litigated to verdict a case against State Farm. However, State Farm has been unable to locate such as case.

3

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: _____
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' Response to Plaintiffs' Supplement to the Record of the Hearing on Attorney Fees has been forwarded to all counsel of record by facsimile on this __29__ day of March, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

_____
Warren Taylor