IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 0 4 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ | § § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS | § § § | |
| Defendant. | § | |

## OPINION & ORDER

BE IT REMEMBERED that on April 4, 2006, the Court considered Plaintiffs' Motion & Notice of Motion for Attorney Fees and Plaintiffs' Supplemental [sic] to the Record of the Hearing on Attorney Fees. Dkt. Nos. 102, 108.

The Court finds that Plaintiffs are entitled to an award of attorneys fees. TEX. BUS. & COM. CODE ANN. § 17.50(d) (Vernon 2005); TEX. INS. CODE ANN. § 541.152 (Vernon 2005).[1] The Court also finds, however, that Plaintiffs are not entitled to their requested amount of $344,407.72. Dkt. No. 108. Instead, the Court finds that a reduced amount, $123,420.47 for attorneys' fees and $7,439.70 for costs, is an appropriate award in this case, and this amount will therefore be reflected in the Court's final judgment.

To determine an award of attorneys' fees, the Court must first calculate the

---

[1]Plaintiffs also state that they are entitled to attorneys' fees under section 38.001(8) of the Texas Civil Practice and Remedies Code. Dkt. No. 102, at 1. This argument is incorrect, because this case falls within an exception from Chapter 38. TEX. CIV. PRAC. & REM. CODE ANN. § 38.006(2), (3) (Vernon 2005). This point is a mere technicality though, as Plaintiffs are still entitled to full recovery of their attorneys' fees under the other statutes.

1

"lodestar." See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also Gisbrecht v. Barnhart, 535 U.S. 789, 802 (2002); Edmond v. Oxlite, Inc., No. Civ.A. 01-2594, 2005 WL 2458235, *2 (W.D. La. Oct. 5, 2005). The lodestar is the number of hours reasonably expended multiplied by a reasonable hourly rate for the legal services provided. Hensley, 461 U.S. at 433; Edmond, 2005 WL 2458235, at *2. The reasonable hourly rate is determined with reference to the normal rates in the local market for legal services. See Missouri v. Jenkins, 491 U.S. 274, 285 (1989); ACLU of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). The Court must then consider whether the lodestar should be adjusted upward or downward, taking into account the Johnson factors.[2] Edmond, 2005 WL 2458235, at *2.

In this case, Plaintiffs argue that a total award of costs plus attorneys' fees in the amount of $344,407.72 is reasonable.[3] Dkt. No. 108, Exs. A1, B, C. This amount is based on 937.25 hours at a rate of $275.00/hour for lead counsel Gustavo Garza,[4] 20.90 hours at $213.53/hour for Hervey Levin, 4.10 hours at $190.00/hour and 162.50

---

[2]The Johnson factors come from the case of Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Id. at 717–19.

[3]Plaintiffs never actually state this amount. Plaintiffs' Motion & Notice of Motion for Attorney Fees (the "original motion") actually requests $374,864.00. Dkt. No. 102, Att. 1, at 2. However, the hours claimed to have been worked and the hourly rates proffered by the Plaintiffs' attorneys are different in the supplementary materials than those stated in the original motion. Compare Dkt. No. 108, Exs. A1, B, C, with Dkt. No. 102, Atts. 3–5. Thus, the amount stated by the Court represents Plaintiffs' request when the hours and rates proffered in the supplementary materials are used to calculate a total amount.

[4]Plaintiffs originally asserted that Mr. Garza spent 950.75 hours on this case and that his hourly rate was $300.00/hour. Dkt. No. 102, Att. 3. No explanation for the lower number of hours and rate appears in the record.

hours[5] at $225.00/hour for David Rusnak, 604.00 hours at $60.00/hour for Mr. Garza's "paralegal,"[6] and $8,619.75 in costs. *Id.* The Court will conduct its calculation of the proper attorneys' fees and costs using these amounts as points of departure. *See* Islamic Ctr. of Miss. v. Starkville, Miss., 876 F.2d 465, 469 (5th Cir. 1989).

For Plaintiffs' lead attorney, Gustavo Garza, the Court finds that the requested fee of $257,743.75 should be reduced based upon a number of factors. First, the only evidence contained in the record which supports Mr. Garza's hourly rate is Mr. Garza's own affidavit. Dkt. No. 102, Att. 2; Dkt. No. 108, Ex. A1. This affidavit, standing alone, is insufficient to prove that the rate proffered is reasonable. *See* Blum v. Stenson, 465 U.S. 886, 896 n.11 (1984). The Court recognizes that Mr. Garza submitted the affidavit of Horacio L. Barrera with his supplementation to the record. Dkt. No. 108, Ex. A. The Court rejects this affidavit, however, as Mr. Garza did not have permission to include it with his supplementation. Mr. Garza was only permitted to file the time records of Mr. Levin and Mr. Rusnak, and nothing further. Thus, the Court strikes Mr. Barrera's affidavit, and Mr. Garza's affidavit is the sole remaining evidence regarding the reasonableness of his requested hourly rate.

The Court notes that this case was Mr. Garza's first civil trial.[7] Furthermore, the requested rate of $275.00 per hour is not a reasonable rate for attorney's fees in Cameron County or South Texas, even if Mr. Garza were an expert in civil litigation. Therefore, the Court relies upon its own experience and upon prior case law to determine that a proper hourly rate in this case is $175.00. *See* Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988) (discussing the long history of case law establishing that the Court is an expert on the question of reasonable attorney fees and stating that "the court may make the award on its own experience"); *see also*

---

[5]Plaintiffs' motion for attorneys fees alleged only 162.30 hours for Mr. Rusnak. Dkt. No. 102, Att. 5. Again, no explanation for this discrepancy appears in the record.

[6]Plaintiffs' original motion asserted that $65.00/hour was a reasonable hourly rate for Mr. Garza's "paralegal." Dkt. No. 102, Att. 3.

[7]Although Mr. Garza has considerable experience in the area of criminal defense work, civil cases are vastly different from criminal cases.

3

Gonzalez v. Allstate Texas Lloyd's, No. Civ.A. B-05-23, 2005 WL 1155143, *5 (S.D. Tex. May 5, 2005) (awarding $150/hour for work done in Brownsville); Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., No. 08-04-00316-CV, 2005 WL 3073794 (Tex. App. Nov. 17, 2005) ($225/hour to experienced attorneys in El Paso); Carreras v. Marroquin, No. 13-05-082-CV, 2005 WL 2461744, *7 (Tex. App. Oct. 6, 2005) ($175/hour in Edinburg); Holt Texas, Ltd. V. Hale, 144 S.W.3d 592, 596 (Tex. App. 2004) ($200/hour in San Antonio).

Second, Mr. Garza provided a detailed itemization of how much time he spent on each activity. Dkt. No. 102, Att. 3; Dkt. No. 108, Ex. A1. However, in this itemization it can be seen that Mr. Garza billed in 0.25 hour increments,[8] spent a vast amount of time engaged in telephonic conferences,[9] and spent excessive amounts of time on several activities.[10] *Id.* It is also clear that Mr. Garza's records are non-contemporaneous.[11] *See* Walker v. United States Dep't of Hous. & Urban Dev., 99 F.3d 761, 773 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 931 (5th Cir.), *vacated on other grounds*, 903 F.2d 352 (5th Cir. 1990). Therefore, the Court finds that Mr. Garza's proffered hours should be reduced by 25%. *See Hensley*, 461 U.S. at 434; *Walker*, 99 F.3d at

---

[8] This is in opposition to the more common 0.10 hour increments. *See, e.g.*, Ramsey, 2000 WL 426187, at *3–*4.

[9] Counsel can bill for telephonic conferences. Counsel cannot, however, bill for *excessive* time spent in telephonic conferences. *In re* Olson, 884 F.2d 1415, 1429 (D.C. Cir. 1989).

[10] A few examples should make this point clear: 15 hours were billed for "Review of Complete draft of response to Motion for Summary Judgment," 45 hours for "Prepare, Travel, and Deposition of Tom Reed," and 10 hours for "Reviewed Sworn Statement of Minerva Cavazos." *See* Dkt. No. 102, Att. 3, on dates of 9/30/05, 10/18-10/22/05, and 7/14/05. Moreover, these are only individual entries, exclusive of additional entries regarding the same activities. *See, e.g., id.*, on dates of 10/10/05 through 10/19/05 (billing hours spent preparing for Tom Reed Deposition).

[11] Mr. Garza admitted at the hearing on March 24, 2006 that his hours are reconstructed. The Court considers this an important factor, especially in consideration of the fact that Mr. Garza cannot state his total number of hours with any real certainty. This is most apparent in Mr. Garza's inability to consistently assert a definite number of hours spent on this case.

773; Broyles v. Dir., 974 F.2d 508, 510–11 (4th Cir. 1992); *Alberti*, 896 F.2d at 931; *Olson*, 884 F.2d at 1429; *Edmond*, 2005 WL 2458235, at *2; Ramsey v. State of Alabama Pub. Serv. Comm'n, No. Civ.A. 96-T-275-N, 2000 WL 426187, *3–*4 (M.D. Ala. Apr. 13, 2000) (citing a laundry list of cases reducing awards based on the use of excessive time increments for billing). Thus, the total amount of the reasonable fees for Mr. Garza is 702.9375 hours multiplied by $175.00/hour, or $123,014.06.

For Hervey Levin, the Court finds that the $4,462.75 fee submitted by the Plaintiffs should be reduced for two reasons. First, the Court again finds that Mr. Garza's affidavit is insufficient to establish that the hourly rate proffered is reasonable. *See Blum*, 465 U.S. at 896 n.11. Mr. Levin was the third attorney working on Plaintiffs' case. Therefore, the Court finds that an hourly rate of $150.00/hour is appropriate. *See, e.g., Gonzalez*, 2005 WL 1155143, at *5. Second, the Court finds that a considerable portion of Mr. Levin's time was spent either in telephonic conferences or conducting clerical work. Dkt. No. 102, Att. 4; Dkt. No. 108, Ex. C.[12] Thus, the Court finds it appropriate to reduce Mr. Levin's hours by 30%. *See* Lipsett v. Blanco, 975 F.2d 934, 940 (1st Cir. 1992); *Olson*, 884 F.2d at 1429; *Edmond*, 2005 WL 2458235, at *2, *5. Therefore, Mr. Levin's reasonable fees are 14.63 hours at $150.00/hour, or $2,194.50.

For David Rusnak, the Court again finds that the amount, $37,296.50, should be reduced. First, Mr. Rusnak's hourly rate suffers from the same problem as Mr. Garza's and Mr. Levin's. *See Blum*, 465 U.S. at 896 n.11. Mr. Rusnak was the secondary attorney in this case. The Court therefore finds that an appropriate hourly fee in this case for Mr. Rusnak is $150.00/hour. *See, e.g., Gonzalez*, 2005 WL 1155143, at *5. Second, Mr. Rusnak's itemization on his billing statement was originally insufficient. Dkt. No. 102, Att. 5. The time records filed with the Court for Mr. Rusnak originally provided adequate descriptions of his activities but failed to provide any breakdown of how his hours were divided between those activities. *Id.* That was insufficient as a

---

[12]Although permission was given to supplement the record with contemporaneous records of how Mr. Levin spent his time in this case, no new information related to Mr. Levin was provided.

matter of law. *See Hensley*, 461 U.S. at 433; Rode v. Dellarciprete, 892 F.2d 1177, 1190 (3d Cir. 1990); *Norman*, 836 F.2d at 1303.

Plaintiffs' supplementation to the record remedies this defect. However, the supplemental records for Mr. Rusnak present two problems which lead the Court to reduce the number of hours proffered. First, the records show that Mr. Rusnak, like Mr. Garza and Mr. Levin, spent an excessive amount of time engaged in telephonic conferences. *Olson*, 884 F.2d at 1429. Second, the records for Mr. Rusnak display a considerable amount of repetition between the work done by Mr. Rusnak and the work done by Mr. Garza. *See, e.g.*, Dkt. No. 108, Ex. A1 (entry of 10/18–10/22/2005, regarding deposition of Tom Reed); Dkt. No. 108, Ex. C (entries for 10/12/2005 – 10/21/2005, regarding the deposition of Tom Reed). Mr. Rusnak and Mr. Garza cannot both charge Defendant for performing the same work. The Court finds that the proper remedy to cure these problems is to reduce the total hours claimed by Mr. Rusnak by 20%. *See Edmond*, 2005 WL 2458235, at *5. Thus, Mr. Rusnak's total reasonable fee is 133.28 hours at $150.00/hour, or $19,992.00.

For the work done by Mr. Garza's paralegal, the Court finds that an award of attorney's fees would be inappropriate. According to Mr. Garza's billing statement, his paralegal solely engaged in activities which were clerical in nature. Dkt. No. 102, Att. 3; Dkt. No. 108, Ex. A1. In Texas, attorney's fees are only appropriate when the paralegal is engaging in work that is legal in nature. *See* All Seasons Window & Door Mfg., Inc. v. Red Dot Corp., 181 S.W.3d 490, 504 (Tex. App. 2005). Therefore, the Court finds that no fees should be awarded for the work of Mr. Garza's paralegal in this case.[13]

Based on these calculations, the lodestar amount in this case is $145,200.56. The Court must also consider, however, whether the *Johnson* factors counsel in favor of shifting this award of fees upward or downward. *See Edmond*, 2005 WL 2458235, at *2. These factors may readily be considered:

---

[13]As an alternate basis for its holding, the Court finds that Mr. Garza failed to provide any evidence regarding his paralegal's qualifications. Failure to prove that a paralegal is qualified to perform the work renders that work unbillable. *See Red Dot Corp.*, 181 S.W.3d at 504.

6

- *The time and labor required.* This factor has already been taken into account and should not be double counted.
- *The novelty and difficulty of the questions.* This case was not one of first impression and did not raise novel or particularly difficult questions.
- *The skill requisite to perform the legal service properly.* Plaintiffs' counsel displayed adequate skill in reaching a favorable result for their clients. However, the Court has "reservation . . . with respect to the altogether-too-common excesses attendant to the unduly contentious behavior of counsel on both sides of the case." Fisher Scientific Int'l, Inc. v. Modrovich, No. Civ.A. H-03-0467, 2005 WL 3348901, *4 (S.D. Tex. Dec. 8, 2005). The Court also notes that Plaintiffs' counsel failed to request the statutorily imposed 18% penalty for violation of Chapter 542 of the Texas Insurance Code. See Dkt. No. 100, Atts. 1, 3.
- *The preclusion of other employment by the attorney due to acceptance of the case.* Plaintiffs were already clients of their lead counsel before this case began, meaning that this case did not prevent him from taking other cases on account of conflicts of interest or similar concerns.
- *The customary fee.* This factor has already been considered.
- *Whether the fee is fixed or contingent.* The fee arrangement in this case was on a contingency basis.[14]
- *Time limitations imposed by the client or the circumstances.* There is no evidence that time limitations were imposed in this case.
- *The amount involved and the results obtained.* The amounts involved in this case are not clear. See Dkt. No. 38. However, it is clear that Plaintiffs originally brought five claims against the Defendant. *Id.* Plaintiffs were entirely successful on their breach of contract claim and entirely unsuccessful on their slander per se claim. On their remaining three claims, for unfair settlement practices, deceptive trade practices, and breach of the duty of good faith and fair dealing, Plaintiffs were

---

[14]The Court notes that use of the contingency fee arrangement would result in attorneys' fees plus costs in a total amount of $150,027.95.

successful, but primarily in a merely technical sense. The jury returned special verdicts against the Defendant on each of these counts. Nonetheless, between these three claims Plaintiffs recovered only $20,000 total, for mental anguish damages. Plaintiffs recovered nothing based upon the fact that Defendant's conduct was committed "knowingly," lost their claim for punitive damages on a motion for directed verdict, and recovered zero economic and limited mental anguish damages for these three claims. It *is* clear that Plaintiffs achieved only limited success, when the amounts they recovered are compared to the possible amounts of recovery under the provisions for trebling of damages and punitive damages.

- *The experience, reputation, and ability of the attorneys.* This factor was already taken into account.
- *The "undesirability" of the case.* "This case did not have an 'undesirability' factor in the sense that that term is used in *Johnson*." *Modrovich*, 2005 WL 3348901, at *4.
- *The nature and length of the professional relationship with the client.* Plaintiffs' lead attorney had a previous relationship with the Plaintiffs, which apparently involved mostly transactional work.
- *Awards in similar cases.* This factor has already been taken into account.

In considering these factors, the Court finds that the limited success achieved by the Plaintiffs' attorneys in this case stands out as the most prevalent. Therefore, the Court finds that a further reduction of the lodestar by 15% is appropriate. *See Hensley*, 461 U.S. at 435–36; Migis v. Pearle Vision, Inc., 135 F.3d 1041, 1047–48 (5th Cir. 1998). Thus, the Court finds that attorneys' fees in the amount of $123,420.47 are reasonable and necessary in this case.

    Finally, the reasonable costs incurred by the Plaintiffs in the litigation of this case must be determined. Plaintiffs request recovery of $8,619.75 in costs. Dkt. No. 102, Atts. 3–5; Dkt. No. 108, Exs. A1, B, C. This amount includes $1,180.05 for postage and shipping fees. Dkt. No. 108, Exs. A1, C. Postage, however, is not a reimbursable expense. *See Modrovich*, 2005 WL 3348901, at *10. Therefore, the Court finds that an appropriate award of costs in this case is $7,439.70.

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion & Notice of Motion for Attorney Fees. Dkt. No. 102. The Court therefore **ORDERS** the Defendant to pay $130,860.17 in costs and attorneys' fees.[15]

DONE at Brownsville, Texas, this ____th day of April, 2006.

Hilda G. Tagle
United States District Judge

---

[15] As a final matter, the Court notes that it has not awarded any attorneys' fees for the time and efforts expended in litigating the amount of the attorneys' fees. The Court granted a hearing on this matter based on the request and representations of Plaintiffs' counsel. See Dkt. No. 102; Henson v. Columbus Bank & Trust Co., 651 F.2d 320, 329 (5th Cir. 1981); King v. McCord, 621 F.2d 205, 206 (5th Cir. 1980). The Court finds that this hearing was necessitated by the excessive fees requested by the Plaintiffs, and that the Plaintiffs should therefore not receive additional attorneys' fees based on the efforts spent litigating the proper amount of attorneys' fees. See Lewis v. Kendrick, 944 F.2d 949, 956 (1st Cir. 1991); Brown v. Stackler, 612 F.2d 1057, 1059 (7th Cir. 1980).