United States District Court
Southern District of Texas
FILED

APR 1 8 2006

Michael N. Milby
Clerk of Court

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LUIS C. MUNOZ AND | § | CAUSE NO B-04-141 |
| CARMELA MUNOZ | § | |
| | § | |
| VS. | § | |
| | § | |
| STATE FARM LLOYDS | § | |

**DEFENDANT STATE FARM LLOYDS'
MOTION TO ALTER OR AMEND THE JUDGMENT AND
MEMORANDUM IN SUPPORT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, Defendant State Farm Lloyds

("State Farm") files its Motion to Alter or Amend the Judgment and Memorandum in Support, and

asks the Court to amend the Final Judgment entered in this case, as follows:

**I. Introduction**

1.      This suit is an insurance dispute arising out of an intentionally set fire at Plaintiffs

Luis and Carmela Munoz's ("the Munozes") residence.

2.      This case was called for trial on the merits on February 6, 2006.  On February 22,

2006, the jury returned a verdict for the Munozes.

3.      The Court rendered judgment on the verdict, and the clerk entered judgment on April

4, 2006.

4.      Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, this motion was filed

no later than ten days after entry of judgment. FED. R. CIV. P. 59(e); FED. R. CIV. P. 6(a) (providing

"When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays,

Sundays, and legal holidays shall be excluded in the computation").

5.     This motion does not seek relief from the judgment under Rule 60 of the Federal Rules of Civil Procedure.

6.     State Farm respectfully moves the Court to alter or amend the judgment to prevent a clear error of law or fact, and manifest injustice, as follows:

    A.     State Farm moves the Court to reduce its award for contents, as State Farm is entitled to credit for all payments previously made on behalf of the Munozes for restoration, cleaning, and storage of their contents

    B.     State Farm moves the Court to vacate its award of damages under Texas Insurance Code Section 542.060, as the Munozes failed to affirmatively plead such damages.

## II. Argument and Authorities

7.     District courts have the power to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.  The district court may grant a motion to alter or amend the judgment if there is the need to correct a clear error of law or prevent manifest injustice.  *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003); *In re Benjamin Moore*, 318 F.3d 626, 629 (5th Cir. 2002).

**A.     State Farm moves the Court to reduce its award for contents, as State Farm is entitled to credit for all payments previously made on behalf of the Munozes for restoration, cleaning, and storage of their contents**

8.     State Farm pleaded the affirmative defense of offset or credit in its First Amended Answer, as required by Rule 94 of the Texas Rules of Civil Procedure.  Exhibit A, ¶ 37; *see* TEX. R. CIV. P. 94; TEX. INS. CODE §554.002; *Brown v. American Transfer and Storage Co.*, 601 S.W.2d 931, 936 (Tex. 1980).  At trial, the parties stipulated State Farm had issued payments totaling $6,738.49 either to or on behalf of the Munozes for the storage, restoration, and replacement of their contents.  Exhibit B, ¶ 6(j) and 6(k).

2

9.    In the Court's Final Judgment, only $2,500.00 of State Farm's prior payments on the Munozes' contents claim was credited to State Farm. The Court did not credit State Farm with the following payments, totaling $4,238.49:

| 05/15/03 | Draft 125363933J | $1,806.76 | ServiceMaster |
| 11/06/03 | Draft 125974324J | $607.93 | ServiceMaster |
| 02/24/04 | Draft 125536503J | $810.58 | ServiceMaster |
| 05/25/04 | Draft 125538096J | $1,013.22 | United States Treasury |

10.    The above-listed payments to ServiceMaster were made for its cleaning, restoration, and storage of the Munozes' contents. State Farm paid ServiceMaster directly for the work ServiceMaster performed for the Munozes. These services were paid out of the contents coverage available to the Munozes under their policy, and the payments should therefore be credited to State Farm.

11.    Additionally, while State Farm was adjusting the Munozes' claim, the Internal Revenue Service notified State Farm of its levy on any proceeds the Munozes might recover on this claim. After receiving notice of the levy, State Farm was required to make all payments it would have made to the Munozes payable to the United States Treasury instead. State Farm was essentially placed in the position of paying down the Munozes' federal tax obligation. State Farm issuing payment to the United States Treasury was tantamount to issuing payment directly to the Munozes; therefore, State Farm is entitled to credit for this payment.

12.    In light of the additional credits to which it is entitled, State Farm respectfully asks the court to further reduce its damage award for contents by an additional $4,238.49, to a judgment for contents totaling $75,961.51.

3

**B.    State Farm moves the Court to vacate its award of damages under Texas Insurance Code Section 542.060[1], as the Munozes failed to affirmatively plead such damages.**

13.    The Federal Rules of Civil Procedure provide that a party's pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for judgment for the relief the pleader seeks." FED. R. CIV. P. 8(a). Rule 8 of the Federal Rules of Civil Procedure is designed to give an opposing party "fair notice" of the claim and the grounds upon which it is based. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Askanase v. Fatjo*, 148 F.R.D. 570, 573 (S.D. Tex. 1993). More than bare assertions of legal conclusions is required to satisfy the policy of fair notice in federal pleading. *Askanase,* 148 F.R.D. at 573. Though in some instances, a trial court may grant a party relief not requested in the party's prayer for relief, it may not do so if the failure to demand relief prejudiced the opposing party. *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241-42 (5th Cir. 1984); *International Harvester Credit Corp. v. East Coast Truck*, 547 F.2d 888, 891 (5th Cir.1977) (discussing Rule 54(c) of the Federal Rules of Civil Procedure).

14.    Likewise, the Texas Rules of Civil Procedure also mandate that a party's pleading must give "fair notice" of the claim involved. TEX. R. CIV. P. 47(a). The "fair notice" standard requires that the opposing party be able to reasonably infer a cause of action from what is specifically pleaded or stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993). Texas courts have held that a party is not entitled to statutory damages under Article 21.55 when during trial it failed to "plead, allege, or even mention a cause of action under Article 21.55." *See, e.g., State Farm Lloyds v. Fitzgerald*, Cause No. 03-99-00177-CV, 2000 WL 1125217, *10 (Tex. App.–Austin, Aug. 10, 2000, no pet.). A trial court may not grant relief not supported by the pleadings and prayer. *Banks v. State,*

---

[1] Texas Insurance Code Section 542.060 was formerly codified as Texas Insurance Code Article 21.55.

4

158 S.W.3d 649 (Tex. App.–Houston [14th Dist.] 2005, pet. ref'd) (citing *Board of Firemen's Relief and Retirement Fund Trustees of Harris County, Texas v. Stevens*, 372 S.W.2d 572, 574 (Tex. Civ. App.– Houston 1963, no writ)); *Tex. Dept. of Public Safety v. Steele*, 56 S.W.3d 352, 353 (Tex. App.–Beaumont 2001, no pet.) (also citing *Stevens*).

15.    The Munozes are not entitled to damages under Texas Insurance Code Section 542.060. The Munozes failed to plead Section 542.060 (or former Article 21.55) in their Second Amended Complaint, their live pleading at the time of trial. Exhibit C. Neither Texas Insurance Code Section 542.060 (formerly known as Texas Insurance Code Article 21.55) nor statutory damages of 18% are ever mentioned in the Munozes' Second Amended Complaint. Exhibit C; *see Texas Farmers Ins. Co. v. Cameron*, 24 S.W.3d 386, 397 (Tex. App.–Dallas 2000, pet. denied) (holding statement in plaintiffs' petition that "pursuant to Texas Insurance Code §21.55(6), [plaintiffs] are entitled to eighteen percent per annum of damages" was sufficient to give fair notice of plaintiffs' Article 21.55 claim). The Munozes' complaint fails to provide **any** notice of the Article 21.55 claim, let alone fair notice.

16.    Furthermore, the Munozes did not raise a contention regarding State Farm's alleged failure to comply with Article 21.55 in the parties' Joint Pretrial Order, did not propose a jury question on State Farm's compliance with Article 21.55, and never mentioned a claimed cause of action under Article 21.55 at trial. Further, the Munozes did not seek penalties under Article 21.55 or Section 542.060 in their proposed judgment that they submitted to the Court. Additionally, as this Court recognized in its April 4, 2006, Opinion & Order on Plaintiffs' Motion for Attorney Fees, the Munozes failed to request Article 21.55 damages in their Motion for Entry of Judgment.

17.    The Munozes are not entitled to damages on a cause of action which was not pleaded

5

in their live complaint, alleged in their pretrial motions, or argued at trial. The damage award under

Texas Insurance Code Section 542.060 is not supported by the pleadings or prayer, or the Munozes'

conduct at trial. As the Munozes never submitted the Article 21.55 issue to the jury or sought to the

try the issue, the Munozes never established their entitlement to such damages. *See* FED. R. CIV. P.

54(c) (allowing a final judgment to grant relief to which the party in whose favor [judgment] is

rendered is "entitled").

18.    Furthermore, the award of Article 21.55 damages to the Munozes, when such relief

has not been demanded by the Munozes, is highly prejudicial to State Farm. *See International*

*Harvester Credit Corp.,* 547 F.2d at 891 (stating "One of the exceptions to [Rule 54(c)] exists where

the failure to demand the relief granted prejudiced the opposing party"). Had State Farm been on

notice of an Article 21.55 claim, it would have insisted that the Munozes submit the issue to the jury,

and would have opposed (and briefed) defenses to the award of such damages. For example, the

Munozes did not provide written notice of claim, which is necessary to invoke the provisions and

penalties of the statute. *McMillin v. State Farm Lloyds*, 180 S.W.3d 183, 207-08 (Tex. App.–Austin

2005, no pet.). Therefore, State Farm respectfully asks the Court to vacate its award of $79,451.11

in damages pursuant to Texas Insurance Code Section 542.060.

### III. Conclusion and Prayer

19.    State Farm respectfully asks the Court to alter or amend its Final Judgment entered

on April 4, 2006, in order to prevent a clear error of law or fact, or manifest injustice. First, State

Farm asks the Court to credit State Farm for all payments made on the Munozes' contents claim and

reduce its contents award accordingly. Secondly, State Farm asks the Court to vacate its award of

damages premised on Texas Insurance Code Section 542.060, as the Munozes failed to plead or

otherwise raise such cause of action, and are not entitled to recovery of such penalties.

     20.    For all of the foregoing reasons, State Farm moves the Court to amend or alter its

Final Judgment as set forth in this motion and supporting memorandum.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By:  *Warren Taylor by LT*

Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

7

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant State Farm Lloyds' Motion to Amend or Alter the Judgment and Memorandum in Support has been forwarded to the following persons by ~~facsimile and~~ certified mail, return receipt requested on this _18th_ day of April, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, Georgia 30303-1227

Warren Taylor by LT
Warren Taylor

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LUIS C. MUNOZ AND** | § | **CAUSE NO B-04-141** |
| **CARMELA MUNOZ** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | |

### EXHIBITS TO DEFENDANT STATE FARM LLOYDS' MOTION TO ALTER OR AMEND THE JUDGMENT AND MEMORANDUM IN SUPPORT

Exhibit A      Defendant State Farm Lloyds' First Amended Answer

Exhibit B      Joint Pretrial Order

Exhibit C      Plaintiff Luis & Carmela Munoz's Second Amended Complaint