

United States District Court
Southern District of Texas
FILED

MAY 2 3 2005

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | C.A. NO. B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | JURY DEMANDED |

## DEFENDANT STATE FARM LLOYDS' FIRST AMENDED ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, Defendant State Farm Lloyds (State Farm) files its First Amended Original Answer, as follows:

1. State Farm admits the allegations in Paragraph 1, except State Farm specifically denies that Plaintiffs filed Cause No. 04-164 on May 4, 2004.

2. State Farm admits the allegations in Paragraph 2, except State Farm specifically denies that it is a general casualty company organized under the laws of the State of Illinois.

3. State Farm admits the allegations in Paragraph 3, except to clarify that the policy limits are $139,600 for the dwelling and $104,700 for the personal property.

4. State Farm denies the allegations in Paragraphs 4 through 9.

5. State Farm denies the allegations in Paragraph 10, except State Farm admits that it removed the lawsuit to this Court.

6. State Farm denies the allegations in Paragraph 11, except that State Farm has no knowledge of Plaintiff Luis C. Munoz's request that the District and County Attorney submit the charge of arson to the Grand Jury.

7. State Farm denies the allegations in Paragraphs 12 through 14.



8. State Farm specifically denies the allegations in Paragraph 15 that all conditions precedent to recovery were performed or have occurred. State Farm denies that Plaintiffs have complied with their duties under the policy to cooperate in the investigation of the loss. Specifically, State Farm asserts that Plaintiffs failed to provide documents and records requested by State Farm and willfully concealed and misrepresented material facts during the course of State Farm's investigation.

9. Paragraph 16 states Plaintiffs' incorporation by reference of the allegations in the preceding paragraphs, to which State Farm is not required to respond, except as previously admitted or denied.

10. State Farm denies the allegations in Paragraphs 17 and 18.

11. State Farm admits the allegations in Paragraph 19 set forth the relief sought by Plaintiffs. State Farm denies Plaintiffs are entitled to the relief sought.

12. Paragraph 20 states Plaintiffs' incorporation by reference of the allegations in the preceding paragraphs, to which State Farm is not required to respond, except as previously admitted or denied.

13. State Farm denies the allegations in Paragraph 21.

14. State Farm denies the allegations in Paragraph 22, as Plaintiffs misstate the law regarding violations of Texas Insurance Code Article 21.21 and Texas Business and Commerce Code Section 17.50(a).

15. State Farm admits the allegations in Paragraph 23 set forth the relief sought by Plaintiffs. State Farm denies Plaintiffs are entitled to the relief sought.

16. Paragraph 24 states Plaintiffs' incorporation by reference of the allegations in the preceding paragraphs, to which State Farm is not required to respond, except as previously admitted or denied.

17. State Farm denies the allegations in Paragraph 25.

18. State Farm denies the allegations in Paragraph 26 that Plaintiffs have "presented" their claim as required by Section 38.002 of the Texas Civil Practice and Remedies Code, except that State Farm admits Plaintiffs are represented by an attorney. State Farm admits the allegations in Paragraph 26 set forth the relief sought by Plaintiffs. State Farm denies Plaintiffs are entitled to the relief sought.

19. Paragraph 27 states Plaintiffs' incorporation by reference of the allegations in the preceding paragraphs, to which State Farm is not required to respond, except as previously admitted or denied.

20. State Farm denies the allegations in Paragraph 28.

21. State Farm admits the allegations in Paragraph 29 set forth the relief sought by Plaintiffs. State Farm denies Plaintiffs are entitled to the relief sought.

22. State Farm denies the allegations in Paragraph 30, except State Farm admits the allegations set forth the relief sought by Plaintiffs. State Farm denies Plaintiffs are entitled to the relief sought.

23. Paragraph 31 states Plaintiff Luis C. Munoz's incorporation by reference of the allegations in the preceding paragraphs, to which State Farm is not required to respond, except as previously admitted or denied.

24. State Farm denies the allegations in Paragraph 32.

25.   State Farm admits the allegations in Paragraph 33 set forth the relief sought by Plaintiff Luis C. Munoz. State Farm denies Plaintiff is entitled to the relief sought.

26.   State Farm denies the allegations in Paragraph 34, except State Farm admits the allegations set forth the relief sought by Plaintiff Luis C. Munoz. State Farm denies Plaintiff is entitled to the relief sought.

## AFFIRMATIVE DEFENSES

27.   Pleading further and in the nature of affirmative defenses, State Farm would show that coverage under the policy in question is excluded as follows:

> "2.   **Concealment or Fraud**. This policy is void as to you and any other insured, if you or any other insured under this policy has intentionally concealed or misrepresented any material fact or circumstance, made false statements or committed fraud relating to this insurance, whether before or after a loss."

28.   State Farm would show that the policy of insurance by which this claim is brought is void since the loss made the basis of this claim was intentional on the part of the insured for the purpose of committing fraud against this Defendant. Specifically, Defendant would show that one or both Plaintiffs, or others acting at their request, set and/or caused to be set the fire which occurred on or about January 1, 2003.

29.   During State Farm's investigation into Plaintiffs' claim, Plaintiffs misrepresented material facts to and willfully concealed material facts from State Farm. The conduct of Plaintiffs substantially hindered, and in some cases delayed the investigation, and violated Plaintiffs' duty of good faith and fair dealing with State Farm.

4

30. State Farm would further show that the policy of insurance by which claim is brought is void as a result of the Plaintiffs' willful misrepresentation and/or concealment of material facts concerning the occurrence in question.

31. State Farm would further show that the policy of insurance by which claim is brought is void as a result of false swearing by the Plaintiffs concerning the occurrence in question.

32. State Farm would further show that recovery by Plaintiffs under the policy in question would be barred by the public policy of the State of Texas since the loss in question was incendiary in nature and caused by the intentional acts of Plaintiffs.

33. State Farm asserts that Plaintiff's claims are barred, in whole or in part, pursuant to the conditions and obligations under the insurance policy issued to Plaintiff. State Farm would show that Plaintiff failed to comply with the following provision:

"Section I - CONDITIONS

2. **Your Duties After Loss**. After a loss to which this insurance may apply, you shall see that the following duties are performed:

   * * *
   d.   as often as we reasonably require:
        * * *
        (2)   provide us with records and documents we request and permit us to make copies..."

34. State Farm further pleads contributory negligence by Plaintiffs, breach of the policy by Plaintiffs, and comparative bad faith by Plaintiffs.

35. State Farm asserts that it is was required to provide information regarding its investigation of Plaintiffs' claim to law enforcement authorities and the State Fire Marshal, pursuant to Article 1.10D and Article 5.46 of the Texas Insurance Code. These statutes provide immunity for

State Farm for providing information in accordance with the statutory requirements. TEX. INS. CODE. Art. 1.10D, §6; TEX. INS. CODE. Art. 5.46(C). Furthermore, State Farm is entitled to attorney's fees and costs if it prevails on a civil cause of action for tort based on these activities. TEX. INS. CODE. Art. 1.10D, §6(d).

36. State Farm asserts that Plaintiffs' claim of slander per se is barred by the one-year statute of limitations set forth by Section 16.002(a) of the Texas Civil Practice and Remedies Code.

37. In the unlikely event of recovery by Plaintiffs, State Farm is entitled to a credit (or offset) for amounts previously paid or payable to Plaintiffs.

38. Plaintiffs' actual damages, if any, must be limited by the amount set forth in the policy limitations provisions of their policy.

39. Any award of exemplary damages must be limited in accordance with the provisions of Texas Civil Practices & Remedies Code §41.008.

40. State Farm asserts that the assessment of punitive damages is unconstitutional under both state and Federal law as applied to this State Farm, that any award of punitive damages should be limited per applicable law or constitutional provisions, and that Texas state law provides constitutionally inadequate procedural safeguards and jury instructions concerning the award of punitive damages, so as to render any punitive damage award unconstitutional under state and Federal law.

41. State Farm asserts that any award of punitive damages based in whole or in part on the wealth of the State Farm violates the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution, and applicable state clauses, by creating a class of defendants treated differently based on wealth.

42. State Farm further invokes its right under the due process clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment to the United States Constitution. State Farm affirmatively pleads that an assessment of punitive damages would be violative of the due process clauses of the Fifth and Fourteenth Amendments inasmuch as punitive damages can be assessed:

    i. In an amount left to the discretion of the Jury and Judge;

    ii. By a "clear and convincing" standard and not by a "beyond a reasonable doubt" standard;

    iii. Without being based upon a clearly defined statutory enactment setting forth a specific *mens rea* requirement and/or the prerequisites of a criminal fine and in effect, allows the assessment of such awards even though there are no specific standards, limits or other statutory requirements set forth which define the *mens rea* and scope and limit of such awards; and

    iv. In a manner that subjects the Defendant to all of the hazards and risks of what amount to a fine, and in fact, such awards often exceed normal criminal fines, but provides none of the basic rights afforded to a criminal defendant when being subject to such possible penalties.

43. Further, State Farm affirmatively pleads that the assessment and award of punitive damages is violative of the Eight Amendment of the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process.

44. State Farm would show that Plaintiffs did not sustain any injuries or damages as a result of any act or omission of State Farm.

45. State Farm would further show that Plaintiffs' extra-contractual damages claims are without reasonable basis in law or in fact, and are being brought in bad faith and for purposes of harassment. State Farm accordingly requests reimbursement of its attorneys' fees and expenses as

7

authorized by Texas Insurance Code, Article 21.21 §16(c) and Texas Business and Commerce Code §17.50(c), any other applicable statutory provisions, and Rule 13 of the Texas Rules of Civil Procedure.

### DEFENDANT'S DEMAND FOR JURY TRIAL

46.     Defendant State Farm Lloyds asserts its rights under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that judgment be entered that Plaintiffs take nothing, for costs of Court, and for such other and further relief, to which Defendant may show itself justly entitled.

Respectfully submitted,

**TAYLOR & TAYLOR**

By: /s/ Warren Taylor
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker Street, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar. No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira, & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of Defendant State Farm Lloyds' First Amended Original Answer has been forwarded to all counsel of record by certified mail, return receipt requested, on this 20th day of May, 2005.

Gustavo Ch. Garza
705 West Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
2800 Marquis One Tower
245 Peachtree Center Ave., N.E.
Atlanta, GA 30303-1227

/s/ Warren Taylor
Warren Taylor

10