United States District Court
Southern District of Texas
FILED

APR 1 8 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | CAUSE NO B-04-141 |
| VS. | § § § | |
| STATE FARM LLOYDS | § | |

### DEFENDANT STATE FARM LLOYDS'
### RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND
### MEMORANDUM IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, Defendant State Farm Lloyds ("State Farm") files its Renewed Motion for Judgment as a Matter of Law and Memorandum in Support, as follows:

### I. Introduction

1.  This suit is an insurance dispute arising out of an intentionally set fire at Plaintiffs Luis and Carmela Munoz's ("the Munozes") residence.

2.  This case was called for trial on the merits on February 6, 2006. During the trial on the merits, State Farm moved for judgment as a matter of law at the close of the Munozes' evidence, and again at the close of all evidence. The Court denied both motions and submitted this case to the jury.

3.  On February 22, 2006, the jury returned a verdict for the Munozes. The Court rendered judgment on the verdict, and the clerk entered judgment on April 4, 2006.

4.  Pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, this motion was filed no later than ten days after entry of judgment. FED. R. CIV. P. 50(b); FED. R. CIV. P. 6(a) (providing

"When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation").

5. State Farm seeks judgment as a matter of law in favor of State Farm because the evidence presented is legally insufficient to support the verdict for the Munozes rendered by the jury in answer to Question 1. Rather, the evidence establishes that the Munozes failed to comply with the conditions of their insurance policy.

6. In the alternative, State Farm respectfully asks the Court to order a new trial. State Farm will file a separate Motion for New Trial to fully address that request.

## II. Argument & Authorities

7. In considering a motion for judgment as a matter of law, a court is to review all of the evidence in the record. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000). The court is to draw all reasonable inferences in favor of the nonmoving party, and may not make credibility determinations or weigh the evidence. *Id.* In addition to the evidence favoring the nonmovant, the court should give credence to the evidence supporting the moving party that is uncontradicted and unimpeached, to the extent that evidence comes from disinterested witnesses. *Id.* at 151.

8. The Court may grant a renewed motion for judgment as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmovant on a challenged issue. FED. R. CIV. P. 50(a)(1); *Rutherford v. Harris County*, 197 F.2d 173, 179 (5th Cir. 1999). The motion may be granted if the nonmovant did not present substantial evidence of such quality and weight that reasonable and fair-minded people in the exercise of impartial judgment might reach different conclusions. *Id.*

2

9. In the present case, even construing all reasonable inferences in favor of the Munozes, the evidence is legally insufficient to establish that the Munozes complied with their duty under the policy to provide documents requested by State Farm. At trial, the Munozes did not dispute that they received the requests for documentation from State Farm or that State Farm began making these requests within the first two months after the fire. They did not dispute the dates State Farm asserted the Munozes provided some of the requested documents to State Farm, or claim they had provided documentation other than what was contained in State Farm's claim file. In short, the Munozes presented no evidence to support the finding that they provided all of the documentation requested by State Farm in a timely manner.

10. Instead, the evidence overwhelmingly established that the Munozes failed to comply with the condition to provide the documents requested by State Farm. For instance, Mr. Munoz confirmed that he had the bank records for his business bank accounts in his possession by August 2004, at the latest. However, the evidence established that the Munozes never provided any bank records or documentation establishing their income to State Farm until August 2005, a year after the Mr. Munoz had them in his possession. Further, the evidence established that even as of the time of trial, the Munozes had never provided bank records or documentation establishing their income during the relevant time period to State Farm.

11. Exhibits 46 and 47 admitted into evidence at trial contained all documents the Munozes provided to State Farm pre-suit (Exhibit 46) and post-suit during discovery (Exhibit 47). As this Court became aware when it asked plaintiffs' counsel to locate in these exhibits specific monthly bank statements for the two bank accounts Munoz Roofing had, plaintiffs never provided those documents to State Farm. While counsel for the Munozes will likely argue that the fact his

3

clients never provided the December monthly bank statement for the payroll account or the November and December monthly bank statements for the general business account, does not equate to a material breach of the policy contract, he will be minimizing the Munozes' failure to comply with the policy duties. The policy requires that an insured must provide "as often as we (the insurer) reasonably require ... (2) provide us with records and documents we request and permit us to make copies." Exhibit A.

12.     In this case, the parties agree that the fire was intentionally set. Thus, the motive for setting the fire was important. In order to determine whether someone (usually the insured or lienholder) has a financial motive, an insurer needs to review the financial documents to see what the financial condition is of the person at and before the time of the fire. State Farm requested those documents in this case for the Munozes individually and Mr. Munoz's business, Munoz Roofing. Mr. Munoz could have provided financial statements and/or tax returns, but he did not keep financial statements and had not filed his taxes for years. Thus, other documents – for example, bank records - that normally are not as important took on greater significance. State Farm requested those documents to try to construct the financial condition of the plaintiffs at and before the time or the fire. Without the plaintiffs providing all records, State Farm was unable to do so. State Farm then hired a forensic accountant, Shannon Rusnak, to see if she could construct the financial condition of the plaintiffs with the limited records. Rusnak testified about all of the different documents – and not just bank statements – that she would have liked to have reviewed to construct the financial condition of the plaintiffs. Neither she nor State Farm were provided those records, even though it appears the Munozes and their counsel obtained them. The Munozes also refused to produce these records despite the discovery requests that State Farm sent in litigation seeking records of this type.

13. The only logical explanation for why the Munozes refused to comply with the policy requirements and provide at least the requested records they had in their own hands was that they knew the records reflected the dire financial straights they were in. Had the records supported Mr. Munoz's sworn testimony that they were not in dire financial shape, one would expect that the Munozes would have been eager to provide such records. Clearly, the Munozes made the tactical decision to withhold requested documents as required by the policy with the hope that they could obtain a favorable jury verdict. The fact it worked does not justify or otherwise excuse their conscious decision to violate the policy conditions.

14. Because the evidence is legally insufficient to support the jury's finding that the Munozes complied with the conditions of their insurance policy, State Farm respectfully requests the Court enter judgment as a matter of law in favor of State Farm.

### III. Conclusion and Prayer

15. Under the Federal Rules of Civil Procedure, the Court has the authority to enter judgment as a matter of law if there is no legally sufficient evidentiary basis for a reasonable jury to find for the nonmovant on a challenged issue. In this case, the evidence established that the Munozes did not comply with their duty under the policy to provide requested documentation to State Farm. The evidence was legally insufficient to support the verdict rendered by the jury.

16. For these reasons, Defendant State Farm Lloyds respectfully asks the Court to render judgment as a matter of law in favor of State Farm that Plaintiffs Luis and Carmela Munoz failed to fulfill all of the conditions precedent enumerated in their insurance contract, or to order a new trial.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR & TAYLOR**

By: /s/ Warren Taylor by LT
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant State Farm Lloyds' Renewed Motion for Judgment as a Matter of Law and Memorandum in Support has been forwarded to the following persons by ~~facsimile and~~ certified mail, return receipt requested, on this 18th day of April, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, Georgia 30303-1227

_____
Warren Taylor

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | CAUSE NO B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | |

### EXHIBITS TO DEFENDANT STATE FARM LLOYDS'
### MOTION FOR JUDGMENT AS A MATTER OF LAW
### AND MEMORANDUM IN SUPPORT

Exhibit A    Excerpts from State Farm Lloyds Policy # 63-J4-5565-2, with effective dates of December 29, 2002 to December 29, 2003, issued to Luis and Carmela Munoz

8