United States District Court
Southern District of Texas
FILED

APR 1 8 2006

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | CAUSE NO B-04-141 |
| VS. | § § § | |
| STATE FARM LLOYDS | § | |

### DEFENDANT STATE FARM LLOYDS'
### MOTION FOR NEW TRIAL AND MEMORANDUM IN SUPPORT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rule 59 of the Federal Rules of Civil Procedure, Defendant State Farm Lloyds ("State Farm") files its Motion for New Trial and Memorandum in Support, and asks the Court to grant a new trial, as follows:

### I. Introduction

1. This suit is an insurance dispute arising out of an intentionally set fire at Plaintiffs Luis and Carmela Munoz's ("the Munozes") residence.

2. This case was called for trial on the merits on February 6, 2006. On February 22, 2006, the jury returned a verdict for the Munozes.

3. The Court rendered judgment on the verdict, and the clerk entered judgment on April 4, 2006.

4. Pursuant to Rule 59(b) of the Federal Rules of Civil Procedure, this motion was filed no later than ten days after entry of judgment. FED. R. CIV. P. 59(b); FED. R. CIV. P. 6(a) (providing "When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation").

5. State Farm respectfully requests the Court grant a new trial because the admission of

evidence regarding the grand jury "no bill" of Mr. Munoz was an erroneous ruling which substantially prejudiced State Farm, and was so prejudicial it was not curable by instruction or otherwise.

6. In addition, the evidence presented at trial showed that the Munozes failed to comply with the terms of the policy by providing all documents requested. Therefore, State Farm requests the Court grant a new trial because the jury's verdict was against the great weight of the evidence.

## II. Argument and Authorities

7. District courts have broad discretion to grant any party a new trial after a trial by jury. Rule 59(a)(1) of the Federal Rules of Civil Procedure allows the grant of a new trial for "any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." FED. R. CIV. P. 59(a)(1). The district court may grant a new trial when the court made an erroneous evidentiary ruling, thereby prejudicing a party. *See U.S. v. Schnitzer*, 145 F.3d 721, 730-31 (5th Cir. 1998); *Ruvalcaba v. City of L.A.*, 64 F.3d 1323, 1328 (9th Cir. 1995). Similarly, the court may grant a new trial when a jury renders a verdict against the great weight of the evidence. *Peterson v. Wilson*, 141 F.3d 573, 577 (5th Cir. 1998); *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985).

8. For over seventy years, Texas courts have held that evidence of non-prosecution is inadmissible in a civil suit arising out of the same incident or event. *See, e.g., American Ins. Co. of Newark, N.J., v. Gregory*, 77 S.W.2d 716 (Tex. Civ. App.1934); *Reliance Insurance Co. v. Smith*, 44 S.W.2d 446 (Tex. Civ. App.--Texarkana 1931). The Federal Rules of Evidence allow the admission of "relevant evidence," defined as evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable

than it would be without the evidence." FED. R. EVID. 401, 402. However, even relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. FED. R. EVID. 403.

9.  At trial in the present case, State Farm moved the Court in limine to bar any testimony regarding or reference to the grand jury "no bill" or lack of indictment of Luis Munoz by the Munozes and counsel and witnesses for the Munozes. Though the Court initially granted State Farm's motion in limine, the Court later ruled that evidence of the "no bill" was admissible and allowed the Munozes to introduce evidence on the matter. Although the Court later changed its ruling and offered a limiting instruction, the admission of such evidence was incurable and providing an instruction would simply have highlighted the prejudicial evidence.

10.  First, evidence regarding the "no bill" should not have been admitted at trial, as Texas courts have held evidence of non-prosecution in a criminal matter is inadmissible in a civil suit arising out of the same incident. *See Gregory*, 77 S.W.2d 716; *Smith*, 44 S.W.2d 446. Secondly, the evidence was not relevant under the definition of Rule 401 of the Federal Rules of Evidence. The lack of indictment or "no bill" of Mr. Munoz did not equate to a finding of innocence, and did not make any fact of consequence in the civil litigation more or less probable. Finally, even if the evidence was relevant, allowing the Munozes to present evidence of the grand jury "no bill" of Mr. Munoz unfairly prejudiced State Farm by improperly injecting the criminal arson proceedings, and **more stringent criminal standard**, into the civil case. Moreover, the evidence confused the issues and misled the jury by implying the criminal authorities had investigated the matter and affirmatively determined Mr. Munoz's innocence. Lastly, the introduction of the grand jury no bill (which was issued without the grand jury being given the opportunity to hear testimony from or review records

of the State Assistant Fire Marshal or the primary investigating officer) injected a criminal standard of "beyond a reasonable doubt" into a civil proceeding, which requires a significantly different proof standard of "by a preponderance of the evidence."

11.     Erroneously admitted evidence that is so prejudicial that the jury will unlikely be able to erase it from their minds cannot be cured by a limiting instruction. *See U.S. v. Perez-Robles*, 718 F.2d 700, 701 (5th Cir. 1983) (citing *U.S. v. Klein*, 546 F.2d 1259, 1263 (5th Cir. 1977). When there is a significant possibility that the prejudicial evidence had a substantial impact on the jury's verdict, the erroneously admitted evidence can provide a basis for reversal. *See U.S. v. Ramirez-Velazquez*, 322 F.3d 868, 878 (5th Cir. 2003). The erroneous admission of evidence regarding the "no bill" was so prejudicial as to be incurable error. It is extremely unlikely that the jury disregarded such evidence, and the admission of the evidence likely had a substantial impact on the jury's ultimate verdict.

12.     Because admission into this civil lawsuit of evidence regarding the grand jury "no bill" of Mr. Munoz was erroneous, unfairly prejudicial to State Farm, and incurable by instruction, State Farm asks the Court to grant a new trial.

13.     Additionally, the jury's verdict was against the great weight of the evidence. In answer to Question 1, the jury found the Munozes fulfilled all of the conditions precedent enumerated in the insurance contract. However, the evidence clearly established that the Munozes failed to comply with their duty under the policy to provide financial documents requested by State Farm. At trial, the Munozes presented no evidence to support the finding that they provided all of the documentation requested by State Farm in a timely manner. Instead, the evidence overwhelmingly established that the Munozes never provided any bank records or documentation

4

establishing their income to State Farm until August 2005, a year after the Mr. Munoz had them in his possession, and that even as of the time of trial, the Munozes had never provided bank records or documentation establishing their income during the relevant time period. Therefore, State Farm asks the Court to grant a new trial because the jury's verdict was against the great weight of the evidence.

### III. Conclusion and Prayer

14.  The Court has the authority to grant a new trial when evidence was erroneously admitted at trial before the jury. In this case, evidence of the grand jury "no bill" of Plaintiff Luis Munoz was erroneously admitted, resulting in unfair and undue prejudice to Defendant State Farm Lloyds.

15.  The Court also has the authority to grant a new trial when the jury's verdict is against the great weight of the evidence. The evidence in this case clearly established that, contrary to the jury's answer to Question 1, the Munozes failed to comply with their duties under the policy to provide relevant documents requested by State Farm.

16.  For these reasons, State Farm respectfully requests the Court grant a new trial on the merits.

Respectfully submitted,

| | |
|---|---|
| **OF COUNSEL:** | By: *Warren Taylor by LT* |
| | Warren Taylor |
| **TAYLOR & TAYLOR** | State Bar No. 19727200 |
| | Federal I.D. No. 1354 |
| | Beth M. Taylor |
| | State Bar No. 13336787 |
| | Federal I.D. No. 14601 |
| | 815 Walker, Suite 250 |
| | Houston, Texas 77002 |
| | (713) 615-6060 Telephone |
| | (713) 615-6070 Facsimile |
| | |
| | Rene O. Oliveira |
| | State Bar No. 15254700 |
| | Federal I.D. No. 4033 |
| | Roerig, Oliveira & Fisher, L.L.P. |
| | 855 West Price Road, Suite 9 |
| | Brownsville, Texas 78520-8718 |
| | (956) 542-5666 Telephone |
| | (956) 542-0016 Facsimile |
| | |
| | ATTORNEYS FOR DEFENDANT |
| | STATE FARM LLOYDS |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the preceding Defendant State Farm Lloyds' Motion for New Trial and Memorandum in Support has been forwarded to the following persons by ~~facsimile and~~ certified mail, return receipt requested, on this 18th day of April, 2006.

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Ave. NE, Suite 2800
Atlanta, Georgia 30303-1227

_____
Warren Taylor