IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

MAY 0 2 2006

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS | § § | |
| Defendant. | § § | |

**OPINION & ORDER**

BE IT REMEMBERED that on May 2, 2006, the Court considered Defendant State Farm Lloyds' Motion to Alter or Amend the Judgment and Memorandum in Support. Dkt. No. 112.

I.      **Background**

The Court called this case for trial by jury on February 6, 2006. The jury returned a verdict on February 22, 2006 in favor of Plaintiffs Luis C. Munoz and Carmela Villareal. Dkt. No. 96. The Court entered judgment on the verdict on April 4, 2006. Dkt. No. 111. However, rather than entering judgment granting Plaintiffs the exact amounts found by the jury, the Court made several statutorily-mandated alterations to the amounts of the awards. *Id*. Specifically, the Court applied an offset of $2,500.00 against the damages award for contents of the Plaintiffs' home[1] and awarded Plaintiffs (1) additional damages pursuant to § 542.060 of the Texas Insurance Code, (2) pre-judgment interest, (3) post-judgment interest, and (4) costs and reasonable attorneys'

---

[1]This offset was awarded for payments State Farm Lloyds made to Plaintiffs for the costs of repairs and/or restorations to the contents of the Plaintiffs' home during the pendency of State Farm Lloyds' investigation of Plaintiffs' claim.

1

fees. *Id.* In the motion *sub judice*, Defendant contests the amount of the offset applied against the award of damages for the contents of Plaintiffs' home and the award of additional damages under the Texas Insurance Code. Dkt. No. 112.

## II.   Amount of the Offset Against the Damages Award for Contents

As Defendant's first basis for altering the judgment in this case, State Farm Lloyds ("State Farm") argues that the amount of the offset applied against the jury award of damages for contents to the Plaintiffs' home was too low. *Id.* at 2–3. State Farm contends that four additional payments, totaling $4,238.49, should also have been offset against the contents award. *Id.* at 3. State Farm avers that these payments "were made for [] cleaning, restoration, and storage of the Munozes' contents." *Id.* According to State Farm, "[t]hese services were paid out of the contents coverage available to the Munozes under their policy, and the payments should therefore be credited to State Farm." *Id.*

As a preliminary matter, Defendant's contention that these additional payments "were made for [] cleaning, restoration, and storage" is incorrect. The four payments referred to by Defendant were all made solely for the storage of the contents of Plaintiffs' home. *See* Defendant's Trial Exs. 29, 31–33.

The purpose of these payments is critical to the determination of whether they should be offset against the damages award for contents. The $2,500.00 offset previously applied by the Court was for payments made for restoration, repair, or replacement of the contents of Plaintiffs' home. The Court refused Defendant's request to offset the damages award for the additional payments proffered by State Farm because they are payments for storage. Payments for storage of the contents of the home are not payments that properly fall under the category of payments "for the contents" of the home. *See* Dkt. No. 48, Ex. A, at 3–4. Rather, storage of the contents is more appropriately classified as a "loss of use" of the home. *See id.* at 4–5. Under the Munozes' policy, State Farm "will cover the necessary increase in cost you incur to maintain your standard of living." *Id.* at 4. Storage of personal items is a necessary increase in cost that resulted from the destruction of the Plaintiffs' home. These costs were not incurred in an effort to repair, replace, or restore Plaintiffs' chattels, they were

2

incurred because Plaintiffs could not keep these items in their home. *Cf. id.* at 3–5. Therefore, they result from the loss of use of Plaintiffs' home and do not apply toward the Plaintiffs' policy limit for coverage of the contents of the home.

## III.   Award of Additional Damages Pursuant to Texas Insurance Code § 542.060

Defendant's second basis for altering the judgment is that the Plaintiffs failed to affirmatively request damages under either Article 21.55 or § 542.060 of the Texas Insurance Code. Dkt. No. 112, at 4–6. State Farm avers that it did not have notice of this claim for relief, that Plaintiffs are not entitled to damages that they did not request "in their live complaint, . . . their pretrial motions, or . . . at trial," and that granting this relief "is highly prejudicial to State Farm." *Id.* Defendant therefore argues that granting this relief was inappropriate and requests that the Court vacate this award. *Id.* at 6.

The Court finds Defendant's arguments fail for a number of reasons. First, and perhaps most importantly, Federal Rule of Civil Procedure 54(c) states: "[E]very final judgment shall grant the relief to which the party in whose favor it is render is entitled, *even if the party has not demanded such relief in the party's pleadings*." FED. R. CIV. P. 54(c) (2005) (emphasis added); *see also* Engel v. Teleprompter Corp., 732 F.2d 1238, 1241–42 (5th Cir. 1984); Sapp v. Renfroe, 511 F.2d 172, 176 n.3 (5th Cir. 1975). In this case, the jury found, in its answers to the special issues presented to it, that Defendant failed to comply with §§ 542.056 and 542.058 of the Texas Insurance Code.[2] Thus, Defendant was "not in compliance with [] Subchapter [B]" and is subject to the provisions of § 542.060. TEX. INS. CODE § 542.060 (Vernon's 2005). Plaintiffs were entitled to the relief provided by § 542.060 and, pursuant to Rule 54(c), the relief should be granted. *See id.*; FED. R. CIV. P. 54(c) (2005).

Second, Defendant's reliance on the case of *State Farm Lloyds v. Fitzgerald* is

---

[2]By finding that State Farm was liable for the Munozes' claim, that it received all of the information reasonably requested by State Farm, and that it "fail[ed] to affirm or deny coverage of Luis Munoz and Carmela Villarreal's claim within a reasonable time," the jury made all but one of the necessary findings to establish violations of Texas Insurance Code §§ 542.056 and 542.058. For the sole remaining finding, the date upon which Plaintiffs produced all reasonably requested documents, the Court applied the last possible date on which the jury could have found that this occurred.

misplaced.  Dkt. No. 112, at 4; State Farm Lloyds v. Fitzgerald, No. 03-99-00177-CV, 2000 WL 1125217 (Tex. App. Aug. 10, 2000).  That case analyzed Texas Insurance Code article 21.55 under the provisions of the Texas Rules of Evidence.  *See Fitzgerald*, 2000 WL 1125217, at *10.  The analysis here is in regard to the re-codification of article 21.55, namely chapter 542 of the insurance code, and it is under the provisions of the Federal Rules of Civil Procedure.  Thus, that court's holding, which results from an application of the Texas Rules, is inapposite to this case.  Furthermore, even if it were applicable, the case has no precedential value.[3]  *Id.*; TEX. R. APP. P. 47.7 (Vernon's 2005).  Defendant's sole citation to *Fitzgerald* provides no basis for the Court to alter the judgment in this case.

Third, Defendant *had* reasonable notice.  State Farm places heavy emphasis on the fact that "[t]he Munozes failed to plead Section 542.060 (or former Article 21.55) in their Second Amended Complaint, their live pleading at the time of trial."  Dkt. No. 112, at 5.  Defendant concludes that "[t]he Munozes' complaint fails to provide **any** notice of the Article 21.55 claim, let alone fair notice."  *Id.* (emphasis in original).  It is clear, however, that Defendant was aware of, and is attempting to phrase its argument to gloss over the fact that, Plaintiffs specifically mentioned Article 21.55 in their Original Petition and included a request of relief for a "statutory penalty" in their Second[4] Amended Original Petition.  Dkt. No. 7, Ex. A, at 2; Dkt. No. 20, at 6.  Thus, Defendant was clearly put on notice that § 542.060 could be applied in this case.

As to Defendant's argument that granting this relief is "highly prejudicial to State Farm," the Court finds no basis for this claim.  Dkt. No. 112, at 6.  Defendant first argues that the claim was not submitted to the jury.  *Id.*  This is not an accurate depiction of what happened.  The jury was presented with a series of special issues.  Included in the questions posed to the jury were two of particular relevance here: "Did

---

[3]The case has no precedential value because it is an unpublished opinion.  TEX. R. APP. P. 47.7 (Vernon's 2005).  Furthermore, the case has little persuasive authority considering that it is a single, non-published opinion of a state appellate court.

[4]This pleading appears to have been mis-named.  It should have been styled Plaintiff's *First* Amended Original Petition.

4

Luis Munoz and Carmela Villarreal fulfill all of the conditions precedent enumerated in the contract?"; and "Did State Farm Lloyds fail to affirm or deny coverage of Luis Munoz and Carmela Villarreal's claim within a reasonable time?"  The jury responded with affirmative answers to both questions.  These two questions, coupled with State Farm's admission that it has never paid the Plaintiffs' claim, establish violations of §§ 542.056 and 542.058 of the Texas Insurance Code.  To be liable under § 542.060, the Defendant must only fail to be "in compliance with this subchapter."  Both §§ 542.056 and 542.058 are within the relevant subchapter.  Thus, the jury did make the appropriate findings for application of § 542.060.

Finally, Defendant argues that it "would have opposed (and briefed) defenses [sic] to the award of such damages."  Dkt. No. 112, at 6.  As an example, Defendant states that "the Munozes did not provide written notice of claim, which is necessary to invoke the provisions and penalties of the statute."  Id.  The Court finds that the Defendant was provided with the opportunity to present any defense which it believed it was entitled to present in this case.

Only two findings are necessary to hold State Farm liable under § 542.060: State Farm "is liable for a claim under an insurance policy" and it did not "notify the claimant in writing of the acceptance or rejection of the claim" within 30 days of "receiv[ing] all items, statements, and forms required by [State Farm]."  See TEX. INS. CODE §§ 542.056, 542.060 (Vernon's 2005).  In this case, the jury found that State Farm was liable for the Munozes' claim, that it received all of the information reasonably requested by State Farm,[5] and that it "fail[ed] to affirm or deny coverage of Luis Munoz and Carmela Villarreal's claim within a reasonable time."[6]  State Farm had the opportunity to defend against each of these findings.

Furthermore, State Farm's specific example of a defense it could have proffered

---

[5]This finding is contained within the jury's affirmative answer to the question: "Did Luis Munoz and Carmela Villarreal fulfill all of the conditions precedent enumerated in the contract?"

[6]If State Farm did not affirm or deny coverage, it could not have notified the Plaintiffs of its decision.

is unavailing. Defendant avers it never received written notice from the Plaintiffs of their claim.[7]  Dkt. No. 112, at 6.  Written notice, however, is not required by § 542.056.[8]  The plain language of the statute requires only a claim and a claimant.  *See* TEX. INS. CODE §§ 542.051, 542.056, 542.060 (Vernon's 2005).  The statute does not require "notice of claim."  *See id.* §§ 542.051, 542.056.  Thus, Defendant was not entitled to written notice of the claim.

In conclusion, Defendant was provided with more than adequate notice that it was possibly subject to § 542.060, it was given substantial opportunities to contest and defend against every finding necessary for an imposition of liability under § 542.060, and it was not prejudiced by imposition of this relief.  Moreover, the Texas legislature created a statutory mandate that subchapter B of chapter 542 of the Texas Insurance Code "be liberally construed to promote the prompt payment of insurance claims."  TEX. INS. CODE § 542.054 (Vernon's 2005).  This mandate demonstrates an intent to hold insurers liable for violations of subchapter B if the elements of a violation have been established.  Finally, Federal Rule of Civil Procedure 54(c) requires the Court to enter judgment for any relief that the Plaintiffs are entitled to receive.  FED. R. CIV. P. 54(c) (2005); *see also Engel*, 732 F.2d at 1241–42; *Sapp*, 511 F.2d at 176 n.3.

The only issue not presented to the jury was the determination of the date on which State Farm "received all items, statements, and forms required."  TEX. INS. CODE

---

[7]This argument is somewhat specious.  Given the amount of written communications and signed documents that passed between the parties in this case, it is difficult to believe that Defendant can make a good faith argument that it did not receive a document, or series of documents, which constitute "written notice" of the claim at some point.  "Notice of claim" in the relevant subchapter of the code requires only notice that "reasonably apprises the insurer of the facts relating to the claim."  TEX. INS. CODE § 542.051 (Vernon's 2005).  Furthermore, Plaintiffs submitted inventories of the property that was lost or damaged and gave examinations under oath, which they signed a transcript of and gave to Defendant.  Either of these writings would fulfill the requirement for a "notice of claim."

[8]Written notice of the claim would be required under § 542.058.  *See* TEX. INS. CODE §§ 542.051, 542.055, 542.058 (Vernon's 2005).  That section is not necessary to the damages award in this case however.  Moreover, Plaintiffs did provide written notice of their claim at some point.  *See supra* n. 6.

6

§ 542.060 (Vernon's 2005). Recognizing this defect, the Court utilized the latest possible date on which the jury could have based its finding that the Plaintiffs fulfilled all of their conditions precedent under the contract as the date upon which to base the calculations of the damages award. *See* Dkt. No. 111, at 2 & n.1; *see also* Dkt. No. 60, Ex. A., at 57–58. Therefore, the Court calculated the statutory damages beginning on April 29, 2004. Dkt. No. 111, at 2 & n.1. Thus, Defendant's Motion to Alter or Amend fails.

## IV.    Conclusion

Based on the foregoing, the Court **DENIES** Defendant State Farm Lloyds' Motion to Alter or Amend the Judgment and Memorandum in Support. Dkt. No. 112.

DONE at Brownsville, Texas, this 2nd day of May, 2006.

Hilda G. Tagle
United States District Judge