IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION



| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ,<br><br>　　　　Plaintiffs<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>　　　　Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-141 |

**DEFENDANT'S UNOPPOSED MOTION FOR**
**COURT TO ACCEPT SUPERSEDEAS BOND**

**TO THE HONORABLE JUDGE OF THE COURT:**

On April 4, 2006, the Court entered Final Judgment against the defendant, State Farm Lloyds ("State Farm"). On May 4, 2006, State Farm timely perfected its appeal. State Farm now moves the Court to accept its supersedeas bond.

State Farm's motion is timely filed. Federal Rule of Civil Procedure 62(d) provides that a supersedeas bond "may be given at or after the time of filing the notice of appeal or of procuring the order allowing the appeal, as the case may be." FED. R. CIV. P. 62(d).

The purpose of a supersedeas bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.,* 600 F.2d 1189, 1190-01 (5th Cir. 1979). "A judgment debtor who wishes to appeal may use the bond to avoid the risk of satisfying the judgment only to find that restitution is impossible after reversal on appeal." *Id.* at 1191.

The supersedeas bond "serves, in money judgment cases, as a 'kind-for-kind

security to guarantee the judgment.'" *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (quoting *United States v. United States Fishing Vessel MAYLIN*, 130 F.R.D. 684, 686 (S.D. Fla. 1990)). Correspondingly, the amount of the bond must include the amount of the judgment, costs on appeal, and interest. *See Poplar Grove*, 600 F.2d at 1191.

State Farm's supersedeas bond includes these items. Specifically, State Farm's bond is in the amount of $543,177.22, which supersedes the following:

(1) the Final Judgment's award of $148,000 in damages for repairs to the home at 829 West White Avenue, Raymondville, Texas;

(2) the Final Judgment's award of $80,200 in damages for the contents of the home at 829 West White Avenue, Raymondville, Texas;

(3) the Final Judgment's award of $10,000 in damages for mental anguish sustained in the past by Luis C. Munoz;

(4) the Final Judgment's award of $10,000 in damages for mental anguish sustained in the past by Carmela Villereal;

(5) the Final Judgment's award of $79,451.11 in additional damages under section 542.060 of the Texas Insurance Code; and

(6) pre-judgment interest in the amount of $26,976.96.

The bond also supersedes:

(7) the Final Judgment's award of post-judgment interest on the amount of $354,628.07 at a rate of 7.50 percent per annum to be compounded annually, that is, $26,597.10 for the first year and $28,591.88 for the second year, two years being the estimated duration of the appeal;

(8) the Final Judgment's award of $130,860.17 in costs and reasonable attorney's fees; and

(9) $2,500 in estimated court costs.

Considering the above, State Farm's supersedeas bond provides sufficient security to guarantee the judgment.

Rule 62 "entitles a party appealing a money judgment to an automatic stay upon posting a supersedeas bond." *Hebert,* 953 F.2d at 938. In pertinent part, Rule 62 states:

> When an appeal is taken the appellant by giving a supersedeas bond may obtain a stay subject to the exceptions contained in subdivision (a) of this rule [which do not apply here]. . . . The stay is effective when the supersedeas bond is approved by the court.

FED. R. CIV. P. 62(d). Thus, when this Court approves State Farm's supersedeas bond, the judgment is stayed for the appeal.

State Farm respectfully asks the Court to grant this motion, approve its supersedeas bond, and thereby grant State Farm a stay.

Respectfully submitted,

MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.

By: _____
Levon G. Hovnatanian
State Bar No. 10059825
Christopher W. Martin
State Bar No. 13057620
Bruce E. Ramage
State Bar No. 16492500
808 Travis Street, Suite 1800
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

Taylor & Taylor
Warren Taylor
State Bar No. 19727200
Beth M. Taylor
State Bar No. 13336787
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 – Telephone
(713) 615-6070 – Facsimile

        Roerig, Oliveira & Fisher, L.L.P.
        Rene O. Oliveira
        State Bar No. 15254700
        855 West Price Road, Suite 9
        Brownsville, Texas 78520-8718
        (956) 542-5666 – Telephone
        (956) 542-0016 – Facsimile

        ATTORNEYS FOR
        DEFENDANT/APPELLANT
        STATE FARM LLOYDS

## CERTIFICATE OF CONFERENCE

On May 22, 2006, the undersigned, who is an attorney at Martin, Disiere, Jefferson & Wisdom, L.L.P. and counsel for Defendant State Farm Lloyds, discussed the foregoing motion with Mr. Gustavo Ch. Garza, counsel for plaintiffs Luis C. Munoz and Carmela Munoz, and Mr. Garza advised that he does not oppose it.

                                                Levon G. Hovnatanian

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion has been served on the following individuals by Federal Express, Overnight Delivery, on this the 20th day of June, 2006, as follows:

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566
*(attorneys for plaintiffs/appellees Luis C. Munoz and Carmela Munoz)*

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Avenue NE, Suite 2800
Atlanta, Georgia 30303-1227
*(attorneys for plaintiffs/appellees Luis C. Munoz and Carmela Munoz)*

Levon G. Hovnatanian