**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LUIS C. MUNOZ and** | § | |
| **CARMELA MUNOZ,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 1:04-CV-141** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

## PLAINTIFFS' RESPONSE IN OPPOSITION TO RULE 24 MOTION TO INTERVENE BY BENINO CAPETILLO, MOTION TO RECOGNIZE TURNOVER ORDER, AND MOTION PAY (SIC) POTENTIAL PROCEEDS INTO REGISTRY OF COURT FOR SATISFACTION OF TURNOVER ORDER

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

**COME NOW, LUIS C. MUNOZ and CARMELA MUNOZ,** Plaintiffs, and now Appellees and Cross-Appellants herein, and file this Response in Opposition to the "Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize Turnover Order, and Motion Pay (sic) Potential Proceeds into Registry of Court for Satisfaction of Turnover Order," and in support thereof, would show this Honorable Court as follows:

**I.**
**This Court Lacks Jurisdiction to Entertain Motion**

It is a fundamental tenet of federal civil procedure that - subject to certain, defined exceptions - the filing of a notice of appeal from the final judgment of a trial

court divests the trial court of jurisdiction and confers jurisdiction upon the appellate court. *See, e.g., Griggs v. Provident Consumer Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal."); *see also Winchester v. U.S. Attorney for Southern Dist. of Texas*, 68 F.3d 947 (5th Cir. 1995) (Holding that, as a general rule, a district court loses all jurisdiction over matters brought to Court of Appeals upon filing of notice of appeal).

Specifically, the U.S. Court of Appeals for the Fifth Circuit has stated that the filing of a valid notice of appeal from a final order of district court generally divests that court of jurisdiction to act on the matters involved in the appeal except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded. *Avoyelles Sportsmen's League, Inc. v. Marsh*, 715 F.2d 897 (5th Cir. 1983). More specifically, the Fifth Circuit has stated that a District court is without jurisdiction to rule on a motion to intervene once a notice of appeal had been filed in an action. *Nicol v. Gulf Fleet Supply Vessels, Inc.*, 743 F.2d 298 (5th Cir. 1984).

Accordingly, Benino Capetillo's Motion for Intervention should be denied for want of jurisdiction. Further, because Capetillo's Motion to Recognize the Turnover Order, and the Motion to Pay Potential Proceeds into the Registry of the Court hinge on his status as an Intervener, these Motions should be likewise denied.

## II.
## Applicant does not meet Rule 24 requirements for intervention

In the event that this Court should rule that it does have jurisdiction to rule on Applicant's Motion, then the Plaintiffs would assert that Applicant has not demonstrated that he has met all requirements of Rule 24 of the Federal Rules of Civil Procedure. Rule 24 explicitly imposes a "timeliness" requirement. As noted above, Applicant failed to timely intervene while the trial of this matter was before the trial court, and therefore, he has failed to demonstrate timeliness. *See Acree v. Republic of Iraq*, 370 F.3d 41, 49 (D.C. Cir. 2004) ("Courts are generally reluctant to permit intervention after a suit has proceeded to final judgment, particularly where the applicant had the opportunity to intervene prior to judgment.")

Moreover, Applicant has failed to demonstrate that he has an "interest" that satisfies the definition of Rule 24. The applicant's interest "must be one on which an independent federal suit could be based, consistent with Article III's requirement that only a case or controversy can be litigated in a federal court at any stage of the proceeding." *Aurora Loan Svcs., Inc. v. Craddieth*, 442 F.3d 1018, 1022 (7th Cir. 2006); *see also E.E.O.C. v Nat'l Children's Center, Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (holding that even with regard to permissive intervention, an independent basis for jurisdiction is required.). Furthermore, it appears that the applicant's only interest herein is solely an economic interest in the proceeds of the judgment. Several circuit courts of appeal have held that solely an economic interest is

insufficient to warrant intervention. *See Medical Liabilities Mutual Ins. Co. v. Alan Curtis, L.L.C.*, 485 F.3d 1006, 1008 (8th Cir. 2007) (held that an economic interest in the outcome of the litigation was not itself sufficient to warrant mandatory intervention and denied intervention where only interest was to ensure sufficient resources to satisfy would-be intervenor's claim); *Mt. Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) ("legally protectable interest" is "more than an economic interest"); *Montana v. Environmental Protection Agency*, 137 F. 3d 1135, 1142 (9th Cir. 1998) ("[A] speculative and purely economic interest does not create a protectable interest in litigation concerning a statute that regulates environmental, not economic interests."); *Gould v. Alleco, Inc.*, 883 F.2d 281, 285 (4th Cir. 1989) ("In a sense, every company's stockholders, bondholders, directors and employees have a stake in the outcome of any litigation involving the company, but this alone is insufficient to imbue them with the degree of 'interest' required for Rule 24(a) intervention.").

Accordingly, this Court should deny Applicant's Motion to Intervene as he has failed to demonstrate that he meets the requirements of Rule 24(a) and 24 (b).

## CONCLUSION AND PRAYER

**WHEREFORE, PLAINTIFFS** pray that this Court deny the Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize Turnover Order, and Motion Pay (sic) Potential Proceeds into Registry of Court for Satisfaction of Turnover Order, in

its entirety.

Respectfully submitted,

*/S/ Gustavo Ch. Garza*

**Gustavo Ch. Garza**
Attorney at Law
324 West Ocean Plaza, Suite 208
Los Fresnos, Texas 78566
Phone: 956-233-5614
Fax: 956-233-6596
State Bar No. 07731700

*/S/ René B. González*

**René B. González**
Attorney at Law
Post Office Box 5134
Brownsville, Texas 78523-5134
Phone: 956-371-9966
Fax: 956-541-9444
State Bar No. 08131380

**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

Pursuant to Rule 5 of the Federal Rules of Civil Procedure, I hereby certify that a true copy of this Answer in Opposition to the Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize Turnover Order, and Motion Pay Potential Proceeds into Registry of Court for Satisfaction of Turnover Order, has been sent by Electronic Mail or United States Mail, to the persons listed below on the 4th day of

December, 2007.

Mr. David R. Joe
ANTHONY & MIDDLEBROOK, P.C.
1702 East Tyler Avenue, Suite 1
Harlingen, Texas 78550

Mr. Levon Hovnatanian
MARTIN, DISIERE, JEFFERSON & WISDOM, L.L.P.
808 Travis Street, Suite 1800
Houston, Texas 77002

Mr. Warren Taylor
TAYLOR & TAYLOR
815 Walker, Suite 250
Houston, Texas 77002

Mr. Rene O. Oliveira
ROERIG, OLIVEIRA, & FISHER, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718

Mr. David L Rusnak
SCOGGINS & GOODMAN, P.C.
245 Peachtree Center, Ave.
NE, Ste 2800
Atlanta, Georgia 30303-1227

/S/ *René B. González*
René B. González

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LUIS C. MUNOZ and** | § | |
| **CARMELA MUNOZ,** | § | |
| **Plaintiffs** | § | |
| | § | |
| **vs.** | § | **CIVIL ACTION NO. 1:04-CV-141** |
| | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | |
| **Defendant** | § | |

**ORDER DENYING
RULE 24 MOTION TO INTERVENE BY BENINO CAPETILLO,
MOTION TO RECOGNIZE TURNOVER ORDER,
AND MOTION TO PAY POTENTIAL PROCEEDS INTO
REGISTRY OF COURT FOR SATISFACTION OF TURNOVER ORDER**

**ON THIS DAY,** came on before this Court, the Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize Turnover Order, and Motion to Pay Potential Proceeds into Registry of Court for Satisfaction of Turnover Order, and this Court having considered said Motion, the Response(s) thereto, the legal authorities presented therein, as well as the arguments of counsel, finds that said Motion is without merit and should be denied in its entirety.

**IT IS, THEREFORE, ORDERED** that the Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize Turnover Order, and Motion to Pay Potential Proceeds into Registry of Court for Satisfaction of Turnover Order, is hereby **DENIED** in its entirety.

Order Denying Motion to Intervene                                                                 Page 1

**SIGNED** on this _____ day of _____, 200____, at Brownsville,

Texas.


_____
**UNITED STATES DISTRICT JUDGE**