## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LUIS C. MUNOZ, et al.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil No. 1:04-CV-0014** |
| **STATE FARM LLOYDS, et al.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

---

**REPLY TO PLAINTIFFS' RESPONSE TO RULE 24 MOTION TO INTERVENE BY BENINO CAPETILLO, MOTION TO RECOGNIZE TURNOVER ORDER, AND MOTION TO PAY POTENTIAL PROCEEDS INTO REGISTRY OF COURTFOR SATISFACTION OF TURNOVER ORDER**

---

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW BENINO CAPETILLO, Intervener in the above-entitled and numbered cause, and files this his Reply to Plaintiffs' Response to his Motion to Intervene showing unto the Court as follows:

## I.
## JURISDICTION

1.     The Intervener is not asking this Court to address any matter that is before the Appellate Court.   Even the Plaintiffs' own quotation from *Griggs* says the notice of appeal "…divests the district court of its control over those aspects of the case *involved in the appeal*."   Paying potential proceeds into the registry of the Court as a result of

Intervention by Benino Capetillo

recognizing the State District Court's Order has nothing to do with appellate issues arising from the underlying case tried to verdict in this Court. Following the Plaintiff's logic, the Intervener's Motion would be filed in the Fifth Circuit Court of Appeals, but it seems inconceivable that the appellate court would entertain an original intervention motion regarding payment of proceeds. Moreover, even if this Court agreed with the Plaintiffs' rationale on jurisdiction grounds, the Intervener observes and contends that at some point prior to payment of proceeds, jurisdiction will likely be reposed again in this Court, and thus any unripe portions of this Motion ought not to be denied on the grounds asserted, but at a minimum, stayed, conditionally granted right now.

2.      This Court indeed can Recognize the State District Court's Order independent of the Motions to intervene and Motion to pay proceeds into the registry. The Intervener's Motion for Recognition is absolutely <u>not</u> "hinged" on any other Motions of the Intervener. It is now even more evident than before that Munoz has no intention whatsoever to comply with the Amended Turnover Order, as only the filing of this Motion has induced a response of any kind, and has indeed smoked out his and his counsel's resistance to parting with expected money from State Farm Lloyds, and should this Court not recognize the Amended Turnover Order and bring to bear its authority and contempt power, the Intervener's State Court ordered and explicitly assigned interest in this Court's Judgment will in all likelihood be absconded with by the Plaintiffs. Recognition and enforcement of judgments of other courts is not contested by the Plaintiffs in their Response.

Intervention by Benino Capetillo

## II.
## RULE 24 INTERVENTION

3.      What the Plaintiffs do not address in their Response is that this Intervention Motion pertains to an explicit turnover of Munoz's interest in *this* Court's judgment to the Intervener.  The Plaintiffs argue that this intervention did not take place prejudgment, but of course it could not have taken place prejudgment because it involves the turnover of an interest in this Court's final judgment.  The Plaintiffs' citations based on "economic interest" nowhere refer to the question of a Turnover Order from another court, let alone a reference to the proceeds of a specifically named judgment.  The Turnover Order's specific granting to the Intervener of an interest in *this* Court's Judgment overwhelmingly distinguishes this Motion from the inapplicable citations arising under totally different statutes and circumstances, such as intervention into an environmental law dispute.  Those inapplicable references appear to involve a party seeking to have tried at the same time, unrelated claims to an existing case based upon an economic interest in the outcome.

4.      Rule 24's express application where an "interest" in the underlying transaction that could be lost without intervention seems to the Intervener to be tailored to these very circumstances, but if not, and the operation of some other Rule or provision of law is more appropriate, Intervener has respectfully requested such relief in the interest of justice as which he may be entitled.  The Intervener is broadly requesting relief, specifically through recognition and payment into registry, but for any reason failing that, then more generally for any relief in the interest of justice, so as to help give effect to the judicial intentions of the Amended Turnover Order, including this Court's modified of

Intervention by Benino Capetillo

the proposed Order so as to enjoin avoidance of the Turnover Order through any express means of this Court's fashioning.

## PRAYER

Intervener prays for this and other such relief as he may be justly entitled and that this Court enter, either with or without further hearing, the attached Orders based upon the submissions of the Intervener and any Responses received.

Dated and Signed electronically this day, December 5, 2007,

Respectfully submitted,

ANTHONY & MIDDLEBROOK, P.C.
By:/s/*David R. Joe*
David R. Joe
Texas Bar No. 24003872
Federal ID No.34002
1702 E. Tyler Street, Suite 1
Harlingen, TX, 78550
Office: (956) 428-5500
Fax: (956) 428-5518
ATTORNEY FOR BENINO CAPETILLO

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the Attorneys of Record of all parties to the above cause in accordance with the Federal Rules of Civil Procedure, on the 5th day of December, 2007, as follows:

## VIA CM/ECF (or via confirmed Facsimile)

Gustavo Garza;
Rene B. Gonzalez;
David Rusnak;
**Plaintiffs' Counsel**

Intervention by Benino Capetillo

Levon G. Hovnataian;
Rene O. Oliveira;
Warren Royal Taylor
**Defendant's Counsel**

<u>By:/s/</u>*David R. Joe*
**DAVID R. JOE**