IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

JAN 1 8 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ AND CARMELA MUNOZ, | § § § | |
| **Plaintiffs,** | § § | |
| v. | § § | CIVIL ACTION NO. B-04-141 |
| STATE FARM LLOYDS, | § § | |
| **Defendant.** | § § | |

## OPINION & ORDER

Jan. 18, 2008

BE IT REMEMBERED that on December ___, 2007, the Court considered (1) Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize TurnOver Order, and Motion [to] Pay Potential Proceeds into Registry of Court for Satisfaction of TurnOver Order, Dkt. Nos. 149, 150, (2) Plaintiffs' Response in Opposition to Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize TurnOver Order, and Motion Pay [sic] Potential Proceeds into Registry of Court for Satisfaction of TurnOver Order, Dkt. No. 151, (3) Reply to Plaintiffs' Response to Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize TurnOver Order, and Motion to Pay Potential Proceeds into Registry of Court for Satisfaction of TurnOver Order, Dkt. No. 152, and (4) Additional Exhibits in Support of Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize TurnOver Order, and Motion [to] Pay Potential Proceeds into Registry of Court for Satisfaction of TurnOver Order, Dkt. No. 153. For the following reasons, the Court **DENIED** Benino Capetillo's Rule 24 motion to intervene, Dkt. No. 149.

This Court entered final judgment for Plaintiffs, Luiz C. Munoz and Carmela Munoz, against Defendant, State Farm Lloyds, on April 4, 2006, Dkt. No. 111. Defendant then filed a Rule 59(e) motion to alter or amend the judgment, Dkt. No. 112, a renewed Rule 50(b)

1

motion for judgment as a matter of law, Dkt. No. 113, and a Rule 59 motion for new trial, Dkt. No. 114. On April 26, 2006, this Court denied Defendant's Rule 50(b) motion and Rule 59 motion for a new trial. Dkt. No. 115. On May 2, 2006, this Court denied Defendant's Rule 59(e) motion. Dkt. No. 116. Defendant then filed its notice of appeal on May 4, 2006. Dkt. No. 117. This case is still on appeal.

On November 27, 2007, Benino Capetillo filed this Rule 24 motion to intervene. Dkt. No. 149. Plaintiffs challenged this motion asserting that this Court lacks subject matter jurisdiction to entertain the motion as the case is currently on appeal. Dkt. No. 151, at 1-2. In response, Capetillo argued that the motion to intervene was separate and distinct from appeal and therefore jurisdiction over the motion remained with this Court. Dkt. No. 152, at 2.

This Court holds that it does not have jurisdiction over a motion to intervene following an effective notice of appeal. The Fifth Circuit follows the "general rule that 'the filing of a valid notice of appeal from a final order of the district court divests that court of jurisdiction to act on the matters involved in the appeal, except to aid the appeal, correct clerical errors, or enforce its judgment so long as the judgment has not been stayed or superseded.'" Ross v. Marshall, 426 F.3d 745, 751 (5th Cir. 2005) (citing Avoyelles Sportsmen's League, Inc. v. Marsh, 715 F.2d 897, 928 (5th Cir. 1983)). Specifically, a district court does not have jurisdiction to rule on a motion to intervene following notice of appeal. Id. (citing Nicol v. Gulf Fleet Supply Vessels, Inc., 743 F.2d 298, 299 (5th Cir. 1984), Avoyelles Sportsmen's League, Inc., 715 F.2d at 927-28).

While there are exceptions to this general rule, FED. R. APP. P. 4(a)(1)(4)(A)(i)-(vi), none apply in this circumstance. The effectiveness of a notice of appeal may be stayed pending a party's Rule 50(b), 52(b), 54, 58, 59, or 60 motion. Id. While Defendant filed motions for this Court to reconsider the final judgment, none of those motions were pending when Defendant filed its notice of appeal. See Ross, 426 F.3d at 753 (indicating that a Rule 59(e) motion by a party may stay the effectiveness of a notice of appeal). See FED. R. APP. P. 4(a)(1)(4)(B)(i) ("If a party files a notice of appeal after the court announces or enters a judgment – but before it disposes of any motion listed in Rule 4(a)(4)(A) – the notice becomes effective to appeal judgment or order, in whole or in part, when the order

disposing of the last such remaining motion is entered).  Defendant's notice of appeal was effective on May 4, 2006 because Defendant filed the notice of appeal after this Court denied Defendant's pending Rule 50 and 59 motions, Dkt. Nos. 115, 116.  No party's motion stayed the effectiveness of the notice of appeal.

Therefore, this Court lacks jurisdiction to entertain Capetillo's motion, Dkt. No. 149. Subsequently, this Court **DENIES** the Rule 24 Motion to Intervene by Benino Capetillo, Motion to Recognize TurnOver Order, and Motion [to] Pay Potential Proceeds into Registry of Court for Satisfaction of TurnOver Order, Dkt. No. 149.

DONE at Brownsville, Texas, on December 18, 2007.

_____
Hilda G. Tagle
United States District Judge

3