# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

# FILED

March 28, 2008

No. 06-40827

B-07-CV-141

Charles R. Fulbruge III
Clerk

LUIS C. MUNOZ AND CARMELA MUNOZ

Plaintiffs-Appellees-Cross-Appellant

v.

STATE FARM LLOYDS

Defendant-Appellant-Cross-Appellee

Appeals from the United States District Court
for the Southern District of Texas

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

BENAVIDES, Circuit Judge:

This case involves the recovery of funds under a fire insurance policy. The jury found in favor of Appellees and awarded them in excess of $250,000. We find that the district court committed reversible error when it admitted evidence that a grand jury did not indict Appellee Luis Muñoz for arson. Therefore, we REVERSE and REMAND for a new trial.

I.

Appellant State Farm Lloyds ("State Farm") provided a homeowners insurance policy, including fire insurance coverage, to Appellees Carmella Villarreal–formally known as Carmella Muñoz–and Luis Muñoz (collectively, "the Muñozes"). On January 2, 2003, the Muñozes sought coverage for loss to

No. 06-40827

their home and its contents, that resulted from an undisputedly intentionally set fire. There was evidence to suggest that the Muñozes intentionally set the fire. The Muñozes claimed that the fire was set by their next-door neighbors, the Cavazoses. The police regarded both Mr. Muñoz and the Cavazoses as suspects.

State Farm investigated the claim and believed that the Muñozes might have had a financial incentive to set the fire. Pursuant to the policy's condition precedent that an insured provide requested documents, on January 8, 2003, State Farm requested that the Muñozes fill out a Personal Property Inventory Form, which the Muñozes returned on January 13. On January 28, Tom Reed, an adjuster from State Farm's Special Investigation Unit, told Mr. Muñoz that an additional investigation was necessary, including reviewing the Muñozes' financial condition. On March 18, Mr. Reed sent a letter requesting records that would show Mr. Muñoz's income for 2001 through 2003. The Muñozes delivered some financial documents in April and June 2003. However, State Farm claimed that it never received all the necessary financial documents, so it was unable to grant or deny coverage. Thus, the claim remained open and the Muñozes did not receive money under the policy, except for a monthly stipend for living expenses.

The Muñozes filed suit in Texas state court on May 11, 2004, alleging breach of contract, violations of the insurance code, and breach of the duty of good faith and fair dealing. State Farm removed the case to federal court, asserting: (1) the Muñozes had not complied with the policy's condition precedent of providing requested documents; and (2) the Muñozes could not recover because they had set fire to their house. Before trial, the parties stipulated that the fire was intentionally set. During trial, State Farm presented evidence that Mr. Muñoz failed a polygraph exam. Subsequently, the Muñozes presented evidence that a grand jury did not indict Mr. Muñoz for

2

No. 06-40827

arson.[1]  State Farm timely objected to the non-indictment evidence under Federal Rules of Evidence 401 and 403.  At the close of evidence, the district court orally granted State Farm's motion for directed verdict on the issue of malice and punitive damages.

On February 22, 2006, the jury found that: (1) the Muñozes had complied with the condition precedent; (2) State Farm breached the policy; (3) the Muñozes were not responsible for starting the fire; (4) the Muñozes sustained $148,000 in damages for repairs to their home and $82,700 for repairing/replacing the contents; (5) State Farm breached the duty of good faith and fair dealing because it failed to conduct a reasonable investigation, failed to provide a reasonable explanation of the factual or legal bases for denying the claim, and failed to affirm or deny coverage within a reasonable time; (6) the Muñozes were entitled to $10,000 each in mental anguish damages; and (7) State Farm engaged in the conduct knowingly–although the jury did not award extra damages based on this finding.

State Farm filed a Rule 59 motion for new trial, arguing that "the admission of evidence regarding the grand jury 'no bill' of Mr. Muñoz was an erroneous ruling which substantially prejudiced State Farm, and was so prejudicial that it was not curable by instruction or otherwise."[2]  The district court denied State Farm's motion for new trial, and State Farm timely appeals. The Muñozes cross-appeal the district court's grant of State Farm's motion for directed verdict on the issue of malice and punitive damages.

II.

---

[1] Over objection by State Farm, the district court admitted testimony that the grand jury did not indict Mr. Muñoz and in fact returned a "no-bill."

[2] State Farm also filed a motion to alter or amend the judgment and a motion for judgment as a matter of law.  The district court denied these motions.  Because we find that a new trial is warranted under Rule 59, we do not address the merits of these two motions.

No. 06-40827

"We will reverse the trial court's denial of a motion for new trial only when there is a clear showing of an abuse of discretion." *Dawsey v. Olin Corp.*, 782 F.2d 1254, 1261 (5th Cir. 1986). "An abuse of discretion exists if we are firmly convinced that the district court made a mistake in admitting challenged evidence." *Stockman v. Oakcrest Dental Ctr., P.C.*, 480 F.3d 791, 797 (6th Cir. 2007).

### III.

A. Evidence of a Grand Jury's Decision Not to Indict Mr. Muñoz

State Farm argues that the district court committed reversible error when it admitted evidence of a grand jury's decision not to indict Mr. Muñoz for arson. We agree.

Several of our sister circuits have considered the issue of introducing evidence of non-prosecution or acquittal of arson in a civil case regarding insurance proceeds. They have uniformly held that such evidence is impermissible because it is highly prejudicial. As the Fourth Circuit stated: "We adopt and apply here the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges." *Rabon v. Great Sw. Fire Ins. Co.*, 818 F.2d 306, 309 (4th Cir. 1987); *see also Kelly's Auto Parts, No. 1, Inc. v. Boughton*, 809 F.2d 1247, 1253 (6th Cir. 1987); *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.*, 753 F.2d 321, 325 (3d Cir. 1985); *Galbraith v. Hartford Fire Ins. Co.*, 464 F.2d 225, 227-28 (3d Cir. 1972). The Sixth Circuit found that "[j]ury instructions are inadequate . . . to cure the inherent prejudice involved" in improperly admitted evidence of non-prosecution for arson. *Kelly's Auto Parts*, 809 F.2d at 1254. These holdings rely upon the fact that "such evidence goes directly to the principal issue before the jury and is highly prejudicial." *Rabon*, 818 F.2d at 309. Furthermore, "[t]he inadmissibility of evidence of non-prosecution . . . comports with the general rule

4

No. 06-40827

that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case."[3] *Am. Home Assurance Co.*, 753 F.2d 325. We agree with our sister circuits and find that the court below committed reversible error.

The Muñozes present two theories under which they contend—even if the non-indictment evidence was improperly introduced—a remand is unnecessary. First, the Muñozes argue that State Farm "opened the door" to evidence of Mr. Muñoz's non-indictment because State Farm presented inadmissible evidence that Mr. Muñoz failed a polygraph exam. Second, the Muñozes argue that State Farm waived any error under the "invited error" doctrine. Both arguments lack merit.

The Muñozes' first argument fails because "this Court has denounced the per se rule that polygraph examinations are inadmissible." *Gibbs v. Gibbs*, 210 F.3d 491, 500 (5th Cir. 2000); *see also United States v. Posado*, 57 F.3d 428, 434 (5th Cir. 1995). Rather, "the standards announced in *Daubert* control the admissibility of such results." *Gibbs*, 210 F.3d at 500. Neither party alleges that

---

[3] In this case, the jury was told that a grand jury had considered a charge of arson and "Mr. Munoz was not charged as a criminal on this offense." The fact that this case involves non-indictment of arson—rather than non-prosecution or acquittal—does not change our conclusion. "[P]rosecutorial discretion may take into account many other factors not relevant in a civil suit." *Am. Home Assur. Co.*, 753 F.2d at 325. Similarly, a grand jury's decision not to indict is not authoritative in a civil suit:

> One grand jury's refusal to indict does not conclusively establish that there is insufficient evidence to warrant a trial. There are many reasons why the prosecution may present an insufficient case before the grand jury even though there is ample evidence to sustain a conviction. The prosecutor is not required to present his or her entire case before the grand jury. When an abbreviated version of the government's case is presented for the sake of efficiency and convenience, the grand jury may conclude that the evidence before it is not sufficient to support an indictment. In other cases an investigation continues after the grand jury rejects an indictment, and additional evidence is discovered to make a stronger case against the accused.

Beale et al., Grand Jury Law and Practice § 8.6 (2d ed. 2007). Therefore, the logic of our sister circuits applies with equal force here.

No. 06-40827

the polygraph results were improperly admitted under *Daubert*, and the Muñozes did not even object to the introduction of such evidence at trial. Therefore, there is no support for the contention that the polygraph evidence was inadmissible, and the door was not opened to evidence of Mr. Muñoz's non-indictment.

The Muñozes' second argument stems from the district court judge's acknowledgment that she "made a mistake" in admitting the non-indictment evidence. Specifically, the Muñozes rely upon the following colloquy, which occurred at the close of evidence before sending the case to the jury:

> The Court: Now, are [you] going to mention the no bill in your closing?
>
> Mr. Garza [counsel for the Muñozes]: I intended to.
>
> The Court: Okay. What is the language of the instruction that you would ask me to give to the jury?
>
> [State Farm counsel]: First of all, I would ask that [Mr. Garza] be instructed not to mention it. If he does mention it, I would ask the Court at that time to instruct the jury not to consider the absence of prosecution or the no bill for any purpose.

The district court judge then ordered Mr. Garza not to mention the non-indictment evidence in his closing argument, and he complied. The Muñozes argue that State Farm received the exact relief it requested–an order not to mention the evidence during closing argument–and thereby waived any error under the invited error doctrine. The invited error doctrine provides that "a party may not complain on appeal of errors that he himself invited or provoked the court . . . to commit." *United States v. Sharpe*, 996 F.2d 125, 129 (6th Cir. 1993) (internal quotation marks and citation omitted); *United States v. Green*, 272 F.3d 748, 754 (5th Cir. 2001) ("The doctrine of invited error provides that when injection of inadmissible evidence is attributable to the actions of the

6

No. 06-40827

defense, the defense cannot later object to such invited error.") (internal quotation marks omitted).

We find that the invited error doctrine does not apply to State Farm because it did not "invite" the error below, and it has not otherwise waived its claim for relief. State Farm timely objected to the impermissible evidence. After the district court realized its mistake, State Farm was presented with the fact that Mr. Garza intended to reference the non-indictment evidence during closing argument. The district court asked State Farm for "the language of the instruction" it desired. In requesting that Mr. Garza not be permitted to mention the evidence, State Farm was merely attempting to prevent further prejudicial error. To say that State Farm "invited" or "provoked" the error below would impermissibly stretch the doctrine of invited error beyond its traditional scope. State Farm did not abandon, waive, or otherwise sanction the district court's initial error of admitting the non-indictment evidence–State Farm timely objected and was overruled. Given the highly prejudicial nature of the non-indictment evidence, we find that the district court abused its discretion and committed reversible error, notwithstanding its good faith attempt to remedy its mistake. Accordingly, State Farm is entitled to a new trial.

Because the evidence with respect to arson was relevant to the core issue of coverage (i.e., if the Muñozes set the fire then they are not entitled to coverage), and that coverage issue is also a necessary component of any bad faith claim, we must also vacate and remand the jury's finding that State Farm breached the duty of good faith and fair dealing.

B. The Muñozes Cross-Appeal

In their cross-appeal, the Muñozes argue that the district court erred in granting State Farm's motion for directed verdict on the issue of malice and punitive damages. The standard of review for a motion for a directed verdict is outlined in *Boeing Company v. Shipman*: "If the facts and inferences point so

7

No. 06-40827

strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion[] is proper." 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331 (5th Cir. 1997). The standard governing directed verdicts remains the same on appeal. *Tutor v. Ranger Ins. Co.*, 804 F.2d 1395, 1398 (5th Cir. 1986).

Under Texas law, punitive damages may be awarded "only if the claimant proves by clear and convincing evidence that the harm . . . results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE § 41.003(a). "Even if the insurer has no reasonable basis to deny or delay payment of the claim, the plaintiff may not recover punitive damages on that basis alone." *Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 18 (Tex. 1994) (internal quotation marks omitted). Punitive damages are justified only when bad faith is "accompanied by malicious, intentional, fraudulent, or grossly negligent conduct." *Id.* The insured must demonstrate that the insurer "'was actually aware that its action would probably result in extraordinary harm not ordinarily associated with breach of contract or bad faith denial of a claim-such as death, grievous physical injury, or financial ruin.'" *State Farm Fire & Cas. Co. v. Simmons*, 963 S.W.2d 42, 47 (Tex. 1998) (quoting *Moriel*, 879 S.W.2d at 24).

The Muñozes claim that evidence presented at trial demonstrates an intentional and fraudulent campaign to have Mr. Muñoz arrested for arson, despite State Farm's knowledge that there was no supporting evidence—either direct or circumstantial. This assertion lacks merit. As the district court found, there is no evidence that State Farm's demands for financial documents were fraudulent, grossly negligent, or resulted in extraordinary harm. Thus, the district court properly granted State Farm's motion for directed verdict as to punitive damages.

IV.

8

No. 06-40827

Therefore, the judgment of the court below is REVERSED and REMANDED for proceedings not inconsistent with this opinion. The judgment as to the Muñozes' cross-appeal is AFFIRMED.

UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

**BILL OF COSTS**

U.S. COURT OF APPEALS

**F I L E D**

APR 10 2008

CHARLES R. FULBRUGE III
CLERK

Luis C. Munoz and Carmela Munoz    v.    State Farm Lloyds    No. 06-40827

NOTE: The Bill of Costs is due in this office *within 14 days from the date of the opinion. See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

The Clerk is requested to tax the following costs against: Luis C. Munoz and Carmela Munoz

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | ~~450.00~~ | | | | 150.00 |
| Appendix or Record Excepts | 10 | 143 | .15 | 214.50 | 10 | 143 | .15 | 214.50 |
| Appellant's Brief | 14 | 74 | .15 | 155.40 | 14 | 74 | .15 | 155.40 |
| Appellee's Brief | | | | | | | | |
| Appellant's Reply Brief | 14 | 47 | .15 | 98.70 | 14 | 47 | .15 | 98.70 |
| Other: binding (briefs) | 28 | | .75 per binding | 21.00 | 28 | | .75 | 21.00 |
| binding (record excerpt) | 10 | | 1.00 per binding | 10.00 | 10 | | 1.00 | 10.00 |
| | | | Total $ | 949.60 | | | | |

Costs are hereby taxed in the amount of $ 649.60 this

Costs are taxed in the amount of $ 649.60

State of Texas
County of Harris

I, Leigh G. Hoynataich do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 4th day of April 2008.

_Lara G. Anderson_
(Signature)

Attorney for State Farm Lloyds

day of    APR 2 1 2008

CHARLES R. FULBRUGE III, CLERK

By _____
Deputy Clerk

*SEE REVERSE SIDE FOR RULES GOVERNING TAXATION OF COSTS

axc