IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ,<br><br>    Plaintiffs<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>    Defendant | § § § § § § § § § § § | CIVIL ACTION NO. B-04-141 |

**DEFENDANT'S UNOPPOSED MOTION
FOR RETURN OF SUPERSEDEAS BOND**

TO THE HONORABLE JUDGE OF THE COURT:

On April 4, 2006, the Court entered final judgment against the defendant, State Farm Lloyds ("State Farm"). On May 4, 2006, State Farm timely perfected its appeal. State Farm then moved the Court to accept its supersedeas bond. In an order entered on June 26, 2006, the Court accepted State Farm's supersedeas bond.

On March 28, 2008, the Fifth Circuit reversed the judgment against State Farm and remanded the case to this Court. *See Munoz v. State Farm Lloyds*, ___ F.3d ___, ___, 2008 WL 836396 at *5 (5th Cir. March 28, 2008) (attached as Exhibit 1).[1] The deadline to file a petition for rehearing was April 11, 2008. *See* Fed. R. App. P. 40(a)(1). No party moved for rehearing, and the Fifth Circuit issued its mandate on April 21, 2008.

A supersedeas bond "serves, in money judgment cases, as a 'kind-for-kind security to guarantee the judgment.'" *Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992) (quoting *United States v. United States Fishing Vessel MAYLIN,* 130 F.R.D. 684, 686 (S.D. Fla. 1990)).

---

[1] The Fifth Circuit affirmed the judgment as to the Munozes' cross-appeal. *Id.*

"The purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190-91 (5th Cir. 1979).

The judgment has been reversed, so State Farm's supersedeas bond is not guaranteeing a judgment, preserving the status quo that existed when it was filed, or protecting any existing rights of the non-appealing party, who does not have a judgment. In other words, the supersedeas bond is no longer securing an unpaid judgment or order. Thus, there is no further reason for the bond. *See Goss Int'l Corp. v. Tokya Kikai Seisakusho, Ltd.*, 2006 WL 4757279 at *2-3 (N.D. Iowa 2006) (not designated for publication) ("[I]f the award issued by the district court is reversed, the bond no longer serves its purpose of insuring payment of the award and therefore should be released. . . . Courts release supersedeas bonds when the bond has served its purpose and no outstanding judgment remains.").

*Singleton v. Guangzhou Ocean Shipping Co.*, 1996 WL 257560 (E.D. La. 1996) (not designated for publication), is on point. In that case, GOSCO filed a supersedeas bond to suspend execution of an adverse judgment pending its appeal to the Fifth Circuit. *Id.* at *1. The Fifth Circuit reversed the judgment and issued its mandate. *Id.* GOSCO then moved the district court for the return of its bond. *Id.*

The district court ruled: "Considering that GOSCO is no longer liable to plaintiff, the supersedeas bond must be released." 1996 WL 257560 at *1. The court then ordered "that the supersedeas bond . . . which was filed with the court . . . by [GOSCO] is hereby RELEASED. The original bond shall be returned to [GOSCO]. [The sureties and principals] are released from any liability under the supersedeas bond." *Id.; accord Taylor v. Detroit Motor Appliance Co.*, 67 F.2d 1013 (7th Cir. 1933) (upon resolution of appeal, ordering return of supersedeas bond and

discharge of surety and principal on bond); *American Fed. Group, Ltd. v. Rothenberg,* 1998 WL 273034 at *3 (S.D.N.Y. 1998) (not designated for publication) (releasing supersedeas bond after appellate court vacated district court judgment which resulted in "no judgment of liability against [defendant]").

Considering the above, State Farm respectfully asks the Court to order that (1) the supersedeas bond be released and returned to State Farm, and (2) all sureties and principals on the supersedeas bond be released and discharged.

Respectfully submitted,

TAYLOR, TAYLOR & RUSSELL

By:_____/S/ Warren Taylor_____
Levon G. Hovnatanian
State Bar No. 10059825
Christopher W. Martin
State Bar No. 13057620
Bruce E. Ramage
State Bar No. 16492500
808 Travis Street, Suite 1800
Houston, Texas 77002
(713) 632-1700 – Telephone
(713) 222-0101 – Facsimile

Taylor & Taylor
Warren Taylor
State Bar No. 19727200
Beth M. Taylor
State Bar No. 13336787
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 – Telephone
(713) 615-6070 – Facsimile

Roerig, Oliveira & Fisher, L.L.P.
Rene O. Oliveira
State Bar No. 15254700
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 – Telephone
(956) 542-0016 – Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF CONFERENCE

On April 23, 2008, Levon Hovnatanian, who is an attorney at Martin, Disiere, Jefferson & Wisdom, L.L.P. and counsel for Defendant State Farm Lloyds, discussed the foregoing motion with Mr. Gustavo Garza, counsel for plaintiffs Luis C. Munoz and Carmela Munoz, and Mr. Garza advised that he does not oppose it.

/S/ Warren Taylor
Warren Taylor

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing motion has been served on the following individuals by certified mail, return receipt requested, on this the 1st day of May, 2008, as follows:

Gustavo Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566
*(attorneys for plaintiffs Luis C. Munoz and Carmela Munoz)*

David L. Rusnak
Scoggins & Goodman, P.C.
245 Peachtree Center Avenue NE, Suite 2800
Atlanta, Georgia 30303-1227
*(attorneys for plaintiffs Luis C. Munoz and Carmela Munoz)*

/S/ Warren Taylor
Warren Taylor