# Westlaw.

--- F.3d ----
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 1

**H**
Muñoz v. State Farm Lloyds of Texas
C.A.5 (Tex.),2008.
Only the Westlaw citation is currently available.
United States Court of Appeals,Fifth Circuit.
Luis C. MUÑOZ and Carmela Muñoz, Plaintiffs-Appellees-Cross-Appellants,
v.
STATE FARM LLOYDS OF TEXAS, Defendant-Appellant-Cross-Appellee.
No. 06-40827.

March 28, 2008.

**Background:** Homeowners brought action in state court against homeowners insurer, seeking coverage for loss to their home and its contents, resulting from an intentionally set fire, and alleging breach of the duty of good faith and fair dealing. Action was removed to federal court. The United States District Court for the Southern District of Texas, Hilda G. Tagle, J., entered judgment, upon a jury verdict, in favor of homeowners, and awarded them in excess of $250,000. Insurer appealed.

**Holdings:** The Court of Appeals, Benavides, Circuit Judge, held that:
(1) admission of evidence that homeowner failed polygraph examination did not "open the door" or otherwise permit admission of evidence that homeowner was not criminally indicted for arson;
(2) invited error doctrine did not apply;
(3) remand for new trial was required; and
(4) homeowners were not entitled to recover punitive damages.

Affirmed in part, reversed in part, and remanded.

[1] Federal Courts 170B €→825.1

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
      170BVIII(K)4 Discretion of Lower Court
        170Bk825 New Trial or Rehearing
          170Bk825.1 k. In General. Most Cited Cases
The Court of Appeals will reverse the trial court's denial of a motion for new trial only when there is a clear showing of an abuse of discretion.

[2] Federal Courts 170B €→812

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
      170BVIII(K)4 Discretion of Lower Court
        170Bk812 k. Abuse of Discretion. Most Cited Cases
An "abuse of discretion" exists if the appellate court is firmly convinced that the district court made a mistake in admitting challenged evidence.

[3] Federal Courts 170B €→896.1

170B Federal Courts
  170BVIII Courts of Appeals
    170BVIII(K) Scope, Standards, and Extent
      170BVIII(K)6 Harmless Error
        170Bk896 Admission of Evidence
          170Bk896.1 k. In General. Most Cited Cases

Insurance 217 €→2200

217 Insurance
  217XVI Coverage--Property Insurance
    217XVI(A) In General
      217k2196 Evidence
        217k2200 k. Admissibility. Most Cited Cases

Insurance 217 €→3197

217 Insurance
  217XXVII Claims and Settlement Practices
    217XXVII(B) Claim Procedures
      217XXVII(B)2 Notice and Proof of Loss
        217k3193 Evidence
          217k3197 k. Admissibility. Most

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 2

Cited Cases
A federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges.

[4] Evidence 157 €—150

157 Evidence
   157IV Admissibility in General
      157IV(E) Competency
         157k150 k. Results of Experiments. Most Cited Cases
The standards announced in *Daubert* control the admissibility of the results of a polygraph examination in a civil action.

[5] Witnesses 410 €—275(5)

410 Witnesses
   410III Examination
      410III(B) Cross-Examination
         410k275 Cross-Examination of Party in General
            410k275(2) Particular Subjects of Inquiry
            410k275(5) k. Limitation to Subjects of Direct Inquiry. Most Cited Cases
Admission of evidence that homeowner failed polygraph examination as to whether he started intentionally set fire in home did not "open the door" or otherwise permit admission of evidence that homeowner was not criminally indicted for arson, in homeowner's action against homeowners insurer, seeking coverage for loss to home and contents resulting from intentionally set fire.

[6] Federal Courts 170B €—773.1

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(K) Scope, Standards, and Extent
         170BVIII(K)1 In General
            170Bk773 Estoppel to Allege Error; Invited Error
            170Bk773.1 k. In General. Most Cited Cases
The "invited error doctrine" provides that a party may not complain on appeal of errors that he himself invited or provoked the court to commit.

[7] Federal Courts 170B €—774

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(K) Scope, Standards, and Extent
         170BVIII(K)1 In General
            170Bk773 Estoppel to Allege Error; Invited Error
            170Bk774 k. Particular Errors. Most Cited Cases
The invited error doctrine did not apply to homeowners insurer, which received favorable ruling that homeowner should not be allowed to reference in closing argument fact that he was not criminally indicted for arson, in homeowner's action against homeowners insurer, seeking coverage for loss to home and contents resulting from intentionally set fire; insurer did not invite the error, it timely objected to the impermissible non-indictment evidence, and later in the trial, when insurer was presented with the fact that the homeowner's counsel intended to reference the evidence during closing argument, the insurer requested that counsel not be permitted to mention it, and insurer did not abandon, waive, or otherwise sanction the District Court's initial error in admitting the evidence.

[8] Federal Courts 170B €—944

170B Federal Courts
   170BVIII Courts of Appeals
      170BVIII(L) Determination and Disposition of Cause
         170Bk943 Ordering New Trial or Other Proceeding
            170Bk944 k. All or Part of Issues or Parties, New Trial On. Most Cited Cases
Remand for new trial was required, in homeowner's action against homeowners insurer, seeking coverage for loss to home and contents resulting from in-

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----  
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))  
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 3

tentionally set fire, where highly prejudicial evidence of homeowner's non-indictment for arson was admitted, and evidence with respect to arson was relevant to the core issue of coverage.

**[9] Federal Civil Procedure 170A ⟬2142.1**

170A Federal Civil Procedure  
    170AXV Trial  
        170AXV(F) Taking Case or Question from Jury  
            170AXV(F)2 Questions for Jury  
                170Ak2142 Weight and Sufficiency of Evidence  
                    170Ak2142.1 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⟬2152**

170A Federal Civil Procedure  
    170AXV Trial  
        170AXV(F) Taking Case or Question from Jury  
            170AXV(F)2 Questions for Jury  
                170Ak2152 k. Conclusions or Inferences from Evidence. Most Cited Cases

**Federal Civil Procedure 170A ⟬2608.1**

170A Federal Civil Procedure  
    170AXVII Judgment  
        170AXVII(E) Notwithstanding Verdict  
            170Ak2608 Evidence  
                170Ak2608.1 k. In General. Most Cited Cases

**Federal Civil Procedure 170A ⟬2609**

170A Federal Civil Procedure  
    170AXVII Judgment  
        170AXVII(E) Notwithstanding Verdict  
            170Ak2608 Evidence  
                170Ak2609 k. Construction of Evidence. Most Cited Cases  
If the facts and inferences point so strongly and overwhelmingly in favor of one party that the court believes that reasonable men could not arrive at a contrary verdict, granting of a motion for directed verdict is proper.

**[10] Insurance 217 ⟬3376**

217 Insurance  
    217XXVII Claims and Settlement Practices  
        217XXVII(C) Settlement Duties; Bad Faith  
            217k3373 Amount and Items Recoverable  
                217k3376 k. Punitive Damages. Most Cited Cases  
Under Texas law, even if the insurer has no reasonable basis to deny or delay payment of the claim, the plaintiff may not recover punitive damages on that basis alone. V.T.C.A., Civil Practice & Remedies Code § 41.003(a).

**[11] Insurance 217 ⟬3376**

217 Insurance  
    217XXVII Claims and Settlement Practices  
        217XXVII(C) Settlement Duties; Bad Faith  
            217k3373 Amount and Items Recoverable  
                217k3376 k. Punitive Damages. Most Cited Cases  
Under Texas law, punitive damages are justified on the basis of an insurer's bad faith only when bad faith is accompanied by malicious, intentional, fraudulent, or grossly negligent conduct.

**[12] Insurance 217 ⟬3376**

217 Insurance  
    217XXVII Claims and Settlement Practices  
        217XXVII(C) Settlement Duties; Bad Faith  
            217k3373 Amount and Items Recoverable  
                217k3376 k. Punitive Damages. Most Cited Cases  
Under Texas law, to recover punitive damages based on insurer's bad faith, the insured must demonstrate that the insurer was actually aware that its action would probably result in extraordinary harm not ordinarily associated with breach of contract or bad faith denial of a claim-such as death, grievous physical injury, or financial ruin.

**[13] Insurance 217 ⟬3376**

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 5 of 9
Case 1:04-cv-00141  Document 162-2  Filed in TXSD on 05/01/2008  Page 4 of 8

--- F.3d ----  
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))  
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 4

217 Insurance  
   217XXVII Claims and Settlement Practices  
      217XXVII(C) Settlement Duties; Bad Faith  
         217k3373 Amount and Items Recoverable  
            217k3376 k. Punitive Damages. Most Cited Cases

Under Texas law, insured homeowners were not entitled to recover punitive damages, in action against homeowners insurer, for breach of contract and breach of duty of good faith and fair dealing, based on insurer's failure to provide coverage for loss to home and contents resulting from intentionally set fire; there was no showing that insurer's demands for homeowners' financial documents were fraudulent, grossly negligent, or resulted in extraordinary harm, or that insurer engaged in an intentional or fraudulent campaign to have homeowners arrested for arson.

Gustavo Ch. Garza, Los Fresnos, TX, Rene B. Gonzalez (argued), Brownsville, TX, for Plaintiffs-Appellees-Cross-Appellants.  
Levon G. Hovnatanian (argued), Bruce Edwin Ramage, Martin, Disiere, Jefferson & Wisdom, Warren Royal Taylor, Taylor & Taylor, Houston, TX, for State Farm Lloyds of Texas.

Appeals from the United States District Court for the Southern District of Texas.

Before REAVLEY, BENAVIDES and ELROD, Circuit Judges.

BENAVIDES, Circuit Judge:  
*1 This case involves the recovery of funds under a fire insurance policy. The jury found in favor of Appellees and awarded them in excess of $250,000. We find that the district court committed reversible error when it admitted evidence that a grand jury did not indict Appellee Luis Muñoz for arson. Therefore, we REVERSE and REMAND for a new trial.

I.

Appellant State Farm Lloyds ("State Farm") provided a homeowners insurance policy, including fire insurance coverage, to Appellees Carmella Villarreal-formally known as Carmella Muñoz-and Luis Muñoz (collectively, "the Muñozes"). On January 2, 2003, the Muñozes sought coverage for loss to their home and its contents, that resulted from an undisputedly intentionally set fire. There was evidence to suggest that the Muñozes intentionally set the fire. The Muñozes claimed that the fire was set by their next-door neighbors, the Cavazoses. The police regarded both Mr. Muñoz and the Cavazoses as suspects.

State Farm investigated the claim and believed that the Muñozes might have had a financial incentive to set the fire. Pursuant to the policy's condition precedent that an insured provide requested documents, on January 8, 2003, State Farm requested that the Muñozes fill out a Personal Property Inventory Form, which the Muñozes returned on January 13. On January 28, Tom Reed, an adjuster from State Farm's Special Investigation Unit, told Mr. Muñoz that an additional investigation was necessary, including reviewing the Muñozes' financial condition. On March 18, Mr. Reed sent a letter requesting records that would show Mr. Muñoz's income for 2001 through 2003. The Muñozes delivered some financial documents in April and June 2003. However, State Farm claimed that it never received all the necessary financial documents, so it was unable to grant or deny coverage. Thus, the claim remained open and the Muñozes did not receive money under the policy, except for a monthly stipend for living expenses.

The Muñozes filed suit in Texas state court on May 11, 2004, alleging breach of contract, violations of the insurance code, and breach of the duty of good faith and fair dealing. State Farm removed the case to federal court, asserting: (1) the Muñozes had not complied with the policy's condition precedent of providing requested documents; and (2) the Muñozes could not recover because they had set fire to their house. Before trial, the parties stipulated that the fire was intentionally set. During trial,

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----  
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))  
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 5

State Farm presented evidence that Mr. Muñoz failed a polygraph exam. Subsequently, the Muñozes presented evidence that a grand jury did not indict Mr. Muñoz for arson.[FN1] State Farm timely objected to the non-indictment evidence under Federal Rules of Evidence 401 and 403. At the close of evidence, the district court orally granted State Farm's motion for directed verdict on the issue of malice and punitive damages.

On February 22, 2006, the jury found that: (1) the Muñozes had complied with the condition precedent; (2) State Farm breached the policy; (3) the Muñozes were not responsible for starting the fire; (4) the Muñozes sustained $148,000 in damages for repairs to their home and $82,700 for repairing/replacing the contents; (5) State Farm breached the duty of good faith and fair dealing because it failed to conduct a reasonable investigation, failed to provide a reasonable explanation of the factual or legal bases for denying the claim, and failed to affirm or deny coverage within a reasonable time; (6) the Muñozes were entitled to $10,000 each in mental anguish damages; and (7) State Farm engaged in the conduct knowingly-although the jury did not award extra damages based on this finding.

*2 State Farm filed a Rule 59 motion for new trial, arguing that "the admission of evidence regarding the grand jury 'no bill' of Mr. Muñoz was an erroneous ruling which substantially prejudiced State Farm, and was so prejudicial that it was not curable by instruction or otherwise."[FN2] The district court denied State Farm's motion for new trial, and State Farm timely appeals. The Muñozes cross-appeal the district court's grant of State Farm's motion for directed verdict on the issue of malice and punitive damages.

II.

[1][2]"We will reverse the trial court's denial of a motion for new trial only when there is a clear showing of an abuse of discretion."*Dawsey v. Olin Corp.,* 782 F.2d 1254, 1261 (5th Cir.1986)."An abuse of discretion exists if we are firmly convinced that the district court made a mistake in admitting challenged evidence."*Stockman v. Oakcrest Dental Ctr., P.C.,* 480 F.3d 791, 797 (6th Cir.2007).

III.

A. Evidence of a Grand Jury's Decision Not to Indict Mr. Muñoz

State Farm argues that the district court committed reversible error when it admitted evidence of a grand jury's decision not to indict Mr. Muñoz for arson. We agree.

[3] Several of our sister circuits have considered the issue of introducing evidence of non-prosecution or acquittal of arson in a civil case regarding insurance proceeds. They have uniformly held that such evidence is impermissible because it is highly prejudicial. As the Fourth Circuit stated: "We adopt and apply here the rule that a federal trial court commits reversible error when it permits the plaintiff in a suit for fire insurance proceeds to present evidence of his nonprosecution or acquittal on related criminal arson charges."*Rabon v. Great Sw. Fire Ins. Co.,* 818 F.2d 306, 309 (4th Cir.1987); *see also Kelly's Auto Parts, No. 1, Inc. v. Boughton,* 809 F.2d 1247, 1253 (6th Cir.1987); *Am. Home Assurance Co. v. Sunshine Supermarket, Inc.,* 753 F.2d 321, 325 (3d Cir.1985); *Galbraith v. Hartford Fire Ins. Co.,* 464 F.2d 225, 227-28 (3d Cir.1972). The Sixth Circuit found that "[j]ury instructions are inadequate ... to cure the inherent prejudice involved" in improperly admitted evidence of non-prosecution for arson. *Kelly's Auto Parts,* 809 F.2d at 1254.These holdings rely upon the fact that "such evidence goes directly to the principal issue before the jury and is highly prejudicial."*Rabon,* 818 F.2d at 309.Furthermore, "[t]he inadmissibility of evidence of non-prosecution ... comports with the general rule that evidence of an acquittal in a criminal arson case is inadmissible in a civil arson case."[FN3]*Am. Home Assurance Co.,* 753 F.2d at

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----  
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))  
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 6

325.We agree with our sister circuits and find that the court below committed reversible error.

The Muñozes present two theories under which they contend-even if the non-indictment evidence was improperly introduced-a remand is unnecessary. First, the Muñozes argue that State Farm "opened the door" to evidence of Mr. Muñoz's non-indictment because State Farm presented inadmissible evidence that Mr. Muñoz failed a polygraph exam. Second, the Muñozes argue that State Farm waived any error under the "invited error" doctrine. Both arguments lack merit.

*3 [4][5] The Muñozes' first argument fails because "this Court has denounced the per se rule that polygraph examinations are inadmissible."*Gibbs v. Gibbs,* 210 F.3d 491, 500 (5th Cir.2000); *see also United States v. Posado,* 57 F.3d 428, 434 (5th Cir.1995). Rather, "the standards announced in *Daubert* control the admissibility of such results."*Gibbs,* 210 F.3d at 500.Neither party alleges that the polygraph results were improperly admitted under *Daubert,* and the Muñozes did not even object to the introduction of such evidence at trial. Therefore, there is no support for the contention that the polygraph evidence was inadmissible, and the door was not opened to evidence of Mr. Muñoz's non-indictment.

[6] The Muñozes' second argument stems from the district court judge's acknowledgment that she "made a mistake" in admitting the non-indictment evidence. Specifically, the Muñozes rely upon the following colloquy, which occurred at the close of evidence before sending the case to the jury:

The Court: Now, are [you] going to mention the no bill in your closing?

Mr. Garza [counsel for the Muñozes]: I intended to.

The Court: Okay. What is the language of the instruction that you would ask me to give to the jury?

[State Farm counsel]: First of all, I would ask that [Mr. Garza] be instructed not to mention it. If he does mention it, I would ask the Court at that time to instruct the jury not to consider the absence of prosecution or the no bill for any purpose.

The district court judge then ordered Mr. Garza not to mention the non-indictment evidence in his closing argument, and he complied. The Muñozes argue that State Farm received the exact relief it requested-an order not to mention the evidence during closing argument-and thereby waived any error under the invited error doctrine. The invited error doctrine provides that "a party may not complain on appeal of errors that he himself invited or provoked the court ... to commit."*United States v. Sharpe,* 996 F.2d 125, 129 (6th Cir.1993) (internal quotation marks and citation omitted); *United States v. Green,* 272 F.3d 748, 754 (5th Cir.2001) ("The doctrine of invited error provides that when injection of inadmissible evidence is attributable to the actions of the defense, the defense cannot later object to such invited error.") (internal quotation marks omitted).

[7][8] We find that the invited error doctrine does not apply to State Farm because it did not "invite" the error below, and it has not otherwise waived its claim for relief. State Farm timely objected to the impermissible evidence. After the district court realized its mistake, State Farm was presented with the fact that Mr. Garza intended to reference the non-indictment evidence during closing argument. The district court asked State Farm for "the language of the instruction" it desired. In requesting that Mr. Garza not be permitted to mention the evidence, State Farm was merely attempting to prevent further prejudicial error. To say that State Farm "invited" or "provoked" the error below would impermissibly stretch the doctrine of invited error beyond its traditional scope. State Farm did not abandon, waive, or otherwise sanction the district court's initial error of admitting the non-indictment evidence-State Farm timely objected

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))
(Cite as: --- F.3d ----, 2008 WL 836396)

Page 7

and was overruled. Given the highly prejudicial nature of the non-indictment evidence, we find that the district court abused its discretion and committed reversible error, notwithstanding its good faith attempt to remedy its mistake. Accordingly, State Farm is entitled to a new trial.

*4 Because the evidence with respect to arson was relevant to the core issue of coverage (i.e., if the Muñozes set the fire then they are not entitled to coverage), and that coverage issue is also a necessary component of any bad faith claim, we must also vacate and remand the jury's finding that State Farm breached the duty of good faith and fair dealing.

B. The Muñozes Cross-Appeal

[9] In their cross-appeal, the Muñozes argue that the district court erred in granting State Farm's motion for directed verdict on the issue of malice and punitive damages. The standard of review for a motion for a directed verdict is outlined in *Boeing Company v. Shipman*: "If the facts and inferences point so strongly and overwhelmingly in favor of one party that the Court believes that reasonable men could not arrive at a contrary verdict, granting of the motion [ ] is proper."411 F.2d 365, 374-75 (5th Cir.1969) (en banc), *overruled on other grounds by Gautreaux v. Scurlock Marine, Inc.,* 107 F.3d 331 (5th Cir.1997). The standard governing directed verdicts remains the same on appeal. *Tutor v. Ranger Ins. Co.,* 804 F.2d 1395, 1398 (5th Cir.1986).

[10][11][12] Under Texas law, punitive damages may be awarded "only if the claimant proves by clear and convincing evidence that the harm ... results from: (1) fraud; (2) malice; or (3) gross negligence."TEX. CIV. PRAC. & REM.CODE § 41.003(a)."Even if the insurer has no reasonable basis to deny or delay payment of the claim, the plaintiff may not recover punitive damages on that basis alone."*Transp. Ins. Co. v. Moriel,* 879 S.W.2d 10, 18 (Tex.1994) (internal quotation marks omitted). Punitive damages are justified only when bad faith is "accompanied by malicious, intentional, fraudulent, or grossly negligent conduct."*Id.* The insured must demonstrate that the insurer " 'was actually aware that its action would probably result in extraordinary harm not ordinarily associated with breach of contract or bad faith denial of a claim-such as death, grievous physical injury, or financial ruin.'"*State Farm Fire & Cas. Co. v. Simmons,* 963 S.W.2d 42, 47 (Tex.1998) (quoting *Moriel,* 879 S.W.2d at 24).

[13] The Muñozes claim that evidence presented at trial demonstrates an intentional and fraudulent campaign to have Mr. Muñoz arrested for arson, despite State Farm's knowledge that there was no supporting evidence-either direct or circumstantial. This assertion lacks merit. As the district court found, there is no evidence that State Farm's demands for financial documents were fraudulent, grossly negligent, or resulted in extraordinary harm. Thus, the district court properly granted State Farm's motion for directed verdict as to punitive damages.

IV.

*5 Therefore, the judgment of the court below is REVERSED and REMANDED for proceedings not inconsistent with this opinion. The judgment as to the Muñozes' cross-appeal is AFFIRMED.

> FN1. Over objection by State Farm, the district court admitted testimony that the grand jury did not indict Mr. Muñoz and in fact returned a "no-bill."
>
> FN2. State Farm also filed a motion to alter or amend the judgment and a motion for judgment as a matter of law. The district court denied these motions. Because we find that a new trial is warranted under Rule 59, we do not address the merits of these two motions.
>
> FN3. In this case, the jury was told that a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

--- F.3d ----
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))
**(Cite as: --- F.3d ----, 2008 WL 836396)**

Page 8

grand jury had considered a charge of arson and "Mr. Muñoz was not charged as a criminal on this offense."The fact that this case involves non-indictment of arson-rather than non-prosecution or acquittal-does not change our conclusion."[P]rosecutorial discretion may take into account many other factors not relevant in a civil suit."*Am. Home Assur. Co.,* 753 F.2d at 325.Similarly, a grand jury's decision not to indict is not authoritative in a civil suit:

> One grand jury's refusal to indict does not conclusively establish that there is insufficient evidence to warrant a trial. There are many reasons why the prosecution may present an insufficient case before the grand jury even though there is ample evidence to sustain a conviction. The prosecutor is not required to present his or her entire case before the grand jury. When an abbreviated version of the government's case is presented for the sake of efficiency and convenience, the grand jury may conclude that the evidence before it is not sufficient to support an indictment. In other cases an investigation continues after the grand jury rejects an indictment, and additional evidence is discovered to make a stronger case against the accused.
>
> Beale et al., *Grand Jury Law and Practice* § 8.6 (2d ed.2007). Therefore, the logic of our sister circuits applies with equal force here.

C.A.5 (Tex.),2008.
Mu%25noz v. State Farm Lloyds of Texas
--- F.3d ----, 2008 WL 836396 (C.A.5 (Tex.))

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.