IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ, et al., | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | Civil No. B-04-141 |
| STATE FARM LLOYDS, et al., | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | |

BENINO CAPETILLO'S REQUEST FOR RECONSIDERATION OF HIS PRIOR
MOTIONS FOR THIRD PARTY RELIEF IN VIEW OF JURISDICTION
REPOSED BY REMAND TO TRIAL COURT, OR ALTERNATIVELY, NEW
MOTION FOR RECOGNITION OF AMENDED TURNOVER ORDER AND
MOTION TO PAY PROCEEDS INTO THE REGISTRY OF THE COURT FOR
SATISFACTION OF TURNOVER ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BENINO CAPETILLO, Intended Joining Third Party or Intervener in the
above-entitled and numbered cause, and files this his Request for Reconsideration of his prior
motions for Intervention, Recognition State Court Turnover Order, and Payment of Potential
Proceeds into the Registry of this Court, or alternatively his new request for the same relief,
showing unto the Court as follows:

I.
PROCEDURAL HISTORY

1.    On November 11, 2007, Benino Capetillo, holder of a judgment against Luis C. Munoz,

filed his original Motion to Intervene, Dkt. No. 149, with attachments, asking this Court

Benino Capetillo's Motion for Recognition of Amended Turnover Order

to recognize the Amended Turnover Order of State District Court Judge Migdalia Lopez, signed April 16, 2007. Additional exhibits were filed on December 5, 2007, Dkt. No. 153. On January 18, 2008, this Court issued its Opinion and Order denying Benino Capetillo's Motion to Intervene for the reason that this Court lacked jurisdiction over the Motion, following an effective Notice of Appeal that preceded Mr. Capetillo's Motion. Also for lack of jurisdiction, this Court subsequently denied Mr. Capetillo's request to perpetuate his motions pending the outcome of the appeal, by Order dated March 3, 2008.

2.    On April 29, 2008, this Court set the underlying case for retrial, jury selection to commence on June 2, 2008. Jurisdiction again resides in this Court over the controversy.

## II.    REQUEST FOR RELIEF

3.    It appears to the Movant that statutory authority supporting the recognition of this Final Judgment, via the Amended Turnover Order exists in the Fifth Circuit, " '28 U.S.C. § 1738 provides that the authenticated acts, records, and judicial proceedings of all state and territorial courts "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.' Under the compulsion of this statute federal courts are required to give full effect to the final judgments of state courts, subject only to narrowly circumscribed avenues of collateral attack. Midessa Television Co. v. Motion Pictures for Television, 5 Cir. 1961, 290 F.2d 203," as cited in *Hazen Research, Inc. v. Omega Minerals, Inc., 497 F.2d 151, 1974 U.S. App. (5th Cir. Ala. 1974)* dealing with a state court judgment

pursued in United States District Court.  Even if this Court only recognizes the Amended Turnover Order and does not order payment into the registry, at this or any point in time, greater effect will still be given to the Final Judgment.

4.    The Amended Turnover Order specifically relates to the instant cause of action, and grants Capetillo an interest in the same.  It further states that State Farm Lloyds shall receive notice of the turnover of an interest equal to the Final Judgment's sum, plus interest on that sum.  With respect to Capetillo's final judgment against Mr. Munoz, there has been absolutely no effort made to satisfy the debt, since well before the time Mr. Munoz's counsel resisted the Motion to Intervene, and no assurance has been offered of compliance.  As State Farm Lloyds was not a party to the state court litigation, the Amended Turnover Order could not actually require State Farm Lloyds to take any particular course of action, and so it appears that only through this Motion can effect be given to the Amended Turnover Order, namely, this Court could order any payment to be made into the registry, an act by State Farm Lloyds over whom this Court has jurisdiction, for satisfaction of the Final Judgment.

5.    As the Intended Intervener could not discern from this Court's Opinion and Order that his prior Motions for Recognition of the Turnover Order and Payment into the Registry would be deniable on any other grounds than lack of jurisdiction, Mr. Capetillo would request again essentially the same relief urged in his prior Motions, but would add herein the additional reasons that, by virtue of having been granted a limited interest in the instant cause of action (monies due or arising), Mr. Capetillo may properly bring this

Motion as a third party claim under the Federal Rules of Civil Procedure relating to Joinder, as well as Intervention, F.R.C.P 18, 19, 20 and 24, especially 19(a)(2)(i) dealing with persons seeking to protect an interest which would be impeded as a practical matter if not allowed to join.

6.   Mr. Capetillo would incorporate by reference the attached exhibits and pleadings, existing already as part of the record, namely his original Motion to Intervene, Dkt. No. 149, and his additional exhibits filed on December 5, 2007, Dkt. No. 153, the same as if fully set forth herein.

7.   The Amended Turnover Order from State District Court, 197th Judicial District, did apply to but is not limited by its wording to the now-vacated judgment previously obtained by Luis Munoz and former wife Carmela.  Although there was a judgment at the time of the Amended Turnover Order, it was already appealed, and so the Amended Turnover Order was not worded so as to pertain only to that judgment, and expressly grants Capetillo an interest equal to the value of *his* judgment "with respect to all monies due or arising from *Luis C. Munoz And Carmela Munoz v. State Farm Lloyds*, Cause B-04-141," in an award to Luis Munoz arising under this cause, and further prohibits Luis Munoz from alienating his interest, among other things.  The Amended Turnover Order closes saying Munoz can "do nothing to impair Plaintiff Capetillo's ability to recover on his Final Judgment, <u>with respect to sums that may come due</u> under *Luis C. Munoz And Carmela Munoz v. State Farm Lloyds*, Cause B-04-141 (emphasis added), which would include a superseding judgment or settlement agreement.  The relief sought in the Motion though recognition in

this Court effectuates the Movant's rights at law in 28 U.S.C. § 1738 and the Texas turnover statute, C.P.R.C 31.002 et seq. Moreover, the debt of money giving rise to Capetillo's Final Judgment against Munoz in all likelihood traces to some of the property loss claimed in the instant case.

8.      Mr. Capetillo's request for recognition also includes requesting appropriate enforcement by this Court so as to give it effect in this proceeding, where this Court has jurisdiction to over State Farm Lloyds and Luis Munoz. Payment of potential proceeds into the registry, regardless of whether those proceeds result from judgment, settlement or otherwise, would prevent Luis Munoz from violating several provisions of the Amended Turnover Order, thereby giving full faith and effect to State Court Final Judgment, by and through the Amended Turnover Order.

## PRAYER

The Movant Benino Capetillo respectfully prays for this and other such relief as he may be justly entitled.

Dated and Signed electronically this day, May 7, 2008,

Respectfully submitted,

ANTHONY & MIDDLEBROOK, P.C.
By:/s/ *David R. Joe*
David R. Joe
Texas Bar No. 24003872
Federal ID No.34002
1702 E. Tyler Street, Suite 1
Harlingen, TX, 78550
Office: (956) 428-5500
Fax: (956) 428-5518
ATTORNEY FOR BENINO CAPETILLO

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the Attorneys of Record of all parties to the above cause in accordance with the Federal Rules of Civil Procedure, on the 7th day of May, 2008, as follows:

**VIA CM/ECF (Or facsimile by May 8, 2008)**

Mitchell Chaney
Joseph Rodriguez
Sarah Nicolas
**Plaintiffs' Counsel**

Levon G. Hovnataian;
Rene O. Oliveira;
Warren Royal Taylor
**Defendant's Counsel**

**By:/s/** *David R. Joe*
**DAVID R. JOE**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **MUNOZ, et al.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | |
| | § | **Civil No. 1:04-CV-0014** |
| **STATE FARM LLOYDS, et al.,** | § | |
| | § | |
| | § | |
| | § | |
| **Defendants.** | § | |

**PROPOSED ORDER ON**

**RULE 24 MOTION TO INTERVENE BY BENINO CAPETILLO,**

**MOTION TO RECOGNIZE TURNOVER ORDER,**

**MOTION PAY POTENTIAL PROCEEDS INTO REGISTRY OF COURT
FOR SATISFACTION OF TURNOVER ORDER**

On the _____ day of _____ this Court considered the Motions of the Intervener, Benino Capetillo, in the above-entitled and numbered cause, and having considered the motions, attachments, and pleadings of the Parties, finds and hereby Orders as follows::

Grants _____ / Denies _____ the Motion to Intervene;

Grants _____ / Denies _____ the Motion to Recognize the Amended Turnover Order;

Grants _____ / Denies _____ the Motion to Order State Farm Lloyds to pay any potential proceeds, settlement or obligatory, into the Court's Registry and receive full credit.

Benino Capetillo's Motion for Recognition of Amended Turnover Order

Signed on the _____ day of _____, 200__.


_____
JUDGE PRESIDING

CAUSE NO. 03-346

| | | |
|---|---|---|
| BENINO CAPETILLO, an Individual, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| Vs. | § | WILLACY COUNTY, TEXAS |
| LUIS C. MUNOZ, Individually, And MUNOZ ROOFING COMPANY, | § | |
| *Defendants.* | § | 197ᵗʰ JUDICIAL DISTRICT |

**PLAINTIFF'S AMENDED TURNOVER ORDER
PURSUANT TO CHAPTER 31.002 ET SEQ.
CIVIL PRACTICE & REMEDIES CODE**

On this ____ day of April, 2007, this Court, having already considered the Plaintiff's Post-Judgment Motion And Application Turnover Order, and having considered the Plaintiff's Motion to Modify the Turnover Order, as well as the pleadings, arguments and evidence presented, is of the opinion that said Motion to Modify should be GRANTED.

1. IT IS THEREFORE, ORDERED that this Order supersedes the prior Turnover Order of February 20, 2007, and that with respect to all monies due or arising from *Luis C. Munoz And Carmela Munoz v. State Farm Lloyds,* Cause B-04-141, Luis C. Munoz: a) shall and hereby does turnover an interest in his award in the preceding referenced Cause equal to the Final Judgment's sum of $61,689.00, plus interest on that sum at the annual rate of ten percent, from May 11, 2006, which State Farm Lloyds shall receive Notice of, b) do nothing to alienate or jeopardize his interest, c) shall not negotiate or approve the negotiation of any monetary instruments he may receive from that Cause, before first contacting and reaching agreement with David R. Joe, counsel for plaintiff, on the manner of negotiation to assure payment to Capetillo, d) that failing to reach such an agreement for any reason, Munoz shall seek this Court's approval prior to any negotiation, e) shall refuse to utilize, transfer or convey any sums prior to the satisfaction of Capetillo's Final Judgment, f) do nothing to

Amended Turnover Order

3:15pm
FILED
APR 2 3 2007

Page 1 of 2

CERTIFIED COPY

HPR-16-2001 MON 12:04 PM    WILLACY CTY DIST CLERK    9568895713    P. 02

impair Plaintiff Capetillo's ability to recover on his Final Judgment, with respect to sums that may come due under *Luis C. Munoz And Carmela Munoz v. State Farm Lloyds*, Cause B-04-141.

2.  IT IS FURTHER ORDERED that STATE FARM LLOYDS shall be duly credited with respect to its said legal proceeding, in the event of a payment it may make, if any, to Plaintiff.

Singed on the 16th date April of 2007.

*Migdalia Lopez*

JUDGE PRESIDING

A TRUE COPY OF THE ORIGINAL
I CERTIFY, THIS ____23rd____ DAY OF
____April____ 20 07

GILBERT LOZANO, DISTRICT CLERK
WILLACY COUNTY TEXAS
BY _____ DEPUTY

Amended Turnover Order

Page 2 of 2

CERTIFIED COPY



CAUSE NO. 03-346

| | |
|---|---|
| BENINO CAPETILLO,<br>an Individual, | §    IN THE DISTRICT COURT |
|      *Plaintiff,* | §<br>§<br>§ |
| Vs. | §    WILLACY COUNTY, TEXAS |
| LUIS C. MUNOZ,<br>Individually, And<br>MUNOZ ROOFING<br>COMPANY, | §<br>§<br>§<br>§<br>§ |
|      *Defendants.* | §    197th JUDICIAL DISTRICT |

**PLAINTIFF'S AMENDED TURNOVER ORDER**
**PURSUANT TO CHAPTER 31.002 ET SEQ.**
**CIVIL PRACTICE & REMEDIES CODE**

On this _____ day of _April_, 2007, this Court, having already considered the Plaintiff's Post-Judgment Motion And Application Turnover Order, and having considered the Plaintiff's Motion to Modify the Turnover Order, as well as the pleadings, arguments and evidence presented, is of the opinion that said Motion to Modify should be GRANTED.

1.     IT IS THEREFORE, ORDERED that this Order supersedes the prior Turnover Order of February 20, 2007, and that with respect to all monies due or arising from *Luis C. Munoz And Carmela Munoz v. State Farm Lloyds,* Cause B-04-141, Luis C. Munoz: a) shall and hereby does turnover an interest in his award in the preceding referenced Cause equal to the Final Judgment's sum of $61,689.00, plus interest on that sum at the annual rate of ten percent, from May 11, 2006, which State Farm Lloyds shall receive Notice of, b) do nothing to alienate or jeopardize his interest, c) shall not negotiate or approve the negotiation of any monetary instruments he may receive from that Cause, before first contacting and reaching agreement with David R. Joe, counsel for plaintiff, on the manner of negotiation to assure payment to Capetillo, d) that failing to reach such an agreement for any reason, Munoz shall seek this Court's approval prior to any negotiation, e) shall refuse to utilize, transfer or convey any sums prior to the satisfaction of Capetillo's Final Judgment, f) do nothing to

Amended Turnover Order

Page 1 of 2

3:15pm
FILED
APR 2 3 2007

CERTIFIED COPY