# The Beck Company

893 N. I-35, Suite 120
Round Rock, Texas 78664

Telephone: 512-244-1779                                                                 Fax: 866-644-5528

**VIA EMAIL (MC.CHANEY@RCCLAW.COM) & REGULAR U.S. MAIL**

August 15, 2008

Mitchell Chaney, Esq.
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
1201 East Van Buren
P.O. Box 2155
Brownsville, TX 78522

EXPERT'S REPORT

RE: *Luis C. Munoz and Carmela Munoz v. State Farm Lloyds*

Dear Mr. Chaney:

    This report is rendered pursuant to Rule 26, FRCP. I am qualified to make this report based on my background, education and special training. I bill at the rate of $200 per hour. A copy of my *curriculum vitae* and a list of cases in which I have given testimony by deposition or at trial are attached hereto.

    You have asked for my opinions, conclusions and mental impressions regarding the policy and claim thereunder made the basis of the lawsuit. To this end, I have reviewed a variety of documents, a list of which is attached as Exhibit I.

    Based on the foregoing, I have several opinions and observations, to wit:

1. This is an action brought alleging "Bad Faith," *inter alia* against State Farm in the handling of an arson case that involved Luis C. Munoz' house fire.

2. Arson is a covered peril in Texas dwelling and Homeowners' policies.

3. Put another way, arson is not excluded *per se*.

4. Arson is only excluded and a bar to recovery under the policy if it can be established that the arsonist is the *Insured*.

5. In the instant matter, Munoz was the Insured.

Mitchell Chaney, Esq.
August 15, 2008
Page Two

6. Early on, State Farm identified Munoz and Cavazos, the next door neighbor as suspects.

7. At least initially, both met the three prong test of (a) opportunity, (b) motive and (c) arson. However, it later became evident, even according to State Farm, that Munoz did not have all the elements necessary to be a suspect.

8. Notwithstanding a lengthy statement by Cavazos, State Farm focused almost exclusively on Munoz.

9. State Farm appears to have been predisposed to deny this claim by focusing on Munoz as the arsonist and establishing the bar to recovery.

10. Under the circumstances, insurance protocols require that a "Firewall" be created to separate the ongoing claim adjustment from the collateral and concurrent arson investigation.

11. This was not done.

12. State Farm owes an unabated duty of good faith and fair dealing to its Insured, Munoz, in his fire loss claim.

13. Until and unless State Farm establishes that Munoz is the arsonist they are bound to deal with him in good faith.

14. Only if and once Munoz is established as the arsonist, State Farm is duty bound to promptly deny the claim in writing, pursuant to terms of the policy contract, industry standards, Texas common law and Texas regulatory law.

15. To this day, State Farm has never formally denied the claim...in writing.

16. State Farm has clearly denied the claim *de facto* and it has been denied improperly.

17. Based on the foregoing, it is my opinion that State Farm breached the duty of good faith and fair dealing owed to Munoz.

18. State Farm's conduct violates the policy language and is a breach of contract.

19. State Farm negligently handled the claim by failing to meet the standard of care an Insurer owes to its Insured in adjusting a claim.

20. State Farm is negligent *per se*.

Mitchell Chaney, Esq.
August 15, 2008
Page Three

22. State Farm's conduct violates the TX INS CODE.

23. State Farm's conduct violates the TX Admin Code.

This report is necessarily preliminary. Please let me know if you have any questions or comments. I reserve the right to amend this report as more discovery is had.

Very truly yours,

Gary G. Beck
President

cc: JA.Rodriguez @rcclaw.com
    Steve.Goehring@rcclaw.com

Enclosures:   *Curriculum Vitae*
              Rule 26 Case List
              Exhibit I