**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| **LUIS C. MUNOZ AND** | § | **CAUSE NO B-04-141** |
| **CARMELA MUNOZ** | § | |
| | § | |
| **VS.** | § | |
| | § | |
| **STATE FARM LLOYDS** | § | **JURY DEMANDED** |

**DEFENDANT STATE FARM LLOYDS' MOTION TO COMPEL**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

    Defendant State Farm Lloyds files its Motion to Compel as follows:

**A.  Introduction**

    1.  This is an insurance case with allegations of bad faith, arising out of a fire at the Munoz home.  The case was tried to a verdict in favor of the Munozes in February 2006.  The Fifth Circuit Court of Appeals reversed and remanded for new trial in March 2008.  The case is currently set for trial on November 3, 2008.

    2.  One of the issues is whether Munoz complied with terms of his policy by providing bank records to State Farm.  The purpose of this motion is to compel production of certain months of bank records that were never provided to State Farm, either before suit or in discovery.  Additionally, since the trial, evidence has come to light that suggests Mr. Munoz may not have told the whole truth pertaining to his finances.  State Farm therefore seeks to compel an additional deposition of Mr. Munoz to explore this newly discovered information.  The evidence and reasoning supporting this motion are detailed below.

### A. Bank Records

3.   Before suit was filed, State Farm requested financial documentation showing Mr. Munoz's income in the months leading up to the fire.  Despite numerous requests, Mr. Munoz never provided bank records for May 2002, November 2002, or, on one of his business accounts, December 2002.[1]  The fire occurred on January 1, 2003.

4.   Throughout trial, Munoz and his counsel created great confusion as to what records were actually produced, claiming at various times that they had "produced everything they had", "complied with State Farm's requests", and even, at one point, claiming that defendant's trial Exhibit 47 contained the missing months. (Exh. 1, 2006 trial transcript, p. 937, 938) Actually, none of the exhibits at trial contains the missing records for May, November, or December 2002.  When requested by the Court, Plaintiffs' counsel was unable to locate the missing months in any of the trial exhibits.  (See discussion in Exh. 1, pp.1375-1382, 1388-1390; 1444-1446)

5.   Significantly, Mr. Munoz testified that in 2004 he personally went to his bank and requested copies of bank statements for the entire 2002 calendar year and provided those statements to his attorney, Mr. Garza.  (Exh. 1, p. 937, 941) (Mr. Garza then in turn, provided those statements to his wife, Ms. Galarza, an accountant who prepared Mr. Munoz's 2002 tax return.)  At the time Mr. Munoz obtained the records, State Farm had requested them but they had never been provided. Since June 2005, Munoz and his attorney have been under a Request for Production in this case for all bank statements for Luis Munoz and Munoz Roofing. (Exh. 2) Under Rule 34 of the Federal Rules of Civil Procedure, Mr. Munoz and his counsel were under an obligation to provide those

---

1      There were also numerous pages missing from the months provided, hence the request for Munoz to provide all statements for 2002.

records to State Farm in this lawsuit.  They have completely failed to do so and, by opposing this motion, are refusing to do so.

6.  On May 6, 2008, undersigned counsel wrote to Mitch Chaney, new counsel for Mr. Munoz, and asked for a copy of the records that were provided to Ms. Galarza, pointing out those records were the subject of a pending request at the time they were obtained by Mr. Munoz and should have been provided to State Farm in 2005.  (Exh. 3) Mr. Chaney responded with a letter eerily similar to the argument made at trial, even stating (falsely) that those records were part of defendant's exhibits (Exh. 4).

7.  Plaintiffs and their counsel are deliberately creating confusion by refusing to comply with a valid Federal discovery request, and by mis-characterizing their prior compliance, or more precisely, noncompliance, with State Farm's discovery requests and pre-suit requests for information.  All such confusion could be avoided if plaintiffs would simply produce the records for 2002 that plaintiff Munoz testified under oath he had actually obtained and given to Ms. Galarza.

8.  In an attempt to obtain the records directly from Galarza, State Farm issued a deposition on written questions through Team Legal, legal records services company.  Ms. Galarza has refused to produce the records unless she is paid a fee of $2,256.25, which is believed to be close to one dollar a page.  (Exh. 5, Affidavit of Alicia Haney).  The quoted fee is unreasonable and is a further attempt by plaintiffs to avoid complying with their obligations under Rule 34 of the Federal Rules of Civil Procedure.

9.  Accordingly, State Farm moves this court to compel plaintiffs to produce the 2002 bank records that Luis Munoz testified he personally obtained during the lawsuit and gave to his accountant.

### B. Deposition of Mr. Munoz

10.  At trial in February 2006, Mr. Munoz gave testimony under oath which appears to be contradicted by subsequent events.  Specifically, Mr. Munoz testified that he had "equity" in a building he was leasing from Rodriguez Ford.  Although the lease itself was in evidence (Exh.6), and clearly showed a "rent to own" arrangement, Munoz was adamant that he was buying the building and that he had built up $100,000.00 worth of equity.  (Exh. 1, pp. 970, 971, 973) Munoz also denied having any financial difficulties around the time of the fire, and further testified under oath that he was "paying his bills and had always paid his bills".  (Exh. 1, p. 900).

11.  In November 2006, approximately 8 months after Munoz gave this sworn testimony, Rodriguez Ford initiated eviction proceedings.  The paperwork supporting the eviction indicated that Munoz had not paid rent on the building for 22 months leading up to November 2006.  (Exh. 7).  In other words, at the time Munoz gave sworn testimony that he was "paying his bills" and had equity in the building, he was in fact, 14 months behind on his rent and had often been delinquent before then.  State Farm is entitled to depose Mr. Munoz over the discrepancy between his sworn testimony and the documentation filed in November 2006.

12.  Also, at the trial in February 2006, Munoz testified that he had paid down a loan provided to him by Ben Capetillo, to the point where the total amount owed including attorney's fees was $25,000.00.  (Exh. 1, pp. 933, 934).  However, three months after Munoz's testimony, Mr. Capetillo obtained a judgment against Mr. Munoz for $61,480 (and has since intervened in this case to attempt collection of that judgment.) (Exh.8).  State Farm is entitled to depose Mr. Munoz over the discrepancy between his trial testimony and the actual judgment.

13.  Lastly, despite giving a rosy picture of his financial situation and claiming that he had all the resources he needed to meet his obligations, Munoz filed for bankruptcy in November 2006. (Exh. 9)  State Farm is entitled to depose Mr. Munoz over the discrepancy between his trial testimony and his subsequent filing for bankruptcy, and over the financial disclosures in the bankruptcy.

14.  Counsel Warren Taylor and Mitchell C. Chaney conferred in May, 2008,  exchanged correspondence on May 6, 2008, August 13, 2008, and August 14, 2008, and spoke again on Thursday August 28, 2008 and Friday August 29, 2008, in a good faith effort to resolve the matters in dispute, but are unable to reach an agreement. The August 29, 2008 conference call included Tony Rodriguez and Gus Garza, additional counsel for Munoz.  This Motion is opposed.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, State Farm prays that this motion be in all things granted, that Munoz be ordered to produce to State Farm a copy of the 2002 bank records he claims to have provided to his accountant in 2004, and further ordered that State Farm is granted leave to re-depose Mr. Munoz over those records and the three additional matters referenced herein.

Respectfully submitted,

**OF COUNSEL:**

**TAYLOR, TAYLOR & RUSSELL**

By:    /S/Warren Taylor (by permission)
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Ricardo Morado
State Bar No. 14417250
Federal I.D. No. 1213
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing State Farm Lloyds' Motion to Compel has been forwarded to all counsel of record by certified mail, return receipt requested, on this 2nd day of September, 2008.

Mitchell C. Chaney
Joseph Anthony Rodriguez
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
121 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566
(956) 233-5614
(956) 233-6596 Facsimile

    /S/Warren Taylor (by permission)
Warren Taylor

6

## CERTIFICATE OF CONFERENCE

Counsel Warren Taylor, Mitchell C. Chaney conferred in May, 2008, and exchanged correspondence on May 6, 2008, August 13, 2008, and August 14, 2008, and spoke again on Thursday August 28, 2008 and Friday August 29, 2008, in a good faith effort to resolve the matters in dispute but are unable to reach an agreement. This Motion is opposed.

_____/S/Warren Taylor (by permission)_____
Warren Taylor