# LEASE AGREEMENT

This is a lease agreement by and between Kivett-Rodriguez Ford Mercury, Inc., herein referred to as LESSOR and Munoz Roofing Co. with offices and principal place of business located in Raymondville, Willacy County, Texas which is herein referred to as LESSEE.

## Article 1
### Demise and Description of Property

LESSOR hereby leases to LESSEE, and LESSEE hereby leases from LESSOR, that certain real property, hereinafter called leased premises, situated in Willacy County, Texas, and described as follows: Lots Numbered Four (4) and Five (5) and the West ten feet (W. 10 ft.) of Lot number Six (6), Block Number Forth-nine (49), all in the Original Townsite of Raymondville, according to the map or plat thereof recorded in the office of the County Clerk of Willacy County, Texas.

## Article 2
### Term

The term of this lease shall be for a period of     15  years, hereinafter called the lease term, commencing on May 1, 1998 and ending April 30, 2013.

## Article 3
### Rent

For and during the term of this lease, LESSEE shall pay to LESSOR as rent for the leased premises the monthly rental of 620.46 each, payable monthly in advance on the first day of each calendar month, commencing on May 1, 1998 and continuing monthly therefrom until April 30, 2013.

## Article 4
### Use of Premises, Generally

The premises are to be used to conduct the business of Munoz Roofing Co. or other general business purpose.

## Article 5
### No Waste, Nuisance, or Unlawful Use

LESSEE shall not commit, or allow to be committed, any waste on the premises, create or allow any nuisance to exist on the premises, or use or allow the premises to used for an unlawful propose.



PL006088

## Article 6
### Payment of Utilities and Taxes

LESSEE shall pay for all utilities furnished the premises for the term of this lease, including electricity, gas, water and telephone services. As additional rental, LESSEE is to pay all state, city, and county taxes witch may be assessed on the demised premises and they shall be paid by LESSEE prior to becoming delinquent. LESSEE also agrees to pay all assessments that may arise out of the improvements on said property or of the streets or sidewalks surrounding it as additional rental.

## Article 7
### Insurance

LESSEE, during the term of this lease, further agrees to secure from a good and respected company or companies doing business in the state of Texas and to maintain during the entire term of the lease the following insurance coverage:
1. fire and extended coverage in an amount not less than 80% of the value of the improvements on the leased premises, providing that insurance in that percentage can be obtained, and, if not, then to the highest percentage that can be obtained less than the said 80%.
2. public liability insurance in a minimum amount of $1,000,000.00 for the loss from an accident resulting in bodily injury to or death of one person and $500,000.00 for a loss or accident resulting in damage to or loss of property.
3. fire and extended coverage insurance on the LESSEE'S fixtures, goods, wares, merchandise and equipment with coverage in amount no less than the sum of the unpaid balance of the note payable to LESSOR and the unpaid balance of any obligation with priority over the obligation to LESSOR.

LESSOR and LESSEE agree that, in the event of loss due to any of the perils for which they have agreed to provide insurance, each party shall look solely to its' insurance for recovery. LESSOR and LESSEE hereby grant to each other, on behalf of any insurer providing insurance to either of them with respect to the demised premises, a waiver of any right of subrogation which any insurer of one party may acquire against the other virtue of payment of any loss under such insurance.

## Article 8
### Repairs and Maintenance

LESSEE, at his expense, shall maintain and keep the premises in a state of reasonable repair including without limitation the building roof, exterior walls, windows, doors, skylights, adjacent sidewalks and interior walls, central air conditioning, and plumbing.

PL006089

Article 9
Acceptance and Surrender of Premises

LESSOR represents that the premises are in fit condition for use as described in Article 4. LESSEE agrees to accept the premises on possession as being in good state of repair and in sanitary condition. LESSEE agrees to surrender the premises to LESSOR at the end of the lease term, if the lease is not renewed, in the same condition as when LESSEE took possession, allowing for reasonable use and wear and damages by act of God.

Article 10
Partial Destruction of Premises

Partial destruction of the leased premises shall not render this lease void or voidable, or terminate it except as herein provided. If the premises are partially destroyed during the term of this lease, LESSEE shall repair them, when such repairs can be made in conformity with local, state and federal laws and regulations within 120 days of the partial destruction. Rent for the premises will not be reduced proportionately to the extent to which the repair operations interfere with the normal conduct of LESSEE'S business on the premises. If the repairs cannot be so made in 120 days and if LESSEE does not elect to make them within a reasonable time, either party hereto has the option to terminate this lease.

Article 11
Assignment or Sublease

LESSEE agrees no to assign or sublease the premises leased, any part thereof, or any right or privilege connected therewith, or to allow any other person, except LESSEE's agents and employees, to occupy the premises or any part thereof, without first obtaining the LESSOR's written consent. LESSEE's interest in this lease is not assignable by operation of law, nor is any assignment of his interest herein, without LESSOR's written consent.

Article 12
Default

If LESSEE shall allow the rent to be in arrears more than 15 days after written notice of such delinquency, or shall remain in default under any other condition of this lease for a period of 15 days after written notice from LESSOR, or should any other person than LESSEE secure possession of the premises, o any part thereof, by reason of any receivership, bankruptcy proceedings, or other operation of law in any manner

PL006090

whatsoever, LESSOR may at their option, without notice to LESSEE, terminate this lease, or in the alternative, LESSOR may reenter and take possession of said premises and remove all persons and property therefrom, without being deemed guilty of any manner of trespass, and relet the premises or any part thereof, for all or any part of the remainder of said term, to a party satisfactory to LESSOR, and at such monthly rental as LESSOR may with reasonable diligence be able to secure. Should LESSOR be unable to relet after reasonable efforts to do so, or should such monthly rental be less than the rental LESSEE was obligated to pay under this lease, or any renewal thereof, plus the expense of reletting, then LESSEE shall pay the amount of such deficiency to LESSOR.

It is expressly agreed that in the event of default by LESSEE hereunder, LESSOR shall have a lien upon all goods, chattels, or personal property of any description not exempt by statute and belonging to LESSEE which are placed in, or become a part of, the leased premises, as security for the rent due and to become due for the remainder of the current lease term, which lien shall not be in lieu of or in any way affect the statutory LESSOR's lien given by law, but shall be cumulative thereto; and LESSEE hereby grants to LESSOR a security interest in all such nonexempt personal property placed in said leased premises for such purposes. This shall not prevent the sale by LESSEE of any merchandise in the ordinary course of business free of such lien or LESSOR. In the event LESSOR exercises the option to terminate the leasehold, reenter and relet the premises as provided in the preceding paragraph, then LESSOR after giving LESSEE reasonable notice of the time and place of any public sale or of the time after which any private sale is to be made, for cash or on credit, or for such prices and terms as LESSOR deems best, with or without having the property present at such sale. The proceeds of such sale shall be applied first to the necessary and proper expense of removing, storing, and selling such property, then to the payment of any rent due or to become due under this lease, with the balance, if any to be paid to LESSEE.

All rights and remedies of LESSOR under this lease shall be cumulative, and none shall exclude any other right or remedy at law. Such rights and remedies may be exercised and enforced concurrently and whenever and as often as occasion therefor arises.

## Article 13
### Assignment by LESSOR

LESSOR in expressly given the right to assign any or all of their interest under the terms of this lease.

## Article 14
### Option to Purchase

During the period between April 15, 2013 and April 30, 2013, the LESSOR hereby grants to the LESSEE the exclusive right and option to purchase the property for $100.00 in cash, provided however, that the LESSEE is not in default of any of the terms

PL006091

and conditions herein set out at the time this option is exercised. This option shall be exercised only by notice in writing signed and delivered by LESSEE to LESSOR during the period above stated, and if not exercised, this option shall automatically terminate without notice.

Article 15
Miscellaneous

Notices and Addresses

All notices provided to be given under this agreement shall be given by certified mail or registered mail, addressed to the proper party, at the following address:

LESSOR:
Kivett-Rodriguez Ford Mercury, Inc.
P.O. Box 100
Raymondville, TX 78580


LESSEE:
Munoz Roofing Co.
363 W. Kimball
Raymondville, TX 78580


Parties Bound

This agreement shall be binding upon and inure to the benefit of the parties hereto and their respective heirs, executors, administrators, legal representatives, successors, and assigns where permitted by this agreement.

Legal Construction

In case any one or more of the provisions contained in this agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, such invalidity, illegality, or unenforceability shall no affect any other provision thereof and this agreement shall be construed as if such invalid, illegal, or unenforceable provision has never been contained herein.

Prior Agreements Superseded

PL006092

This agreement constitutes the sole and only agreement of the parties hereto and supersedes any prior understanding or written or oral agreements between the parties respecting the written subject matter.

### Amendment

No amendment, modification, or alteration of the terms hereof shall be binding unless the same be in writing, dated subsequent to the date hereof and duly executed by the parties hereto.

### Rights and Remedies Cumulative

The rights and remedies provided by this lease agreement are cumulative and the use of any one right or remedy by either party shall not preclude or waive its right to use any or all other remedies. Said rights and remedies are given in addition to any other rights the parties may have by law, statute, ordinance, or otherwise.

### Waiver of Default

No waiver by the parties hereto of any default or breach of any term, condition, or covenant of this lease shall be deemed to be waiver of any other breach of the same or any other term, condition of covenant contained herein.

### Attorneys' Fees

In the event LESSOR or LESSEE breaches any of the terms of this agreement whereby the party not in default employs attorneys to protect or enforce its rights hereunder and prevails, then the defaulting party agrees to pay the other party reasonable attorneys' fees so incurred by such other party.

### Force Majeure

Neither LESSOR nor LESSEE shall be required to perform any term, condition, or convenant in this lease so long as such performance is delayed or prevented by force majeure, which shall mean acts of God, strikes, lockouts, material or labor restrictions by any governmental authority, civil riot, floods, and any other cause not reasonably within the control of the LESSOR or LESSEE and which by the exercise of due diligence LESSOR or LESSEE is unable, wholly or in part, to prevent or overcome.

PL006093

Dated: ~~April~~ MAY ~~5~~ 5, 1998

LESSOR

_____
For Kivett-Rodriguez Ford Mercury, Inc.

LESSEE

_____
For Munoz Roofing Co.

The State of Texas:
County of Willacy:

This instrument was acknowledged before me on the 5th day of ~~April~~ April 1998 by Homero F. Rodriguez, President of Kivett-Rodriguez Ford Mercury, Inc.



_____
Notary Public, State of Texas

The State of Texas:
County of Willacy:

This instrument was acknowledged before me on the 5th day of ~~April~~ May, 1998, by Luis C. Munoz for Munoz Roofing Co.

_____
Notary Public, State of Texas

PL006094