IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND  <br>CARMELA MUNOZ | § <br> § <br> § | CAUSE NO B-04-141 |
| VS. | § <br> § | |
| STATE FARM LLOYDS | § | JURY DEMANDED |

## DEFENDANT STATE FARM LLOYDS' MOTION FOR PROTECTION FROM PUNITIVE DAMAGES DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant State Farm Lloyds files its Motion for Protection From Punitive Damages Discovery as follows:

### A.  Introduction

1. This is an insurance case with allegations of bad faith, arising out of a fire at the Munoz home. The case was tried to a verdict in favor of the Munozes in February 2006. Prior to submission of the case to the jury, this Court granted judgment for State Farm on the issues of malice and punitive damages. On March 28, 2008, the Fifth Circuit Court of Appeals reversed and remanded the portion of the judgment against State Farm for new trial. The Fifth Circuit specifically affirmed the judgment in favor of State Farm as to punitive damages. The portion of the case that was remanded is currently set for trial on November 3, 2008.

2. On July 31, 2003, Plaintiffs propounded their Third Requests for Production to Defendant State Farm Lloyds. (Exh. 1). Defendant State Farm Lloyds timely served its Objections and Responses to Plaintiffs' Third Request for Production. (Exh. 2). That discovery included financial

discovery, which, given the Fifth Circuit's opinion, is not reasonably calculated to lead to the discovery of admissible evidence. Accordingly, State Farm seeks protection from this Court.

3. Evidence of a defendant's net worth is generally relevant only to the amount of punitive damages. *Transportation Insurance Company v. Moriel*, 879 S.W.d 10 (Tex.1994). This Court previously granted judgment in favor of State Farm on punitive damages. Plaintiffs appealed that judgment of the Fifth Circuit. In its opinion, the Fifth Circuit vacated and remanded the jury's findings on the contract and that State Farm breached the duty of good faith and fair dealing (opinion, page 7). Rather than treating Plaintiffs' Cross-Appeal as moot and reversing and remanding the entire case, the Fifth Circuit specifically addressed their appeal and held:

> "The Munozes claim that evidence presented at trial demonstrates an intentional and fraudulent campaign to have Mr. Munoz arrested for arson, despite State Farm's knowledge that there was no supporting evidence– either direct or circumstantial. This assertion lacks merit. As the District Court found, there is no evidence that State Farm's demands for financial documents were fraudulent, grossly negligent, or resulted in extraordinary harm. Thus, the District Court properly granted State Farm's motion for directed verdict as to punitive damages." (Opinion, page 8).

The Court concluded its opinion by stating:

> "...therefore, the judgment of the Court below is REVERSED and REMANDED for proceedings **not inconsistent with this opinion**. The judgment as to the Munoz's cross-appeal is AFFIRMED."

4. In conversations with Plaintiffs' counsel, the only justification given for the discovery was the claim that punitive damages remain in the case. State Farm seeks the protection of this Court from any discovery related to a purported claim for punitive damages. Specifically, State Farm requests entry of an order sustaining its objections to Plaintiffs' Third Request for Production and protecting State Farm from responding to those requests.

5.  Counsel for State Farm has previously advised Plaintiffs' counsel that there is no relationship between Tom Reed (or any other adjuster's) compensation and whether any particular file is closed without payment. Counsel for State Farm has offered to provide the deposition of a supervisor with knowledge of the "CWP" designation, and the absence of any correlation to an adjuster's compensation or evaluation. That tender has been refused by Plaintiffs' counsel. This motion does not seek to prevent that limited deposition from proceeding.

## CONCLUSION AND PRAYER

WHEREFORE, PREMISES CONSIDERED, State Farm prays that its motion be in all things granted, that its objections to Plaintiffs' Third Request for Production be sustained, and for such other and further relief to which State Farm may show itself justly entitled.

                                            Respectfully submitted,

**OF COUNSEL:**                By:   /S/Warren Taylor (by permission)

                                                  Warren Taylor

**TAYLOR, TAYLOR & RUSSELL**      State Bar No. 19727200

                                                  Federal I.D. No. 1354

                                                  Beth M. Taylor

                                                  State Bar No. 13336787

                                                  Federal I.D. No. 14601

                                                  815 Walker, Suite 250

                                                  Houston, Texas 77002

                                                  (713) 615-6060 Telephone

                                                  (713) 615-6070 Facsimile

                                                  Ricardo Morado

                                                  State Bar No. 14417250

                                                  Federal I.D. No. 1213

                                                  Roerig, Oliveira & Fisher, L.L.P.

                                                  855 West Price Road, Suite 9

                                                  Brownsville, Texas 78520-8718

                                                  (956) 542-5666 Telephone

                                                  (956) 542-0016 Facsimile

                                                  ATTORNEYS FOR DEFENDANT

                                                  STATE FARM LLOYDS

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing State Farm Lloyds' Motion for Protection from Punitive Damages Discovery has been filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all CM/ECF participants and by facsimile on this 2nd day of September, 2008, to the non-CM/ECF participants.

| | |
|---|---|
| Mitchell C. Chaney | Gustavo Ch. Garza |
| Joseph Anthony Rodriguez | 705 W. Highway 100, Suite A |
| Rodriguez, Colvin, Chaney & Saenz, L.L.P. | Los Fresnos, Texas 78566 |
| 121 East Van Buren, P.O. Box 2155 | (956) 233-5614 |
| Brownsville, Texas 78522 | (956) 233-6596 Facsimile |

                                                                              /S/Warren Taylor (by permission)
                                                                              Warren Taylor

**CERTIFICATE OF CONFERENCE**

      Defendant's Counsel Warren Taylor and Plaintiffs' Counsel Mitchell C. Chaney and Tony Rodriguez discussed this issue on Friday, August 29, 2008, in a good faith effort to resolve the matters in dispute but are unable to reach an agreement. This Motion is opposed.

                                                                              /S/Warren Taylor (by permission)
                                                                              Warren Taylor