IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ and | § | |
| CARMELA MUNOZ | § | **CAUSE NO. B-04-141** |
| | § | |
| VS. | § | |
| | § | |
| | § | |
| STATE FARM LLOYDS | § | **JURY DEMANDED** |

**MOTION TO COMPEL RESPONSES TO PLAINTIFFS' THIRD SET OF REQUEST FOR PRODUCTION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

NOW COME Plaintiffs Luis C. Munoz and Carmela Munoz and file this, their Motion to Compel Responses to Plaintiffs' Third Set of Requests for Production to Defendant, and would respectfully show this Honorable Court as follows:

I.

This is an insurance bad faith case. On January 1, 2002 a deliberately set fire totally destroyed the Munoz home. Plaintiffs alleged, breach of contract and bad faith in the Defendant's denial of insurance benefits under a policy insuring Plaintiffs' home. The case was tried to a verdict in favor of the Munoz family in February 2006. The Fifth Circuit Court of Appeals reversed and remanded for a new trial in March 2008. Plaintiffs served their Third Set of Requests for Production on counsel for Defendant and on or about September 2, 2008, Defendant responded to these Requests. **See Exhibit 1.** Defendant failed to produce any documents in response to Plaintiffs' requests, lodging frivolous objections to Plaintiffs' requests.

Plaintiffs seek an order from this Court overruling Defendant's objections and compelling Defendant to produce the requested documents.

II.

In it's discovery responses, Defendant claims, in part, that Plaintiffs request to "irrelevant evidence and the production of which is not reasonably calculated to lead to the discovery of admissible evidence." **See** **Exhibit 1**. However, the documents are relevant to Plaintiffs' claims for punitive damages. In addition, the requested documents may lead to the discovery of admissible evidence of bad faith on behalf of Defendant

III.

During the first trial this Court granted a directed verdict in favor of the Defendant on the issue of punitive damages. The Fifth Circuit has held that based on the evidence presented at the first trial there was no error in directing a verdict as this Court did. Plaintiffs will elicit more or additional evidence and feel confident they will be able to overcome a motion for directed verdict on this issue in the post-remand new trial. The requested documents are necessary for a fair adjudication of the evidence in the trial. The documents will aid and assist the jury in determining bad faith and damages relating to Defendants bad faith.

IV.

Following a new trial remand, district courts have wide latitude in the admission of new evidence. *See, Habecker v. Clark Equipment Company*, 36 F.3d 278, 288 (3rd Cir. 1994) viz: "[w]e have consistently recognized that the assertions of new issues on retrial is typically within the sound discretion of the district court. As presider over the trial, the district court is in the best position to control all aspects of trial, including further motions, discovery and court time."

The Fifth Circuit agrees that opening the record to new evidence in a subsequent new trial is within this Court's discretion. *See, Furhman v. Dretke*, 442 F.3d 893, 897 (5th Cir. 2006)

("Exceptions to the law of the case doctrine allow reconsideration…if the evidence on subsequent trial [would be] substantively different…[or] the decision was clearly erroneous and would work a manifest injustice." *Id.*, at 893). *See also, Martin's Herend Imports, Inc. v. Diamond & Gem Tranding United States of America Co.*, 195 F.3d 765, 775-76 (5th Cir. 1999) (if on remand the district court perceives manifest injustice in limiting evidentiary proof at a new trial, it may, with proper notice, allow additional witnesses and relevant proof).

Post-remand discovery is also appropriate following a remand for a new trial. *See Cooper Distributing Company, Inc. v. Amana Refrigeration, Inc.*, 180 F.3d 542,551 (3rd Cir. 1999) (demonstrating allowance of post-remand discovery following reversal and remand for a new trial, including on the issue of damages).

Plaintiffs formally request that this Court exercise its sound discretion and allow the *discovery* and potential presentation of additional relevant evidence and witnesses upon the issues of bad faith, and punitive damages. The evidence which the Plaintiffs seek should, at least, be discovered, so that this Court, and not Defendant's counsel, can exercise its discretion in determining whether limiting the admission of this new evidence would work a manifest injustice.

V.

This Court's scheduling order, re-opened the discovery period from May 22, 2008 until September 30, 2008. The Court granted the parties a brief period for discovery of additional evidence by giving dates for expert designations, depositions and discovery deadlines. Additionally during this period of discovery Defendants' counsel has deposed Plaintiffs' expert witness on bad faith. Defendant has also requested that Plaintiffs "reopen" the deposition of Luis Munoz. Additionally, Defendant has requested additional documents from Plaintiffs. Plaintiffs

have provided. Defendant has participated. To prevent Plaintiffs from conducting their discovery would be allowing Defendant to "have its cake and eat it too." Plaintiffs' request for this material reasonably calculated to lead to the discovery of relevant evidence, in possession of Defendant is timely, valid and should be granted.

V.

Plaintiffs therefore respectfully request this Court overrule Defendant's objections to Plaintiffs' Third Set of Requests for Production and compel Defendant to provide complete answers and responsive documents to Plaintiffs within 20 days.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Court grant this their Motion to Compel, and order Defendant to provide complete answers and responsive documents to Plaintiffs' Third Set of Requests for Production within 20 days, and award Plaintiffs such other and further relief as to which they may show themselves justly entitled.

Respectfully submitted,

By: _____/s/ Mitchell C. Chaney_____
Mitchell C. Chaney
State Bar No. 04107500
Southern District No. 1918
Joseph Anthony Rodriguez
State Bar No. 17146600
Southern District No. 10107
Sarah A. Nicolas
State Bar No. 24013543
Southern District No. 32122
RODRIGUEZ, COLVIN, CHANEY & SAENZ, L.L.P.
1201 East Van Buren
P. O. Box 2155
Brownsville, Texas 78522
(956) 542-7441
(956) 541-2170 (fax)

>Gustavo Ch. Garza
>State Bar No. 07731700
>Southern District No. 3946
>324 W. Ocean Plaza
>Los Fresnos, Texas 78566
>(956) 233-5614
>(956) 233-6596 (fax)

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

This will certify that counsel for Plaintiffs has in good faith conferred with counsel for Defendant regarding matters set forth in this Motion in an effort to resolve same without court intervention. This Motion for relief is considered opposed. Therefore, it has been submitted to the Court for consideration and a hearing is believed necessary.

>/s/ Mitchell C. Chaney
>Mitchell C. Chaney

## **CERTIFIATE OF SERVICE**

I certify that on this the 19<u>th</u> day of September, 2008, a true and correct copy of the foregoing Unopposed Motion for Continuance was delivered to all counsel of record, either via electronic transmission by CM/ECF, certified mail, facsimile or hand delivery, as hereinbelow noted:

>Warren Royal Taylor
>State Bar No. 19727200
>Southern District No. 1354
>TAYLOR & TAYLOR
>815 Walker
>Suite 250
>Houston, TX  77002
>
>Rene O. Oliveira
>State Bar No. 15254700
>Southern District No. 4033
>ROERIG, OLIVEIRA & FISHER
>855 W. Price Road, Suite 9
>Brownsville, TX  78520

            /s/ Mitchell C. Chaney
            Mitchell C. Chaney