IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ | §<br>§<br>§ | CAUSE NO B-04-141 |
| VS. | §<br>§<br>§ | |
| STATE FARM LLOYDS | § | JURY DEMANDED |

## STATE FARM LLOYDS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION

TO:   Plaintiffs Luis C. and Carmela Munoz, by and through their attorneys of record, Mitchell C. Chaney, Joseph A "Tony" Rodriguez, Sarah A. Nicolas, Rodriguez, Colvin, Chaney & Saenz, L.L.P., 121 East Van Buren, P.O. Box 2155, Brownsville, Texas 78522

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant State Farm Lloyds serves its Objections and Responses to Plaintiffs Luis C. Munoz and Carmela Munoz's Third Requests for Production.



Respectfully submitted,

OF COUNSEL:

TAYLOR, TAYLOR & RUSSELL

By: /s/ Warren Taylor
Warren Taylor
State Bar No. 19727200
Federal I.D. No. 1354
Beth M. Taylor
State Bar No. 13336787
Federal I.D. No. 14601
815 Walker, Suite 250
Houston, Texas 77002
(713) 615-6060 Telephone
(713) 615-6070 Facsimile

Rene O. Oliveira
State Bar No. 15254700
Federal I.D. No. 4033
Roerig, Oliveira & Fisher, L.L.P.
855 West Price Road, Suite 9
Brownsville, Texas 78520-8718
(956) 542-5666 Telephone
(956) 542-0016 Facsimile

ATTORNEYS FOR DEFENDANT
STATE FARM LLOYDS

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing State Farm Lloyds' Responses and Objections to Plaintiffs Luis C. Munoz and Carmela Munoz's Third Requests for Production has been forwarded to all counsel of record by certified mail, return receipt requested, on this ___ day of September, 2008.

Mitchell C. Chaney
Joseph Anthony Rodriguez
Sarah A. Nicolas
Rodriguez, Colvin, Chaney & Saenz, L.L.P.
121 East Van Buren
P.O. Box 2155
Brownsville, Texas 78522

Gustavo Ch. Garza
705 W. Highway 100, Suite A
Los Fresnos, Texas 78566

_____
Warren Taylor

## STATE FARM LLOYDS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' THIRD REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Please provide information, documents or other data that substantiates the gross revenue and net profit that the Defendant derived from their operations in the State of Texas, for each year, 2000 to the present.

**RESPONSE:**

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

**REQUEST FOR PRODUCTION NO. 2:**

Please produce all documents which would show the Defendant's total Texas budget for the years 2000 through the present for the investigation of arson claims.

**RESPONSE:**

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all documents which would show the Defendant's total Willacy County budget for the years 2000 through the present for the investigation of arson claims.

RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

REQUEST FOR PRODUCTION NO. 4:

Please produce all documents which would show all claims that State Farm claims investigator Thomas Reed has handled while employed by Defendant that resulted in no payment to the insured.

RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Additionally, Defendant objects to this request as it is overly broad, unduly burdensome, and is not sufficiently limited in time, scope, or geographic area. It further seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Texas courts have specifically disapproved of this type of extremely broad discovery request as an impermissible "fishing expedition." See, e.g., In re Alford Chevrolet-Geo, 997 S.W.2d 173, 181 (Tex. 1999); In re American Optical Corp., 988 S.W.2d 711, 713 (Tex. 1998); K Mart Corp. v. Sanderson, 937 S.W.2d 429, 431 (Tex.1996); Dillard Dep't Stores v. Hall, 909 S.W.2d 491, 492 (Tex. 1995); Loftin v. Martin, 776 S.W.2d 145, 148 (Tex. 1989) (overruled on other grounds).

Defendant further objects to this request as unreasonably intrusive and violative of the reasonable privacy interests of persons not parties, nor have any connection to this suit. See In re Doctors' Hospital, 2 S.W.3d 504 (Tex. App.—San Antonio 1999, no pet.), citing Maresca v. Marks, 362 S.W.2d 299, 301 (Tex. 1962)

REQUEST FOR PRODUCTION NO. 5:

Please produce all documents which would show all of Defendant's documents, manuals or guidelines that determine which claims fall under the heading of "Claims Without Payment".

RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Additionally, Defendant objects to this request as it is overly broad, unduly burdensome, and is not sufficiently limited in time, scope, or geographic area. It further seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Texas courts have specifically disapproved of this type of extremely broad discovery request as an impermissible "fishing expedition." See, e.g., *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex.1996); *Dillard Dep't Stores v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (overruled on other grounds).

Defendant further objects to this request as unreasonably intrusive and violative of the reasonable privacy interests of persons not parties, nor have any connection to this suit. See *In re Doctors' Hospital*, 2 S.W.3d 504 (Tex. App.—San Antonio 1999, no pet.), citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962)

REQUEST FOR PRODUCTION NO. 6:

Please produce all documents which would show all of Defendant's documents, manuals or guidelines which reflect whether "Claims Without Payment" is a department or division of Defendant's organizational structure.

RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer

6

in this case. See *Munoz v. State Farm Lloyds*, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and *BMW of North America, Inc. v. Gore*, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Additionally, Defendant objects to this request as it is overly broad, unduly burdensome, and is not sufficiently limited in time, scope, or geographic area. It further seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Texas courts have specifically disapproved of this type of extremely broad discovery request as an impermissible "fishing expedition." See, e.g., *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex.1996); *Dillard Dep't Stores v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (overruled on other grounds).

Defendant further objects to this request as unreasonably intrusive and violative of the reasonable privacy interests of persons not parties, nor have any connection to this suit. See *In re Doctors' Hospital*, 2 S.W.3d 504 (Tex. App.—San Antonio 1999, no pet.), citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962)

## REQUEST FOR PRODUCTION NO. 7:

Please produce all documents which would show all of Defendant's documents, manuals or guidelines which reflect whether bonuses are paid to its employees relating to certain scores of "Claims Without Payment", including but not limited to: when this division or strategy was implemented; who implemented it; and, what it is generally.

## RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See *Munoz v. State Farm Lloyds*, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and *BMW of North America, Inc. v. Gore*, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Additionally, Defendant objects to this request as it is overly broad, unduly burdensome, and is not sufficiently limited in time, scope, or geographic area. It further seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery

of admissible evidence. Texas courts have specifically disapproved of this type of extremely broad discovery request as an impermissible "fishing expedition." See, e.g., *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex.1996); *Dillard Dep't Stores v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (overruled on other grounds).

Defendant further objects to this request as unreasonably intrusive and violative of the reasonable privacy interests of persons not parties, nor have any connection to this suit. See *In re Doctors' Hospital*, 2 S.W.3d 504 (Tex. App.—San Antonio 1999, no pet.), citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962)

REQUEST FOR PRODUCTION NO. 8:

Please produce all documents which would show how scores are tabulated or how Defendant's employees are evaluated relating to "Claims Without Payment".

RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Additionally, Defendant objects to this request as it is overly broad, unduly burdensome, and is not sufficiently limited in time, scope, or geographic area. It further seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Texas courts have specifically disapproved of this type of extremely broad discovery request as an impermissible "fishing expedition." See, e.g., *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex.1996); *Dillard Dep't Stores v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (overruled on other grounds).

Defendant further objects to this request as unreasonably intrusive and violative of the reasonable privacy interests of persons not parties, nor have any connection to this suit. See *In re Doctors' Hospital*, 2 S.W.3d 504 (Tex. App.—San Antonio 1999, no pet.), citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962)

REQUEST FOR PRODUCTION NO. 9:

Please produce all documents which would show Thomas Reed's scores, bonuses, and length of time that he participated in "Claims Without Payment".

RESPONSE:

Defendant objects to this Request as it seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Further, this Request is overly broad. Additionally, punitive damages are no longer in this case. See Munoz v. State Farm Lloyds, 522 F.3d 568 (5th Cir. 2008). See Texas Civil Practices and Remedies Code §41.008(b). See also State Farm Mutual Automobile Insurance Company v. Campbell, 538 U.S. 408, 123 S.Ct. 1513, 155 L.Ed.2d 585 (2003) L.Ed.2d 809 (1996) and BMW of North America, Inc. v. Gore, 517 US 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996).

Additionally, Defendant objects to this request as it is overly broad, unduly burdensome, and is not sufficiently limited in time, scope, or geographic area. It further seeks documents which are irrelevant and the production of which is not reasonably calculated to lead to the discovery of admissible evidence. Texas courts have specifically disapproved of this type of extremely broad discovery request as an impermissible "fishing expedition." See, e.g., *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 181 (Tex. 1999); *In re American Optical Corp.*, 988 S.W.2d 711, 713 (Tex. 1998); *K Mart Corp. v. Sanderson*, 937 S.W.2d 429, 431 (Tex.1996); *Dillard Dep't Stores v. Hall*, 909 S.W.2d 491, 492 (Tex. 1995); *Loftin v. Martin*, 776 S.W.2d 145, 148 (Tex. 1989) (overruled on other grounds).

Defendant further objects to this request as unreasonably intrusive and violative of the reasonable privacy interests of persons not parties, nor have any connection to this suit. See *In re Doctors' Hospital*, 2 S.W.3d 504 (Tex. App.—San Antonio 1999, no pet.), citing *Maresca v. Marks*, 362 S.W.2d 299, 301 (Tex. 1962)