IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 09 2008

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| LUIS C. MUNOZ AND<br>CARMELA MUNOZ,<br><br>Plaintiffs,<br><br>v.<br><br>STATE FARM LLOYDS,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. B-04-141 |

## ORDER & OPINION

BE IT REMEMBERED that on October 9, 2008, the Court considered Defendant State Farm Lloyd's Motion for Protection from Punitive Damages Discovery, Dkt. No. 180, Plaintiffs' Response to Defendant's Motion for Protection from Punitive Damages Discovery, Dkt. No. Dkt. No. 187, Ex. 1, Plaintiffs' Amended Motion to Compel Responses to Plaintiff's Third Set of Request for Production, Dkt. No. 182, and Defendant State Farm Lloyd's Response to Plaintiffs' Motion to Compel Responses to Plaintiffs' Third Set of Requests for Production, Dkt. No. 189.

The Court **GRANTED** Plaintiffs' Motion for Leave to File Response to Defendant's Motion for Protection from Punitive Damages Discovery, Dkt. No. 187. Plaintiffs seek leave to file a late response due to a calendaring error. *Id.* Plaintiffs' Motion failed to comply with Local Rule 7.1.C. *See id.* (lacking a separate proposed order granting relief requested). Moreover, this motion was filed the same day that this Court struck Plaintiffs' Response to Defendant's Motion for Protection from Punitive Damages, Dkt. No. 184. Dkt. No. 186. Plaintiffs assert that they were not able to communicate with Defendant despite reasonable efforts. Dkt. No. 187, at 3. Therefore, the instant motion is opposed. *Id.* As the delay was minimal, this Court **GRANTS** Plaintiffs' Motion for Leave to File Response to Defendant's

1

Motion for Protection from Punitive Damages Discovery, Dkt. No. 187, and will consider the attached document.

I. **Background**

Plaintiffs, Luis C. Munoz and Carmela Munoz, filed suit against Defendant in the 357th Judicial District Court of Willacy County, Texas on July 13, 2004. Dkt. No. 1, Ex. 1. Plaintiffs alleged that Defendant had failed to pay for fire damage to Plaintiffs' home, which constituted an unfair settlement practice and a breach of the duty of good faith. *Id.* Defendant removed the case to this Court. Dkt. No. 1. In February of 2006, the case went to trial. On February 22, 2006, the Court granted a directed verdict in favor of Defendant State Farm on exemplary damages resulting from malice and enhanced damages from engaging in such conduct knowingly. The jury found in favor of Plaintiffs. Defendant appealed on May 4, 2006. Dkt. No. 117. On June 1, 2006, Plaintiffs filed a cross-appeal. Dkt. No. 123. The Fifth Circuit remanded the case for a new trial. Dkt. Nos. 158, 159. First, the Circuit Court "vacate[d] and remand[ed] the jury's finding that State Farm breached the duty of good faith and fair dealing." Dkt. No. 159, at 7. Second, the Court affirmed this Court's directed verdict on the issue of malice and punitive damages. *Id.* at 7, 8. On May 22, 2008, this Court entered a Scheduling Order. Dkt. No. 171. The parties were to complete discovery by September 30, 2008. *Id.*

Defendant State Farm Lloyd's Motion for Protection from Punitive Damages Discovery seeks an order from this Court "sustaining [Defendant's] objections to Plaintiffs' Third Request for Production and protecting [Defendant] from responding to those requests." Dkt. No. 180. Defendant asserts in its motion and objections to Plaintiffs' Third Requests for Production, Production Requests Nos. 1-9 that "punitive damages are no longer in this case." *See, e.g.*, Dkt. No. 180, Ex. 2 at 4. Plaintiffs state that "[a]though in the first trial, this Court granted a directed verdict in favor of the Defendant on the issue of punitive damages, Plaintiffs request the opportunity to present new evidence, which they believe, will overcome a directed verdict at the post-remand new trial." Dkt. No. 187, Ex. 1 at 2. In support, Plaintiffs cite legal authority which establish that district courts have discretion to admit "assertions of new issues" and "new evidence" on retrial. *Id.* at 3.

These arguments are duplicated in Plaintiffs' Motion to Compel and Defendant's Response to the Motion to Compel. Dkt. Nos. 182, 189. Plaintiffs, in their Motion to Compel, seek the discovery requested in Plaintiffs' Third Requests for Production, Production Requests Nos. 1-9 because "the documents are relevant to Plaintiffs' claims for punitive damage." Dkt. No. 182, at 2. Defendant again urges that Plaintiffs may not retry their claim for punitive damages as it was previously decided by this Court and the ruling was affirmed by the Fifth Circuit. Dkt. No. 189.

## II.   Rule 26(c)

Rule 26(c) of the Federal Rules of Civil Procedure provides that a district court "for good cause, [may] issue an order to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense." FED. R. CIV. P. 26(c). "The burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." U.S. v. Garrett, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

Generally, the scope of discovery includes "any matter, not privileged, that is relevant to the claim . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). Traditionally at the discovery stage relevancy is broadly construed. Coughlin v. Lee, 946 F.2d 1152, 1159 (5th Cir. 1991). Evidence is relevant and thereby discoverable if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Id. (citing Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978)). However, "practical considerations dictate that the parties should not be permitted to roam in shadow zones of relevancy and to explore matter which does not presently appear germane on the theory that it might conceivably become so." Broadway & Ninety-Sixth St. Realty Co. v. Loew's Inc., 21 F.R.D. 347, 352 (S.D.N.Y. 1958), quoted in In re Surety Ass'n of America, 388 F.2d 412, 414 (2d Cir. 1967), and Conboy v. Edward D. Jones & Co., 2004 WL 1792372, *4 (N.D. Tex. 2004).

## III. Discussion

This case was remanded by the Fifth Circuit on specific claims. Dkt. No. 159 (remanding the case for a new trial but also affirming this Court's directed verdict as to punitive damages). "A partial new trial is only permitted if the part affected by error 'is separable without unfairness to the parties.'" Green Tree Financial Corp. v. Garcia, 988 S.W.2d 776, 785 (Tex. App. 1999) (quoting TEX. R. APP. P. 44.1(b)).

Generally, punitive damages may be awarded "only if the claimant proves by clear and convincing evidence that the harm . . . results from: (1) fraud; (2) malice; or (3) gross negligence." TEX. CIV. PRAC. & REM. CODE § 41.003(a). "[E]xemplary damages may be awarded only if damages other than nominal damages are awarded." TEX. CIV. PRAC. & REM. CODE § 41.004(a). The Fifth Circuit has stated that under Texas law, a claim for punitive damages is not "separate and distinct from the underlying claim for compensatory damages." Lanier v. Sallas, 777 F.2d 321, 325 (5th Cir. 1985). The Court held that remand of a claim for punitive damages requires remand of the underlying claim. Id. at 326. A Texas appellate court reasoned that a case may not only be remanded for a reconsideration of only punitive damages, as the second jury would need to consider the predicate requirements based in the act or omission imputing liability. Green Tree Financial Corp., 988 S.W.2d at 785. See Cathey v. Meyer, 115 S.W.3d 644, 667 (Tex. App. 2003) ("[W]e will not remand for a new trial solely on exemplary damages, because that would deny the jury on retrial an opportunity to hear all the relevant evidence.").

However, the instant case involves the reverse of those situations. In this case, the Fifth Circuit affirmed a directed verdict on punitive damages and remanded the case on the underlying claims. Dkt. No. 159. The underlying claims are separate and can be fairly tried without evidence relevant to punitive damages.

Therefore, this Court sustains Defendant's objections to Plaintiffs' Third Requests for Production, Production Requests Nos. 1-9 as the claim for punitive damages was not remanded for retrial.

## IV. Conclusion

As the claim for punitive damages was not remanded by the Fifth Circuit, the Court **GRANTS** Defendant State Farm Lloyd's Motion for Protection from Punitive Damages Discovery, Dkt. No. 180, and **DENIES** Plaintiffs' Amended Motion to Compel Responses to Plaintiff's Third Set of Request for Production, Dkt. No. 182.

DONE at Brownsville, Texas, on October 9, 2008.

_____
Hilda G. Tagle
United States District Judge